# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SHUKAI CHEN, CHRISTINA LIRA-PORCHO, RITA MANNING, KEPPIE MOORE, YIKE XUE, JOHN TUREK, JACK GARTHWAITE, ROBIN PREBE, JEWEL MITCHELL, BEVERLY SIKORA, DARRELL SANDIFER, THELMA BROWN, PATRICIA LOGSDON, LISA DANNOLFO, SCOTT DUNHAM, LAURIE WILLIAMS, SABRINA JACKSON, TAMMY GOWER, SHIRLEY WILEY, KIM MCCULLOUGH, ROBERT DIEHL, STEPHANIE BAKER, JIYOUNG KIM, CURTIS MCMASTER, RAYMOND LEWIS, CALEB ROGERS, LINDSEY AROTIN, ANGELA WILCZYNSKI, SHANEQUA MORRIS, KATRINA BAILEY, and TORI GOUGE, on behalf of themselves and all others similarly situated, | Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | |
| TARGET CORPORATION, | |
| Defendant. | |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiffs, identified below, individually and on behalf of all others similarly situated (the "Class"), file this Class Action Complaint and Demand for Jury Trial. Plaintiffs allege the following claims against Target Corporation (referred to in this complaint as "Target" or "Defendant") based upon personal knowledge with respect to themselves and on

information and belief derived from, among other things, investigation of counsel and review of public documents as to all other matters:

## SUMMARY OF ACTION

1.      For a number of years, Target has been aware that thousands of Apple iTunes Gift Cards ("Gift Cards") it sold to consumers across the United States had been tampered with before Target sold the Gift Cards. Target knew that scammers would enter its stores, remove the security tape from Gift Cards, log each card's secret 16-digit activation code ("Activation Code"), and use the Activation Code to remove customer funds after the customer loaded money onto the Gift Cards. Consumers have lost millions of dollars that they loaded onto the Gift Cards because Target failed to take adequate and reasonable measures to ensure that scammers did not tamper with the Gift Cards and failed to disclose to its customers the material fact that it was possible that the Gift Cards had been tampered with. These failures, among others, caused substantial consumer harm and injuries to consumers across the United States.

2.      The exact number of Target customers affected by Target's failure to secure the Gift Card number and Activation Code is unknown; however, Target is the United States' eighth- largest retailer with gross revenues in excess of $78 billion. It is likely that tens of thousands of customers, if not more, have been harmed and suffered losses totaling millions of dollars.

3.      Plaintiffs seek to remedy these harms, and prevent their future occurrence, on behalf of the Class whose Gift Card funds were stolen as a result of Target's failures. Plaintiffs assert claims against Target for violations of state consumer protection laws,

negligence, breach of implied contract, bailment, and unjust enrichment. Plaintiffs and the Class seek to recover damages, including actual and statutory damages, exemplary and/or punitive damages as allowed, and equitable relief, including injunctive relief to abate the practice and prevent a reoccurrence of the Gift Card tampering, restitution, disgorgement and costs and reasonable attorney fees.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because: (i) there are 100 or more Class members, (ii) there is an aggregate amount in controversy exceeding $5 million exclusive of interest and costs, and (iii) there is minimal diversity between Plaintiffs and Defendant. This Court has supplemental jurisdiction over the alleged state law claims pursuant to 28 U.S.C. § 1367.

5.    This Court has personal jurisdiction over Target because the company maintains its principal place of business in Minnesota, regularly conducts business in Minnesota, and has sufficient minimum contacts in Minnesota. Target intentionally avails itself of this jurisdiction by marketing and selling products from Minnesota to millions of consumers nationally, including in Minnesota.

6.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(a) because Target's principal place of business is in this District and a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

### California Plaintiffs

7.      Plaintiff Shukai Chen ("Plaintiff Chen") is a citizen and resident of California. She purchased multiple Apple iTunes Gift Cards on approximately November 24, 2019 from a Target retail location located in California. She loaded approximately $1,000 onto the cards. Plaintiff Chen later discovered when she attempted to use the Gift Cards on November 29, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff Chen filed a complaint with Target. Target has refused to refund Plaintiff Chen her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

8.      Plaintiff Christina Lira-Porcho ("Plaintiff Lira-Porcho") is a citizen and resident of California. She purchased an Apple iTunes Gift Card on approximately September 22, 2020 from a Target retail location located in California. She loaded approximately $50 onto the card. Plaintiff Lira-Porcho later discovered when she attempted to use the Gift Card on September 22, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Lira-Porcho filed a complaint with Target. Target has refused to refund Plaintiff Lira-Porcho her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

9.     Plaintiff Rita Manning ("Plaintiff Manning") is a citizen and resident of California. She purchased an Apple iTunes Gift Card on approximately July 10, 2018 from a Target retail location located in California. She loaded approximately $50 onto the card. Plaintiff Manning later discovered when she attempted to use the Gift Card on July 10, 2018, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Manning filed a complaint with Target. Target has refused to refund Plaintiff Manning her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

10.    Plaintiff Keppie Moore ("Plaintiff Moore") is a citizen and resident of California. She purchased an Apple iTunes Gift Card on approximately December 1, 2019 from a Target retail location located in California. She loaded approximately $100 onto the card. Plaintiff Moore later discovered when she attempted to use the Gift Card on December 25, 2019, that Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Moore filed a complaint with Target. Target has refused to refund Plaintiff Moore her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

11.    Plaintiff Yike Xue ("Plaintiff Xue") is a citizen and resident of California. She purchased an Apple iTunes Gift Card on approximately November 23, 2020 from a

Target retail location located in California. She loaded approximately $300 onto the card. Plaintiff Xue later discovered when she attempted to use the Gift Card on November 23, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Xue filed a complaint with Target. Target has refused to refund Plaintiff Xue her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Connecticut Plaintiff**

12.    Plaintiff John Turek ("Plaintiff Turek") is a citizen and resident of Connecticut. He purchased Apple iTunes Gift Cards on approximately November 1, 2019 from a Target retail location located in Connecticut. He loaded approximately $800 onto the cards. Plaintiff Turek later discovered when he attempted to use the Gift Cards on November 20, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff Turek filed a complaint with Target. Target has refused to refund Plaintiff Garthwaite his money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Florida Plaintiffs**

13.    Plaintiff Jack Garthwaite ("Plaintiff Garthwaite") is a citizen and resident of Florida. He purchased Apple iTunes Gift Cards on approximately November 25, 2020 from a Target retail location located in Florida. He loaded approximately $600 onto the cards.

Plaintiff Garthwaite later discovered when he attempted to use the Gift Cards on November 28, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff Garthwaite filed a complaint with Target. Target has refused to refund Plaintiff Garthwaite his money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

14.    Plaintiff Robin Prebe ("Plaintiff Prebe") is a citizen and resident of Florida. She purchased Apple iTunes Gift Cards in approximately December 2017 from a Target retail location located in Florida. She loaded approximately $400 onto the cards. Plaintiff Prebe later discovered when she attempted to use the Gift Cards in January 2018, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Georgia Plaintiffs**

15.    Plaintiff Jewel Mitchell ("Plaintiff Mitchell") is a citizen and resident of Georgia. She purchased Apple iTunes Gift Cards on approximately November 20, 2019 from a Target retail location located in Georgia. She loaded approximately $250 onto the cards. Plaintiff Mitchell later discovered when she attempted to use the Gift Card on December 25, 2019, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and

wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

16.    Plaintiff Beverly Sikora ("Plaintiff Sikora") is a citizen and resident of Georgia. She purchased Apple iTunes Gift Cards on approximately October 28, 2020 from a Target retail location located in Georgia. She loaded approximately $200 onto the cards. Plaintiff Sikora later discovered when she attempted to use the Gift Cards on November 10, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff Sikora filed a complaint with Target. Target has refused to refund Plaintiff Sikora her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Illinois Plaintiffs**

17.    Plaintiff Darrell Sandifer ("Plaintiff Sandifer") is a citizen and resident of Illinois. He purchased an Apple iTunes Gift Card on approximately December 12, 2019 from a Target retail location located in Illinois. He loaded approximately $25 onto the card. Plaintiff Sandifer later discovered when he attempted to use the Gift Card on January 5, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Sandifer filed a complaint with Target. Target has refused to refund Plaintiff Sandifer his money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of

Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

18.    Plaintiff Thelma Brown ("Plaintiff Brown") is a citizen and resident of Illinois. She purchased Apple iTunes Gift Cards on approximately August 10, 2020 from a Target retail location located in Illinois. She loaded approximately $300 onto the cards. Plaintiff Brown later discovered when she attempted to use the Gift Cards on August 12, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Kentucky Plaintiff**

19.    Plaintiff Patricia Logsdon ("Plaintiff Logsdon") is a citizen and resident of Kentucky. She purchased an Apple iTunes Gift Card on approximately June 20, 2020 from a Target retail location located in Kentucky. She loaded approximately $25 onto the card. Plaintiff Logsdon later discovered when she attempted to use the Gift Card on June 21, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Logsdon filed a complaint with Target. Target has refused to refund Plaintiff Logsdon her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Massachusetts Plaintiffs**

20.    Plaintiff Lisa Dannolfo ("Plaintiff Dannolfo") is a citizen and resident of Massachusetts. She purchased an Apple iTunes Gift Card on approximately October 2, 2020 from a Target retail location located in Massachusetts. She loaded approximately $75 onto the card. Plaintiff Dannolfo later discovered that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Dannolfo filed a complaint with Target. Target has refused to refund Plaintiff Dannolfo her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Maryland Plaintiffs**

21.    Plaintiff Scott Dunham ("Plaintiff Dunham") is a citizen and resident of Maryland. He purchased Apple iTunes Gift Cards on approximately June 16, 2020 from a Target retail location located in Maryland. He loaded approximately $150 onto the cards. Plaintiff Dunham later discovered when he attempted to use the Gift Cards on October 31, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff Dunham filed a complaint with Target. Target has refused to refund Plaintiff Dunham his money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

22.    Plaintiff Laurie Williams ("Plaintiff Williams") is a citizen and resident of Maryland. She purchased an Apple iTunes Gift Card on approximately December 25, 2019 from a Target retail location located in Maryland. She loaded approximately $100 onto the card. Plaintiff Williams later discovered when she attempted to use the Gift Card on January 4, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Michigan Plaintiff**

23.    Plaintiff Sabrina Jackson ("Plaintiff Jackson") is a citizen and resident of Michigan. She purchased an Apple iTunes Gift Card on approximately November 23, 2019 from a Target retail location located in Michigan. She loaded approximately $50 onto the card. Plaintiff Jackson later discovered when she attempted to use the Gift Card on December 25, 2019, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Missouri Plaintiff**

24.    Plaintiff Tammy Gower ("Plaintiff Gower") is a citizen and resident of Missouri. She purchased an Apple iTunes Gift Card on approximately November 24, 2019 from a Target retail location located in Missouri. She loaded approximately $50 onto the

card. Plaintiff Gower later discovered when she attempted to use the Gift Card on December 26, 2019, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Mississippi Plaintiff**

25.    Plaintiff Shirley Wiley ("Plaintiff Wiley") is a citizen and resident of Mississippi. She purchased an Apple iTunes Gift Card on approximately November 12, 2019 from a Target retail location located in Mississippi. She loaded approximately $75 onto the card. Plaintiff Wiley later discovered when she attempted to use the Gift Card on January 12, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Nevada Plaintiff**

26.    Kim McCullough ("Plaintiff McCullough") is a citizen and resident of Nevada. She purchased an Apple iTunes Gift Card on approximately December 24, 2020 from a Target retail location located in Nevada. She loaded approximately $100 onto the card. Plaintiff McCullough later discovered when she attempted to use the Gift Card on December 27, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and

wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**New York Plaintiff**

27.    Plaintiff Robert Diehl ("Plaintiff Diehl") is a citizen and resident of New York. He purchased an Apple iTunes Gift Card on approximately May 11, 2020 from a Target retail location located in New York. He loaded approximately $100 on the card. Plaintiff Diehl later discovered when he attempted to use the Gift Card on May 25, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

28.    Plaintiff Stephanie Baker ("Plaintiff Baker") is a citizen and resident of New York. She purchased an Apple iTunes Gift Card on approximately September 9, 2019 from a Target retail location located in New York. She loaded approximately $50 on the card. Plaintiff Baker later discovered when she attempted to use the Gift Card on September 19, 2019, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**New Jersey Plaintiffs**

29.    Plaintiff Jiyoung Kim ("Plaintiff Kim") is a citizen and resident of New Jersey. She purchased Apple iTunes Gift Cards on approximately November 28, 2020 from a Target retail location located in New Jersey. She loaded approximately $1,000 onto the cards. Plaintiff Kim later discovered when she attempted to use the Gift Cards on November 28, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff Kim filed a complaint with Target. Target has refused to refund Plaintiff Kim her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

30.    Plaintiff Curtis McMaster ("Plaintiff McMaster") is a citizen and resident of New Jersey. He purchased Apple iTunes Gift Cards in approximately September of 2019 from a Target retail location located in New Jersey. He loaded approximately $200 onto the cards. Plaintiff McMaster later discovered when he attempted to use the Gift Cards in January of 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Ohio Plaintiff**

31.    Plaintiff Raymond Lewis ("Plaintiff Lewis") is a citizen and resident of Ohio. He purchased Apple iTunes Gift Cards on approximately December 4, 2020 from a Target

retail location located in Ohio. He loaded approximately $920 onto the cards. Plaintiff Lewis later discovered when he attempted to use the Gift Cards on December 4, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Oklahoma Plaintiff**

32.     Caleb Rogers ("Plaintiff Rogers") is a citizen and resident of Oklahoma. He purchased an Apple iTunes Gift Card on approximately February 10, 2020 from a Target retail location located in Oklahoma. He loaded approximately $100 onto the card. Plaintiff Rogers later discovered when he attempted to use the Gift Card on February 14, 2020, that Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Oregon Plaintiff**

33.     Plaintiff Lindsey Arotin ("Plaintiff Arotin") is a citizen and resident of Oregon. She purchased an Apple iTunes Gift Card on approximately November 27, 2020 from a Target retail location located in Oregon. She loaded approximately $100 onto the card. Plaintiff Arotin later discovered when she attempted to use the Gift Card on November 30, 2020 that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Arotin filed a complaint with Target. Target has refused

to refund Plaintiff Arotin her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Pennsylvania Plaintiff**

34.    Plaintiff Angela Wilczynski ("Plaintiff Wilczynski") is a citizen and resident of Pennsylvania. She purchased Apple iTunes Gift Cards on approximately October 12, 2019 from a Target retail location located in Pennsylvania. She loaded approximately $200 onto the cards. Plaintiff Wilczynski later discovered when she attempted to use the Gift Cards on October 15, 2019, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**South Carolina Plaintiff**

35.    Plaintiff Shanequa Morris ("Plaintiff Morris") is a citizen and resident of South Carolina. She purchased an Apple iTunes Gift Card on approximately March 16, 2020 from a Target retail location located in South Carolina. She loaded approximately $100 onto the card. Plaintiff Morris later discovered when she attempted to use the Gift Card on March 16, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Morris filed a complaint with Target. Target has refused to refund Plaintiff Morris her money. Plaintiff remains in the market for Apple iTunes Gift

Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Texas Plaintiff**

36.    Plaintiff Katrina Bailey ("Plaintiff Bailey") is a citizen and resident of Texas. She purchased an Apple iTunes Gift Card on approximately November 15, 2019 from a Target retail location located in Texas. She loaded approximately $45 onto the card. Plaintiff Bailey later discovered when she attempted to use the Gift Card on November 30, 2019, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Utah Plaintiff**

37.    Plaintiff Tori Gouge ("Plaintiff Gouge") is a citizen and resident of Utah. She purchased an Apple iTunes Gift Card on approximately December 20, 2019 from a Target retail location located in Utah. She loaded approximately $30 onto the card. Plaintiff Gouge later discovered when she attempted to use the Gift Card on December 21, 2019, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Gouge filed a complaint with Target. Target has refused to refund Plaintiff Gouge her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**Defendant**

38.     Defendant Target Corporation is a Minnesota Corporation with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target sold the Gift Cards in this District and throughout the United States.

## GENERAL ALLEGATIONS

39.     Target is the world's eighth-largest retailer with annual revenue in 2019 of $78.11 billion.[1]

40.     For some time, Target has known that third parties have tampered with Apple iTunes Gift Cards before purchase resulting in the taking of funds loaded onto the cards by Target customers.

41.     Target could easily have prevented the tampering from occurring but has done nothing. For example, Target could have trained its employees to physically check the Gift Cards for tampering of the security tape, or warned customers to check the Gift Cards for tampering before purchasing and loading the card with funds. Target could also have used security devices or procedures to prevent the cards' security tape from being accessed by store visitors prior to checkout, such as by having the sellable cards accessible only to store personnel.

42.     Target failed to take adequate and reasonable measure to ensure that third parties did not tamper with the Gift Cards and to protect its customers from having their Gift Card balances used by third parties.

---

[1] https://investors.target.com/static-files/84b61f80-290f-48a2-b98b-99652641f14f

43.     Furthermore, Target failed to disclose to Plaintiffs and Class members that it had failed to adequately safeguard the Gift Cards to ensure that the cards were not tampered with.

44.     As a direct and proximate result of Target's conduct, Plaintiffs and Class members suffered injury.

45.     Prior to the sale of the Gift Cards, third parties tampered with and/or otherwise compromised the Gift Cards so that the third parties could withdraw the cash loaded onto the cards by Target customers.

46.     Any party having knowledge of the public facing Gift Card numbers along with the secret 16-digit Activation Code hidden by the security tape can utilize a loaded card for online purchases from the Apple iTunes stores.

47.     Target was aware that third parties were tampering with its Gift Card inventory and obtaining knowledge of the secret Activation Code printed on the Gift Card.

48.      Target knew or should have known that one method the third parties were using to learn the secret Activation Code involved the third parties taking possession of the cards, removing the security tape covering the Activation Code on the Gift Cards, recording the Activation Code and replacing the tamper evident tape with a commercially available equivalent substantially similar, but not identical, to the original tamper evident tape or other such means.

49.     Target received enough customer complaints alerting Target that the Gift Cards were being tampered with and customers were being denied access to the money they loaded on the cards to put Target on notice that the secret Activation Code on the cards

were not guaranteed to be secure prior to or at the moment of first commercial sale at the registers in its stores.

50.     In addition to complaints received at its headquarters in Minneapolis, Minnesota, Target employees and agents received in-store complaints from customers regarding Gift Card tampering prior to sale and these complaints were sufficient to put Target on notice that the secret Activation Code on the cards were not guaranteed to be secure prior to or at the moment of first commercial sale at the registers in its stores.

51.     The Gift Cards purchased by Plaintiffs and Class members were tampered with and compromised prior to the moment of sale.

52.     Thereafter, third parties utilized the card's secret Activation Code to drain the balance on the Gift Cards by making consumer purchases using Apple's iTunes store.

53.     Target has access to records indicating when the Gift Cards are loaded, when they are redeemed, and how and where they are redeemed.

54.     Target has failed and refused to replenish the balance on Plaintiffs' and Class members' Gift Cards or refund the money.

55.     Target implicitly represented to all purchasers, including Plaintiffs and Class members, that their Gift Cards are not tampered with or adulterated prior to first sale in the stream of commerce in a manner that allows third parties to withdraw the cash loaded onto them.

56.     Alternatively, Target failed to warn Gift Card purchasers, including Plaintiffs and Class members, of the probability and/or possibility that their Gift Cards had been tampered with in a manner that allows third parties to withdraw the cash loaded onto them,

that other third parties have knowledge of the secret Activation Code, and that Target is not the only entity in possession of the Gift Card's Activation Code.

57.    Target failed to inform or disclose to the public, including Plaintiffs and Class members, material facts that would have influenced the purchasing decisions of Plaintiffs and Class members.

58.    Target failed to disclose to the public, including Plaintiffs and Class members, that its Gift Card policies and security practices were inadequate to safeguard customers' Gift Card accounts and personal identifying information against theft.

59.    Plaintiffs and Class members believed that Target would keep their Gift Card account information reasonably secure.

60.    Had Target disclosed to Plaintiffs and members of the Class that Target did not have adequate systems, policies, and security practices to secure customers' Gift Card account information and Gift Card funds, Plaintiffs and members of the Class would not have purchased the Gift Cards.

61.    Target does not adequately train or require its associates to carefully and consistently inspect Gift Cards prior to sale for evidence of tampering, which includes but is not limited to: (a) crooked security tape; (b) scrape marks from tape removal; (c) application of non-factory original security tape; (d) tape residue edge marks from original security tape.

62.    No reasonable consumer, including Plaintiffs and Class members, would knowingly purchase a Gift Card where there was a probability and/or possibility that, prior

to sale, the secret Activation Code was known to third parties other than Target or an entity

with a "need to know."

63.    Plaintiffs and Class members were damaged in the amount of the money

loaded on the cards but lost due to a third party using the funds. Additionally, Plaintiffs

and Class members suffered embarrassment, humiliation and distress associated with

giving valueless Gift Cards to family members, friends, and others.

64.    The problem with the Gift Cards is rampant and widespread and Target is

well-aware of the problem, yet Target continues to sell insecure Gift Cards.

65.    Target sells Gift Cards that they know or should know have been tampered

with in a manner that allows third parties to withdraw the cash loaded onto them and/or

fails to take reasonable precautions to discover and/or prevent such tampering.

## **CLASS DEFINITIONS**

66.    Plaintiffs repeat and re-allege every allegation above as if set forth in full

herein.

67.    Pursuant to Fed. R. Civ. P. 23(b)(3) and (2), Plaintiffs bring this suit on their

own behalf and on behalf of a proposed national class of all other similarly situated persons

("Nationwide Class") consisting of:

> All purchasers of an Apple iTunes Gift Card, acquired from
> Target retail stores, whose funds were reduced or depleted by
> a third party who had tampered with the Apple iTunes Gift
> Card prior to its purchase.

68.    Pursuant to Federal Rule 23(b)(3) and (2) Plaintiffs bring this suit on their

own behalf and on behalf of a proposed class of all other similarly situated persons

asserting claims of violations of state consumer statues, fraud, unjust enrichment, breach of contract, negligence, breach of warranty, and breach of implied warranty on behalf of separate statewide classes in and under the respective laws of each state of the United States. These classes are defined as follows:

### Alabama Subclass
All members of the Nationwide Class who are residents of Alabama or purchased their Gift Cards in Alabama.

### Alaska Subclass
All members of the Nationwide Class who are residents of Alaska or purchased their Gift Cards in Alaska.

### Arizona Subclass
All members of the Nationwide Class who are residents of Arizona or purchased their Gift Cards in Arizona.

### Arkansas Subclass
All members of the Nationwide Class who are residents of Arkansas or purchased their Gift Cards in Arkansas.

### California Subclass
All members of the Nationwide Class who are residents of California or purchased their Gift Cards in California

### Colorado Subclass
All members of the Nationwide Class who are residents of Colorado or purchased their Gift Cards in Colorado.

### Connecticut Subclass
All members of the Nationwide Class who are residents of Connecticut or purchased their Gift Cards in Connecticut.

### Delaware Subclass
All members of the Nationwide Class who are residents of Delaware or purchased their Gift Cards in Delaware.

### District of Columbia Subclass
All members of the Nationwide Class who are residents of the District of Columbia or purchased their Gift Cards in the District of Columbia.

**<u>Florida Subclass</u>**
All members of the Nationwide Class who are residents of Florida or purchased their Gift Cards in Florida.

**<u>Georgia Subclass</u>**
All members of the Nationwide Class who are residents of Georgia or purchased their Gift Cards in Georgia.

**<u>Hawaii Subclass</u>**
All members of the Nationwide Class who are residents of Hawaii or purchased their Gift Cards in Hawaii.

**<u>Idaho Subclass</u>**
All members of the Nationwide Class who are residents of Idaho or purchased their Gift Cards in Idaho.

**<u>Illinois Subclass</u>**
All members of the Nationwide Class who are residents of Illinois or purchased their Gift Cards in Illinois.

**<u>Indiana Subclass</u>**
All members of the Nationwide Class who are residents of Indiana or purchased their Gift Cards in Indiana.

**<u>Iowa Subclass</u>**
All members of the Nationwide Class who are residents of Iowa or purchased their Gift Cards in Iowa.

**<u>Kansas Subclass</u>**
All members of the Nationwide Class who are residents of Kansas or purchased their Gift Cards in Kansas.

**<u>Kentucky Subclass</u>**
All members of the Nationwide Class who are residents of Kentucky or purchased their Gift Cards in Kentucky.

**<u>Louisiana Subclass</u>**
All members of the Nationwide Class who are residents of Louisiana or purchased their Gift Cards in Louisiana.

**<u>Maine Subclass</u>**
All members of the Nationwide Class who are residents of Maine or purchased their Gift Cards in Maine.

**Maryland Subclass**

All members of the Nationwide Class who are residents of Maryland or purchased their Gift Cards in Maryland.

**Massachusetts Subclass**

All members of the Nationwide Class who are residents of Massachusetts or purchased their Gift Cards in Massachusetts.

**Michigan Subclass**

All members of the Nationwide Class who are residents of Michigan or purchased their Gift Cards in Michigan.

**Minnesota Subclass**

All members of the Nationwide Class who are residents of Minnesota or purchased their Gift Cards in Minnesota.

**Mississippi Subclass**

All members of the Nationwide Class who are residents of Mississippi or purchased their Gift Cards in Mississippi.

**Missouri Subclass**

All members of the Nationwide Class who are residents of Missouri or purchased their Gift Cards in Missouri.

**Montana Subclass**

All members of the Nationwide Class who are residents of Montana or purchased their Gift Cards in Montana.

**Nebraska Subclass**

All members of the Nationwide Class who are residents of Nebraska or purchased their Gift Cards in Nebraska.

**Nevada Subclass**

All members of the Nationwide Class who are residents of Nevada or purchased their Gift Cards in Nevada.

**New Hampshire Subclass**

All members of the Nationwide Class who are residents of New Hampshire or purchased their Gift Cards in New Hampshire.

**New Jersey Subclass**

All members of the Nationwide Class who are residents of New Jersey or purchased their Gift Cards in New Jersey.

**New Mexico Subclass**

All members of the Nationwide Class who are residents of New Mexico or purchased their Gift Cards in New Mexico.

**New York Subclass**

All members of the Nationwide Class who are residents of New York or purchased their Gift Cards in New York.

**North Carolina Subclass**

All members of the Nationwide Class who are residents of North Carolina or purchased their Gift Cards in North Carolina.

**North Dakota Subclass**

All members of the Nationwide Class who are residents of North Dakota or purchased their Gift Cards in North Dakota.

**Ohio Subclass**

All members of the Nationwide Class who are residents of Ohio or purchased their Gift Cards in Ohio.

**Oklahoma Subclass**

All members of the Nationwide Class who are residents of Oklahoma or purchased their Gift Cards in Oklahoma.

**Oregon Subclass**

All members of the Nationwide Class who are residents of Oregon or purchased their Gift Cards in Oregon.

**Pennsylvania Subclass**

All members of the Nationwide Class who are residents of Pennsylvania or purchased their Gift Cards in Pennsylvania.

**Rhode Island Subclass**

All members of the Nationwide Class who are residents of Rhode Island or purchased their Gift Cards in Rhode Island.

**South Carolina Subclass**

All members of the Nationwide Class who are residents of South Carolina or purchased their Gift Cards in South Carolina.

**South Dakota Subclass**
All members of the Nationwide Class who are residents of South Dakota or purchased their Gift Cards in South Dakota.

**Tennessee Subclass**
All members of the Nationwide Class who are residents of Tennessee or purchased their Gift Cards in Tennessee.

**Texas Subclass**
All members of the Nationwide Class who are residents of Texas or purchased their Gift Cards in Texas.

**Utah Subclass**
All members of the Nationwide Class who are residents of Utah or purchased their Gift Cards in Utah.

**Vermont Subclass**
All members of the Nationwide Class who are residents of Vermont or purchased their Gift Cards in Vermont.

**Virginia Subclass**
All members of the Nationwide Class who are residents of Virginia or purchased their Gift Cards in Virginia.

**Washington Subclass**
All members of the Nationwide Class who are residents of Washington or purchased their Gift Cards in Washington.

**West Virginia Subclass**
All members of the Nationwide Class who are residents of West Virginia or purchased their Gift Cards in West Virginia.

**Wisconsin Subclass**
All members of the Nationwide Class who are residents of Wisconsin or purchased their Gift Cards in Wisconsin.

**Wyoming Subclass**
All members of the Nationwide Class who are residents of Wyoming or purchased their Gift Cards in Wyoming.

69.    Excluded from each of the classes above are Target, including any entity in which Target has a controlling interest, is a parent or subsidiary, or which is controlled by

Target, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Target. Also excluded are the judges and court personnel in this case and any members of their immediate families.

70.    Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same exclusive and common evidence as would be used to prove those elements in individual actions alleging the same claims.

71.    All members of the proposed classes are readily ascertainable using objective information. Target has access to the personal information of thousands of Class members, which can be used for providing notice to the class.

72.    The class is so numerous that joinder of all members would be impracticable. While the exact number of Class members has not yet been determined, Target has sold thousands of compromised Gift Cards during the proposed class period.

73.    The claims of the named Plaintiffs are typical of the claims of the class they seek to represent, in that each named Plaintiff and all members of the class purchased or received a Gift Card from Target and the funds associated with the card were stolen or misappropriated without refund or replacement.

74.    All Plaintiffs and similarly situated Class members seek a refund of, and restitution for, monies lost from their Gift Card accounts, which occurred as a result of Target's wrongful and improper conduct.

75.    Plaintiffs and members of the Class seek to disgorge Target of the monies they inappropriately acquired as a result of the loss of the Gift Card funds.

76.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class they represent.

77.     The representative Plaintiffs have retained counsel competent and experienced to represent them and the members of the class. Accordingly, the interests of the Class will adequately be protected and advanced. In addition, there is no conflict of interest among the representatives of the class.

78.     The interests of all Class members are aligned because they have a strong interest in obtaining the refunds, reimbursements, and disgorgement of funds. In addition, the members of the Class have an interest in securing their right to compensatory damages.

79.     Notice can be provided to Class members by a combination of published notice and first-class mail and email using techniques and forms of notice similar to those customarily used in class action cases. Further, Target maintains a database of the contact information of its customers.

80.      Certification of the Class is appropriate because the questions of law and fact common to the members of this Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

a.      Whether Target was aware of the third parties' tampering of the Gift Cards;

b.      Whether Target should have known that third parties tampered with its Gift Cards;

c.      Whether Target had a duty to disclose to Gift Card purchasers the probability and/or possibility that a Gift Card had been tampered with by a third party at the time of sale;

d.  Whether Target had a duty to disclose to Gift Card purchasers the probability and/or possibility that the secret Activation Code(s) on the card(s) were known to third parties who did not have a need to know the Activation Code.

e.  What steps Target took steps to protect Gift Card purchasers from losing the funds loaded onto the Gift Cards to third parties;

f.  Whether or not Target made intentional, negligent and/or fraudulent representations or omissions of material fact concerning the security of Gift Cards;

g.  Whether Target violated the consumer protection statues of the several states;

h.  Whether Target breached the warranty of merchantability implicit in all contracts for the sale of goods under the Uniform Commercial Codes of the various states;

i.  Whether Target was unjustly enriched as a result of their conduct in relation to the sale of the tampered with Gift Cards;

j.  Whether Target negligently mispresented the condition of the Gift Cards at the time of their sale;

k.  Whether Target acted fraudulently in connection with the sale of compromised Gift Cards; and

l.  The extent to which Plaintiff and Class members are entitled to damages, including compensatory damages, statutory damages, and punitive damages or equitable relief, including disgorgement.

81.     This class action is superior to other available remedies for the fair and efficient adjudication of this controversy because the amount in controversy for each individual class member is relatively small such that it would be impracticable for putative Class members to file individual actions.

82.     Target marketed and sold the Gift Cards in the course of its business.

83.     The sale of all Gift Cards constituted a "consumer sale" within the meaning of the consumer protection laws of the 50 states.

## CLASS ALLEGATIONS

**A.      Claims Brought on Behalf of the Alabama Subclass**

### COUNT 1

### VIOLATION OF ALABAMA CONSUMER PROTECTION ACT
### (ALA. CODE § 8-19-1, ET SEQ.)

84.     Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

85.     Plaintiffs bring this claim on behalf of the Alabama Subclass.

86.     The Alabama Unfair Trade Practices Act (AUTPA) prohibits the following conduct in trade or commerce: (2) "Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;" (5) "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have;" (7) "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;"   (9) "Advertising goods or services with intent not to sell them as

advertised;" (27) "Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce." Ala. Code § 8-19-5.

87.    Prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit demands pursuant to Ala. Code § 8-19-10(e).

88.    Target's acts and omissions affect trade and commerce and affect sponsorship of goods and services in Alabama.

89.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiff and class members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

90.    Target misrepresented that the Gift Cards' secret Activation Codes were private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs that the Gift Card's secret Activation Codes were probably and/or possibly not private and were within the knowledge of third parties without a need to know.

91.    Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

92.    At all times, Target intended for purchasers to believe that the secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

93.    Target has committed acts of unlawful trade practices in violation of Ala. Code § 8-19-5.  Target falsely represented to the Plaintiffs and the other Alabama Subclass members that the value of the Gift Card provided in the sales transactions would be safe and secure from theft and unauthorized used, when, in truth, Target was aware of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

94.    Target has violated Ala. Code § 8-19-5 (2) and (5) through its representations that "goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have…."

95.    Target has also violated Ala. Code § 8-19-5 (7) because it represented that its goods and services were of a "particular standard, quality, or grade," when in truth and fact, they were not.

96.    Target has also violated Ala. Code § 8-19-5 (9) because it induced transactions with consumers under the false auspices that it reasonably protected the value of the Gift Card from third-party tampering.

97.    Target conducted the practices alleged herein in the course of its business, pursuant to standardized practices that it engaged in both before and after the Plaintiffs in this case were harmed, these acts have been repeated numerous of times, and many consumers were affected.

98.    Target's misrepresentations and omissions were material to Plaintiffs and other Alabama Subclass member's transactions with Target and were made knowingly and with reason to know that Plaintiffs and the Alabama Subclass would rely on the misrepresentations and omissions.  Had Plaintiffs and the Alabama Subclass members known about the high likelihood that the Gift Cards had been tampered with—such that they had no value and/or greatly diminished value—they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.

99.    Plaintiffs and the Alabama Subclass members reasonably relied on Target's misrepresentations and omissions and suffered harm as a result.  Plaintiffs and the Alabama Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain.    These injuries are the direct and natural consequences of Target's misrepresentations and omissions.

100.    Plaintiffs and the Alabama Subclass seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 2

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (ALA. CODE § 7-2-314, ET SEQ.)

101.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

102.    Plaintiffs bring this claim on behalf of the Alabama Subclass.

103.    At all times pertinent to this action, Target was merchant as that term is defined in Ala. Code § 7-2-104.

104.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

105.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

106.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

107.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

108.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

109.    Plaintiffs and the Alabama Subclass seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 3

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (ALA. CODE § 7-2-315 ET SEQ.)

110.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

111.    Plaintiffs bring this claim on behalf of the Alabama Subclass.

112.    At all times pertinent to this action, Target was merchant as that term is defined in Ala. Code § 7-2-104.

113.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

114.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

115.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

116.    Target breached its warranty in one or more material respects described more fully above.

117.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

118.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

119.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

120.    Plaintiffs and the Alabama Subclass seek actual and statutory damages, to the full extent permitted under applicable law.

**B.    Claims Brought on Behalf of the Alaska Subclass**

**COUNT 4**

**VIOLATION OF ALASKA UNFAIR TRADE PRACTICES
AND CONSUMER PROTECTION ACT
(ALASKA STAT. § 45.50.471, ET. SEQ.)**

121.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

122.    Plaintiffs bring this Count on behalf of the Alaska Subclass.

123.    The Alaska Unfair Trade Practices and Consumer Protection Act ("UTPCPA") declares unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce unlawful, including "(4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have"; and "(12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged." Alaska Stat. § 45.50.471(b).

124. Prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit demands pursuant to Alaska Stat. Ann. § 45.50.535(b).

125. For the reasons discussed above, Target violated (and, on information and belief, continues to violate) the Alaska UTPCPA by engaging in the above-described and prohibited unlawful, unfair, fraudulent, deceptive, untrue, and misleading acts and practices.

126. Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiff and Alaska Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

127. Target misrepresented that the Gift Cards' secret Activation Codes were private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs that the Gift Card's secret Activation Codes were probably and/or possibly not private and were within the knowledge of third parties without a need to know.

128. Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

129.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

130.    Target's above-described wrongful acts and practices constitute "unfair" business acts and practices, in that they have the capacity or tendency to deceive. *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 534 (Alaska 1980). The harm caused by Target's above wrongful conduct outweighs any utility of such conduct, and such conduct (i) offends public policy, (ii) is improper, unfair, oppressive, deceitful, and offensive, and/or (iii) has caused (and will continue to cause) substantial injury to consumers, such as Plaintiffs and the Class. There were reasonably available alternatives to further Target's legitimate business interests, including using best practices to protect the Gift Cards from third-party tampering, other than Target's wrongful conduct described herein.

131.    "A person who suffers an ascertainable loss of money or property as a result of another person's act or practice declared unlawful by Alaska Stat. 45.50.471 may bring a civil action to recover for each unlawful act or practice three times the actual damages or $500, whichever is greater. The court may provide other relief it considers necessary and proper." Alaska Stat. § 45.50.531(a). Attorneys' fees may also be awarded to the prevailing party. Alaska Stat. § 45.50.531(g).

132.    On information and belief, Target's unlawful, fraudulent, and unfair business acts and practices, except as otherwise indicated herein, continue to this day and are ongoing. As a direct and/or proximate result of Target's unlawful, unfair, and fraudulent practices, Plaintiffs and the Alaska Subclass have suffered injury in fact and lost money in

connection with theft, for which they are entitled to compensation, as well as restitution, disgorgement, and/or other equitable relief.

133.    Plaintiffs and the Alaska Subclass were injured in fact. Had Plaintiffs and the Alaska Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the other Alaska Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain. These injuries are the direct and natural consequences of Target's omissions and misrepresentations, all of which have an ascertainable value to be proven at trial.

## COUNT 5

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (ALASKA STAT. § 45.02.314, ET SEQ.)

134.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

135.    Plaintiffs bring this claim on behalf of the Alaska Subclass.

136.    At all times pertinent to this action, Target was merchant as that term is defined in Alaska Stat. § 45.02.104.

137.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

138.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

139.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

140.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

141.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

142.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

### COUNT 6

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (ALASKA STAT. § 45.02.315, ET SEQ.)

143.   Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

144.   Plaintiffs bring this claim on behalf of the Alaska Subclass.

145.   At all times pertinent to this action, Target was merchant as that term is defined in Alaska Stat. § 45.02.104.

146.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

147.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

148.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

149.    Target breached its warranty in one or more material respects described more fully above.

150.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

151.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

152.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

153.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**C.**     **Claims Brought on Behalf of the Arizona Subclass**

## COUNT 7

## VIOLATION OF CONSUMER FRAUD ACT
## (ARIZ. REV. STAT. §44-1521, ET. SEQ.)

154.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

155.    Plaintiffs bring this Count on behalf of the Arizona Subclass.

156.    Plaintiffs and the Arizona Class members are consumers who purchased Target Gift Cards primarily for personal, family or household purposes.

157.    Target, Plaintiffs and the Arizona Subclass are "persons" within the meaning of the Arizona Consumer Fraud Act ("Arizona CFA"), ARIZ. REV. STAT. §44-1512(6).

158.    The Gift Cards are "merchandise" within the meaning of ARIZ. REV. STAT. §44-1521(5). The Arizona CFA proscribes: "The Arizona CFA proscribes "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby." ARIZ. REV. STAT. § 44-1522(A).

159.    In the course of its business, Target failed to disclose and actively concealed that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or

practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with the intent that others rely upon such concealment, suppression or omission in connection with the sale of the Gift Cards.

160.    Target is engaged in, and its acts and omissions affect, trade and commerce.

161.    Target owed Plaintiffs and the Arizona Subclass a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and otherwise engaged in activities with a tendency or capacity to deceive.

162.    Target engaged in the conduct described more fully above and in transactions intended to result, and which did result, in the sale of goods or services to consumers, including Plaintiffs and the Arizona Subclass members.

163.    Target's acts, practices, and omissions were done in the course of Target's business of marketing, offering for sale and selling goods and services throughout the United States, including in Arizona.

164.    Target's conduct as alleged in this complaint constitutes unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and/or unlawful acts or practices.

165.    By engaging in such conduct and omissions of material facts, Target has violated state consumer laws prohibiting representing that "goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have," representing that "goods and services are of a particular standard, quality or grade, if they are of another", and/or "engaging in any other conduct which similarly creates a likelihood of confusion or misunderstanding"; and state consumer laws

prohibiting unfair methods of competition and unfair, deceptive, unconscionable, fraudulent and/or unlawful acts or practices.

166.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Arizona Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiff and the Arizona Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

167.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Arizona Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and was within the knowledge of third parties without a need to know.

168.    Target intended for Plaintiffs and the Arizona Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

169.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

170.    Target's representations and omissions described herein constitute concealment, suppression, or omission of issues and were material to Plaintiffs' and the Arizona Subclass members decisions to purchase the Gift Cards.

171.    Plaintiffs and the Arizona Subclass members had no knowledge of Target's concealment, fraud, misrepresentations and omissions of material fact.

172.    Plaintiffs and the Arizona Subclass members personally or through their designees, demanded replacement or refund of the money loaded on the card and Target refused.

173.    As a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target, Plaintiffs and the Arizona Subclass has suffered an ascertainable monetary loss, to wit: the loss of the funds associated with their Gift Cards.

174.    That the conduct of Target in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs and the Arizona Subclass members to actual and punitive damages.

175.    Target's violations present a continuing risk to Plaintiffs and the Arizona Subclass as well as to the general public. The Target's unlawful acts and practices complained of herein affect the public interest.

176.    Plaintiffs and the Arizona Subclass seek monetary relief against the Target in an amount to be determined at trial. Plaintiffs and the Arizona Subclass also seek punitive damages because the Target engaged in aggravated and outrageous conduct with an evil mind.

177.    Plaintiffs and the Arizona Subclass also seek attorneys' fees and any other just and proper relief available.

## COUNT 8

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (ARIZ. REV. STAT. § 47-2314, ET SEQ.)

178.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

179.    Plaintiffs bring this claim on behalf of the Arizona Subclass.

180.    At all times pertinent to this action, Target was merchant as that term is defined in ARIZ. REV. STAT. § 47-2104.

181.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

182.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

183.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

184.    Target received actual notice of the defective nature of the Gift Cards within

a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

185.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

186.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 9

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (ARIZ. REV. STAT. § 47-2315, ET SEQ.)

187.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

188.    Plaintiffs bring this claim on behalf of the Arizona Subclass.

189.    At all times pertinent to this action, Target was merchant as that term is defined in ARIZ. REV. STAT. § 47-2104.

190.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

191.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

192.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

193.    Target breached its warranty in one or more material respects described more fully above.

194.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

195.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

196.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

197.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**D.    Claims Brought on Behalf of the Arkansas Subclass**

**COUNT 10**

**VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT
(ARK. CODE ANN. §§ 4-88-101, *ET SEQ.*)**

198.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

199.    Plaintiffs bring this Count on behalf of the Arkansas Subclass.

200.    The Arkansas Deceptive Trade Practices Act ("DTPA") prohibits "deceptive and unconscionable trade practices," which include but are not limited to a list of enumerated items, including "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade[.]" Ark. Code Ann. § 4-88-107(a)(10).

201.    The Plaintiff, members of the Arkansas Subclass, and the Target are "persons" within the meaning of the Arkansas DTPA. Ark. Code Ann. § 4-88-102(5).

202.    The conduct of Target as set forth herein constitutes deceptive and unconscionable trade practices because Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to the Plaintiff and the Arkansas subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiff and Arkansas Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

203.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiff and the Arkansas Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

204.    Target intended for Plaintiff and the Arkansas Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

205.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

206.    Target's conduct was unconscionable because it affronts the sense of justice, decency, or reasonableness, including as established by public policy and the state and

federal laws enumerated herein. Target's unconscionable and deceptive trade practices occurred or were committed in the course, vocation, or occupation of its business, commerce, or trade. Target are directly liable for these violations of law.

207.    Target engaged in a deceptive trade practice when it failed to disclose material information concerning the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

208.    The information withheld was material in that it was information that was vitally important to consumers. Target's withholding of this information was likely to mislead consumers acting reasonably under the circumstances. Target's conduct proximately caused injuries to the Plaintiff and Arkansas Subclass.

209.    Plaintiff and the Arkansas Subclass were injured as a result of Target's conduct as alleged herein. These injuries are the direct and natural consequence of Target's unconscionable conduct, misrepresentations, and omissions.

210.    Plaintiff and other members of the Arkansas Subclass are entitled to recover actual damages, as well as reasonable attorneys' fees, for Target's unlawful conduct.

## COUNT 11

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (ARK. CODE ANN. § 4-2-314, ET SEQ.)

211.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

212.    Plaintiffs bring this claim on behalf of the Arkansas Subclass.

213.    At all times pertinent to this action, Target was merchant as that term is

defined in Ark. Code Ann. § 4-2-104.

214.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

215.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

216.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

217.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

218.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

219.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 12

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (ARK. CODE ANN. § 4-2-315, ET SEQ.)

220.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

221.  Plaintiffs bring this claim on behalf of the Arkansas Subclass.

222.  At all times pertinent to this action, Target was merchant as that term is defined in Ark. Code Ann. § 4-2-104.

223.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

224.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

225.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

226.  Target breached its warranty in one or more material respects described more fully above.

227.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

228.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

229.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

230.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**E.     Claims Brought on Behalf of the California Subclass**

**COUNT 13**

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(Cal. Bus. & Prof. Code §§ 17200, et seq.)**

231.   Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

232.   Plaintiffs bring this Count on behalf of the California Subclass.

233.   Plaintiffs and the California Subclass members are "person[s]" as defined in Cal. Bus. & Prof. Code § 17201 who purchased Target Gift Cards primarily for personal, family or household purposes.

234.   California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

235.   Target's conduct, as described herein, was and is in violation of the UCL. Target's conduct violates the UCL in at least the following ways:

   a.     Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and California Subclass members which amounted to deception, fraud, false pretenses, false

promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and California Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

b.      Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the California Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

c.      Target intended for Plaintiffs and California Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

d.      At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code; and

236.   Target's misrepresentations and omissions alleged herein caused Plaintiffs and the other California Subclass members to purchase Target Gift Cards. Absent those

misrepresentations and omissions, Plaintiffs and California Subclass members would not have purchased the Target Gift Cards.

237.   Plaintiffs and the California Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information.  Plaintiffs and California Subclass members who purchased the Gift Cards either would not have purchased the Gift Cards had Target disclosed that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or diminished value.

238.   Accordingly, Plaintiffs and California Subclass members have suffered injury in fact, including lost money or property, as a result of Target's misrepresentations and omissions.

239.   Plaintiffs and California Subclass members seek to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Target under Cal. Bus. & Prof. Code § 17200.

240.   Plaintiffs and California Subclass members request that this Court enter such orders or judgments as may be necessary to enjoin Target from continuing its unfair, unlawful, and/or deceptive practices; to restore to Plaintiffs and members of the Class any money it acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 & 3345; and for such other relief set forth below.

## COUNT 14

**VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT**
**(Cal. Civ. Code §§ 1750, et seq.)**

241.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

242.    Plaintiffs bring this Count on behalf of the California Subclass.

243.    California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq., proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

244.    The Gift Cards are "goods" as defined in Cal. Civ. Code § 1761(a).

245.    Plaintiffs and the California Subclass members are "consumers" as defined in Cal. Civ. Code § 1761(d), and Plaintiffs, the California Subclass members, and Target are "persons" as defined in Cal. Civ. Code § 1761(c).

246.    As alleged above, Target made numerous representations concerning the benefits, efficiency, performance, and safety features of the Gift Cards that were misleading.

247.    In purchasing the Target Gift Cards, Plaintiffs and California Subclass members were deceived by Target's failure to disclose and active concealment that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value.

248. Target's conduct, as described herein, was and is in violation of the CLRA. Target's conduct violates at least the following enumerated CLRA provisions:

a.    Cal. Civ. Code § 1770(a)(2): Misrepresenting the approval or certification of goods;

b.    Cal. Civ. Code § 1770(a)(5): Representing that goods have sponsorship, approval, characteristics, uses, benefits, or quantities which they do not have;

c.    Cal. Civ. Code § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade, if they are of another;

d.    Cal. Civ. Code § 1770(a)(9): Advertising goods with intent not to sell them as advertised; and

e.    Cal. Civ. Code § 1770(a)(16): Representing that goods have been supplied in accordance with a previous representation when they have not.

249. Plaintiffs and the California Subclass members have suffered injury in fact and actual damages resulting from Target's material omissions and misrepresentations and its concealment of and failure to disclose material information. Plaintiffs and California Subclass members who purchased the Gift Cards would not have purchased the Gift Cards had Target disclosed that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or diminished value.

250. Target knew, should have known, or was reckless in not knowing that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and not suitable for their intended use.

251.     The facts concealed and omitted by Target to Plaintiffs and California Subclass members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Gift Cards.  Had Plaintiffs and California Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.

252.     In accordance with Cal. Civil Code § 1780(a), Plaintiffs and California Subclass members seek injunctive and equitable relief for Target's violations of the CLRA, including an injunction to enjoin Target from continuing its deceptive advertising and sales practices.

253.     Prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit demands pursuant to Cal. Civ. Code § 1782(a).

254.     Plaintiffs and California Subclass members' injuries were proximately caused by Target's fraudulent and deceptive business practices.

255.     Therefore, Plaintiffs and California Subclass members are entitled to equitable and monetary relief under CLRA.

## COUNT 15

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW
### (Cal. Bus. & Prof. Code § 17500, *et seq*.)

256.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

257.     Plaintiffs bring this Count on behalf of the California Subclass.

258.    Cal. Bus. & Prof. Code § 17500 states:  "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

259.    Target caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Target, to be untrue and misleading to consumers, including Plaintiffs and the California Subclass members.

260.    Target has violated Cal. Bus. & Prof. Code § 17500 because the misrepresentations and omissions regarding the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as set forth in this Complaint, were material and likely to deceive a reasonable consumer.

261.    Plaintiffs and the California Subclass members have suffered an injury in fact, including the loss of money or property, as a result of Target's unfair, unlawful, and/or deceptive practices.  In purchasing the Gift Cards, Plaintiffs and the California Subclass members relied on the misrepresentations and/or omissions of Target regarding the high likelihood that the Gift Cards had been tampered with such that they had no value/and or

greatly diminished value.  Had Plaintiffs and the California Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.  Accordingly, Plaintiffs and the California Class members overpaid for the Gift Cards and did not receive the benefit of their bargain.

262.    All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Target's business.  Target's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the state of California and nationwide.

263.    Plaintiffs, individually and on behalf of the other California Subclass members, request that this Court enter such orders or judgments as may be necessary to enjoin Target from continuing their unfair, unlawful, and/or deceptive practices, to restore to Plaintiffs and the California Subclass members any money Target acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

## COUNT 16

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (CAL. COMM. CODE § 2314, ET SEQ.)

264.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

265.    Plaintiffs bring this claim on behalf of the California Subclass.

266.    At all times pertinent to this action, Target was merchant as that term is

defined in Cal. Comm. Code § 2104.

267.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

268.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

269.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

270.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

271.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

272.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 17

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (CAL. COMM. CODE § 2315, ET SEQ.)

273.   Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

274.   Plaintiffs bring this claim on behalf of the California Subclass.

275.   At all times pertinent to this action, Target was merchant as that term is defined in Cal. Comm. Code § 2104.

276.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

277.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

278.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

279.   Target breached its warranty in one or more material respects described more fully above.

280.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

281.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

282.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

283.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**F.    Claims Brought on Behalf of the Colorado Subclass**

**COUNT 18**

**VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT
(COLO. REV. STAT. §§ 6-1-105, ET SEQ.)**

284.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

285.    Plaintiffs bring this Count on behalf of the Colorado Subclass.

286.    Colorado's Consumer Protection Act (the "CCPA") prohibits a person from engaging in a "deceptive trade practice," which includes knowingly making "a false representation as to the source, sponsorship, approval, or certification of goods…" or "a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods…";  "[r]epresents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another,"; or [f]ails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction." Colo. Rev. Stat. § 6-1-105(1)(b), (e), (g) and (u).

287.    Target constitutes a "person" within the meaning of Colo. Rev. Stat. § 6-1-102(6).

288.    In the course of Target's business, it failed to disclose, and actively concealed, the high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value as described above. Accordingly, Target engaged in conduct likely to deceive.

289.    Target's actions as set forth above occurred in the conduct of trade or commerce.

290.    Target's conduct proximately caused injuries to Plaintiff and the Colorado Subclass members.

291.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the Colorado Subclass members which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Colorado Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

292.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiff and the Colorado Subclass members that the Gift

Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

293.    Target intended for Plaintiff and the Colorado Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

294.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

295.    Plaintiff and the Colorado Subclass members were injured as a result of Target's conduct.  Had Plaintiff and the Colorado Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.  Accordingly, Plaintiffs and the other Class members overpaid for the Gift Cards and did not receive the benefit of their bargain.   These injuries are the direct and natural consequences of Target's omissions.

## COUNT 19

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (COL. REV. STAT. § 4-2-314, ET SEQ.)

296.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

297.    Plaintiffs bring this claim on behalf of the Colorado Subclass.

298.    At all times pertinent to this action, Target was merchant as that term is

defined in Col. Rev. Stat. § 4-2-104.

299.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

300.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

301.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

302.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

303.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

304.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 20

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (COL. REV. STAT. § 4-2-315, ET SEQ.)

305.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

306.    Plaintiffs bring this claim on behalf of the Colorado Subclass.

307.    At all times pertinent to this action, Target was merchant as that term is defined in Col. Rev. Stat. § 4-2-104.

308.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

309.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

310.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

311.    Target breached its warranty in one or more material respects described more fully above.

312.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

313.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

314. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

315. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**G.    Claims Brought on Behalf of the Connecticut Subclass**

<strong>COUNT 21</strong>

<strong>VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT<br/>(C.G.S. §§ 42-110A <em>ET SEQ.</em>)</strong>

316. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

317. Plaintiffs bring this Count on behalf of the Connecticut Subclass.

318. Plaintiffs have provided notice of this action and a copy of this Complaint to the Connecticut Attorney General pursuant to Conn. Gen. Stat. § 42-110g(c).

319. Target engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Conn. Gen. Stat. §42-110b, in at least the following ways:

a.    Target misrepresented and fraudulently advertised material facts to Plaintiff and the Connecticut Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the Connecticut Subclass members which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiff and the Connecticut Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiff and the Connecticut Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.    Target intended for Plaintiff and the Connecticut Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiff and the Connecticut Subclass members in a timely and accurate manner, contrary to the duties imposed by Conn. Gen. Stat. § 36a-701b; and

g.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiff and the Connecticut Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

320.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards were not known to entities or individuals with no legitimate business purposes to know the Activation Code.

321.    As a direct and proximate result of Target's deceptive trade practices, Plaintiff and the Connecticut Subclass members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of funds associated with their Gift Cards, as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target.

322.    The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition. Target knew or should have known the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly

diminished value, Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of Plaintiff and the Connecticut Subclass members.

323.    Plaintiff and the Connecticut Subclass members seek relief under Conn. Gen. Stat. § 42-110a, *et seq.*, including, but not limited to, damages, statutory damages, restitution, penalties, injunctive relief, and/or attorneys' fees and costs.

## COUNT 22

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (C.G.S § 42a-2-314, ET SEQ.)

324.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

325.    Plaintiffs bring this claim on behalf of the Connecticut Subclass.

326.    At all times pertinent to this action, Target was merchant as that term is defined in C.G.S. § 42a-2-104.

327.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

328.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

329. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

330. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

331. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

332. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**COUNT 23**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(C.G.S § 42a-2-314, ET SEQ.)**

333. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

334. Plaintiffs bring this claim on behalf of the Connecticut Subclass.

335. At all times pertinent to this action, Target was merchant as that term is defined in C.G.S. § 42a-2-104.

336. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

337. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

338.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

339.    Target breached its warranty in one or more material respects described more fully above.

340.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

341.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

342.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

343.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**H.    Claims Brought on Behalf of the Delaware Subclass**

## COUNT 24

### VIOLATIONS OF THE DELAWARE CONSUMER FRAUD ACT
### (DEL. CODE ANN. TIT. 6 § 2511, ET SEQ.)

344.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

345.    Plaintiffs bring this Count on behalf of the Delaware Subclass.

346.    Each Target is a "person" within the meaning of Del. Code Ann. tit. 6, § 2511(7).

347.   The Delaware Consumer Fraud Act ("Delaware CFA") prohibits the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby." Del. Code Ann. tit. 6, § 2513(a).

348.   In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive.  Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually

is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

349.    Target knew there was high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, but concealed all of that information.

350.    In purchasing the Gift Cards, Plaintiff and the Delaware Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

351.    Plaintiff and the Delaware Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

352.    Target's actions as set forth above occurred in the conduct of trade or commerce.

353.    Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

354.    By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Delaware CFA.

355.    In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

356. Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the other Delaware Subclass members about the true value of the Gift Cards.

357. Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiff and the Delaware Subclass members.

358. Target knew or should have known that its conduct violated the Delaware CFA.

359. As alleged above, Target made material statements about the value and utility of the Gift Cards and that Target knew were either false or misleading.

360. Target owed Plaintiff and the Delaware Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.   Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.   Intentionally concealed the foregoing from Plaintiff and the Class; and/or

c.   Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

361.    Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiff and the Delaware Subclass members.

362.    Target's conduct proximately caused injuries to Plaintiff and the Delaware Subclass members.

363.    Plaintiffs and the Delaware Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Plaintiffs and the Class known about the high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.  Accordingly, Plaintiffs and the other Delaware Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Delaware CFA.  These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

364.    Target's violations present a continuing risk to Plaintiff and the Delaware Subclass members as well as to the general public.  Target's unlawful acts and practices complained of herein affect the public interest.

365.    Plaintiff and the Class seek damages under the Delaware CFA for injury resulting from the direct and natural consequences of Target's unlawful conduct. *See, e.g.*, *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1076-77 (Del. 1983). Plaintiff and the Delaware subclass members also seek declaratory relief, attorneys' fees, and any other just and proper relief available under the Delaware CFA.

366.    Target is engaged in gross, oppressive, or aggravated conduct justifying the imposition of punitive damages.

**COUNT 25**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
(DEL. CODE ANN. § 2-314, ET SEQ.)**

367.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

368.    Plaintiffs bring this claim on behalf of the Delaware Subclass.

369.    At all times pertinent to this action, Target was merchant as that term is defined in Del. Code Ann. § 2-104.

370.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

371.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

372.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

373.    Target received actual notice of the defective nature of the Gift Cards within

a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

374. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

375. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 26

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (DEL. CODE ANN. § 2-315, ET SEQ.)

376. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

377. Plaintiffs bring this claim on behalf of the Delaware Subclass.

378. At all times pertinent to this action, Target was merchant as that term is defined in Del. Code Ann. § 2-104.

379. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

380. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

381. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

382. Target breached its warranty in one or more material respects described more fully above.

383. As a direct and proximate result, Plaintiffs and Class members have been damaged.

384. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

385. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

386. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

I.    **Claims Brought on Behalf of the District of Columbia Subclass**

**COUNT 27**

**VIOLATION OF THE CONSUMER PROTECTION PROCEDURES ACT**
**(D.C. CODE § 28-3901 ET SEQ.)**

387. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

388. Plaintiffs bring this Count on behalf of the District of Columbia Subclass.

389. Target is a "person" under the Consumer Protection Procedures Act ("District of Columbia CPPA"), D.C. Code § 28-3901(a)(1).

390. Plaintiff and District of Columbia Class members are "consumers," as defined by D.C. Code § 28-3901(a)(2), who purchased one or more Gift Cards.

391. The Target's actions as set forth herein constitute "trade practices" under D.C. Code § 28-3901(a)(6).

392.    In the course of its business, Target willfully failed to disclose and/or actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

393.    Target knew there was high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value but concealed all of that information.

394.    In purchasing the Gift Cards, Plaintiff and the District of Columbia Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

395.    Plaintiff and the District of Columbia Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

396.    Target's actions as set forth above occurred in the conduct of trade or commerce.

397.    Target unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

398.    By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the District of Columbia CPPA.

399.    In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

400.    Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the other District of Columbia Subclass members about the true value of the Gift Cards.

401.    Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the District of Columbia Subclass members.

402.    Target knew or should have known that its conduct violated the District of Columbia CPPA.

403.    As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

404.    Target owed Plaintiff and the District of Columbia Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

    a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

    b.    Intentionally concealed the foregoing from Plaintiff and the Class; and/or

    c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

405.    Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiff and the District of Columbia Subclass members.

406.    Target's conduct proximately caused injuries to Plaintiff and the District of Columbia Subclass members.

407.    Plaintiff and the District of Columbia Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of

Target's conduct in that had Plaintiff and the District of Columbia Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiff and the other District of Columbia Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the District of Columbia CPPA. These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

408.   Target's violations present a continuing risk to Plaintiff and the District of Columbia Subclass members as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

## COUNT 28

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (D.C. CODE § 28:2-314, ET SEQ.)

409.   Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

410.   Plaintiffs bring this claim on behalf of the District of Columbia Subclass.

411.   At all times pertinent to this action, Target was merchant as that term is defined in D.C. Code § 28:2-104.

412.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen

the Secret Activation Code from the cards.

413.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

414.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

415.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

416.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

417.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 29

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (D.C. CODE § 28:2-315, ET SEQ.)

418.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

419.    Plaintiffs bring this claim on behalf of the District of Columbia Subclass.

420.    At all times pertinent to this action, Target was merchant as that term is

defined in D.C. Code § 28:2-104.

421.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

422.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

423.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

424.   Target breached its warranty in one or more material respects described more fully above.

425.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

426.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

427.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

428.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**J.**    **Claims Brought on Behalf of the Florida Subclass**

### COUNT 30

### VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (FLA. STAT. § 501.201, ET SEQ.)

429.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

430.    Plaintiffs bring this Count on behalf of the Florida Subclass.

431.    At all relevant times, Target provided goods and/or services and thereby was engaged in trade or commerce as defined in Fla. Stat. § 501.203(8).

432.    At all relevant times, Plaintiffs and the Florida Subclass members were consumers as defined in Fla. Stat. § 501.203(7).

433.    Target was aware of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value in connection with Target's business in Florida.

434.    Plaintiffs and the Florida Subclass members expected, and Target assured card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Florid Subclass members that the Gift Card's Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know. The Florida Deceptive and Unfair Trade Practices Act prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. Ann. § 501.204 (1).

435.    Target engaged in unfair or deceptive acts and practices by the following acts, including but not limited to:

a.      Target misrepresented and fraudulently advertised material facts to Plaintiffs and the Florida Subclass members by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.      Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Florida Subclass members which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Florida Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.      Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Florida Subclass members that the Gift Card's secret Activation Code was probably

and/or possibly not private and were within the knowledge of third parties without a need to know;

d.    Target intended for Plaintiffs and the Florida Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Florida Subclass members in a timely and accurate manner; and

g.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the Florida Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

436.    Target's practice and course of conduct, as alleged herein, is likely to mislead, and has mislead, the consumer acting reasonably in the circumstances to the consumer's detriment.

437.    Further, Target has engaged in an unfair practice that offends established public policy, and is one that is improper, oppressive, and unfair, and/or substantially injurious to customers.

438.    As a direct and proximate result of Target's conduct, Plaintiffs and the Florida Subclass members suffered actual damages and request a corresponding award of damages against Target, as authorized by such statute.

439.    In the alternative, Plaintiffs and the Florida Subclass members have suffered irreparable harm for which there is no adequate remedy at law as a result of Target's conduct, and Plaintiffs and the Florida Subclass members are entitled to appropriate temporary and permanent injunctive relief, as authorized and provided by such statutes. Plaintiffs and the Florida Subclass members are further entitled to preliminary or other relief as provided by such statutes, including statutory damages, punitive damages, costs, and reasonable attorneys' fees.

## COUNT 31

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (FLA. STAT. § 672.314, ET SEQ.)

440.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

441.    Plaintiffs bring this claim on behalf of the Florida Subclass.

442.    At all times pertinent to this action, Target was merchant as that term is defined in Fla. Stat. § 672.104.

443.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

444.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

445.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

446.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

447.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

448.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**COUNT 32**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(FLA. STAT. § 672.315, ET SEQ.)**

449.   Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

450.   Plaintiffs bring this claim on behalf of the Florida Subclass.

451.   At all times pertinent to this action, Target was merchant as that term is defined in Fla. Stat. § 672.104.

452.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

453.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

454.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

455.    Target breached its warranty in one or more material respects described more fully above.

456.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

457.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

458.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

459.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**K.    Claims Brought on Behalf of the Georgia Subclass**

## COUNT 33

**VIOLATION OF GEORGIA UNIFORM DECEPTIVE TRADE
PRACTICES ACT
(GA. CODE ANN. § 10-1-370, *ET SEQ.*)**

460.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

461.    Plaintiffs bring this Count on behalf of the Georgia Subclass.

462.    Target and members of the Georgia Subclass are "persons" within the meaning of the Georgia Uniform Deceptive Trade Practices Act ("Georgia UDTPA"), Ga. Code Ann. § 10-1-371(5).

463.    The Georgia UDTPA prohibits "deceptive trade practices," which include the (7) misrepresentation "that goods . . . are of a particular standard, quality, or grade . . . [when] they are of another" and (12) "engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." Ga. Code Ann. § 10-1-372(a).

464.    Prior to the filing of this Complaint, counsel provided Target with a written pre-suit demand pursuant to Ga. Code Ann. § 10-1-399(b).

465.    In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive.  Target also engaged in unlawful trade practices, fraud, misrepresentations, or other concealment, suppression, or omission of

material facts with the intent that others rely upon such concealment, suppression, or omissions, in connection with the purchase of the Gift Cards.

466.    Target knew or should have known of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value but concealed this information.

467.    By way of the foregoing, Target engaged in deceptive business practices in violation of the Georgia UDTPA.  Target also engaged in deceptive acts and practices in at least the following was:

a.    Target misrepresented material facts (intending for others to reply upon the misrepresentations) to Plaintiffs and the Georgia Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Georgia Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Georgia Subclass members when Target knew or should have known that the cards had been altered and that the funds

associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.      Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Georgia Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.      Target intended for Plaintiffs and the Georgia Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.      At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.      Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to the Georgia Subclass members in a timely and accurate manner in violation of Ga. Code Ann. § 10-1-912; and

g.      Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect the Georgia Subclass members'

Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

468.    Target's unfair or deceptive acts or practices were likely to, and did in fact, deceive reasonable consumers, including the Plaintiffs and Georgia Subclass members, regarding the value, security and safety of its Gift Cards.

469.    Target intentionally and knowingly misrepresented such material facts with an intent to mislead Plaintiffs and the Georgia Subclass members.

470.    Target knew or should have known that its conduct violated the Georgia UDTPA.

471.    As alleged above, Target made material statements that were either false or misleading.

472.    Target owed Plaintiffs and the Georgia Subclass a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

473.    Target's representations and omissions described herein were material to Plaintiffs' and the Georgia Subclass members' decisions to purchase the Gift Cards.

474.    Plaintiffs and the Georgia subclass suffered an ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information as alleged herein.

475.    Target had an ongoing duty to all Target customers, including Plaintiffs and the Georgia Subclass members, to refrain from unfair and deceptive practices under the Georgia UDTPA.

476.    Target's violations present a continuing risk to the Plaintiffs and the Georgia Subclass members, as well as to the general public.  Target's unlawful acts and practices complained of herein affect the public interest.

477.    As a direct and proximate result of Target's violations of the Georgia UDTPA, Plaintiffs and the Georgia Subclass members have suffered injury-in-fact and/or actual damage.  Plaintiffs seek an order enjoining Target's unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Georgia UDTPA per Ga. Code Ann. § 10-1-373.

## COUNT 34

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (GA. CODE ANN. § 11-2-314, ET SEQ.)

478.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

479.    Plaintiffs bring this claim on behalf of the Georgia Subclass.

480.    At all times pertinent to this action, Target was merchant as that term is defined in Ga. Code Ann. § 11-2-104.

481.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

482.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

483.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

484.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

485.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

486.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**COUNT 35**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR
PURPOSE
(GA. CODE ANN. § 11-2-315, ET SEQ.)**

487.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

488.    Plaintiffs bring this claim on behalf of the Georgia Subclass.

489.    At all times pertinent to this action, Target was merchant as that term is defined in Ga. Code Ann. § 11-2-104.

490.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

491.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

492.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

493.    Target breached its warranty in one or more material respects described more fully above.

494.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

495.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

496.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

497.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**L.    Claims Brought on Behalf of the Hawaii Subclass**

**COUNT 36**

**VIOLATION OF HAWAII UNFAIR PRACTICES
AND UNFAIR COMPETITION STATUTE
(HAW. REV. STAT. § 480-1, *ET SEQ.*)**

498.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

499.    Plaintiffs bring this Count on behalf of the Hawaii Subclass.

500.    Hawaii Subclass members are "consumers" as defined in Haw. Rev. Stat. § 480-1.

501.    Hawaii Subclass members purchased "goods and services" from Target as defined in Haw. Rev. Stat. § 480-1.

502.    Hawaii Subclass members' gift card information was accessed and stored by Target for personal, family, and/or household purposes, as meant by Haw. Rev. Stat. § 480-1.

503.    Target engaged in unfair methods of competition, unfair or deceptive acts or practices, misrepresentations, and the concealment, suppression, and/or omission of material facts with respect to the sale and advertisement of the services purchased by the Hawaii Subclass in violation of Haw. Rev. Stat. § 480-2(a), in at least the following ways:

a.  Target misrepresented and fraudulently advertised material facts to Plaintiffs and the Hawaii Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.  Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and Hawaii Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.  Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and Hawaii Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.   Target intended for Plaintiffs and Hawaii Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.   At all times, Target intended for purchasers to believe that the secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.   Target's deactivation of Plaintiffs and the Hawaii Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practices or the concealment, suppression, or omission of a material fact;

g.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to the Hawaii Subclass members in a timely and accurate manner in violation of Haw. Rev. Stat. § 487N-2(a); and

h.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs' and the Hawaii Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

504.   The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

505.    Target knew or should have known that their data security practices were inadequate to safeguard Hawaii Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Hawaii Subclass.

506.    As a direct and proximate result of Target's unlawful practices, Hawaii Subclass members suffered injury and/or damages.

507.    Plaintiffs and the Hawaii Subclass members seek relief under Haw. Rev. Stat. § 480-13, including, but not limited to, damages, injunctive relief, statutory damages as permitted by applicable law, attorneys' fees and costs, and treble damages.

## COUNT 37

## HAWAII UNIFORM DECEPTIVE TRADE PRACTICE ACT (HAW. REV. STAT. § 481A-1 *ET SEQ.*)

508.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

509.    Plaintiffs bring this Count on behalf of the Hawaii Subclass.

510.    The Hawaii Uniform Deceptive Trade Practice Act ("Hawaii DTPA"), Haw. Rev. Stat. § 481A-1, et seq., prohibits deceptive trade practices. Haw. Rev. Stat. § 481A-3 provides that (a) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a

particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised; . . . (12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding. Haw. Rev. Stat. § 481A-3.

511.    Target engaged in deceptive trade practices that violated the Hawaii DTPA by failing to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, including: knowingly representing that Gift Cards have uses and benefits which they do not have; advertising the Gift Cards with the intent not to sell them as advertised; representing that the subject of a transaction involving Gift Cards had been supplied in accordance with a previous representation when it has not; and knowingly making other false representations in a transaction.

512.    Target's actions as set forth above occurred in the conduct of trade or commerce.

513.    In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive.  Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

514.    Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value but concealed all of that information.

515.    By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Hawaii DTPA.

516.    Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Hawaii Subclass members about the true value of the Gift Cards.

517.    Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Hawaii Subclass.

518.    Target knew or should have known that its conduct violated the Hawaii DTPA.

519.    As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

520.    Target owed Plaintiffs and the Hawaii Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

    c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

521.    Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Hawaii Subclass.

522.    Plaintiffs and the Hawaii Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information. Had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the Nevada Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Hawaii DTPA.

523.    Target had an ongoing duty to all Target customers to refrain from unfair and deceptive practices under the Hawaii DTPA. All owners of the Gift Cards suffered ascertainable loss; to wit: the loss of the funds associated with their Gift Cards, as a result of Target's deceptive and unfair acts and practices made in the course of Target's business.

524.    Target's violations present a continuing risk to Plaintiffs and the Hawaii Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

525.    As a direct and proximate result of Target's violations of the Hawaii DTPA, Plaintiffs and the Hawaii Subclass have suffered injury-in-fact and/or actual damage.

526.    Accordingly, Plaintiffs and the Hawaii Subclass seek their actual damages, punitive damages, an order enjoining Target's deceptive acts or practices, costs of Court, attorney's fees, and all other appropriate and available remedies under the Hawaii Uniform Deceptive Trade Practice Act.  Haw. Rev. Stat. § 481A-4.

## COUNT 38

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (HAW. REV. STAT. § 490:2-314, ET SEQ.)

527.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

528.    Plaintiffs bring this claim on behalf of the Hawaii Subclass.

529.    At all times pertinent to this action, Target was merchant as that term is defined in Haw. Rev. Stat. § 490:2-104.

530.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

531.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

532.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

533.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

534.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

535.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 39

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (HAW. REV. STAT. § 490:2-315, ET SEQ.)

536.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

537.    Plaintiffs bring this claim on behalf of the Hawaii Subclass.

538.    At all times pertinent to this action, Target was merchant as that term is defined in Haw. Rev. Stat. § 490:2-104.

539.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

540.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

541.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

542.    Target breached its warranty in one or more material respects described more fully above.

543.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

544.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

545.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

546.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**M.    Claims Brought on Behalf of the Idaho Subclass**

**COUNT 40**

**VIOLATION OF PRIVATE RIGHT OF ACTION FOR
CONSUMER FRAUDS ACT
(IDAHO CODE § 48-601, ET SEQ.)**

547.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

548.    Plaintiffs bring this Count on behalf of the Idaho Subclass.

549.    Target are "persons" as defined by the Idaho Consumer Protection Act (Idaho CPA), Idaho Code Ann. § 48-601.

550. Plaintiffs and the Idaho Subclass' members are "[c]onsumers" as defined by the Idaho CPA § 48-602(1).

551. The Idaho Consumer Protection Act ("Idaho CPA") prohibits the following conduct in trade or commerce: (2) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it do not have or that a person has a sponsorship, approval, status, affiliation, connection, qualifications or license that he does not have; (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (9) Advertising goods or services with intent not to sell them as advertised; (17) Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer; (18) Engaging in any unconscionable method, act or practice in the conduct of trade or commerce as provided in section 48-603C, Idaho Code.  Idaho Code § 48-603.

552. Target's conduct constitutes unfair and deceptive acts or practices in connection with a consumer transaction within the meaning of the Idaho CPA § 48-603.

553. Target's acts and omissions affect trade and commerce and affect sponsorship of goods and services in Idaho.

554. Target committed acts of unfair competition by falsely representing to the Plaintiffs and the Idaho Subclass members that the value of the Gift Card provided in the sales transactions would be safe and secure from theft and unauthorized used, when, in

truth, Target was aware of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

555.    Target has violated Idaho Code § 48-603 (2) and (5) through its representations that "goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that it do not have…"

556.    Target has also violated Idaho Code § 48-603 (7) because it represented that its goods and services were of a particular standard, quality or grade, when in truth and fact, they were not.

557.    Target has also violated Idaho Code § 48-603 (9) and (17) because it induced transactions with consumers under the false auspices that it reasonably protected the value of the Gift Card from third-party tampering.

558.    Target has also violated Idaho Code § 48-603(18) by unconscionably failing to protect the value of its consumers' Gift Cards.

559.    Target conducted the practices alleged herein in the course of its business, pursuant to standardized practices that it engaged in both before and after the Plaintiffs and the members of the Idaho Subclass in this case were harmed, these acts have been repeated numerous of times, and many consumers were affected.

560.    Target's misrepresentations and omissions were material to Plaintiffs and the Idaho Subclass member's transactions with Target and were made knowingly and with reason to know that Plaintiffs and the Idaho Subclass would rely on the misrepresentations and omissions.  Had Plaintiffs and the Idaho Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or

greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.

561.    Plaintiffs and the Idaho Subclass reasonably relied on Target's misrepresentations and omissions and suffered harm as a result.  Plaintiff and the Idaho Subclass were injured in fact as all owners of the Gift Cards suffered ascertainable monetary loss, to wit: the loss of funds associated with their Gift Cards, as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target.

562.    Had Plaintiffs and the Idaho Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.  Accordingly, Plaintiffs and the Idaho Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain.   These injuries are the direct and natural consequences of Target's omissions and misrepresentations, all of which have an ascertainable value to be proven at trial.

563.    Plaintiffs and the Idaho Subclass seek all remedies available under applicable law including damages, statutory damages, restitution, attorneys' fees and costs of suit.

## COUNT 41

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (IDAHO CODE § 28-2-314, ET SEQ.)

564.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

565.   Plaintiffs bring this claim on behalf of the Idaho Subclass.

566.   At all times pertinent to this action, Target was merchant as that term is defined in Idaho Code § 28-2-104.

567.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

568.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

569.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

570.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

571.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

572.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**COUNT 42**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(IDAHO CODE § 28-2-315, ET SEQ.)**

573.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

574.    Plaintiffs bring this claim on behalf of the Idaho Subclass.

575.    At all times pertinent to this action, Target was merchant as that term is defined in Idaho Code § 28-2-104.

576.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

577.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

578.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

579.    Target breached its warranty in one or more material respects described more fully above.

580.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

581.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

582.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

583.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**N.    Claims Brought on Behalf of the Illinois Subclass**

**COUNT 43**

**VIOLATIONS OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE
BUSINESS PRACTICES ACT
(815 ILCS 505/1, *ET SEQ.*)**

584.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

585.    Plaintiffs bring this Count on behalf of the Illinois Subclass.

586.    Target is a "person" as that term is defined in 815 ILCS 505/1(c).

587.    Plaintiffs and the Illinois Subclass are "consumers" as that term is defined in 815 ILCS 505/1(e).

588.    Plaintiffs have provided notice of this action and a copy of this Complaint to the Illinois Attorney General to 815 Ill. Stat. § 505/6.

589.    The Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois CFA") prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of

trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

590. Target participated in misleading, false, or deceptive practices that violated the Illinois CFA. By failing to disclose and actively concealing the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices prohibited by the Illinois CFA.

591. In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

592. Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Illinois Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

593. Target intended for Plaintiffs and the Illinois Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

594.   At all times, Target intended for purchasers to believe that the secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

595.   Had Plaintiffs and the Illinois Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.  Accordingly, Plaintiffs and the Illinois Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain. These injuries are the direct and natural consequences of Target's omissions.

596.   Target has known about the high likelihood that the Gift Cards had been tampered, with such that they had no value and/or greatly diminished value, but concealed all of that information.

597.   By failing to disclose the high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, Target engaged in unfair and deceptive business practices in violation of the Illinois CFA.

598.   Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the other Class members, to purchase the Gift Cards without revealing the high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value.

599.   Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the Illinois Subclass.

600.   Target knew or should have known that its conduct violated the Illinois CFA.

601.    As alleged above, Target made material statements about the high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value that were either false or misleading.

602.    Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

603.    Target's representations and omissions described herein were material to Plaintiffs and the Illinois Subclass members' decisions to purchase the Gift Cards.

604.    Plaintiffs and the Illinois Subclass suffered ascertainable loss caused by Target's material omissions and misrepresentations and its concealment of and failure to disclose material information.  Plaintiffs and Illinois Subclass members who purchased the Gift Cards would not have purchased the Gift Cards but for Target's violations of the Illinois CFA.

605.    Target had an ongoing duty to all Target customers, Plaintiffs, and the Illinois Subclass to refrain from unfair and deceptive practices under the Illinois CFA.  All owners of the Gift Cards suffered ascertainable monetary loss, to wit: the loss of funds associated with their Gift Cards, as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target.

606.    Target's violations present a continuing risk to Plaintiffs and the Illinois Subclass as well as to the general public.  Target's unlawful acts and practices complained of herein affect the public interest.

607.    As a direct and proximate result of Target's violations of the Illinois CFA, Plaintiffs and the Illinois Subclass have suffered injury-in-fact and/or actual damage.

608.    Pursuant to 815 ILCS 505/10a(a), Plaintiffs and the Illinois Subclass seek monetary relief against Target in the amount of actual damages, as well as punitive damages because Target acted with fraud and/or malice and/or was grossly negligent.

609.    Plaintiffs also seek an order enjoining Target's unfair and/or deceptive acts or practices, punitive damages, and attorneys' fees, and any other just and proper relief available under the 815 ILCS 505/1 *et seq*.

## COUNT 44

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (810 ILCS 5/2-314, *ET SEQ*.)

610.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

611.    Plaintiffs bring this claim on behalf of the Illinois Subclass.

612.    At all times pertinent to this action, Target was a merchant as that term is defined in 810 ILCS 5/2-104.

613.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

614.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

615.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

616.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

617.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

618.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**COUNT 45**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
(810 ILCS 5/2-315, *ET SEQ.*)**

619.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

620.    Plaintiffs bring this claim on behalf of the Illinois Subclass.

621.    At all times pertinent to this action, Target was a merchant as that term is defined in 810 ILCS 5/2-104.

622.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

623.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

624.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

625.    Target breached its warranty in one or more material respects described more fully above.

626.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

627.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

628.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

629.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**O.     Claims Brought on Behalf of the Indiana Subclass**

**COUNT 46**

**VIOLATION OF THE INDIANA DECEPTIVE
CONSUMER SALES ACT
(IND. CODE § 24-5-0.5-3)**

630.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

631.    Plaintiffs bring this Count on behalf of the Indiana Subclass.

632.    The Indiana Deceptive Consumer Sales Act ("Indiana DCSA") prohibits a person from engaging in a "deceptive trade practice," which includes representing: "(1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits that they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection it does not have; (2) That such subject of a consumer transaction is of a particular standard, quality, grade, style or model, if it is not and if the supplier knows or should reasonably know that it is not; … (7) That the supplier has a sponsorship, approval or affiliation in such consumer transaction that the supplier does not have, and which the supplier knows or should reasonably know that the supplier does not have; … (b) Any representations on or within a product or its packaging or in advertising or promotional materials which would constitute a deceptive act shall be

the deceptive act both of the supplier who places such a representation thereon or therein, or who authored such materials, and such suppliers who shall state orally or in writing that such representation is true if such other supplier shall know or have reason to know that such representation was false."

633.   Prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit demands under Ind. Code § 24-5-0.5-5(a). As such, Target are on notice regarding the allegations under the Indiana DCSA. Because Target failed to remedy its unlawful conduct within the requisite time period, Plaintiffs seek all damages and relief to which Plaintiffs and the Indiana class are entitled.

634.   In the course of Target's business, they engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in violation of the Indiana DCSA in at least the following ways:

a.   Target misrepresented material facts to Plaintiffs and the Indiana Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the Indiana Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target

sold Gift Cards to Plaintiffs and the Indiana Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Indiana Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.    Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.    At all times, Target intended for purchasers to believe that the secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.    Target's deactivation of Plaintiffs and the Indiana Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.     Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Indiana Subclass members in a timely and accurate manner; and

h.     Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the Indiana Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

635.    In purchasing the Gift Cards, Plaintiffs and the Indiana Subclass members were deceived by Target's actions.

636.    Plaintiffs and the Indiana Subclass members reasonably relied upon the Target's false misrepresentations.

637.    Target's actions as set forth above occurred in the conduct of trade or commerce.

638.    The Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

639.    The Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the Subclass.

640.    The Target knew or should have known that their conduct violated the Indiana DCSA.

641.    Target owed Plaintiffs and the Indiana Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.    Intentionally concealed the foregoing from Plaintiff and the Class; and/or

c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

642.    Because Target's deception takes place in the context of consumer transactions, its deception affects the public interest.  Further, Target's unlawful conduct constitutes unfair acts or practices that have the capacity to deceive consumers, and that have a broad impact on consumers at large.

643.    Target's conduct proximately caused injuries to Plaintiffs and the Indiana DCSA Subclass members.

644.    Plaintiffs and the other Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of the Target's conduct; to wit: the loss of the funds associated with their Gift Cards. These injuries are the direct and natural consequence of the Target's misrepresentations and omissions.

645.    The Target's violations present a continuing risk to Plaintiffs and the Indiana Subclass members, as well as to the general public. The Target's unlawful acts and practices complained of herein affect the public interest.

646.    Pursuant to Ind. Code § 24-5-0.5-4, Plaintiffs and the Indiana Subclass members seek monetary relief against Target measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $500 for each Plaintiff and each Indiana Class member, including treble damages up to $1,000 for Target's willfully deceptive acts. Plaintiff also seeks punitive damages based on the outrageousness and recklessness of the Target's conduct and Target's high net worth.

## COUNT 47

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (IND. CODE § 26-1-2-314, *ET SEQ.*)

647.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

648.    Plaintiffs bring this claim on behalf of the Indiana Subclass.

649.    At all times pertinent to this action, Target was a merchant as that term is defined in Ind. Code § 26-1-2-104.

650.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

651.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the

ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

652.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

653.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

654.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

655.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 48

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (IND. CODE § 26-1-2-315, *ET SEQ.*)

656.   Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

657.   Plaintiffs bring this claim on behalf of the Indiana Subclass.

658.   At all times pertinent to this action, Target was a merchant as that term is defined in Ind. Code § 26-1-2-104.

659.   At the time of sale and/or contracting, Target had reason to know the

particular purposes for which the Gift Cards were required.

660.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

661.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

662.    Target breached its warranty in one or more material respects described more fully above.

663.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

664.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

665.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

666.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**P.    Claims Brought on Behalf of the Iowa Subclass**

### COUNT 49

### VIOLATIONS OF THE PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUD ACT (IOWA CODE § 714H.1, *ET SEQ.*)

667.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

668.    Plaintiffs bring this Count on behalf of the Iowa Subclass.

669.    Target constitutes a "person" under Iowa Code § 714H.2(7).

670.    Plaintiffs and the Iowa Subclass are "consumers," as defined by Iowa Code § 714H.2(3), who purchased Gift Cards.

671.    The Target participated in unfair or deceptive acts or practices that violated Iowa's Private Right of Action for Consumer Fraud Act ("Iowa CFA"), Iowa Code § 714H.1, et seq., as described herein.

672.    In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive.  Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually

is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

673.    Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

674.    In purchasing the Gift Cards, Plaintiffs and the Iowa Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

675.    Plaintiffs and the Iowa Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

676.    Target's actions as set forth above occurred in the conduct of trade or commerce.

677.    Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

678.    By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Iowa CFA.

679.    In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

680.    Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the other Iowa Subclass members about the true value of the Gift Cards.

681.    Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiff and the Iowa Subclass.

682.    Target knew or should have known that its conduct violated the Iowa CFA.

683.    As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

684.    Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

685.    Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Iowa Subclass.

686.   Target's conduct proximately caused injuries to Plaintiffs and the Iowa Subclass Members.

687.   Plaintiffs and the Iowa Subclass were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.  Accordingly, Plaintiffs and the Iowa Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Iowa CFA.  These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

688.   Target's violations present a continuing risk to Plaintiffs and the Iowa Subclass as well as to the general public.  Target's unlawful acts and practices complained of herein affect the public interest.

689.   Plaintiffs and the Iowa Subclass were injured by Target's unlawful acts and are, therefore, entitled to damages and other relief as provided under Chapter 714H.5 of the Iowa Code. Because the Target's conduct was committed willfully, Plaintiffs and the Iowa Subclass seek treble damages as provided in Iowa code § 714H.5(4).

690.   Plaintiffs and the Iowa Subclass also seek court costs and attorneys' fees as a result of the Target's violation of Chapter 714H.3 as provided in Iowa Code § 714H.5(2).

## COUNT 50

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (IOWA CODE § 554.2314, *ET SEQ.*)

691.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

692.    Plaintiffs bring this claim on behalf of the Iowa Subclass.

693.    At all times pertinent to this action, Target was a merchant as that term is defined in Iowa Code § 554.2104.

694.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

695.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

696.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

697.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

698.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

699.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 51

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (IOWA CODE § 554.2315, *ET SEQ.*)

700.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

701.    Plaintiffs bring this claim on behalf of the Iowa Subclass.

702.    At all times pertinent to this action, Target was a merchant as that term is defined in Iowa Code § 554.2104.

703.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

704.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

705.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

706.    Target breached its warranty in one or more material respects described more fully above.

707.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

708.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

709.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

710.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**Q.    Claims Brought on Behalf of the Kansas Subclass**

**COUNT 52**

**VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT
(KAN. STAT. ANN. §§ 50-623, *ET SEQ*.)**

711.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

712.    Plaintiffs bring this Count on behalf of the Kansas Subclass.

713.    Target is a "supplier" under the Kansas Consumer Protection Act ("Kansas CPA"), Kan. Stat. Ann. § 50-624(l).

714.    Kansas Subclass members are "consumers," within the meaning of Kan. Stat. Ann. § 50-624(b), who purchased one or more of the Gift Cards.

715.    The sale of the Gift Cards to the Kansas Class Members was a "consumer transaction" within the meaning of Kan. Stat. Ann. § 50-624(c).

716.    The Kansas CPA states "[n]o supplier shall engage in any deceptive act or practice in connection with a consumer transaction," Kan. Stat. Ann. § 50-626(a), and that

deceptive acts or practices include: (1) knowingly making representations or with reason to know that "(A) [p]roperty or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have;" and "(D) property or services are of particular standard, quality, grade, style or model, if they are of another which differs materially from the representation;" "(2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact;" and "(3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact." The Kansas CPA also provides that "[n]o supplier shall engage in any unconscionable act or practice in connection with a consumer transaction." Kan. Stat. Ann. § 50-627(a).

717.   In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive.  Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the

consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

718.    Plaintiffs have provided notice of this action and a copy of this Complaint to Kansas Attorneys General pursuant to Kan. Stat. § 50-634(g).

719.    Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

720.    In purchasing the Gift Cards, Plaintiffs and the Kansas Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

721.    Plaintiffs and the Kansas Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

722.    Target's actions as set forth above occurred in the conduct of trade or commerce.

723.    Target unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

724. By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Kansas CPA.

725. In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

726. Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the other Class members about the true value of the Gift Cards.

727. Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiff and the Kansas Subclass members.

728. Target knew or should have known that its conduct violated the Kansas CPA.

729. As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

730. Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a. Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b. Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

c.      Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

731.    Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiff and the Kansas Subclass.

732.    Target's conduct proximately caused injuries to Plaintiffs and the Kansas Subclass Members.

733.    Plaintiff and the Kansas Subclass were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the other Kansas Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Kansas CPA. These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

734.    Target's violations present a continuing risk to Plaintiffs as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

735.    Pursuant to Kan. Stat. Ann. § 50-634, Plaintiffs and the Kansas Class seek monetary relief against the Target measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $10,000 for each Plaintiff and Kansas Class member.

736.    Plaintiffs also seek an order enjoining the Target's unfair, unlawful, and/or deceptive practices, declaratory relief, attorneys' fees, and any other just and proper relief available under Kan. Stat. Ann. § 50-623, *et seq*.

## COUNT 53

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (KAN. STAT. ANN. § 84-2-314, *ET SEQ*.)

737.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

738.    Plaintiffs bring this claim on behalf of the Kansas Subclass.

739.    At all times pertinent to this action, Target was a merchant as that term is defined in Kan. Stat. Ann. § 84-2-104.

740.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

741.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the

balance of the Gift Cards subject to loss.

742.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

743.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

744.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

745.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 54

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (KAN. STAT. ANN. § 84-2-315, *ET SEQ.*)

746.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

747.    Plaintiffs bring this claim on behalf of the Kansas Subclass.

748.    At all times pertinent to this action, Target was a merchant as that term is defined in Kan. Stat. Ann. § 84-2-104.

749.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

750.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

751.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

752.    Target breached its warranty in one or more material respects described more fully above.

753.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

754.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

755.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

756.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**R.    Claims Brought on Behalf of the Kentucky Subclass**

**COUNT 55**

**VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT**
**(KY. REV. STAT. §§ 367.110, *ET SEQ.*)**

757.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

758.    Plaintiffs bring this Count on behalf of the Kentucky Subclass.

759.    Target, Plaintiffs, and members of the Kentucky Subclass are "persons" within the meaning of the Ky. Rev. Stat. § 367.110(1).

760.    Target engaged in "trade" or "commerce" within the meaning of KY. REV. STAT. § 367.110(2).

761.    The Kentucky Consumer Protection Act ("Kentucky CPA") makes unlawful "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce …." Ky. Rev. Stat. § 367.170(1).

762.    Target participated in misleading, false, or deceptive acts that violated the Kentucky CPA. By claiming to adequately secure consumers' personal and financial information, when in truth and fact its security practices were inadequate, Target engaged in deceptive business practices prohibited by the Kentucky CPA.

763.    In the course of its business, Target engaged in consumer transactions with numerous Kentucky consumers in connection with the sale of the Gift Cards, yet it did not take adequate steps to protect the value of the Gift Cards from theft, and failed to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with its provision of credit bureau services to Kentucky citizens and businesses.

764. Target has known about the high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information until recently.

765. By failing to disclose and by actively concealing the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Kentucky CPA.

766. In the course of Target's business, it willfully failed to disclose or actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

767. Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Kentucky Subclass, about the true security of its Gift Card systems, the ability to provide data security, and the integrity of the Target company.

768. Target intentionally and knowingly misrepresented materials facts regarding its services and its ability to protect consumers' gift card information with an intent to mislead Plaintiffs and the Kentucky Subclass.

769. Target knew or should have known that its conduct violated the Kentucky CPA.

770. Target made material statements about the security and reliability of its Gift Cards that were either false or misleading.

771.    Target owed Plaintiffs and the Kentucky Subclass a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

772.    Because Target fraudulently concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Plaintiffs and the Kentucky Subclass have been harmed.

773.    Target's misrepresentations and omissions were material to Plaintiffs and other Class member's transactions with Target and were made knowingly and with reason to know that Plaintiffs and the Kentucky Subclass would rely on the misrepresentations and omissions.

774.    Plaintiffs and the Kentucky Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information;  to wit, the loss of the funds associated with their Gift Cards  Had Class members known about the high likelihood that the Gift Cards had been tampered with such

that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the Kentucky Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Kentucky CPA.

775.    Target had an ongoing duty to all Target customers to refrain from unfair and deceptive practices under the Kentucky CPA. Plaintiffs, the Kentucky Subclass members, and all owners of the Gift Cards suffered ascertainable monetary loss, to wit: the loss of funds associated with their Gift Cards, as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target.

776.    Target's violations present a continuing risk to Plaintiffs and the Kentucky Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

777.    As a direct and proximate result of Target's violations of the Kentucky CFA, Plaintiffs and the Kentucky Subclass have suffered injury-in-fact and/or actual damage.

778.    Plaintiffs and the Kentucky Subclass members seek monetary relief against Target in the amount of actual damages, as well as punitive damages because Target acted with fraud and/or malice and/or was grossly negligent.

779.    Pursuant to Ky. Rev. Stat. Ann. § 367.220, Plaintiffs and the Kentucky Subclass seek to recover actual damages in an amount to be determined at trial; an order enjoining Target's unfair, unlawful, and/or deceptive practices; declaratory relief; attorneys' fees; and any other just and proper relief available under Ky. Rev. Stat. Ann. § 367.220.

## COUNT 56

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (KY. REV. STAT. § 355.2-314, *ET SEQ.*)

780.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

781.    Plaintiffs bring this claim on behalf of the Kentucky Subclass.

782.    At all times pertinent to this action, Target was a merchant as that term is defined in Ky. Rev. Stat. § 33.2-104.

783.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

784.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

785.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

786.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

787.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

788.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 57

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (KY. REV. STAT. § 355.2-314, *ET SEQ.*)

789.   Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

790.   Plaintiffs bring this claim on behalf of the Kentucky Subclass.

791.   At all times pertinent to this action, Target was a merchant as that term is defined in Ky. Rev. Stat. § 33.2-104.

792.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

793.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

794.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

795.   Target breached its warranty in one or more material respects described more fully above.

796.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

797.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

798.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

799.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**S.    Claims Brought on Behalf of the Louisiana Subclass**

**COUNT 58**

**LOUISIANA UNFAIR TRADE PRACTICES
AND CONSUMER PROTECTION LAW
(LA. REV. STAT. ANN. §§ 51:1401, *ET SEQ.*)**

800.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

801.    Plaintiffs bring this Count on behalf of the Louisiana Subclass.

802.    Target, Plaintiffs, and the Louisiana Subclass members are "persons" within the meaning of the La. Rev. Stat. Ann. §51:1402(8).

803.    Plaintiff and the Louisiana Subclass are "consumers" within the meaning of La. Rev. Stat. Ann. § 51:1402(1).

804.    Target engaged in "trade" or "commerce" within the meaning of La. Rev. Stat. Ann. § 51:1402(10).

805.    The Louisiana Unfair Trade Practices and Consumer Protection Law ("Louisiana CPL") makes unlawful "deceptive acts or practices in the conduct of any trade

or commerce." La. Rev. Stat. Ann. § 51:1405(A). Target participated in misleading, false, or deceptive acts that violated the Louisiana CPL.

806.    Target's actions as set forth above occurred in the conduct of trade or commerce.

807.    In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive.  Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

808.    Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

809.    By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Louisiana CPL.

810.    Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the other Louisiana Subclass members about the true value of the Gift Cards.

811.    Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Louisiana Subclass members.

812.    Target knew or should have known that its conduct violated the Louisiana CPL.

813.    As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

814.    Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.    Intentionally concealed the foregoing from Plaintiffs and the Louisiana Subclass; and/or

c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Louisiana Subclass that contradicted these representations.

815.    Target's fraudulent misrepresentations, omissions, and concealments as described herein were material to Plaintiffs and the Louisiana Subclass.

816.    Plaintiffs and the Louisiana Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material

information.  Had Plaintiffs and the Louisiana Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.  Accordingly, Plaintiffs and the Louisiana Class members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Louisiana CPL.

817.    Target had an ongoing duty to Plaintiffs and the Louisiana Subclass members to refrain from unfair and deceptive practices under the Louisiana CPL. All owners of Gift Cards suffered ascertainable loss; to wit, the loss of the funds associated with their Gift Cards, as a result of Target's deceptive and unfair acts and practices made in the course of Target's business.

818.    Target's violations present a continuing risk to Plaintiffs and the Louisiana Subclass members as well as to the general public.  Target's unlawful acts and practices complained of herein affect the public interest.

819.    As a direct and proximate result of Target's violations of the Louisiana CPL, Plaintiffs and the Louisiana Subclass members have suffered injury-in-fact and/or actual damage.

820.    Pursuant to La. Rev. Stat. Ann. § 51:1409, Plaintiffs and the Louisiana Subclass seek to recover actual damages in an amount to be determined at trial; treble damages for Target's knowing violations of the Louisiana CPL; an order enjoining Target's unfair, unlawful, and/or deceptive practices; declaratory relief; attorneys' fees; and any other just and proper relief available under La. Rev. Stat. Ann. § 51:1409.

## COUNT 59

## BREACH OF THE WARRANTY AGAINST REDHIBITORY DEFECTS
## (LSA-C.C. ART. 2520 , *ET SEQ.*)

821.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

822.    Plaintiffs bring this claim on behalf of the Louisiana Subclass.

823.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were useless because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards. Therefore, Plaintiffs could not use the Gift Cards for their intended purpose, purchases from the Apple iTunes store.

824.    Plaintiffs and Class members would not have bought the Gift Cards had they known that they contained this defect.

825.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

826.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

827.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

828.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law, including recission of the sale.

**T.    Claims Brought on Behalf of the Maine Subclass**

**COUNT 60**

**MAINE UNFAIR TRADE PRACTICES ACT**
**(ME. REV. STAT. ANN. TIT. 5, § 205-A, *ET SEQ.*)**

829.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

830.    Plaintiffs bring this Count on behalf of the Maine Subclass.

831.    Maine Subclass members' gift card information was accessed and stored by the Target for personal, family, and/or household purposes.

832.    Prior to the filing of this Complaint, counsel for Plaintiffs provided Target with a written pre-suit demand pursuant to Me. Rev. Stat. Ann. Tit. 5, § 213(1-A).

833.    Target engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Me. Rev. Stat. tit. 5, § 207, in at least the following ways:

a.    Target misrepresented and fraudulently advertised material facts to Plaintiffs and the Maine Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

156

b.     Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Maine Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Maine Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.     Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Maine Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

d.     Target intended for Plaintiffs and the Maine Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.     At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.     Target's deactivation of Plaintiffs and the Maine Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.     Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Maine Subclass members in a timely and accurate manner contrary to the duties imposed by Me. Rev. Stat. tit. 10 § 1348(1); and

h.     Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs' and the Maine Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

834.   The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

835.   Target knew or should have known that its data security practices were inadequate to safeguard Maine Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and members of the Maine Subclass.

836. As a direct and proximate result of Target's unlawful practices, Plaintiffs and the Maine Subclass members suffered injury and/or damages.

837. Pursuant to Me. Rev. Stat. tit. 5, § 213, Plaintiffs and members of the Maine Subclass seek to recover proper relief including, not limited to, damages, restitution, injunctive relief, and/or attorneys' fees and costs.

### COUNT 61

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (ME. REV. STAT. ANN. T. 11 § 2-314, *ET SEQ.*)

838. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

839. Plaintiffs bring this claim on behalf of the Maine Subclass.

840. At all times pertinent to this action, Target was a merchant as that term is defined in Me. Rev. Stat. Ann. T. 11 § 2-104.

841. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

842. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

843. As a direct and proximate result of the defective nature of the cards at the

time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

844.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

845.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

846.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 62

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (ME. REV. STAT. ANN. T. 11 § 2-315, *ET SEQ.*)

847.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

848.    Plaintiffs bring this claim on behalf of the Maine Subclass.

849.    At all times pertinent to this action, Target was a merchant as that term is defined in Me. Rev. Stat. Ann. T. 11 § 2-104.

850.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

851.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

852. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

853. Target breached its warranty in one or more material respects described more fully above.

854. As a direct and proximate result, Plaintiffs and Class members have been damaged.

855. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

856. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

857. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**U.    Claims Brought on Behalf of the Maryland Subclass**

**COUNT 63**

**MARYLAND CONSUMER PROTECTION ACT
(MD. CODE COMM. LAW § 13-301, *ET. SEQ.*)**

858. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

859. Plaintiffs bring this Count on behalf of the Maryland Subclass.

860. Maryland Subclass members are "consumers" as meant by Md. Code Ann., Com. Law § 13-101.

861.   The unlawful trade practices, misrepresentations, and omissions described herein did not constitute "professional services" on the part of Target. the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the services in violation of Md. Code Ann., Com. Law §13-301, in at least the following ways:

a.   Target misrepresented material facts to Plaintiffs and the Maryland Subclass by representing that it would maintain adequate data privacy and security practices to protect the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Maryland Subclass members which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Maryland Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.   Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Maryland

Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.    Target intended for Plaintiffs and the Maryland Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.    Target's deactivation of Plaintiffs and the Maryland Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Maryland Subclass members in a timely and accurate manner in violation of Md. Code Ann., Com. Law § 14-3504(b)(3); and

h.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs' and the Maryland Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

862.    The above unfair and deceptive practices and acts by Target improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

863.    Target knew or should have known that its data security practices were inadequate to safeguard Maryland Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Maryland Subclass.

864.    As a direct and proximate result of Target's unlawful practices, Maryland Subclass members suffered injury and/or damages.

865.    Maryland Subclass members seek relief under Md. Code Ann., Com. Law § 13-408, including, but not limited to, damages, injunctive relief, and attorneys' fees and costs.

## COUNT 64

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (MD. CODE COMM. LAW § 2-314, *ET. SEQ.*)

866.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

867.    Plaintiffs bring this claim on behalf of the Maryland Subclass.

868.    At all times pertinent to this action, Target was a merchant as that term is defined in Md. Code Comm. Law § 2-104.

869. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

870. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

871. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

872. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

873. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

874. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**COUNT 65**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(MD. CODE COMM. LAW § 2-315, *ET. SEQ.*)**

875.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

876.    Plaintiffs bring this claim on behalf of the Maryland Subclass.

877.    At all times pertinent to this action, Target was a merchant as that term is defined in Md. Code Comm. Law § 2-104.

878.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

879.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

880.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

881.    Target breached its warranty in one or more material respects described more fully above.

882.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

883.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

884.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

885.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## V.    Claims Brought on Behalf of Massachusetts Subclass

### COUNT 66

### MASSACHUSETTS CONSUMER PROTECTION ACT
### (MASS. GEN. LAWS ANN. CH. 93A, § 1, *ET. SEQ.*)

886.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

887.    Plaintiffs bring this Count on behalf of the Massachusetts Subclass.

888.    Prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit demands pursuant to Mass. Gen. Laws Ann. Ch. 93A § 9(3).

889.    Target operates in "trade or commerce" as meant by Mass. Gen. Laws Ann. ch. 93A, § 1. Target engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of services in violation of Mass. Gen. Laws Ann. ch. 93A, § 2(a), in at least the following ways:

    a.    Target misrepresented material facts to Plaintiffs and the Massachusetts Subclass members by representing that it would maintain adequate data privacy and security practices to protect the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the

Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.     Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Massachusetts Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Massachusetts Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.     Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Massachusetts Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.     Target intended for Plaintiffs and the Massachusetts Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.    Target's deactivation of Plaintiffs and the Massachusetts Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Massachusetts Subclass members in a timely and accurate manner in violation of Mass. Gen. Laws Ann. ch. 93H, § 3(a); and

h.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Massachusetts Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

890.    The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair.  These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition. These acts were within the penumbra of common law, statutory, or other established concepts of unfairness.

891.    Target knew or should have known that its data security practices were inadequate to safeguard Plaintiffs' and the Massachusetts Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and the members of the Massachusetts Subclass.

892.    As a direct and proximate result of Target's unlawful practices, Plaintiffs and the Massachusetts Subclass members suffered injury and/or damages.

893.    Plaintiffs and the Massachusetts Subclass members seek relief under Mass. Gen. Laws Ann. ch. 93A, § 9, including, but not limited to, actual damages, statutory damages, double or treble damages, injunctive and/or other equitable relief, and/or attorneys' fees and costs.

## COUNT 67

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (MASS. GEN. LAWS ANN. 106 § 2-314, *ET. SEQ.*)

894.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

895.    Plaintiffs bring this claim on behalf of the Massachusetts Subclass.

896.    At all times pertinent to this action, Target was a merchant as that term is defined in Mass. Gen. Laws Ann. 106 § 2-104.

897.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at

the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

898.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

899.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

900.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

901.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

902.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 68

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (MASS. GEN. LAWS ANN. 106 § 2-315, *ET. SEQ.*)

903.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

904.    Plaintiffs bring this claim on behalf of the Massachusetts Subclass.

905.   At all times pertinent to this action, Target was a merchant as that term is defined in Mass. Gen. Laws Ann. 106 § 2-104.

906.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

907.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

908.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

909.   Target breached its warranty in one or more material respects described more fully above.

910.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

911.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

912.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

913.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**W.    Claims on Behalf of the Michigan Subclass**

## COUNT 69

### MICHIGAN CONSUMER PROTECTION ACT
### (MICH. COMP. LAWS ANN. § 445.901, *ET SEQ.*)

914.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

915.    Plaintiffs bring this Count on behalf of the Michigan Subclass.

916.    Plaintiffs and Michigan Subclass members are "persons" within the meaning of Mich. Comp. Laws § 445.902(1)(d).

917.    The Michigan Consumer Protection Act ("Michigan CPA") prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce ...." Mich. Comp. Laws § 445.903(1). Target engaged in unfair, unconscionable, or deceptive methods, acts or practices prohibited by the Michigan CPA, including: "(c) Representing that goods or services have ... characteristics ... that they do not have ....;" "(e) Representing that goods or services are of a particular standard ... if they are of another;" "(i) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;" "(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;" "(bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is;" and "(cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a

positive manner." Mich. Comp. Laws § 445.903(1). By failing to disclose and actively concealing the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices prohibited by the Michigan CPA.

918.    In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive.  Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with its business.

919.    Target knew of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value but concealed this information.

920.    By way of the foregoing, in the course of its business, Target engaged in deceptive business practices in violation of the Michigan CPA, including but not limited to:

a.    Target misrepresented material facts (intending for others to reply upon the misrepresentations) to Plaintiffs and the Michigan Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the

purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Michigan Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Michigan Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Michigan Subclass members that the Gift Card's secret Activation Code were probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.    Target intended for Plaintiffs and the Michigan Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

175

e.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.   Target's deactivation of Plaintiffs' and the Michigan Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Michigan Subclass members in a timely and accurate manner; and

h.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs' and the Michigan Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

921.   In the course of Target's business, it willfully failed to disclose and actively concealed the risk posed by the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value by failing to promptly disclose the data breaches it had suffered.

922.   Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including the Plaintiffs and Michigan Subclass members, regarding the true nature of the value, security and safety of its Gift Cards.

923.   Target intentionally and knowingly misrepresented such material facts with an intent to mislead Plaintiffs and the Michigan Subclass members.

924.   Target knew or should have known that its conduct violated the Michigan CPA.

925.   As alleged above, Target made material statements that were either false or misleading about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

926.   Target owed Plaintiffs and the Michigan Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.   Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.   Intentionally concealed the foregoing from Plaintiffs and the Michigan Subclass; and/or

c.   Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

927.   Target's representations and omissions described herein were material to Plaintiffs and the Michigan Subclass members' decisions to purchase the Gift Cards.

928.    Plaintiffs and the Michigan Subclass suffered an ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information as alleged herein.

929.    Target had an ongoing duty to all Target customers, including Plaintiffs and the Michigan Subclass members, to refrain from unfair and deceptive practices under the Michigan CPA.

930.    Target's violations present a continuing risk to the Plaintiffs and Michigan Subclass members, as well as to the general public.  Target's unlawful acts and practices complained of herein affect the public interest.

931.    As a direct and proximate result of Target's violations of the Michigan CPA, Plaintiffs and the Michigan Subclass have suffered injury-in-fact and/or actual damage.

932.    Plaintiffs and the Michigan Subclass seek injunctive relief to enjoin Target from continuing its unfair and deceptive acts; monetary relief against Target measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $250 for each Michigan Subclass member; reasonable attorneys' fees; and any other just and proper relief available under Mich. Comp. Laws § 445.911.

933.    Plaintiffs and the Michigan Subclass members also seek punitive damages against Target because it carried out despicable conduct with willful and conscious disregard of the rights and safety of others. Target intentionally and willfully misrepresented the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value. Target's unlawful conduct constitutes malice, oppression, and fraud warranting punitive damages.

## COUNT 70

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (MICH. COMP. LAWS ANN. § 440.2314, *ET SEQ.*)

934.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

935.    Plaintiffs bring this claim on behalf of the Michigan Subclass.

936.    At all times pertinent to this action, Target was a merchant as that term is defined in Mich. Comp. Laws Ann. § 440.2104.

937.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

938.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

939.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

940.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

941.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

942.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 71

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (MICH. COMP. LAWS ANN. § 440.2315, *ET SEQ.*)

943.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

944.    Plaintiffs bring this claim on behalf of the Michigan Subclass.

945.    At all times pertinent to this action, Target was a merchant as that term is defined in Mich. Comp. Laws Ann. § 440.2104.

946.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

947.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

948.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

949.    Target breached its warranty in one or more material respects described more fully above.

950.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

951.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

952.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

953.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## X.   Claims Brought on Behalf of the Minnesota Subclass

### COUNT 72

**MINNESOTA CONSUMER FRAUD ACT**
**(MINN. STAT. § 325F.68, *ET. SEQ*. AND MINN. STAT. § 8.31, *ET. SEQ*.)**
**(On behalf of the Nationwide Class or, alternatively, the Minnesota Subclass)**

954.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

955.   Plaintiffs bring this Count on behalf of the Nationwide Class or, alternatively, the Minnesota Subclass.

956.   Target engaged in unlawful practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of services in violation of Minn. Stat. Ann. § 325F.69, in at least the following ways:

a.   Target omitted, suppressed, and concealed the material fact of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value;

b.      Target misrepresented material facts (intending for others to reply upon the misrepresentations) to Plaintiffs and the Minnesota Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

c.      Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Minnesota Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and Minnesota Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

d.      Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

e.    Target intended for Plaintiffs and the Minnesota Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

f.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

g.    Target's deactivation of Plaintiffs and the Minnesota class members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

h.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Minnesota Subclass members in a timely and accurate manner, in violation of Minn. Stat. Ann. § 325E.61(1)(a); and

i.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Minnesota Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

957.   The above unlawful and deceptive acts and practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that

the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

958.    Target knew or should have known that its data security practices were inadequate to safeguard Minnesota Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Minnesota Subclass.

959.    As a direct and proximate result of Target's unlawful practices, Minnesota Subclass members suffered injury and/or damages.

960.    Minnesota Subclass members seek relief under Minn. Stat. Ann. §8.31, including, but not limited to, damages, injunctive and/or other equitable relief, and attorneys' fees and costs.

## COUNT 73

### VIOLATION OF THE MINNESOTA
### DECEPTIVE TRADE PRACTICES ACT
### (MINN. STAT. § 325D.43-48 *ET SEQ.*)
### (On behalf of the Nationwide Class or, alternatively, the Minnesota Subclass)

961.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

962.    Plaintiffs bring this Count on behalf of the Nationwide Class or, alternatively, the Minnesota Subclass.

963.    The Minnesota Deceptive Trade Practices Act (Minnesota DTPA) prohibits deceptive trade practices, which include "[t]he act, use, or employment by any person of

any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby." Minn. Stat. § 325F.69(1).

964.    Target's actions as set forth herein occurred in the conduct of trade or commerce.

965.    In the course of Target's business, Target willfully failed to disclose and actively concealed the material fact of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value. Target misrepresented material facts (intending for others to reply upon the misrepresentations) to Plaintiffs and the Class by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store. through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Class which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and Class members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

966.    Particularly in light of Target's misrepresentations, a reasonable American consumer would expect the Gift Cards to be useful and not tampered with. Accordingly,

Target engaged in unfair and deceptive trade practices, unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices. Target's acts had the capacity, tendency or effect of deceiving or misleading consumers; failed to state a material fact that deceives or tends to deceive; and constitute deception, fraud, false pretense, false promise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection therewith.

967.   In purchasing the Gift Cards, Plaintiffs and the other Class members were deceived by Target's failure to disclose the material fact of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

968.   Plaintiffs and Class members reasonably relied upon Target's misrepresentations and had no way of knowing that said representations were false and gravely misleading. As alleged herein, Target engaged in sophisticated methods of deception. Plaintiffs and class members did not, and could not, unravel Target's deception on their own.

969.   Target's actions as set forth above occurred in the conduct of trade or commerce.

970.   Target's methods of competition and unfair, deceptive acts were likely to and did in fact deceive reasonable consumers.

971.   Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with intent to mislead Plaintiffs and the Class.

972.   Target knew or should have known that its conduct violated this statute.

973.    Target owed Plaintiffs and the Class a duty to disclose the truth regarding the Gift Cards because Target:

a.    Possessed superior/exclusive knowledge of the security of the Gift Cards;

b.    Target represented and advertised that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

c.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Class which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and Class members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

d.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

e.    Target intended for Plaintiffs and the Class to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

f.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

g.    Target's deactivation of Plaintiffs' and the Class members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

h.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Class members in a timely and accurate manner, in violation of Minn. Stat. Ann. § 325E.61(1)(a); and

i.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Class members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

974.    Target's conduct proximately caused injuries to Plaintiffs and the other Class members. Plaintiffs and Class members are reasonable consumers who do not expect the Gift Cards they purchase to be compromised and rendered useless after loading money onto them.

975.    Plaintiffs and the other Class members were injured and suffered ascertainable loss, injury in fact, and/or actual damage as a proximate result of Target's conduct in that Plaintiffs and the other Class members overpaid for Gift Cards and did not receive the benefit of their bargain. These injuries are the direct and natural consequence of Target's misrepresentations and omissions.

976.    Target's violations present a continuing risk to Plaintiffs and other Class members. Target's unlawful acts and practices complained of herein affect the public interest.

977.    Pursuant to Minn. Stat. § 8.31(3a), Plaintiffs and the Class seek actual damages, attorneys' fees, and any other just and proper relief available under the Minnesota DTPA.

978.    Plaintiffs and the Class also seek punitive damages under Minn. Stat. § 549.20(1)(a) given the clear and convincing evidence that Target's acts show deliberate disregard for the rights of others.

## COUNT 74

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(MINN. STAT. ANN. § 336.2-314, *ET SEQ*.)**
**(On behalf of the Nationwide Class or, alternatively, the Minnesota Subclass)**

979.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

980.    Plaintiffs bring this claim on behalf of the Nationwide Class, or, alternatively, the Minnesota Subclass.

981.    At all times pertinent to this action, Target was a merchant as that term is

defined in Minn. Stat. Ann. § 336.2-104.

982.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

983.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

984.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

985.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

986.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

987.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**COUNT 75**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR
PURPOSE
(MINN. STAT. ANN. § 336.2-315, *ET SEQ.*)
(On behalf of the Nationwide Class or, alternatively, the Minnesota Subclass)**

988.    Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

989.    Plaintiffs bring this claim on behalf of the Nationwide Class, or, alternatively, the Minnesota Subclass.

990.    At all times pertinent to this action, Target was a merchant as that term is defined in Minn. Stat. Ann. § 336.2-104.

991.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

992.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

993.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

994.    Target breached its warranty in one or more material respects described more fully above.

995.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

996.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class

members' complaints about the defective nature of the Gift Cards and loss of funds.

997.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

998.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**Y.     Claims Brought on Behalf of the Mississippi Subclass**

**COUNT 76**

**VIOLATION OF MISSISSIPPI CONSUMER PROTECTION ACT
(MISS. CODE. ANN. §§ 75-24-1, *ET SEQ.*)**

999.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1000.   Plaintiffs bring this Count on behalf of the Mississippi Subclass.

1001.   The Mississippi Consumer Protection Act ("Mississippi CPA") prohibits "unfair or deceptive trade practices in or affecting commerce." Miss. Code. Ann. § 75-24-5(1). Unfair or deceptive practices include, but are not limited to, "(e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;" "(g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;" and "(i) Advertising goods or services with intent not to sell them as advertised." Miss. Code. Ann. § 75-24-5(2).

1002.  In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

1003.  Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

1004. In purchasing the Gift Cards, Plaintiffs and the Mississippi Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

1005. Plaintiffs and the Mississippi Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

1006. Target's actions as set forth above occurred in the conduct of trade or commerce.

1007. Target unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

1008. By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Mississippi CPA.

1009. In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

1010. Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Mississippi Subclass members about the true value of the Gift Cards.

1011. Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Mississippi Subclass.

1012.  Target knew or should have known that its conduct violated the Mississippi CPA.

1013.  As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

1014.  Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

    a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

    b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

    c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

1015.  Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Mississippi Subclass.

1016.  Target's conduct proximately caused injuries to Plaintiffs and the Mississippi Subclass Members.

1017.  Plaintiff and the Mississippi Subclass were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that

had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the other Iowa Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Mississippi CPA. These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

1018.  Target's violations present a continuing risk to Plaintiffs as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

1019.  As a direct and proximate result of the Target's violations of the Mississippi CPA, Plaintiffs and the Mississippi Subclass have suffered injury-in-fact and/or actual damage.

1020.  Plaintiffs' actual damages in an amount to be determined at trial any other just and proper relief available under the Mississippi CPA.

## COUNT 77

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (MISS. CODE ANN. § 75-2-314, *ET SEQ.*)

1021.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1022.  Plaintiffs bring this claim on behalf of the Mississippi Subclass.

1023.  At all times pertinent to this action, Target was a merchant as that term is

defined in Miss Code Ann. § 75-2-104.

1024.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1025.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1026.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1027.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1028.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1029.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 78

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (MISS. CODE ANN. § 75-2-315, *ET SEQ.*)

1030.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1031.  Plaintiffs bring this claim on behalf of the Mississippi Subclass.

1032.  At all times pertinent to this action, Target was a merchant as that term is defined in Miss Code Ann. § 75-2-104.

1033.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1034.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1035.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1036.  Target breached its warranty in one or more material respects described more fully above.

1037.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1038.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1039.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1040.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**Z.    Claims Brought on Behalf of the Missouri Subclass**

## COUNT 79

### MISSOURI MERCHANDISING PRACTICES ACT
### (MO. REV. STAT. §§ 407.010, *ET SEQ.*)

1041.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1042.  Plaintiffs bring this Count on behalf of the Missouri Subclass.

1043.  Plaintiffs and Missouri Subclass members' gift card information was accessed and stored by the Target in connection with the purchase and sale of "merchandise" or services in "trade" or "commerce" as meant by Mo. Rev. Stat. § 407.010(7).

1044.  Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the services in violation of Mo. Rev. Stat. § 407.020(1), in at least the following ways:

    a.    Target misrepresented material facts (intending for others to reply upon the misrepresentations) to Plaintiffs and the Missouri Subclass by representing that it would maintain the adequate data privacy of the Gift Card's secret

Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.  Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Missouri Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Missouri Subclass and class members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.  Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Missouri Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.  Target intended for Plaintiffs and the Missouri Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Missouri Subclass members in a timely and accurate manner, in violation of Mo. Rev. Stat. § 407.1500(2)(1)(a); and

g.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect and Plaintiffs' and the Missouri Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

1045.  The above unlawful and deceptive acts and practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1046.  Target knew or should have known that its data security practices were inadequate to safeguard and the Missouri Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Missouri Subclass.

1047. As a direct and proximate result of Target's unlawful practices, Missouri Subclass members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of the funds associated with their Gift Cards. Missouri Subclass members seek relief under Mo. Rev. Stat. § 407.025, including, but not limited to, injunctive relief, actual damages, punitive damages, and attorneys' fees and costs.

## COUNT 80

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (MO. REV. STAT. § 400.2-314, *ET SEQ.*)

1048. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1049. Plaintiffs bring this claim on behalf of the Missouri Subclass.

1050. At all times pertinent to this action, Target was a merchant as that term is defined in Mo. Rev. Stat. § 400.2-104.

1051. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1052. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1053. As a direct and proximate result of the defective nature of the cards at the

time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1054.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1055.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1056.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 81

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (MO. REV. STAT. § 400.2-314, *ET SEQ.*)

1057.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1058.  Plaintiffs bring this claim on behalf of the Missouri Subclass.

1059.  At all times pertinent to this action, Target was a merchant as that term is defined in Mo. Rev. Stat. § 400.2-104.

1060.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1061.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1062.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1063.  Target breached its warranty in one or more material respects described more fully above.

1064.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1065.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1066.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1067.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**AA.**    **Claims Brought on Behalf of the Montana Subclass**

## COUNT 82

**VIOLATION OF MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT OF 1973
(MONT. CODE ANN. § 30-14-101, *ET SEQ.*)**

1068.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1069.  Plaintiffs bring this Count on behalf of the Montana Subclass.

1070. Target, Plaintiffs, and the Montana Subclass are "persons" within the meaning of Mont. Code Ann. § 30-14-102(6).

1071.  Montana Subclass members are "consumer[s]" under Mont. Code Ann. § 30-14-102(1).

1072.  The sale of the Gift Cards to Montana Subclass members occurred within "trade and commerce" within the meaning of Mont. Code Ann. § 30-14-102(8), and Target committed deceptive and unfair acts in the conduct of "trade and commerce" as defined in that statutory section. 548. The Montana Unfair Trade Practices and Consumer Protection Act ("Montana CPA") makes unlawful any "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mont. Code Ann. § 30-14-103. In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as described above. Accordingly, Target engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce in violation of the Montana CPA.

1073.  In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

1074.  Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

1075.  In purchasing the Gift Cards, Plaintiffs and the Montana Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had Plaintiffs and the Montana Subclass members reasonably relied upon the Target's false misrepresentations.

1076.  They had no way of knowing that the Target's representations were false and misleading. Target's actions as set forth above occurred in the conduct of trade or commerce.

1077.  Target unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

1078.  By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Montana CPA.

1079.  In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

1080.  Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Montana Subclass members about the true value of the Gift Cards.

1081.  Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Montana Subclass.

1082.  Target knew or should have known that its conduct violated the Montana CPA.

1083.  As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

1084.  Target owed Plaintiffs and Montana Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

1085.  Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Montana Subclass.

1086.  Target's conduct proximately caused injuries to Plaintiffs and the Montana Subclass Members.

1087.  Plaintiffs and the Montana Subclass were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.  Accordingly, Plaintiffs and the other Class members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Montana CPA.  These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

1088.  Target's violations present a continuing risk to Plaintiffs as well as to the general public.  Target's unlawful acts and practices complained of herein affect the public interest.

1089.  Because of Target's unlawful methods, acts, and practices have caused Plaintiffs and Montana Subclass members to suffer an ascertainable loss of money and property, Plaintiffs and the Subclass seek from the Target actual damages or $500, whichever is greater, discretionary treble damages, reasonable attorneys' fees, and any other relief the Court considers necessary or proper, under Mont. Code Ann. § 30-14-133.

## COUNT 83

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (MONT. CODE ANN. § 30-2-314, *ET SEQ.*)

1090.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1091.  Plaintiffs bring this claim on behalf of the Montana Subclass.

1092.  At all times pertinent to this action, Target was a merchant as that term is defined in Mont. Code Ann. § 30-2-104.

1093.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1094.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1095.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1096.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1097.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1098.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 84

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (MONT. CODE ANN. § 30-2-315, *ET SEQ.*)

1099.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1100.  Plaintiffs bring this claim on behalf of the Montana Subclass.

1101.  At all times pertinent to this action, Target was a merchant as that term is defined in Mont. Code Ann. § 30-2-104.

1102.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1103.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1104.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1105.  Target breached its warranty in one or more material respects described more fully above.

1106.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1107.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1108.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1109.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**BB.    Claims Brought on Behalf of the Nebraska Subclass**

**COUNT 85**

**VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT
(NEB. REV. STAT. § 59-1601, *ET SEQ*.)**

1110.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1111.  Plaintiffs bring this Count on behalf of the Nebraska Subclass.

1112.  The Target, Plaintiffs, and Nebraska Class Members are "person[s]" under the Nebraska Consumer Protection Act ("Nebraska CPA"), Neb. Rev. Stat. § 59-1601(1).

1113.  The Target's actions as set forth herein occurred in the conduct of trade or commerce as defined under Neb. Rev. Stat. § 59-1601(2).

1114.  The Nebraska CPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Neb. Rev. Stat.  § 59-1602. The Target's conduct as set forth herein constitutes unfair or deceptive acts or practices.

1115.  In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive.  Target also engaged in unlawful trade

practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

1116.  Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

1117.  In purchasing the Gift Cards, Plaintiffs and the Nebraska Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had Plaintiffs and the Nebraska Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

1118. Target's actions as set forth above occurred in the conduct of trade or commerce.

1119. Target unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

1120. By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Nebraska CPA.

1121. In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

1122. Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the other Nebraska Subclass members about the true value of the Gift Cards.

1123. Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Nebraska Subclass.

1124. Target knew or should have known that its conduct violated the Nebraska CPA.

1125. As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

1126. Target owed Plaintiffs and the Nebraska Subclass a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.  Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.  Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

c.  Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

1127.  Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Nebraska Subclass.

1128.  Target's conduct proximately caused injuries to Plaintiffs and the Nebraska Subclass Members.

1129.  Plaintiffs and the Nebraska Subclass were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.  Accordingly, Plaintiffs and the Nebraska Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Nebraska CPA. These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

1130.  Target's violations present a continuing risk to Plaintiffs as well as to the general public.  Target's unlawful acts and practices complained of herein affect the public interest.

1131.  Because the Target's conduct caused injury to Plaintiffs and the Nebraska Subclass members' property through violations of the Nebraska CPA, Plaintiffs and the Nebraska Subclass seek recovery of actual damages, as well as enhanced damages up to $1,000, an order enjoining the Target's unfair or deceptive acts and practices, court costs, reasonable attorneys' fees, and any other just and proper relief available under Neb. Rev. Stat. § 59-1609.

## COUNT 86

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (NEB. REV. STAT. U.C.C. § 2-314, *ET SEQ.*)

1132.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1133.  Plaintiffs bring this claim on behalf of the Nebraska Subclass.

1134.  At all times pertinent to this action, Target was a merchant as that term is defined in Neb. Rev. Stat. U.C.C. § 2-104.

1135.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1136.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the

ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1137.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1138.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1139.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1140.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 87

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (NEB. REV. STAT. U.C.C. § 2-315, *ET SEQ.*)

1141.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1142.  Plaintiffs bring this claim on behalf of the Nebraska Subclass.

1143.  At all times pertinent to this action, Target was a merchant as that term is defined in Neb. Rev. Stat. U.C.C. § 2-104.

1144.  At the time of sale and/or contracting, Target had reason to know the

particular purposes for which the Gift Cards were required.

1145. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1146. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1147. Target breached its warranty in one or more material respects described more fully above.

1148. As a direct and proximate result, Plaintiffs and Class members have been damaged.

1149. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1150. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1151. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**CC.   Claims Brought on Behalf of the Nevada Subclass**

## COUNT 88

### VIOLATIONS OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT (NEV. REV. STAT. § 598.0903, *ET SEQ*. AND NEV. REV. STAT. § 41.600)

1152. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1153. Plaintiffs bring this Count on behalf of the Nevada Subclass.

1154. The Nevada Deceptive Trade Practices Act ("Nevada DTPA"), Nev. Rev. Stat. § 598.0903, et seq., prohibits deceptive trade practices. Nev. Rev. Stat. § 598.0915 provides that a person engages in a "deceptive trade practice" if, in the course of business or occupation, the person: "5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith"; "7. Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model"; "9. Advertises goods or services with intent not to sell or lease them as advertised"; or "15. Knowingly makes any other false representation in a transaction."

1155. Target engaged in deceptive trade practices that violated the Nevada DTPA by failing to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, including: knowingly representing that Gift Cards have uses and benefits which they do not have; advertising the Gift Cards with the intent not to sell them as advertised; representing that the subject of a transaction involving Gift Cards had been supplied in accordance with a previous representation when it has not; and knowingly making other false representations in a transaction.

1156. Target's actions as set forth above occurred in the conduct of trade or commerce.

1157.  In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive.  Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

1158.  Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

1159.  By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Nevada DTPA.

1160.  In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

1161.  Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Nevada Subclass members about the true value of the Gift Cards.

1162.  Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Nevada Subclass.

1163. Target knew or should have known that its conduct violated the Nevada DTPA.

1164. As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

1165. Target owed Plaintiffs and the Nevada Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

    a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

    b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

    c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

1166. Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Nevada Subclass.

1167. Plaintiffs and the Nevada Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information. Had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they

would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the Nevada Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Nevada DTPA.

1168. Target had an ongoing duty to all Target customers to refrain from unfair and deceptive practices under the Nevada DTPA. All owners of the Gift Cards suffered ascertainable loss; to wit: the loss of the funds associated with their Gift Cards, as a result of Target's deceptive and unfair acts and practices made in the course of Target's business.

1169. Target's violations present a continuing risk to Plaintiffs and the Nevada Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

1170. As a direct and proximate result of Target's violations of the Nevada DTPA, Plaintiffs and the Nevada Subclass have suffered injury-in-fact and/or actual damage.

1171. Accordingly, Plaintiffs and the Nevada Subclass seek their actual damages, punitive damages, an order enjoining Target's deceptive acts or practices, costs of Court, attorney's fees, and all other appropriate and available remedies under the Nevada Deceptive Trade Practices Act. Nev. Rev. Stat. § 41.600.

## COUNT 89

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (NEV. REV. STAT. § 104.2314, *ET SEQ.*)

1172. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1173.  Plaintiffs bring this claim on behalf of the Nevada Subclass.

1174.  At all times pertinent to this action, Target was a merchant as that term is defined in Nev. Rev. Stat. § 104.2104.

1175.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1176.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1177.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1178.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1179.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1180.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 90

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (NEV. REV. STAT. § 104.2315, *ET SEQ.*)

1181.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1182.  Plaintiffs bring this claim on behalf of the Nevada Subclass.

1183.  At all times pertinent to this action, Target was a merchant as that term is defined in Nev. Rev. Stat. § 104.2104.

1184.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1185.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1186.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1187.  Target breached its warranty in one or more material respects described more fully above.

1188.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1189.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1190. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1191. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**DD.  Claims Brought on Behalf of the New Hampshire Subclass**

**COUNT 91**

**VIOLATION OF THE N.H. CONSUMER PROTECTION ACT**
**(N.H. REV. STAT. ANN. §§ 358-A:1, *ET SEQ.*)**

1192. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1193. Plaintiffs bring this Count on behalf of the New Hampshire Subclass.

1194. The New Hampshire Consumer Protection Act ("CPA") prohibits a person, in the conduct of any trade or commerce, from engaging in "any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." N.H. Rev. Stat. Ann. § 358-A:2.

1195. Target are persons within the meaning of the CPA. See N.H. Rev.Stat. §358-A:1(I).

1196. In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value. Accordingly, Target engaged in unfair and unlawful acts.

1197.  Target's conduct was unfair because it offends established public policy, violates or offends state and federal statutory and common law, or falls within the penumbra of those laws, is improper, oppressive, and unfair, and caused substantial injury to consumers, including by violation of the state and federal privacy laws enumerated herein.

1198.  Target knew or should have known that its data security practices were inadequate to safeguard Plaintiffs and the New Hampshire Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and the members of the New Hampshire Subclass.

1199.  Target's unfair and deceptive acts or practices, including its failure to disclose material information, has injured Plaintiffs and the New Hampshire Subclass; to wit: the loss of the funds associated with their Gift Cards.

1200.  Plaintiffs and the New Hampshire Subclass are entitled to recover the greater of actual damages or $1,000 pursuant to N.H. Rev. Stat. § 358-A:10.  Plaintiffs and the New Hampshire Subclass members are also entitled to treble damages because Target acted willfully in its unfair and deceptive practices.

## COUNT 92

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (N.H. REV. STAT. ANN. § 382-A:2-314, *ET SEQ.*)

1201.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth

more fully herein.

1202.  Plaintiffs bring this claim on behalf of the New Hampshire Subclass.

1203.  At all times pertinent to this action, Target was a merchant as that term is defined in N.H. Rev. Stat. Ann. § 382-A:2-104.

1204.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1205.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1206.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1207.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1208.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1209.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 93

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (N.H. REV. STAT. ANN. § 382-A:2-315, *ET SEQ.*)

1210.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1211.  Plaintiffs bring this claim on behalf of the New Hampshire Subclass.

1212.  At all times pertinent to this action, Target was a merchant as that term is defined in N.H. Rev. Stat. Ann. § 382-A:2-104.

1213.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1214.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1215.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1216.  Target breached its warranty in one or more material respects described more fully above.

1217.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1218.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1219.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1220.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## EE.    Claims Brought on Behalf of the New Jersey Subclass

### COUNT 94

### NEW JERSEY CONSUMER FRAUD ACT
### (N.J. STAT. ANN. § 56:8-1, *ET. SEQ*)

1221.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1222.  Plaintiffs bring this Count on behalf of the New Jersey Subclass.

1223.  Target sells "merchandise," as meant by N.J. Stat. Ann. § 56:8-1, by products and services to the public, and by accessing and storing Plaintiffs' and New Jersey Subclass members' gift card information in connection with their purchase of merchandise from creditors or prospective creditors.

1224.  Plaintiffs have provided notice of this action and a copy of this Complaint to the New Jersey Attorney General pursuant to N.J. Stat. Ann. § 56:8-20.

1225.  Target engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in violation of N.J. Stat. Ann. § 56:8-2, in at least the following ways:

a.      Target misrepresented material facts to Plaintiffs and the New Jersey Subclass by representing and advertising that it would maintain the adequate

data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.      Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the New Jersey Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the New Jersey Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.      Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the New Jersey Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.      Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the New Jersey Subclass members in a timely and accurate manner, in violation of N.J. Stat. Ann. § 56:8-163(a); and

g.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the New Jersey Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

1226.  The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1227.  Target knew or should have known the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the New Jersey Subclass.

1228.  As a direct and proximate result of Target's unconscionable or deceptive acts and practices, Plaintiffs and New Jersey Subclass members suffered an ascertainable loss in money or property, real or personal, as described above, including the loss of the loss of the funds associated with their Gift Cards.

1229.  Plaintiffs and New Jersey Subclass members seek relief under N.J. Stat. Ann. § 56:8-19, including, but not limited to, injunctive relief, other equitable relief, actual damages, treble damages, and attorneys' fees and costs.

## COUNT 95

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (N.J. STAT. ANN. § 12A:2-314, *ET SEQ.*)

1230.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1231.  Plaintiffs bring this claim on behalf of the New Jersey Subclass.

1232.  At all times pertinent to this action, Target was a merchant as that term is defined in N.J. Stat. Ann. § 12A:2-104.

1233.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1234.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the

balance of the Gift Cards subject to loss.

1235.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1236.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1237.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1238.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 96

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (N.J. STAT. ANN. § 12A:2-315, *ET SEQ.*)

1239.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1240.  Plaintiffs bring this claim on behalf of the New Jersey Subclass.

1241.  At all times pertinent to this action, Target was a merchant as that term is defined in N.J. Stat. Ann. § 12A:2-104.

1242.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1243.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1244.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1245.  Target breached its warranty in one or more material respects described more fully above.

1246.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1247.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1248.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1249.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**FF.    Claims Brought on Behalf of the New Mexico Subclass**

**COUNT 97**

**NEW MEXICO UNFAIR PRACTICES ACT**
**(N.M.S.A. § 57-12-1 *ET SEQ*.)**

1250.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1251.  Plaintiffs bring this Count on behalf of the New Mexico Subclass.

1252.  Plaintiffs and class members are consumers who purchased Target gift cards primarily for personal, family or household purposes.

1253.  Plaintiffs and Target are "persons" under the New Mexico Unfair Practices Act ("UPA").  N.M. State Ann.  § 57-12-2 (A).

1254.  The New Mexico UPA prohibits "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce…." N.M. State Ann.  § 57-12-3, including making "a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services…that may, tends to or does device or mislead any person and includes:  (1) representing goods or services as those of another when the goods or services are not the goods or services of another; (2) causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services…(7) representing that the goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another…(17) failing to deliver the quality or quantity of goods or services contracted for…." N.M. State Ann.  § 57-12-2(D).

1255.  Target participated in unfair, deceptive, unconscionable, false or misleading practices that violated the New Mexico UPA.  By failing to disclose and actively concealing the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices prohibited by the New Mexico UPA.

1256.  In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, and otherwise engaged in activities with a tendency or capacity to deceive.  Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

1257. Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the New Mexico Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

1258.  Target intended for Plaintiffs and the New Mexico Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

1259. At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

1260.  Had Plaintiffs and the New Mexico Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.  Accordingly, Plaintiffs and the New Mexico Subclass

members overpaid for the Gift Cards and did not receive the benefit of their bargain. These injuries are the direct and natural consequences of Target's omissions.

1261.  Target has known about the high likelihood that the Gift Cards had been tampered, with such that they had no value and/or greatly diminished value, but concealed all of that information.

1262.  By failing to disclose the high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, Target engaged in unfair and deceptive business practices in violation of the New Mexico UPA.

1263.  Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the other Class members, to purchase the Gift Cards without revealing the high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value.

1264.  Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the New Mexico Subclass.

1265.  Target knew or should have known that its conduct violated the New Mexico UPA.

1266.  As alleged above, Target made material statements about the high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value that were either false or misleading.

1267.  Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.   Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.   Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

c.   Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

1268.  Target's representations and omissions described herein were material to Plaintiffs and the New Mexico Subclass members' decisions to purchase the Gift Cards.

1269.  Plaintiffs and the New Mexico Subclass suffered ascertainable loss caused by Target's material omissions and misrepresentations and its concealment of and failure to disclose material information.  Plaintiffs and New Mexico Subclass members who purchased the Gift Cards would not have purchased the Gift Cards but for Target's violations of the New Mexico UPA.

1270.  Target had an ongoing duty to all Target customers, Plaintiffs, and the New Mexico Subclass to refrain from unfair and deceptive practices under the New Mexico UPA.  All owners of the Gift Cards suffered ascertainable monetary loss, to wit: the loss of funds associated with their Gift Cards, as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target.

1271.  Target's violations present a continuing risk to Plaintiffs and the New Mexico Subclass as well as to the general public.  Target's unlawful acts and practices complained of herein affect the public interest.

1272.  As a direct and proximate result of Target's violations of the New Mexico UPA, Plaintiffs and the New Mexico Subclass have suffered injury-in-fact and/or actual damage.

1273.  Plaintiffs and the New Mexico Subclass seek monetary relief against Target in the amount of actual damages, treble damages, as well as punitive damages because Target acted with fraud and/or malice and/or was grossly negligent.

1274.  Plaintiffs also seek an order enjoining Target's' unfair and/or deceptive acts or practices, punitive damages, and attorneys' fees, and any other just and proper relief available under N.M. State Ann. § 57-12-2 *et seq*.

## COUNT 98

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (N.M.S.A. § 55-2-314, *ET SEQ.*)

1275.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1276.  Plaintiffs bring this claim on behalf of the New Mexico Subclass.

1277.  At all times pertinent to this action, Target was a merchant as that term is defined in N.M.S.A. § 55-2-104.

1278.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at

the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1279.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1280.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1281.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1282.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1283.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 99

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (N.M.S.A. § 55-2-315, *ET SEQ.*)

1284.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1285.  Plaintiffs bring this claim on behalf of the New Mexico Subclass.

1286.  At all times pertinent to this action, Target was a merchant as that term is defined in N.M.S.A. § 55-2-104.

1287.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1288.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1289.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1290.  Target breached its warranty in one or more material respects described more fully above.

1291.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1292.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1293.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1294.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**GG.  Claims Brought on Behalf of the New York Subclass**

### COUNT 100

**VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
(N.Y. GEN. BUS. LAW § 349)**

1295.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1296.  Plaintiffs bring this Count on behalf of the New York Subclass.

1297.  New York's General Business Law § 349 makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce."

1298.  In the course of Target's business, it willfully failed to disclose and actively concealed that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value and otherwise engaged in activities with a tendency or capacity to deceive.  Accordingly, Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices as defined in N.Y. Gen. Bus. Law § 349, including engaging in conduct likely to deceive. The challenged act or practice was "consumer-oriented;" (2) that the act or practice was misleading in a material way; and (3) Plaintiffs suffered injury as a result of the deceptive act or practice. Accordingly, Target have violated N.Y. GEN. BUS. LAW § 349.

1299. In the course of Target's' business, they engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in violation of N.Y. Gen. Bus. Law § 349, in at least the following ways:

a.   Target misrepresented material facts to Plaintiffs and the New York Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the New York Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the New York Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.   Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the New York Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

d.   Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.   Target's deactivation of Plaintiffs and the New York Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the New York Subclass members in a timely and accurate manner; and

h.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the New York Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

1300.  In purchasing the Gift Cards, Plaintiffs and the New York Subclass members were deceived by Target's actions.

1301.  Plaintiffs and the New York Subclass members reasonably relied upon the Target's false misrepresentations.

1302. Target's actions as set forth above occurred in the conduct of trade or commerce.

1303. The Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

1304. The Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the New York Subclass.

1305. The Target knew or should have known that their conduct violated N.Y. GEN. BUS. LAW § 349.

1306. Target owed Plaintiffs and the New York Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

    a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

    b.    Intentionally concealed the foregoing from Plaintiff and the Class; and/or

    c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

1307. Because Target's deception takes place in the context of consumer transactions, its deception affects the public interest. Further, Target's unlawful conduct

constitutes unfair acts or practices that have the capacity to deceive consumers, and that have a broad impact on consumers at large.

1308.  Target's conduct proximately caused injuries to Plaintiffs and the New York Subclass members.

1309.  Plaintiffs and the New York Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of the Target's conduct; to wit: the loss of the funds associated with their Gift Cards. These injuries are the direct and natural consequence of the Target's misrepresentations and omissions. The Target's violations present a continuing risk to Plaintiffs as well as to the general public. The Target's unlawful acts and practices complained of herein affect the public interest.

1310.  Pursuant to N.Y. GEN. BUS. LAW § 349(h), Plaintiffs and each New York Subclass member may recover actual damages, in addition to three times actual damages up to $1,000 for the Target's willful and knowing violation of N.Y. GEN. BUS. LAW § 349.

## COUNT 101

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (N.Y. U.C.C. § 2-314, *ET SEQ.*)

1311.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1312.  Plaintiffs bring this claim on behalf of the New York Subclass.

1313.  At all times pertinent to this action, Target was a merchant as that term is defined in N.Y. U.C.C. § 2-104.

1314. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1315. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1316. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1317. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1318. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1319. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 102

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (N.Y. U.C.C. § 2-315, *ET SEQ.*)

1320.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1321.  Plaintiffs bring this claim on behalf of the New York Subclass.

1322.  At all times pertinent to this action, Target was a merchant as that term is defined in N.Y. U.C.C. § 2-104.

1323.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1324.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1325.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1326.  Target breached its warranty in one or more material respects described more fully above.

1327.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1328.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1329.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1330.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**HH.  Claims on Behalf of the North Carolina Subclass**

**COUNT 103**

**VIOLATIONS OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE ACTS AND PRACTICES ACT (N.C. GEN. STAT. § 75-1.1 *ET SEQ.*)**

1331.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1332.  Plaintiffs bring this Count on behalf of the North Carolina Subclass.

1333.  1968. Target engaged in "commerce" within the meaning of N.C. GEN. STAT. § 75-1.1(b).

1334.  The North Carolina UDTPA broadly prohibits "unfair or deceptive acts or practices in or affecting commerce." N.C. GEN. STAT. § 75-1.1(a). In the course of Target's business, it willfully failed to disclose and actively concealed that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value and otherwise engaged in activities with a tendency or capacity to deceive. Accordingly, Target engaged in unfair and deceptive trade practices because they (1) had the capacity or tendency to deceive, (2) offend public policy, (3) are improper, oppressive, and unfair, or (4) cause substantial injury to consumers.

1335. In the course of Target's' business, they engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in violation of N.C. GEN. STAT. § 75-1.1(a), in at least the following ways:

a.  Target misrepresented material facts to Plaintiffs and the North Carolina Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.  Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the North Carolina Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the North Carolina Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.  Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the North Carolina Subclass members that the Gift Card's secret Activation Code was probably

and/or possibly not private and were within the knowledge of third parties without a need to know;

d.    Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.    Target's deactivation of Plaintiffs and the North Carolina Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the North Carolina Subclass members in a timely and accurate manner; and

h.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the North Carolina Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

1336. In purchasing the Gift Cards, Plaintiffs and the North Carolina Subclass members were deceived by Target's actions.

1337.  Plaintiffs and the North Carolina Subclass members reasonably relied upon the Target's false misrepresentations.

1338.  Target's actions as set forth above occurred in the conduct of trade or commerce.

1339.  The Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

1340.  The Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the Subclass.

1341.  The Target knew or should have known that their conduct violated the North Carolina UDTPA.

1342.  Target owed Plaintiffs and the North Carolina Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.  Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.  Intentionally concealed the foregoing from Plaintiff and the Class; and/or

c.  Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

1343. Because Target's deception takes place in the context of consumer transactions, its deception affects the public interest.  Further, Target's unlawful conduct constitutes unfair acts or practices that have the capacity to deceive consumers, and that have a broad impact on consumers at large.

1344. Target's conduct proximately caused injuries to Plaintiffs and the North Carolina Subclass members.

1345. Plaintiffs and the other Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of the Target's conduct; to wit: the loss of the funds associated with their Gift Cards. These injuries are the direct and natural consequence of the Target's misrepresentations and omissions. The Target's violations present a continuing risk to Plaintiffs, North Carolina Subclass members, as well as to the general public. The Target's unlawful acts and practices complained of herein affect the public interest.

1346.  Plaintiffs and the North Carolina Subclass seek an order for treble their actual damages, court costs, attorney's fees, and any other just and proper relief available under the North Carolina Act, N.C. GEN. STAT. § 75-16.

1347. Plaintiffs and the North Carolina Subclass also seek punitive damages against the Target because the Target's conduct was malicious, willful, reckless, wanton, fraudulent and in bad faith.

## COUNT 104

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (N.C. GEN. STAT. § 25-2-314, *ET SEQ.*)

1348.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1349.  Plaintiffs bring this claim on behalf of the North Carolina Subclass.

1350.  At all times pertinent to this action, Target was a merchant as that term is defined in N.C. Gen. Stat. § 25-2-104..

1351.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1352.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1353.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1354.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1355. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1356. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 105

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
(N.C. GEN. STAT. § 25-2-315, *ET SEQ.*)

1357. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1358. Plaintiffs bring this claim on behalf of the North Carolina Subclass.

1359. At all times pertinent to this action, Target was a merchant as that term is defined in N.C. Gen Stat. § 25-2-104.

1360. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1361. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1362. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1363. Target breached its warranty in one or more material respects described more fully above.

1364. As a direct and proximate result, Plaintiffs and Class members have been damaged.

1365.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1366.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1367.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## II.    Claims Brought on Behalf of the North Dakota Subclass

### COUNT 106

### VIOLATION OF THE NORTH DAKOTA CONSUMER FRAUD ACT
### (N.D. CENT. CODE § 51-15-01 ET SEQ.)

1368.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1369.  Plaintiffs bring this claim on behalf of the North Dakota Subclass.

1370.  Plaintiffs and Target are "persons" within the meaning of N.D. CENT. CODE § 51-15-02(4).

1371.  The Target engaged in the "sale" of "merchandise" within the meaning of N.D. CENT. CODE § 51-15-02(3), (5).

1372.  The North Dakota Consumer Fraud Act ("North Dakota CFA") makes unlawful "[t]he act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise." N.D. CENT.

CODE § 51-15-02. As set forth above and below, the Target committed deceptive acts or practices, with the intent that North Dakota Subclass members rely thereon in connection with their purchase the Gift Cards.

1373. In the course of Target's business, they engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in violation of N.D. CENT. CODE § 51-15-02, et. seq, in at least the following ways:

a.   Target misrepresented material facts to Plaintiffs and the North Dakota Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the North Dakota Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the North Dakota Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.   Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the North Dakota Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

d.   Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.   Target's deactivation of Plaintiffs and the North Dakota Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the North Dakota Subclass members in a timely and accurate manner; and

h.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the North Dakota

Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

1374. In purchasing the Gift Cards, Plaintiffs and the North Dakota Subclass members were deceived by Target's actions.

1375. Plaintiffs and the North Dakota Subclass members reasonably relied upon the Target's false misrepresentations.

1376. Target's actions as set forth above occurred in the conduct of trade or commerce.

1377. The Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

1378. The Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the Subclass.

1379. The Target knew or should have known that their conduct violated the North Dakota CFA.

1380. Target owed Plaintiffs and the North Dakota Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.  Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.  Intentionally concealed the foregoing from Plaintiff and the Class; and/or

c.     Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

1381. Because Target's deception takes place in the context of consumer transactions, its deception affects the public interest. Further, Target's unlawful conduct constitutes unfair acts or practices that have the capacity to deceive consumers, and that have a broad impact on consumers at large.

1382. Target's conduct proximately caused injuries to Plaintiffs and the North Dakota Subclass members.

1383. Plaintiffs and the other Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of the Target's conduct; to wit: the loss of the funds associated with their Gift Cards. These injuries are the direct and natural consequence of the Target's misrepresentations and omissions. The Target's violations present a continuing risk to Plaintiffs and the North Dakota Subclass members, as well as to the general public. The Target's unlawful acts and practices complained of herein affect the public interest.

1384. North Dakota Subclass members seek punitive damages against the Target because the Target's conduct was egregious. The Target's egregious conduct warrants punitive damages.

1385. Further, the Target knowingly committed the conduct described above, and thus, under N.D. CENT. CODE § 51-15-09, the Target are liable to Plaintiffs and the North

Dakota Subclass for treble damages in amounts to be proven at trial, as well as attorneys' fees, costs, and disbursements. Plaintiffs further seek an order enjoining the Target's unfair and/or deceptive acts or practices, and other just and proper available relief under the North Dakota CFA.

## COUNT 107

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (N.D. CENT. CODE § 41-02-31 (2-314), *ET SEQ.*)

1386.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1387.  Plaintiffs bring this claim on behalf of the North Dakota Subclass.

1388.  At all times pertinent to this action, Target was a merchant as that term is defined in N.D. Cent. Code § 41-02-04 (2-104).

1389.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1390.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1391.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury

and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1392.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1393.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1394.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 108

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (N.D. CENT. CODE § 41-02-32 (2-315), *ET SEQ.*)

1395.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1396.  Plaintiffs bring this claim on behalf of the North Dakota Subclass.

1397.  At all times pertinent to this action, Target was a merchant as that term is defined in N.D. Cent. Code § 41-02-04 (2-104).

1398.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1399.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1400.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1401.  Target breached its warranty in one or more material respects described more fully above.

1402.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1403.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1404.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1405.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**JJ.  Claims Brought on Behalf of the Ohio Subclass**

**COUNT 109**

**VIOLATION OF OHIO CONSUMER SALES PRACTICES ACT
(OHIO REV. CODE ANN. § 1345.01, *ET SEQ.*)**

1406.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1407.  Plaintiffs bring this Count on behalf of the Ohio Subclass.

1408.  Target is a "person" as defined by the Ohio Consumers Sales Practices Act, Ohio Rev. Code Ann. ("Ohio CSPA") § 1345.01(B).

1409.  Plaintiff and the Ohio Subclass' members are "[c]onsumers" as defined by the Ohio CSPA § 1345.01(D).

1410. Target's conduct constitutes unfair and deceptive acts or practices in connection with a consumer transaction within the meaning of the Ohio CSPA § 1345, et. seq.

1411. Target's misrepresentations and omissions were material to Plaintiff and Ohio Subclass members' transactions with Target, and were made knowingly and with reason to know that Plaintiff and Ohio Subclass members would rely on such misrepresentations and omissions.

1412. Plaintiff and Ohio Subclass members reasonably relied on Target's misrepresentations and omissions and suffered harm as a result. Plaintiff and Ohio Subclass members were injured in fact from a loss of their funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards, as well as time and expense related to the general nuisance and annoyance of dealing with the issues resulting from the Target's misconduct, and costs associated with the loss of productivity from taking time to ameliorate the actual and future consequences of Target's misconduct, all of which have an ascertainable monetary value to be proven at trial.

1413. As a result of Target's unfair and deceptive acts or practices, Plaintiff and Ohio Subclass members suffered injury in fact and lost property and/or money.

1414. Plaintiff and Ohio Subclass members seek restitution, injunctive relief and statutory damages, to the extent permitted by applicable law, on behalf of the Class.

1415. Target conducted the practices alleged herein in the course of business, pursuant to standardized practices that it engaged in both before and after the Plaintiff and

Ohio Subclass members in this case were harmed. These acts have, upon information and belief, been repeated t numerous times, and many consumers were affected.

## COUNT 110

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (OHIO REV. CODE ANN. § 1302.27, *ET SEQ.*)

1416. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1417. Plaintiffs bring this claim on behalf of the Ohio Subclass.

1418. At all times pertinent to this action, Target was a merchant as that term is defined in Ohio Rev. Code Ann. § 1302.01.

1419. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1420. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1421. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1422. Target received actual notice of the defective nature of the Gift Cards within

a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1423.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1424.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 111

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (OHIO REV. CODE ANN. § 1302.28, *ET SEQ.*)

1425.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1426.  Plaintiffs bring this claim on behalf of the Ohio Subclass.

1427.  At all times pertinent to this action, Target was a merchant as that term is defined in Ohio Rev. Code Ann. § 1302.01.

1428.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1429.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1430.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1431.  Target breached its warranty in one or more material respects described more fully above.

1432.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1433.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1434.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1435.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**KK.  Claims Brought on Behalf of the Oklahoma Subclass**

**COUNT 112**

**OKLAHOMA CONSUMER PROTECTION ACT
(OKLA. STAT. ANN. TIT. 15, § 751, *ET. SEQ.*)**

1436.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1437.  Plaintiffs bring this Count on behalf of the Oklahoma Subclass.

1438.  Plaintiff and the Oklahoma Subclass' members purchased "merchandise," as meant by Okla. Stat. tit. 15, § 752, from Target.

1439.  Plaintiff and the Oklahoma Subclass members' interactions with the Target constituted "consumer transactions" as meant by Okla. Stat. tit. 15, § 752.

1440. Target, acting in the course of business, intentionally and willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

1441. Target engaged in unlawful, unfair, and deceptive trade practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of Okla. Stat. tit. 15, § 753, in at least the following ways:

a.   Target misrepresented and/or concealed material facts to the Plaintiff and the Oklahoma Subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate data privacy and security practices and procedures to safeguard Plaintiff and the Oklahoma Subclass members' personal funds from unauthorized use, misappropriation, and/or theft in violation of Okla. Stat. tit. 15, § 753(5) and (8);

b.   Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their protections for Plaintiff and the Oklahoma Subclass' members' funds, in violation of Okla. Stat. tit. 15, § 753(5) and (8);

c.   Target engaged in unlawful, unfair, and deceptive trade practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds, in violation of Okla. Stat. Ann. tit. 24, § 163(A);

d.   Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in

unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures to protect Plaintiff and the Oklahoma Subclass' members' funds from unauthorized use, misappropriation, and/or theft.

1442.  The above unlawful, unfair, and deceptive trade practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1443.  Target knew, or reasonably should have known, that its protections were inadequate to safeguard Plaintiff and Oklahoma Subclass' members' funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff and the members of the Oklahoma Subclass.

1444.  As a direct and proximate result of Target's deceptive acts and practices, the Plaintiff and the Oklahoma Subclass' members suffered injury and/or damages.

1445.  Plaintiff and Oklahoma Subclass' members seek relief under Okla. Stat. Ann. tit. 15, § 761.1 including, but not limited to, injunctive relief, actual damages, statutory damages, and attorneys' fees and costs.

## COUNT 113

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (OKLA. STAT. ANN. TIT. 12A, § 2-314, *ET. SEQ.*)

1446.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth

more fully herein.

1447.  Plaintiffs bring this claim on behalf of the Oklahoma Subclass.

1448.  At all times pertinent to this action, Target was a merchant as that term is defined in Okla. Stat. Ann. TTT. 12A, § 2-104.

1449.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1450.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1451.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1452.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1453.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1454.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 114

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (OKLA. STAT. ANN. TIT. 12A, § 2-315, *ET. SEQ.*)

1455.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1456.  Plaintiffs bring this claim on behalf of the Oklahoma Subclass.

1457.  At all times pertinent to this action, Target was a merchant as that term is defined in Okla. Stat. Ann. TTT. 12A, § 2-104.

1458.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1459.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1460.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1461.  Target breached its warranty in one or more material respects described more fully above.

1462.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1463.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1464. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1465. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## LL.    Claims Brought on Behalf of the Oregon Subclass

### COUNT 115

### OREGON UNLAWFUL TRADE PRACTICES ACT
### (OR. REV. STAT. § 646.605, *ET SEQ.*)

1466. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1467. Plaintiffs bring this Count on behalf of the Oregon Subclass.

1468. Plaintiffs and Target are "persons" within the meaning of Or. Rev. Stat. § 646.605(4).

1469. The relevant Gift Cards are "goods" obtained primarily for personal family or household purposes within the meaning of Or. Rev. Stat. § 646.605(6).

1470. The Oregon Unfair Trade Practices Act ("Oregon UTPA") prohibits a person from, in the course of the person's business, doing any of the following: "(e) Represent[ing] that … goods … have … characteristics … uses, benefits, … or qualities that they do not have; (g) Represent[ing] that … goods … are of a particular standard [or] quality … if [they] are of another; (i) Advertis[ing] … goods or services with intent not to provide [them] as advertised;" and "(u) engag[ing] in any other unfair or deceptive conduct in trade or commerce." Or. Rev. Stat. § 646.608(1).

1471.  Target's actions as alleged herein occurred in the ordinary course of business and in the conduct of trade or commerce.

1472.  Target knowingly, intentionally, and willfully failed to disclose and actively concealed their deficient security measures discussed herein in a manner that was false and misleading, and otherwise engaged in activities with a tendency or capacity to deceive. Target further engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the provision of the relevant Gift Cards.

1473.  Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with its provision of Gift Cards.

1474.  Target knew, or reasonably should have known, that the protections for the relevant Gift Cards were inadequate and that consumers' funds were at risk of unauthorized use, misappropriation, and/or theft. Target, upon information and belief, knew and concealed this information prior to the Class members' purchases.

1475.  Target were also aware, and actively concealed, that they valued profits over the security of consumers' funds, and that Target were inadequately protecting consumers' funds from unauthorized use, misappropriation, and/or theft.

1476.  Target's unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including the Oregon Subclass' members, into believing the relevant Gift Cards were secure and/or otherwise safe to use.

1477.  Target owed the Oregon Subclass a duty to disclose the truth pertaining to the inadequacy of their measures to ensure consumers' funds were adequately protected because Target:

a.     Possessed exclusive knowledge that it valued profits and cost-cutting over the security and/or integrity of the relevant Gift Cards;

b.     Intentionally concealed the foregoing from the Oregon Subclass; and/or

c.     Made incomplete representations about the security and integrity of its Gift Cards generally, while purposefully withholding material facts from the Oregon Subclass that contradicted these representations.

1478.  Target's misrepresentations and/or omissions as alleged herein were material to the Oregon Subclass.

1479. The Oregon Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information. The Oregon Subclass' members would have taken steps to prevent the unauthorized use, misappropriation, and/or theft of their funds if they were aware of the foregoing by, for example, refraining from purchasing the relevant Gift Cards.

1480.  Target's violations present a continuing risk to the Oregon Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

1481.  As a direct and proximate result of Target's violations of the Oregon UTPA, the Oregon Subclass' members have suffered injury-in-fact and/or actual damages.

1482.  Target had an ongoing duty to all Target's customers to refrain from unfair and deceptive practices under the Oregon UTPA. The Oregon Subclass' members suffered ascertainable loss, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards as well as out-of-pocket expenses and time associated with attempting to remedy the consequences of Target's deceptive and unfair acts and practices.

1483.  The Oregon Subclass' members are entitled to recover the greater of actual damages or $200 pursuant to Or. Rev. Stat. § 646.638(1). The Oregon Subclass is also entitled to punitive damages because Target engaged in conduct amounting to a particularly aggravated, deliberate disregard of the rights of others.

## COUNT 116

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (OR. REV. STAT. § 72.3140, *ET. SEQ.*)

1484.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1485.  Plaintiffs bring this claim on behalf of the Oregon Subclass.

1486.  At all times pertinent to this action, Target was a merchant as that term is defined in Or. Rev. Stat. § 72.1040.

1487. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at

the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1488.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1489.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1490.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1491.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1492.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 117

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (OR. REV. STAT. § 72.3150, *ET. SEQ.*)

1493.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1494.  Plaintiffs bring this claim on behalf of the Oregon Subclass.

1495.  At all times pertinent to this action, Target was a merchant as that term is defined in Or. Rev. Stat. § 72.1040.

1496.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1497.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1498.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1499.  Target breached its warranty in one or more material respects described more fully above.

1500.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1501.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1502.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1503.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**MM.  Claims Brought on Behalf of the Pennsylvania Subclass**

## COUNT 118

### PENNSYLVANIA UNFAIR TRADE PRACTICES ACT
### (73 PA CONS. STAT. ANN. § 201-1, *ET. SEQ.)*

1504.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1505.  Plaintiffs bring this Count on behalf of the Pennsylvania Subclass.

1506.  Plaintiffs and the Pennsylvania Subclass members' funds were implicated in "trade" and "commerce," as meant by 73 Pa. Cons. Stat. § 201-2(3), for personal, family, and/or household purposes, *i.e.*, in connection with those members' consumer transactions for those personal, family, and/or household purposes.

1507.  Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

1508.  Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of 73 Pa. Cons. Stat. § 201-3, in at least the following ways:

a.  Target misrepresented and/or concealed material facts to Plaintiffs and the Pennsylvania Subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard Plaintiffs' and the Pennsylvania Subclass' members'

funds from unauthorized use, misappropriation, and/or theft in violation of 73 Pa. Cons. Stat. § 201-3(4)(v), (ix), and (xxi);

b.  Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their protections for Plaintiffs' and Pennsylvania Subclass' members' funds in violation of 73 Pa. Cons. Stat. § 201-3(4)(v), (ix), and (xxi);

c.  Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds, in violation of 73 Pa. Cons. Stat. § 2303(a);

d.  Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures to protect Plaintiffs' and Pennsylvania Subclass members' funds from unauthorized use, misappropriation, and/or theft.

1509.  The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1510.  Target knew, or reasonably should have known, that their protections were inadequate to safeguard Plaintiffs' and Pennsylvania Subclass' members' funds and that risk of an unauthorized use, misappropriation, and/or theft was likely. Target's actions in

engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the Plaintiffs and members of the Pennsylvania Subclass.

1511.  As a direct and proximate result of Target's deceptive acts and practices, Plaintiffs and the Pennsylvania Subclass members suffered an ascertainable loss of money or property, real or personal, as described above, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

1512.  Plaintiffs and the Pennsylvania Subclass' members seek relief under 73 Pa. Cons. Stat. § 201-9.2, including, but not limited to, injunctive relief, actual damages or $100 per Class member, whichever is greater, treble damages, and attorneys' fees and costs.

## COUNT 119

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (13 PA CONS. STAT. ANN. § 2314, *ET. SEQ.*)

1513.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1514.  Plaintiffs bring this claim on behalf of the Pennsylvania Subclass.

1515.  At all times pertinent to this action, Target was a merchant as that term is defined in 13 Pa. Cons. Stat. Ann. § 2104.

1516.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen

the Secret Activation Code from the cards.

1517.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1518.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1519.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1520.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1521.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 120

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (73 PA CONS. STAT. ANN. § 2315, *ET. SEQ.*)

1522.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1523.  Plaintiffs bring this claim on behalf of the Pennsylvania Subclass.

1524.  At all times pertinent to this action, Target was a merchant as that term is

defined in 13 Pa. Const. Stat. Ann. § 2104.

1525.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1526.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1527.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1528.  Target breached its warranty in one or more material respects described more fully above.

1529.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1530.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1531.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1532.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**NN.** **Claims Brought on Behalf of the Rhode Island Subclass**

## COUNT 121

### RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT
### (R.I. GEN. LAWS § 6-13.1, *ET. SEQ.*)

1533.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1534.  Plaintiffs bring this Count on behalf of the Rhode Island Subclass.

1535.  The Rhode Island Subclass' members purchased goods and services in "trade" and "commerce," as meant by R.I. Gen. Laws § 6-13.1-1(5).

1536.  Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

1537.  Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of R.I. Gen. Laws Ann. § 613.1-2, in at least the following ways:

a.      Target misrepresented and/or concealed material facts to the Rhode Island Subclass by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard the Rhode Island Subclass' members' funds from unauthorized use, misappropriation, and/or theft in violation of R.I. Gen. Laws Ann. § 6-13.1-1(6)(v), (vii), (ix), (xii), (xiii), and (xiv);

b. Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections for the Rhode Island Subclass' members' funds in violation of in violation of R.I. Gen. Laws Ann. § 6-13.1-1(6)(v), (vii), (ix), (xii), (xiii), and (xiv);

c. Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds, in violation of R.I. Gen. Laws Ann. § 11-49.2-3(a);

d. Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures to protect the Rhode Island Subclass' members' funds from unauthorized use, misappropriation, and/or theft.

1538. The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1539. Target knew, or reasonably should have known, that their protections were inadequate to safeguard the Rhode Island Subclass' members' funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and

willful, and/or wanton and reckless with respect to the rights of members of the Rhode Island Subclass.

1540.  As a direct and proximate result of Target's deceptive acts and practices, the Rhode Island Subclass' members suffered an ascertainable loss of money or property, real or personal, as described above, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

1541.  The Rhode Island Subclass' members seek relief under R.I. Gen. Laws § 6-13.1-5.2, including, but not limited to, injunctive relief, other equitable relief, actual damages or $200 per Class member, whichever is greater, punitive damages, and attorneys' fees and costs.

## COUNT 122

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (R.I. GEN. LAWS § 6A-2-314, *ET. SEQ.*)

1542.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1543.  Plaintiffs bring this claim on behalf of the Rhode Island Subclass.

1544.  At all times pertinent to this action, Target was a merchant as that term is defined in R.I. Gen. Laws § 6A-2-104.

1545.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1546. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1547. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1548. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1549. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1550. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 123

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (R.I. GEN. LAWS § 6A-2-315, *ET. SEQ.*)

1551. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1552. Plaintiffs bring this claim on behalf of the Rhode Island Subclass.

1553. At all times pertinent to this action, Target was a merchant as that term is defined in R.I. Gen. Laws § 6A-2-104.

1554. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1555. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1556. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1557. Target breached its warranty in one or more material respects described more fully above.

1558. As a direct and proximate result, Plaintiffs and Class members have been damaged.

1559. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1560. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1561. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**OO.** **Claims Brought on Behalf of the South Carolina Subclass**

## COUNT 124

### VIOLATIONS OF THE SOUTH CAROLINA
### UNFAIR TRADE PRACTICES ACT
### (S.C. CODE ANN. §§ 39-5-10, *ET SEQ.*)

1562.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1563.  Plaintiffs bring this Count on behalf of the South Carolina Subclass.

1564.  Plaintiffs and Target are "person[s]" within the meaning of S.C. Code Ann. § 39-5-10(a).

1565.  The South Carolina Unfair Trade Practices Act ("South Carolina UTPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." S.C. Code Ann. § 39-5-20(a).

1566.  Target's actions as alleged herein occurred in the ordinary course of business and in the conduct of trade or commerce.

1567.  Target knowingly, intentionally, and willfully failed to disclose and actively concealed their deficient security measures discussed herein in a manner that was false and misleading, and otherwise engaged in activities with a tendency or capacity to deceive. Target further engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the provision of the relevant Gift Cards.

1568. By failing to disclose that the Gift Card protections were inadequate or otherwise easily circumvented, and by presenting themselves as a reputable and otherwise concerned with protecting and/or safeguarding consumers' funds, Target engaged in deceptive business practices in violation of the South Carolina UTPA.

1569. Target unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including the South Carolina Subclass, about the adequacy of Target's protections for the relevant Gift Cards, and the likelihood that funds loaded onto, accessible from, or otherwise contained on such cards would be used without authorization, misappropriated, and/or stolen.

1570. Target owed the South Carolina Subclass a duty to disclose the true nature of the inadequate means utilized to safeguard consumers' funds because Target:

a.    Possessed exclusive knowledge that it valued profits and cost-cutting over the security of consumers' funds;

b.    Intentionally concealed the foregoing from the South Carolina Subclass; and/or

c.    Made incomplete representations about the security and integrity of the relevant Gift Cards generally, while purposefully withholding material facts from Plaintiff and the South Carolina Subclass that contradicted these implicit and /or explicit representations.

1571. Target's claims and/or representations concerning the integrity and security of the relevant Gift Cards were material to the South Carolina Subclass.

1572.  Target's violations present a continuing risk to the South Carolina Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

1573.  The South Carolina Subclass suffered ascertainable loss caused by Target omissions and/or misrepresentations and its concealment of and failure to disclose material information. The South Carolina Subclass' members would not have purchased the relevant Gift Cards but for Target's violations of the South Carolina UTPA.

1574.  As a direct and proximate result of Target's violations of the South Carolina UTPA, the South Carolina Subclass' members have suffered injury-in fact and/or actual damage, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards,  as well as out of pocket expenses and time associated with attempting to remedy the consequences of Target's deceptive and unfair acts and practices.

1575.  Pursuant to S.C. Code Ann. § 39-5-140(a), the South Carolina Subclass' members seek monetary relief against Target to recover for their economic losses. Because Target's actions were willful and knowing, the South Carolina Subclass members' damages should be trebled. *Id.*

1576.  The South Carolina Subclass' members further allege that Target's malicious and deliberate conduct warrants an assessment of punitive damages because Target carried out despicable conduct with willful and conscious disregard of the rights and safety of others, subjecting the South Carolina Subclass to cruel and unjust hardship as a result. Target intentionally and willfully misrepresented the adequacy of their protections for

consumers' funds, deceived the South Carolina Subclass' members, and concealed material facts that only Target knew. Target's unlawful conduct constitutes malice, oppression, and fraud warranting punitive damages.

1577. The South Carolina Subclass' members further seek an order enjoining Target's unfair and deceptive acts or practices.

## COUNT 125

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (S.C. CODE ANN. § 36-2-314, *ET. SEQ.*)

1578. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1579. Plaintiffs bring this claim on behalf of the South Carolina Subclass.

1580. At all times pertinent to this action, Target was a merchant as that term is defined in S.C. Code Ann. § 36-2-104.

1581. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1582. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1583. As a direct and proximate result of the defective nature of the cards at the

time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1584.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1585.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1586.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 126

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (S.C. CODE ANN. § 36-2-315, *ET. SEQ.*)

1587.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1588.  Plaintiffs bring this claim on behalf of the South Carolina Subclass.

1589.  At all times pertinent to this action, Target was a merchant as that term is defined in S.C. Code Ann. § 36-2-104.

1590.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1591.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1592.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1593.  Target breached its warranty in one or more material respects described more fully above.

1594.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1595.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1596.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1597.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**PP.    Claims Brought on Behalf of the South Dakota Subclass**

**COUNT 127**

**SOUTH DAKOTA DECEPTIVE TRADE PRACTICES
AND CONSUMER PROTECTION ACT
(S.D. CODIFIED LAWS § 37-24-1, *ET. SEQ.*)**

1598.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1599.  Plaintiffs bring this Count on behalf of the South Dakota Subclass.

1600.  Target advertise and sell "goods or services" and/or "merchandise" in "trade" and "commerce," as meant by S.D. Codified Laws § 37 24-1.

1601. Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

1602. Target engaged in deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of S.D. Codified Laws § 37-24-6, in at least the following ways:

a.    Target knowingly and intentionally misrepresented material facts to the South Dakota Subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard the South Dakota Subclass' members' funds from unauthorized use, misappropriation, and/or theft in violation of S.D. Codified Laws § 37-24-6(1):

b.    Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections for the South Dakota Subclass' members' funds in violation of S.D. Codified Laws § 37-24-6(1);

c.    Target knowingly and intentionally engaged in deceptive acts and practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds in violation of S.D. Codified Laws § 37-24-6(1);

d.    Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in

deceptive acts and practices by failing to enact adequate measures to protect the South Dakota Subclass members' funds from unauthorized use, misappropriation, and/or theft, in violation of S.D. Codified Laws § 37-24-6(1).

1603.   The above deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1604.   Target knew, or reasonably should have known, that their protections were inadequate to safeguard the South Dakota Subclass members' funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the South Dakota Subclass.

1605.   As a direct and proximate result of Target's deceptive acts and practices, the South Dakota Subclass' members were adversely affected, injured, and/or damaged.

1606.   The South Dakota Subclass members seek relief under S.D. Codified Laws § 37-24-31, including, but not limited to, actual damages.

## COUNT 128

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (S.D. CODIFIED LAWS § 57A-2-314, *ET. SEQ.*)

1607.   Plaintiffs incorporate the foregoing paragraphs by reference as if set forth

more fully herein.

1608.  Plaintiffs bring this claim on behalf of the South Dakota Subclass.

1609.  At all times pertinent to this action, Target was a merchant as that term is defined in S.D. Codified Laws § 57A-2-104.

1610.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1611.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1612.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1613.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1614.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1615.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 129

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (S.D. CODIFIED LAWS § 57A-2-315 *ET. SEQ.*)

1616.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1617.  Plaintiffs bring this claim on behalf of the South Dakota Subclass.

1618.  At all times pertinent to this action, Target was a merchant as that term is defined in S.D. Codified Laws § 57A-2-104.

1619.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1620.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1621.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1622.  Target breached its warranty in one or more material respects described more fully above.

1623.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1624.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1625. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1626. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## QQ. Claims Brought on Behalf of the Tennessee Subclass

### COUNT 130

### TENNESSEE CONSUMER PROTECTION ACT
### (TENN. CODE ANN. § 47-18-101, *ET. SEQ.*)

1627. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1628. Plaintiffs bring this Count on behalf of the Tennessee Subclass.

1629. Target advertised and sold "goods" or "services" in "trade" and "commerce," as meant by Tenn. Code Ann. § 47-18-103.

1630. Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

1631. Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in violation Tenn. Code Ann. § 47-18-104, in at least the following ways:

a.  Target misrepresented and/or concealed material facts to Plaintiff and the Tennessee Subclass by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to

safeguard Plaintiff and the Tennessee Subclass members' funds from unauthorized, use, misappropriation, and/or theft in violation of Tenn. Code Ann. § 47-18-104(b)(5), (b)(9), (b)(21) and/or (27);

b.    Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections for Plaintiff and the Tennessee Subclass members' funds in violation of Tenn. Code Ann. § 47-18-104(b)(5), (b)(9), (b)(21) and/or (27);

c.    Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose the inadequacy of their measures to safeguard consumers' funds in a timely and accurate manner, in violation of Tenn. Code Ann. § 47-18-104(b)(5) and/or (9);

d.    Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures to protect Plaintiff and Tennessee Subclass' members' funds from unauthorized use, misappropriation, and/or theft in violation of Tenn. Code Ann. § 47-18-104(b)(5) and/or (9).

1632.    The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1633.  Target knew, or reasonably should have known, that their protections were inadequate to safeguard Plaintiff and Tennessee Subclass' members' funds and that a risk of unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff and members of the Tennessee Subclass.

1634.  As a direct and proximate result of Target's deceptive acts and practices, Plaintiff and the Tennessee Subclass members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

1635.  Plaintiff and Tennessee Subclass members seek relief under Tenn. Code Ann. § 47-18-109, including, but not limited to, injunctive relief, actual damages, treble damages for each willful or knowing violation, and attorneys' fees and costs.

## COUNT 131

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (TENN. COE ANN. § 47-2-314, *ET. SEQ.*)

1636.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1637.  Plaintiffs bring this claim on behalf of the Tennessee Subclass.

1638.  At all times pertinent to this action, Target was a merchant as that term is defined in Tenn. Code Ann. § 47-2-104.

1639. Target sold Plaintiffs the Gift Cards described more particularly above;

however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1640. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1641. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1642. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1643. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1644. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 132

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (TENN. CODE ANN. § 47-2-315, *ET. SEQ.*)

1645. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1646.  Plaintiffs bring this claim on behalf of the Tennessee Subclass.

1647.  At all times pertinent to this action, Target was a merchant as that term is defined in Tenn. Code Ann. § 47-2-104.

1648.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1649.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1650.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1651.  Target breached its warranty in one or more material respects described more fully above.

1652.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1653.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1654.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1655.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**RR.    Claims Brought on Behalf of the Texas Subclass**

## COUNT 133

### TEXAS DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT (TEX. BUS. & COM. CODE § 17.41, *ET. SEQ.*)

1656.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1657.  Plaintiffs bring this Count on behalf of the Texas Subclass.

1658.  Plaintiff sent a demand for relief to Target on behalf of the Texas Subclass prior to the filing of this complaint.

1659.  Plaintiffs and Texas Subclass members are "consumers," as defined in Tex. Bus. & Com. Code § 17.45(4).

1660.  Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

1661.  Target engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Tex. Bus. & Com. Code § 17.46, in at least the following ways:

a.    Target misrepresented and/or concealed material facts to Plaintiff and the Texas Subclass by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard Plaintiff and Texas Subclass members' funds from unauthorized

use, misappropriation, and/or theft, in violation of Tex. Bus. & Com. Code §
17.46(b)(5), (7), (9), and (24);

b.    Target omitted, suppressed, and/or concealed material facts regarding the
inadequacy of their protections for Plaintiff and Texas Subclass' members'
funds, in violation of Tex. Bus. & Com. Code § 17.46(b)(5), (7), (9), and (24)
and §17.50(d);

c.    Target engaged in unconscionable trade acts or practices in violation of Tex.
Bus. & Com. Code § 17.50(a)(3) and §17.50(d) by failing to disclose, in a
timely and accurate manner, the inadequacy of Target's measures to
safeguard consumers' funds;

d.    Target, upon learning or otherwise becoming aware of the security
vulnerability affecting and inherent to the relevant Gift Cards, engaged in
unconscionable trade acts or practices in violation of Tex. Bus. & Com. Code
§ 17.50(a)(3) and §17.50(d) by failing to enact adequate measures to protect
Plaintiff and the Texas Subclass members' funds from unauthorized use,
misappropriation, and/or theft.

1662.  The above unfair and deceptive practices and acts by Target were improper,
oppressive, and unfair. These acts caused substantial injury to consumers that these
consumers could not reasonably avoid; this substantial injury outweighed any benefits to
consumers or to competition.

1663.  Target knew, or reasonably should have known, that their protections were
inadequate to safeguard Plaintiff and the Texas Subclass' members' funds and that a risk

of unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff and members of the Texas Subclass.

1664.  As a direct and proximate result of Target's deceptive trade practices, Plaintiff and Texas Subclass members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

1665.  Plaintiff and Texas Subclass members seek relief under Tex. Bus. & Com. Code § 17.50, including, but not limited to, economic damages, damages for mental anguish, treble damages, injunctive relief, restitution, and attorneys' fees and costs.

## COUNT 134

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (TEX. BUS. & COM. CODE § 2.314, *ET. SEQ.*)

1666.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1667.  Plaintiffs bring this claim on behalf of the Texas Subclass.

1668.  At all times pertinent to this action, Target was a merchant as that term is defined in Tex. Bus. & Com. Code § 2.104.

1669.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen

the Secret Activation Code from the cards.

1670.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1671.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1672.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1673.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1674.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 135

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (TEX. BUS. & COM. CODE § 2.315, *ET. SEQ.*)

1675.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1676.  Plaintiffs bring this claim on behalf of the Texas Subclass.

1677.  At all times pertinent to this action, Target was a merchant as that term is

defined in Tex. Bus. & Com. Code § 2.104.

1678. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1679. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1680. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1681. Target breached its warranty in one or more material respects described more fully above.

1682. As a direct and proximate result, Plaintiffs and Class members have been damaged.

1683. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1684. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1685. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**SS.** **Claims Brought on Behalf of the Utah Subclass**

## COUNT 136

## UTAH CONSUMER SALES PRACTICES ACT
## (UTAH CODE ANN. §§ 13-11-1, *ET SEQ.*)

1686.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1687.  Plaintiffs bring this Count on behalf of the Utah Subclass.

1688.  Plaintiff Heidi Horne is a resident of the above state and was also a resident of such state when his funds were used without authorization, misappropriated, and/or stolen. Plaintiff brings this Count on Plaintiff's own behalf and on behalf of members of the above state Subclass.

1689.  The Utah Consumer Sales Practices Act ("Utah CSPA") makes unlawful any "deceptive act or practice by a supplier in connection with a consumer transaction" under Utah Code Ann. § 13-11-4. Specifically, "a supplier commits a deceptive act or practice if the supplier knowingly or intentionally: (a) indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not" or "(b) indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not." Utah Code Ann. § 13-11-4. "An unconscionable act or practice by a supplier in connection with a consumer transaction" also violates the Utah CSPA. Utah Code Ann. § 13-11-5.

1690.  Target's actions as alleged herein occurred in the ordinary course of business and in the conduct of trade or commerce.

1691.  Target knowingly, intentionally, and willfully failed to disclose and actively concealed their deficient security measures discussed herein in a manner that was false and misleading, and otherwise engaged in activities with a tendency or capacity to deceive. Target further engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the provision of the relevant Gift Cards.

1692.  By failing to disclose that the Gift Card protections were inadequate or otherwise easily circumvented, and by presenting themselves as reputable and/or otherwise concerned with protecting and/or safeguarding consumers' funds, Target engaged in deceptive business practices in violation of the Utah CSPA.

1693.  Target were also aware, and actively concealed, that they valued profits over the security of consumers' funds, and that Target were inadequately protecting consumers' funds from unauthorized use, misappropriation, and/or theft.

1694.  Target's unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including the Plaintiff and the Utah Subclass, about the adequacy of Target's protections for the relevant Gift Cards, and the likelihood that funds loaded onto, accessible from, or otherwise contained on such cards would be used without authorization, misappropriated, and/or stolen.

1695.  Target owed Plaintiff and the Utah Subclass a duty to disclose the true nature of the deficient security measures alleged herein because Target:

a. Possessed exclusive knowledge that it valued profits and cost-cutting over computer and data security, and that it had suffered numerous data breaches;

b. Intentionally concealed the foregoing from Plaintiff and the Utah Subclass; and/or

c. Made incomplete representations about the security and integrity of its computer and data systems generally, and its numerous data breaches in particular, while purposefully withholding material facts from Plaintiff and the Utah Subclass that contradicted these representations.

1696. Target's misrepresentations and/or omissions as alleged herein were material to Plaintiff and the Utah Subclass.

1697. Plaintiff and the Utah Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information. Class members would have taken steps to prevent the loss of their personal and financial information, and would not have had their information stolen from Target but for Target's violations of the Utah CSPA.

1698. Target's violations present a continuing risk to Plaintiff and the Utah Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

1699. As a direct and proximate result of Target's violations of the Utah CSPA, the Plaintiff and the Utah Subclass' members have suffered injury-in fact and/or actual damage.

1700.  Target had an ongoing duty to all Target's customers to refrain from unfair and deceptive practices under the Utah CSPA. Plaintiff and the Utah Subclass' members suffered ascertainable loss, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards, as well as out of pocket expenses and time associated with attempting to remedy the consequences of Target's deceptive and unfair acts and practices.

1701.  Pursuant to Utah Code Ann. § 13-11-4, Plaintiff and the Utah Subclass seek monetary relief against Target measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $2,000 for each Plaintiff and each Utah Subclass member, reasonable attorneys' fees, and any other just and proper relief available under the Utah CSPA.

## COUNT 137

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (UTAH CODE ANN. § 70A-2-314, *ET. SEQ.*)

1702.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1703.  Plaintiffs bring this claim on behalf of the Utah Subclass.

1704.  At all times pertinent to this action, Target was a merchant as that term is defined in Utah Code Ann. § 70A-2-104.

1705.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen

the Secret Activation Code from the cards.

1706.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1707.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1708.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1709.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1710.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 138

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (UTAH CODE ANN. § 70A-2-104, *ET. SEQ.*)

1711.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1712.  Plaintiffs bring this claim on behalf of the Utah Subclass.

1713.  At all times pertinent to this action, Target was a merchant as that term is

defined in Utah Code Ann. § 70A-2-104.

1714. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1715. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1716. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1717. Target breached its warranty in one or more material respects described more fully above.

1718. As a direct and proximate result, Plaintiffs and Class members have been damaged.

1719. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1720. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1721. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**TT.    Claims Brought on Behalf of the Vermont Subclass**

## COUNT 139

## VERMONT CONSUMER FRAUD ACT
### (VT. STAT. ANN. TIT. 9, § 2451, *ET. SEQ.*)

1722.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1723.  Plaintiffs bring this Count on behalf of the Vermont Subclass.

1724.  The Vermont Subclass' members are "consumers" as meant by Vt. Stat. Ann. tit. 9, § 2451a.

1725.  The Vermont Subclass' members purchased "goods" or "services," as meant by Vt. Stat. Ann. tit. 9, § 2451a., from Target.

1726.  Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

1727.  Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of Vt. Stat. Ann. tit. 9, § 2453, in at least the following ways:

a.    Target misrepresented and/or concealed material facts to the Vermont Class by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard the Vermont Subclass' members' personal funds from unauthorized use,

misappropriation, and/or theft, in violation of Vt. Stat. Ann. tit. 9, § 2435(b)(1);

b.    Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their protections for the Vermont Subclass members' funds, in violation of Vt. Stat. Ann. tit. 9, § 2435(b)(1);

c.    Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose the inadequacy of their measures to safeguard consumers' funds in a timely and accurate manner, in violation of Vt. Stat. Ann. tit. 9, § 2435(b)(1);

d.    Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures and protect the Vermont Subclass' members' funds from unauthorized use, misappropriation, and/or theft.

1728.  The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1729.  Target knew, or reasonably should have known, that their protections were inadequate to safeguard the Vermont Subclass' members' personal funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent,

knowing and willful, and/or wanton and reckless with respect to the rights of members of the Vermont Subclass.

1730. As a direct and proximate result of Target's deceptive acts and practices, the Vermont Subclass members suffered injury and/or damages.

1731. Plaintiff and Vermont Subclass members seek relief under Vt. Stat. Ann. tit. 9, § 2461, including, but not limited to, injunctive relief, restitution, actual damages, disgorgement of profits, exemplary damages, and attorneys' fees and costs.

**COUNT 140**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
(VT. STAT. ANN. T. 9A § 2-314, *ET. SEQ.*)**

1732. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1733. Plaintiffs bring this claim on behalf of the Vermont Subclass.

1734. At all times pertinent to this action, Target was a merchant as that term is defined in Vt. Stat. Ann. T. 9A § 2-104.

1735. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1736. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the

balance of the Gift Cards subject to loss.

1737.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1738.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1739.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1740.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 141

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (VT. STAT. ANN. T. 9A § 2-315, *ET. SEQ.*)

1741.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1742.  Plaintiffs bring this claim on behalf of the Vermont Subclass.

1743.  At all times pertinent to this action, Target was a merchant as that term is defined in Vt. Stat. Ann. T. 9A § 2-104.

1744.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1745.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1746.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1747.  Target breached its warranty in one or more material respects described more fully above.

1748.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1749.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1750.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1751.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

UU.  **Claims Brought on Behalf of the Virginia Subclass**

## COUNT 142

## VIRGINIA CONSUMER PROTECTION ACT
## (VA. CODE ANN. §§ 59.1-196, *ET SEQ.*)

1752.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1753.  Plaintiffs bring this Count on behalf of the Virginia Subclass.

1754.  The Virginia Consumer Protection Act ("Virginia CPA") prohibits "…(5) misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits; (6) misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; … (8) advertising goods or services with intent not to sell them as advertised …; [and] (14) using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction[.]" Va. Code Ann. § 51-200(A).

1755.  Target are "person[s]" as defined by Va. Code Ann. § 59.1-198. The transactions between Plaintiff and the Virginia Subclass members on the one hand and Target on the other, leading to the purchase of the relevant Gift Cards, are "consumer transactions" as defined by Va. Code Ann. § 59.1-198.

1756.  Target's actions as alleged herein occurred in the ordinary course of business and in the conduct of trade or commerce.

1757.  Target knowingly, intentionally, and willfully failed to disclose and actively concealed their deficient security measures discussed herein in a manner that was false and misleading, and otherwise engaged in activities with a tendency or capacity to deceive. Target further engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the provision of the relevant Gift Cards.

1758.  Accordingly, Target engaged in acts and practices violating Va. Code Ann. § 59.1-200(A), including representing that the relevant Gift Cards have characteristics,

uses, benefits, and qualities which they do not have; representing that the protections for the relevant Gift Cards were of a particular standard and quality when they are not, and otherwise engaging in conduct likely to deceive.

1759.  By failing to disclose that the Gift Card protections were inadequate or otherwise easily circumvented, and by presenting themselves as reputable and/or otherwise concerned with protecting and/or safeguarding consumers' funds, Target engaged in deceptive business practices in violation of the Virginia CPA.

1760.  Target were also aware, and actively concealed, that they valued profits over the security of consumers' funds, and that Target were inadequately protecting consumers' funds from unauthorized use, misappropriation, and/or theft.

1761.  Target's unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the Virginia Subclass' members, about the adequacy of Target's protections for the relevant Gift Cards and the likelihood that funds loaded onto, accessible from, or otherwise contained on such cards would be used without authorization, misappropriated, and/or stolen.

1762.  Target's unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the Virginia Subclass' members, about the adequacy of Target's protections for the relevant Gift Cards and the likelihood that funds loaded onto, accessible from, or otherwise contained on such cards would be used without authorization, misappropriated, and/or stolen.

1763.  Target the Virginia Subclass a duty to disclose the true nature of the deficient security measures alleged herein because Target:

a.    Possessed exclusive knowledge that it valued profits and cost-cutting over the security of consumers' funds;

b.    Intentionally concealed the foregoing from the Virginia Subclass; and/or

c.    Made incomplete representations about the security and integrity of its Gift Cards generally, while purposefully withholding material facts from the Virginia Subclass that contradicted these representations.

1764.  Target's misrepresentations and/or omissions as alleged herein were material to the Virginia Subclass.

1765. The Virginia Subclass' members suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information. Plaintiff and the Virginia Subclass would have taken steps to prevent the theft of their funds but for Target's violations of the Virginia CPA.

1766.  Target's violations present a continuing risk to Plaintiff and the Virginia Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

1767.  As a direct and proximate result of Target's violations of the Virginia CPA, the Virginia Subclass' members have suffered injury-in-fact and/or actual damage. These injuries are the direct and natural consequence of Target's misrepresentations and omissions.

1768.  Target had an ongoing duty to all Target customers to refrain from unfair and deceptive practices under the Virginia CPA. The Virginia Subclass' members suffered ascertainable loss in the form of, for example, a total or partial loss of funds that were

loaded onto, accessible from, or otherwise contained on the relevant Gift Cards, as well as out of pocket expenses and time associated with attempting to remedy the consequences of Target's deceptive and unfair acts and practices.

1769. Target actively and willfully concealed and/or suppressed the material facts regarding the Gift Cards with the intent to deceive and mislead Plaintiff and the Virginia Subclass. Plaintiff and the Virginia Subclass members therefore seek treble damages.

## COUNT 143

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (VA. CODE ANN. § 8.2-314, *ET. SEQ.*)

1770. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1771. Plaintiffs bring this claim on behalf of the Virginia Subclass.

1772. At all times pertinent to this action, Target was a merchant as that term is defined in Va. Code Ann. § 8.2-104.

1773. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1774. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1775.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1776.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1777.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1778.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 144

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (VA. CODE ANN. § 8.2-315, *ET. SEQ.*)

1779.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1780.  Plaintiffs bring this claim on behalf of the Virginia Subclass.

1781.  At all times pertinent to this action, Target was a merchant as that term is defined in Va. Code Ann. § 8.2-104.

1782.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1783.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1784.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1785.  Target breached its warranty in one or more material respects described more fully above.

1786.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1787.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1788.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1789.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**VV.   Claims Brought on Behalf of the Washington Subclass**

## COUNT 145

### WASHINGTON CONSUMER PROTECTION ACT
### (WASH. REV. CODE § 19.86.020, *ET. SEQ.*)

1790.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1791.  Plaintiffs bring this Count on behalf of the Washington Subclass.

1792.  Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

1793.  Target engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Wash. Rev. Code § 19.86.020, in at least the following ways:

a.  Target omitted, suppressed, and/or concealed material facts to the Washington Subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard the Washington Subclass members' funds from unauthorized use, misappropriation, and/or theft, in violation of Wash. Rev. Code § 19.255.010(1);

b.  Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections the Washington Subclass' members' funds, in violation of Wash. Rev. Code § 19.255.010(1);

c.  Target engaged in deceptive, unfair, and unlawful trade acts and practices by failing to disclose the inadequacy of their measures to safeguard consumers' funds in a timely and accurate manner, contrary to the duties imposed by Wash. Rev. Code § 19.255.010(1);

d.  Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in deceptive, unfair, and unlawful trade acts or practices by failing to enact

adequate measures to protect the Washington Subclass members' funds from unauthorized use, misappropriation, and/or theft in violation of Wash. Rev. Code § 19.255.010(1).

1794.  The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1795.  Target knew, or reasonably should have known that their protections were inadequate to safeguard the Washington Subclass's members' funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Washington Subclass.

1796.  As a direct and proximate result of Target's deceptive trade practices, the Washington Subclass' members suffered injury and/or damages, including the loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

1797.  The Washington Subclass' members seek relief under Wash. Rev. Code § 19.86.090, including, but not limited to, actual damages, treble damages, injunctive relief, and attorneys' fees and costs.

## COUNT 146

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (WASH. REV. CODE § 62A.2-314, *ET. SEQ.*)

1798.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1799.  Plaintiffs bring this claim on behalf of the Washington Subclass.

1800.  At all times pertinent to this action, Target was a merchant as that term is defined in Wash. Rev. Code § 62A.2-104.

1801.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1802.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1803.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1804.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1805.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1806.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

### COUNT 147

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (WASH. REV. CODE § 62A.2-315, *ET. SEQ.*)

1807.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1808.  Plaintiffs bring this claim on behalf of the Washington Subclass.

1809.  At all times pertinent to this action, Target was a merchant as that term is defined in Wash. Rev. Code § 62A.2-104.

1810.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1811.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1812.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1813.  Target breached its warranty in one or more material respects described more fully above.

1814.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1815.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1816.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1817.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## WW.  Claims Brought on Behalf of the West Virginia Subclass

### COUNT 148

### WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT (W. VA. CODE § 46A-6-101, *ET. SEQ.*)

1818.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1819.  Plaintiffs bring this Count on behalf of the West Virginia Subclass.

1820.  Plaintiffs bring this Count on behalf of members of the above state Subclass, who are residents of the above state and were also residents of such state when their funds were used without authorization, misappropriated, and/or stolen.

1821.  Plaintiffs sent a demand for relief to Target on behalf of the West Virginia Subclass prior to the filing of this complaint.

1822.  Members of the West Virginia Subclass relied on Target's services in "trade" or "commerce," as meant by W. Va. Code Ann. § 46A-6-102, for personal, family, and/or household purposes.

1823. Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

1824. Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of W. Va. Code Ann. § 46A- 6-104, in at least the following ways:

    a.    Target misrepresented and/or concealed material facts to the West Virginia subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard the Vermont Subclass' members' funds from unauthorized use, misappropriation, and/or theft in violation of W. Va. Code Ann. § 46A-6-102(7)(E), (I), (L), (M), and (N);

    b.    Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections for the West Virginia Subclass' members' funds in violation of W. Va. Code Ann. § 46A-6-102(7)(E), (I), (L), (M), and (N);

    c.    Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds, in violation of W.Va. Code § 46A-2A-102(a);

      d.    Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures to protect the West Virginia Subclass members' funds from unauthorized use, misappropriation, and/or theft, in violation of W.Va. Code § 46A-2A-102(a).

1825. The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1826. Target knew, or reasonably should have known, that their protections were inadequate to safeguard the West Virginia Subclass' members' funds and that a risk of unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the members of the West Virginia Subclass.

1827. As a direct and proximate result of Target's deceptive acts and practices, the West Virginia Subclass' members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

1828.  The West Virginia Subclass' members seek relief under W. Va. Code § 46A-6-106 and 46A-5-104, including, but not limited to, injunctive relief, actual damages or $200, whichever is greater, and attorneys' fees and costs.

## COUNT 149

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (W. VA. CODE § 46-2-314, *ET. SEQ.*)

1829.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1830.  Plaintiffs bring this claim on behalf of the West Virginia Subclass.

1831.  At all times pertinent to this action, Target was a merchant as that term is defined in W. Va. Code § 46-2-104.

1832.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1833.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1834.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1835.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1836.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1837.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 150

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
(W. VA. CODE § 46-2-315, *ET. SEQ.*)

1838.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1839.  Plaintiffs bring this claim on behalf of the West Virginia Subclass.

1840.  At all times pertinent to this action, Target was a merchant as that term is defined in W. Va. Code § 46-2-104.

1841.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1842.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1843.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1844.  Target breached its warranty in one or more material respects described more fully above.

1845.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

1846.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1847.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1848.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**XX.    Claims Brought on Behalf on the Wisconsin Subclass**

**COUNT 151**

**WISCONSIN DECEPTIVE TRADE PRACTICES ACT
(WIS. STAT. § 110.18 ET SEQ.)**

1849.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1850.  Plaintiffs bring this Count on behalf of the Wisconsin Subclass.

1851.  Target is a "person[s], firm[s], corporation[s] or association[s]" within the meaning of Wis. Stat. § 100.18(1).

1852.  Plaintiffs and Wisconsin Subclass Members are members of "the public" within the meaning of Wis. Stat. § 100.18(1).

1853. The Wisconsin Deceptive Trade Practices Act ("Wisconsin DTPA") prohibits a "representation or statement of fact which is untrue, deceptive or misleading." Wis. Stat. § 100.18(1).

1854. Target's actions as alleged herein occurred in the ordinary course of business and in the conduct of trade or commerce.

1855. In the course of business, Target knowingly, intentionally, and willfully failed to disclose and actively concealed their deficient security measures discussed herein in a manner that was false and misleading, and otherwise engaged in activities with a tendency or capacity to deceive. Target further engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the provision of the relevant Gift Cards.

1856. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with its provision of Gift Cards.

1857. By failing to disclose that the Gift Card protections were inadequate or otherwise easily circumvented, and by presenting themselves as reputable and/or otherwise concerned with protecting and/or safeguarding consumers' funds, Target engaged in deceptive business practices in violation of the Wisconsin DTPA.

1858.  Target were also aware, and actively concealed, that they valued profits over the security of consumers' funds, and that Target were inadequately protecting consumers' funds from unauthorized use, misappropriation, and/or theft.

1859.  Target's unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the Wisconsin Subclass' members, about the adequacy of Target's protections for the relevant Gift Cards and the likelihood that funds loaded onto, accessible from, or otherwise contained on such cards would be used without authorization, misappropriated, and/or stolen.

1860.  Target owed Plaintiff and the Wisconsin Subclass a duty to disclose the true nature of the deficient security measures alleged herein because Target:

a.    Possessed exclusive knowledge that it valued profits and cost-cutting over the security of consumers' funds;

b.    Intentionally concealed the foregoing from Plaintiff and the Wisconsin Subclass; and/or

c.    Made incomplete representations about the security and integrity of its Gift Cards generally, while purposefully withholding material facts from Plaintiff and the Wisconsin Subclass that contradicted these representations.

1861.  Target's misrepresentations and/or omissions as alleged herein were material to Plaintiff and the Wisconsin Subclass.

1862. Plaintiff and the Wisconsin Subclass suffered ascertainable loss caused by Target's misrepresentations, and failure to disclose material information. Plaintiff and the

Virginia Subclass would have taken steps to prevent the theft of their funds but for Target's violations of the Wisconsin DTPA.

1863.  Target's violations present a continuing risk to Plaintiff and the Wisconsin Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

1864.  As a direct and proximate result of Target's violations of the Wisconsin DTPA, Plaintiff and the Wisconsin Subclass have suffered injury-in fact and/or actual damage.

1865.  Target had an ongoing duty to all Target's customers to refrain from unfair and deceptive practices under the Wisconsin DTPA. Plaintiff and the Wisconsin Subclass' members suffered ascertainable loss, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards,  as well as out of pocket expenses and time associated with attempting to remedy the consequences of Target's deceptive and unfair acts and practices.

1866.  Plaintiff and the Wisconsin Subclass are entitled to damages and other relief provided for under Wis. Stat. § 100.18(11)(b)(2). Because Target's conduct was committed knowingly and/or intentionally, Plaintiff and the Wisconsin Subclass are entitled to treble damages.

1867.  Plaintiff and the Wisconsin Subclass also seek court costs and attorneys' fees under Wis. Stat. § 110.18(11)(b)(2).

## COUNT 152

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (WIS. STAT. § 402.314 *ET. SEQ.*)

1868.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1869.  Plaintiffs bring this claim on behalf of the Wisconsin Subclass.

1870.  At all times pertinent to this action, Target was a merchant as that term is defined in Wis. Stat. § 402.104.

1871.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1872.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1873.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1874.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1875. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1876. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 153

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (WIS. STAT. § 402.315, *ET. SEQ.*)

1877. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1878. Plaintiffs bring this claim on behalf of the Wisconsin Subclass.

1879. At all times pertinent to this action, Target was a merchant as that term is defined in Wis. Stat. § 402.104.

1880. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1881. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1882. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1883. Target breached its warranty in one or more material respects described more fully above.

1884. As a direct and proximate result, Plaintiffs and Class members have been damaged.

1885.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1886.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1887.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## YY.    Claims Brought on Behalf of Wyoming Subclass

### COUNT 154

### WYOMING CONSUMER PROTECTION ACT
### (W. S. 1977 § 40-12-101, *ET SEQ.*)

1888.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

1889.  Plaintiffs bring this Count on behalf of the Wyoming Subclass.

1890.  Plaintiffs sent a demand for relief to Target on behalf of the Wyoming Subclass prior to the filing of this complaint.

1891.  Plaintiffs and the Wyoming Subclass relied on Target's services in "consumer transactions" as meant by W. S. 1977 § 40-12-102, for personal, family, and/or household purposes.

1892.  Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

1893. Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of W. S. 1977 § 40-12-105, in at least the following ways:

    a.    Target misrepresented and/or concealed material facts to the Wyoming Subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard the Wyoming Subclass' members' personal funds from unauthorized use, misappropriation, and/or theft, in violation of W. S. 1977 § 40-12-105(a)(i), (iii), (viii), (xv);

    b.    Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections for the Wyoming Subclass' members' funds, in violation of W. S. 1977 § 40-12-105(a)(i), (iii), (viii), (xv);

    c.    Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds, in violation of W. S. 1977 § 40-12-502(a);

    d.    Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures to protect the Wyoming Subclass' members' funds from

unauthorized use, release, misappropriation, and/or theft, in violation of W. S. 1977 § 40-12-502(a).

1894.  The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1895.  Target knew, or reasonably should have known, that their protections were inadequate to safeguard the Wyoming Subclass' members' funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Wyoming Subclass.

1896.  As a direct and proximate result of Target's deceptive acts and practices, the Wyoming Subclass' members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

1897.  The Wyoming Subclass' members seek relief under W. S. 1977 § 40-12-108(b), including, but not limited to, injunctive relief, actual damages or $200, whichever is greater, and attorneys' fees and costs.

## COUNT 155

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (W. S. 1977 § 34.1-2-314, *ET SEQ.*)

1898.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1899.  Plaintiffs bring this claim on behalf of the Wyoming Subclass.

1900.  At all times pertinent to this action, Target was a merchant as that term is defined in W. S. 1977 § 34.1-2-104.

1901.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1902.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

1903.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

1904.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1905.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1906.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## COUNT 156

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (W. S. 1977 § 34.1-2-315, *ET SEQ.*)

1907.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1908.  Plaintiffs bring this claim on behalf of the Wyoming Subclass.

1909.  At all times pertinent to this action, Target was a merchant as that term is defined in W. S. 1977 § 34.1-2-104.

1910.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

1911.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

1912.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1913.  Target breached its warranty in one or more material respects described more fully above.

1914.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

343

1915.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1916.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1917.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

## ZZ.    Claims Brought on Behalf of the Nationwide Class

### COUNT 157

### UNJUST ENRICHMENT
### (On behalf of the Nationwide Class or, alternatively, the State Subclasses)

1918.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1919.  Target has received money under such circumstances that, in equity in good conscience, it ought not to retain specifically as to:

a.    The revenue received from the sale of Gift Cards;

b.    The amount of funds loaded onto Gift Cards which Target knew or should have known were insecure because the secret Activation Code was known to third parties lacking a need to know the Code.

1920.  A benefit was conferred upon Target at the Plaintiffs' and Class members' expense under circumstances that would make Target retention of the money unjust.

1921. Specifically, Target received money from the sale of the Gift Cards and Plaintiffs and Class members received nothing of value in return.

1922. Target enjoyed enrichment by retaining the profits associated with the sale of merchandise.

1923. Plaintiffs and Class members suffered an economic detriment and loss.

1924. There is a direct connection between the enrichment of Target and the impoverishment of Plaintiffs and Class members.

1925. Target has appreciated the benefit and had knowledge and awareness that it was, in fact, receiving a benefit.

1926. As a result, Plaintiffs and Class members have been damaged.

## COUNT 158

### NEGLIGENT MISREPRESENTATION
### (On behalf of the Nationwide Class or, alternatively, the State Subclasses)

1927. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1928. In the course of its business, Target represented to Plaintiffs and all Class members that it was selling Gift Cards valued in an amount certain, determined and paid for at the time of sale. Consumers were objectively and reasonably justified in their natural conclusion that such amounts certain would be secure, valuable, and free from fraud, tampering or compromise.

1929. Alternatively, in the course of its business, Target had a duty to disclose that the cards were not secure because (1) Target made representations about the amount-

certain value of the cards, and needed to say enough to prevent those words from misleading Plaintiffs, and (2) Target had special knowledge that the cards were susceptible to having their security codes copied by third parties while in Target's custody and control, and that it could determine whether security tape had been tampered with or replaced with imposter tape, to which special knowledge Plaintiffs did not have access. Target failed to disclose to Plaintiffs and all Class members that it was selling Gift Cards that were not original, usable, secure, valuable, and free from fraud, tampering or compromise.

1930. In the course of its business, Target failed to disclose to Plaintiffs and Class members that it was aware that it was probable and possible that third parties knew the secret Activation Code on the Gift Card inventory offered for sale.

1931. Target made these representations and omissions to Plaintiffs in connection with Plaintiffs' purchase of Apple iTunes Gift Cards.

1932. These representations and omissions were material to Plaintiffs' decisions to purchase the Gift Cards.

1933. Because of Target's failure to use reasonable care, Target's representations and omissions were false because the Gift Cards were not original and usable because third parties had tampered with the cards to obtain the unique Activation Code associated with the Gift Cards.

1934. Plaintiffs justifiably relied on Target's representations and omissions about the condition of the Gift Cards because Target had superior knowledge about the cards' condition.

1935. As a direct and proximate result of Plaintiffs' reliance on Target's representations about the Gift Cards, Plaintiffs and Class members have suffered pecuniary loss in an amount determined to be fair and reasonable, but which is equivalent to the funds loaded onto the Gift Cards.

## COUNT 159

### FRAUD BY OMISSION
### (On behalf of the Nationwide Class or, alternatively, the State Subclasses)

1936. Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1937. Target, at or before the time of sale, fraudulently omitted, concealed, and otherwise failed to disclose their knowledge of material information germane to the significant security vulnerability with the Apple iTunes Gift Cards.

1938. By means of numerous customer complaints, Target knew about the widespread problem of third parties tampering with Apple iTunes Gift Cards in order to obtain the unique Activation Code and improperly misappropriate customer funds. At the very least, Target had knowledge of the problem when Plaintiffs complained at their local Target stores and filed complaints with Target's customer service department.

1939. Target had a duty to disclose that the cards were not secure because (1) Target made representations about the amount-certain value of the cards, and needed to say enough to prevent those words from misleading Plaintiffs, and (2) Target had special knowledge that the cards were susceptible to having their security codes copied by third parties while in Target's custody and control, and that it could determine whether security

tape had been tampered with or replaced with imposter tape, to which special knowledge Plaintiffs did not have access.

1940.  Target failed to disclose to Plaintiffs and Class members that third parties had tampered with the Gift Cards – or were otherwise capable of doing so – such that the Plaintiffs and Class members funds would be used, stolen, or otherwise misappropriated.

1941.  Further, Target failed to disclose to Plaintiffs and Class members that Target did not have adequate systems, policies, and security practices to secure customers' Gift Card account information and Gift Card funds

1942.  Plaintiffs and Class members had no reasonable means available to discover the materially omitted information at or before the time of sale.

1943.  No reasonable consumer would have purchased a Target Gift Card if the materially-omitted information was sufficiently disclosed at the time of sale.

1944.  Target intended for Plaintiffs to rely upon their omissions and concealment by purchasing Apple iTunes Gift Cards.

1945.  Plaintiffs and Class members materially relied upon the omissions and concealment by purchasing tampered with Gift Cards.

1946.  Plaintiffs' and Class members' reliance was justifiable and reasonable because they were not aware of the ease by which a third party could misappropriate funds loaded onto the card, nor were they aware of the probability that a Gift Card had been or could be tampered with or otherwise compromised.

1947.  Plaintiffs lacked knowledge that Target's statements and omissions were false.

1948.  As a direct and proximate result, Plaintiffs were damaged by the loss of the funds they loaded onto the tampered with Gift Cards.

1949.  Target's actions were evil, wanton, reckless and intentional so as to justify the imposition of punitive damages.

1950.  Plaintiffs are entitled to punitive damages to punish Target and to deter Target and others from engaging in similar conduct in the future.

## COUNT 160

**BREACH OF CONTRACT**
**(On behalf of the Nationwide Class or, alternatively, the State Subclasses)**

1951.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1952.  Every sale of a Gift Card constitutes a lawful contract between Target and the purchaser. Plaintiffs and the Class members agreed to provide funds to Target in exchange for a Gift Card that could be redeemed to purchase merchandise online or at Target retail stores.

1953.  Plaintiffs and the other Class members bargained for a Gift Card that would securely store their funds until such a time when Plaintiffs and the other Class members, or their beneficiaries, could use and/or redeem the aforementioned funds to make a purchase. Plaintiffs and Class members purchased Gift Cards and tendered the price of payment at the point of sale.

1954.  Plaintiffs and the Class members fully complied with their obligations pursuant to the contract with Target.

1955.  Plaintiffs and the other Class members did not receive the benefit of their bargain. Target materially breached these contracts by, among other things, selling to Plaintiffs and the other Class members Gift Cards that were compromised; misrepresenting or failing to disclose its knowledge that the Gift Cards have a significant security vulnerability that could result in a total loss of all funds loaded onto such cards due to improper misappropriation by a third party; and failing or otherwise refusing to provide use or access to funds up to and including the amount exchanged for, or otherwise loaded onto, the Gift Cards.

1956.  Target's misrepresentations and omissions alleged herein caused Plaintiffs and the other Class members to make their purchases of the Gift Cards. Absent those misrepresentations and omissions, Plaintiffs and the other Class members would not have purchased these Gift Cards.

1957.  As a direct and proximate result of Target's breach of contract, Plaintiffs and the Class have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law.

## COUNT 161

### BREACH OF IMPLIED CONTRACT
### (On behalf of the Nationwide Class or, alternatively, the State Subclasses)

1958.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1959.  When Plaintiffs and Class members provided funds to the Target in exchange for a Gift Card, Plaintiffs and members of the Class entered into implied contracts with Target pursuant to which Target agreed to take reasonable measures to safeguard and protect such funds or otherwise prevent improper use and appropriation by a third party.

1960.  Plaintiffs and Class members would not have provided and entrusted funds to Target in the absence of the implied contract between them and Target.

1961.  Plaintiffs and members of the Class fully performed their obligations under the implied contracts with Target.

1962.  Target breached the implied contracts it made with Plaintiffs and Class members by failing to adequately safeguard and protect the funds entrusted by Plaintiffs and members of the Class and, in some instances, freezing Plaintiffs and Class members Gift Card accounts or otherwise preventing them from accessing their funds.

1963.  The losses and damages sustained by Plaintiffs and Class members as described herein were the direct and proximate result of Target breaches of the implied contracts between Target and Plaintiffs and members of the Class.

## COUNT 162

### NEGLIGENCE
### (On behalf of the Nationwide Class or, alternatively, the State Subclass)

1964.  Plaintiffs incorporate the foregoing paragraphs by reference as if set forth more fully herein.

1965.  Target had a duty of care, breached that duty of care, and, as a result, Plaintiffs and Class members were injured due to that breach.

1966. Target's conduct created a foreseeable risk of injury to foreseeable purchasers of the Gift Cards, specifically, Plaintiffs and other Class members.

1967. Target played a key role in allowing harm to Plaintiffs and Class members to occur – its safety and oversight procedures were woefully inadequate to protect the secret Activation Codes. Without proper security, third parties were able to easily obtain this information and drain funds from the purchased Gift Cards.

1968. Target was solely able and solely responsible to safeguard the Activation Codes of the Gift Cards prior to purchase by Plaintiffs and Class members.

1969. Target knew or should have known that the Gift Cards had been compromised by third parties so that Plaintiffs' and Class members' purchases of the Gift Cards were under a false pretense and rendered meaningless when the third parties used the Activation Codes to drain the Gift Cards of funds.

1970. Defendants owed Plaintiffs and Class members duties to:

a.    disclose the true nature of the Gift Cards and Target's security measures used for the Gift Cards;

b.    Warn Plaintiffs and Class members that the Gift Cards may have been compromised;

c.    maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

d.   Refrain from selling Gift Cards to Plaintiffs and Class members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

e.   take proper action following the data breach to enact adequate privacy and security measures and protect Class members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft;

f.   act reasonably and not place inherently defective Gift Cards into the marketplace;

g.   take all reasonable measures to ensure that Plaintiffs and Class members were not purchasing defective Gift Cards that had been compromised by third parties;

h.   Reimburse Plaintiffs and Class members for purchases of Gift Cards that Target knew or should have known were compromised.

i.   ensure that the security and protection of the Gift Cards was adequate to prevent tampering by any third party;

1971.   Target breached its duties by negligently failing to properly secure and oversee the Gift Cards so that they could not be tampered with by third parties. Additionally, Target breached its duties by placing these defective Gift Cards into the marketplace and misrepresenting to Plaintiffs and Class members that they were non-defective and could properly be used to store funds to be later used in the Apple iTunes store.

1972.  Target further breached its duties by failing to warn Plaintiffs and the Class members of the possibility that their Gift Cards had been compromised by third parties and that Plaintiffs and Class members' funds might be withdrawn by these third parties.

1973.  Target further breached its duties by failing to notify Plaintiffs and the Class members in a timely manner of the tampered Gift Cards despite having knowledge.

1974. As a result of Target's breaches of their duties, Plaintiffs' and the Class members' have suffered injury through, among other things, the loss of their funds in loading money onto the Gift Cards which were drained by third parties due to Target's insufficient and negligent security and oversight.

1975. If Target had not breached their duties owed to Plaintiffs and the Class members, Plaintiffs' and the Class members' would not have been injured.

1976. As a direct and proximate result of Target's breach of its duties and the resulting harm, Plaintiffs and Class members have suffered and continue to suffer reasonably foreseeable injuries and damages, including, but not limited to, loss of the use and enjoyment of money.

1977.  Accordingly, Plaintiffs and Class members seek damages from Target, in an amount to be determined at trial, directly resulting from the harm Plaintiffs and Class members have suffered in a sufficient amount to compensate them for the losses sustained and to restore Plaintiffs and Class members to their original position.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the classes described above, respectfully request the following relief:

1.      That the Court certify this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and, pursuant to Fed. R. Civ. P. 23(g), appoint the named Plaintiffs to be Class representatives and their undersigned counsel to be Class counsel;

2.      That the Court award Plaintiffs and the Classes appropriate relief, including actual and statutory damages, exemplary and punitive damages as allowable;

3.      Equitable relief including, but not limited to, restitution and disgorgement;

4.      That the Court award Plaintiffs and the Class equitable, injunctive, and declaratory relief as may be appropriate under applicable state laws.

5.      That the Court award Plaintiffs and the Classes pre-judgment and post judgment interest;

6.      That the Court award Plaintiffs and the Classes reasonable attorney fees and costs as allowable by law;

7.      Such additional orders or judgments as maybe necessary to prevent these practices and to restore any interest or any money or property which may have been acquired by means of the violations set forth in this Complaint;

8.      That the Court award Plaintiffs and the Classes such other, favorable relief as allowable under law or at equity.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 19, 2021                    Respectfully submitted,

                                       *s/David M. Cialkowski*
                                       David M. Cialkowski (MN Lic. #306526)
                                       Ian McFarland (MN Lic. #0392900)
                                       **ZIMMERMAN REED LLP**
                                       1100 IDS Center, 80 S. 8th St.
                                       Minneapolis, MN 55402
                                       Telephone: (612) 341-0400
                                       david.cialkowski@zimmreed.com
                                       ian.mcfarland@zimmreed.com

                                       E. Powell Miller
                                       Sharon S. Almonrode
                                       Dennis A. Lienhardt
                                       **THE MILLER LAW FIRM, P.C.**
                                       950 W. University Dr., Suite 300
                                       Rochester, Michigan 48307
                                       Telephone: (248) 841-2200
                                       epm@millerlawpc.com
                                       ssa@millerlawpc.com
                                       dal@millerlawpc.com

                                       Donald Brown
                                       Craig R. Heidemann
                                       **DOUGLAS, HAUN & HEIDEMANN PC**
                                       901 E. St. Louis St., Suite 1200
                                       Springfield, MO 65806
                                       Telephone (417) 326-5261
                                       don@dhhlawfirm.com
                                       craig@dhhlawfirm.com

                                       Bilal A. Essayli
                                       D. Andrew Brown
                                       **ESSAYLI & BROWN LLP**
                                       18191 Von Karman Ave., Suite 100
                                       Irvine, California 92612
                                       Telephone (949) 508-2980
                                       bessayli@essaylibrown.com
                                       abrown@essaylibrown.com

                                       *Attorneys for Plaintiffs and the Putative Class*