UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shukai Chen, Christina Lira-Porcho, Rita Manning, Keppie Moore, Yike Xue, John Turek, Jack Garthwaite, Robin Prebe, Jewel Mitchell, Beverly Sikora, Darrell Sandifer, Thelma Brown, Patricia Logsdon, Lisa Dannolfo, Scott Dunham, Laurie Williams, Sabrina Jackson, Tammy Gower, Shirley Wiley, Kim McCullough, Robert Diehl, Stephanie Baker, Jiyoung Kim, Curtis McMaster, Raymond Lewis, Caleb Rogers, Lindsey Arotin, Angela Wilczynski, Shanequa Morris, Katrina Bailey, and Tori Gouge, *on behalf of themselves and all others similarly situated*, | Civil No. 21-1247 (DWF/DTS) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Target Corporation, | |
| Defendant. | |

Bilal Essayli, Esq., David Andrew Brown, Esq., Essayli & Brown; Craig Richard Heidemann, Esq., Douglas, Haun & Heidemann, P.C.; David M. Cialkowski, Esq., Ian F. McFarland, Esq., Zimmerman Reed, PLLP; Sharon S. Almonrode, Esq., Dennis A. Lienhardt, Jr., Esq., and E. Powell Miller, Esq., The Miller Law Firm, P.C., counsel for Plaintiffs.

Ellen B. Silverman, Esq., Jennifer Weller, Esq., and Margaret Ann Santos Esq., Hinshaw & Culbertson, LLP, counsel for Defendant.

## INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Appoint Counsel pursuant to Fed. R. Civ. P. 23(g)(3). (Doc. No. 33 (Motion).) Defendant opposes the Motion. (Doc. No. 43 ("Def. Opp.").) For the reasons set forth below, the Court grants Plaintiffs' Motion.

## BACKGROUND

Plaintiffs, in a putative class action, allege that Defendant knowingly sold consumers Apple iTunes Gift Cards ("Gift Cards") that had been tampered with before Defendant sold the Gift Cards. (Doc. No. 47 ("Am. Complaint") ¶ 1.) Specifically, Plaintiffs contend that Defendant knew the Gift Cards it was selling to consumers were unsecure and susceptible to tampering by third parties to deplete consumers' funds after consumers had purchased the Gift Cards from Defendant's retail stores. (*Id.*) Plaintiffs allege that Defendant knew or should have known that third parties were obtaining the concealed activation code on the Gift Cards and using the codes to steal funds that consumers loaded onto the Gift Cards upon purchase. (*Id.*) Plaintiffs further allege that Defendant failed to take adequate and reasonable measures to: (1) ensure that the Gift Cards they were selling were safe, secure, and free from tampering, and (2) warn and disclose to consumers the material fact that it was possible the Gift Cards had been tampered with. (*Id.* ¶ 2.)

Plaintiffs now move to appoint Sharon S. Almonrode ("Almonrode") of the Miller Law Firm, P.C. as Interim Lead Counsel for Plaintiffs and the putative class. (Doc. No. 35 ("Pl. Memo.") at 1.) Plaintiffs further request that this Court appoint Almonrode

as Chair of an Interim Plaintiff's Steering Committee ("PSC") consisting of David Cialkowski of Zimmerman Reed LLP, Craig Heidemann of Douglas, Haun, & Heidemann PC, and Bilal Essayli of Essayli & Brown LLP (collectively, the "Proposed Leadership Team").  (*Id.*)  Plaintiffs contend that appointment at this stage in the proceedings is necessary to protect Plaintiffs' and potential class members' rights in the event that additional counsel file separate lawsuits based on the same course of conduct by Defendant and will eliminate any confusion as to who represents the putative class. (*Id.*)  Plaintiffs further assert that the Proposed Leadership Team has the requisite expertise and is appropriately diverse to represent the putative class fairly and adequately. (*Id.* at 4-17.)

Defendant argues that appointment is premature because:  (1) there is no apparent reason to protect the class when there is no rivalry or uncertainty among the counsel who filed this action; and (2) there is no confusion about who represents the class when there is only one case pending and it is purely speculative that additional cases will be filed. (Def. Opp. at 4-8.)  Defendant contends that "should the situation arise where separate competing actions are filed with new counsel vying to represent the putative class, the Court can then address the necessity of appointing interim class counsel with the benefit of having all facts before [it]."  (*Id.* at 5.)

## DISCUSSION

Under Federal Civil Procedure Rule 23(g)(3), the Court may designate interim class counsel before determining whether to certify a class.  Fed. R. Civ. P. (23(g)(3). "The appointment of interim class counsel is discretionary by the Court and is

particularly suited to complex actions." *Parrish v. Nat'l Football League Players, Inc.*, No. C 07-00943 WHA, 2007 WL 1624601 *9 (N.D. Cal. June 4, 2007) (citing *Manual for Complex Litigation, Fourth,* § 21.11 (2004)).

When appointing interim class counsel under Rule 23(g)(3), courts generally look to the same factors used in determining the adequacy of class counsel set forth in Rule 23(g)(1)(A). *See, e.g.*, *Roe v. Arch Coal, Inc.*, No. 4:15-cv-1026, 2015 WL 6702288, at *2 (E.D. Mo. Nov. 2, 2015). These factors include a consideration of the counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources. Fed.R.Civ.P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). No single factor is determinative; all factors must be weighed to assess who can best represent the class. Fed. R. Civ. P. 23 Advisory Committee Notes (2003 Amendments).

Having carefully considered each party's position, the Court finds no downside to appointing interim class counsel at this stage in the proceedings. Moreover, the Court finds that appointment at this time will maximize efficiency by ensuring the consolidation of filings by current plaintiffs.[1]

---

[1] There are presently over thirty plaintiffs in this matter. The Court appreciates that there currently appears to be no rivalry among Plaintiffs' counsel and that they have thus far worked collaboratively together. Counsels' model behavior; however, does not

4

The Court also finds that the proposed class counsel satisfies the factors set forth in Rule 23(g)(1)(A). The Court specifically observes that: (1) each member of the Proposed Leadership Team and their firms have devoted substantial time and resources investigating the claims at issue in this litigation; and (2) each proposed member possesses the requisite experience and knowledge to provide adequate and fair class representation. (Doc. Nos. 36-39.) The Court also notes that the Proposed Leadership Team appropriately reflects the diversity of a purported nationwide class.

## CONCLUSION

For the reasons, set forth above, the Court grants Plaintiffs' Motion to appoint interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3). Whether or not a class is ultimately certified, the Court finds no downside to appointment at this time. Moreover, the Court finds that each member of the Proposed Leadership Team satisfies the criteria for class counsel under Rule 23(g)(1)(A).

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Appoint Counsel (Doc. No. [33]) is **GRANTED** as follows:

    1.    Sharon S. Almonrode of The Miller Law Firm, P.C. is appointed as Interim Lead Counsel for Plaintiffs and the putative class; and

---

negate the Court's finding that appointment of interim counsel is appropriate to promote continued efficiency and to clarify leadership if this case proceeds.

2. Sharon S. Almonrode shall serve as Chair of an Interim Plaintiffs' Steering Committee consisting of David Cialkowski of Zimmerman Reed LLP, Craig Heidemann of Douglas, Haun & Heidemann PC, and Bilal Essayli of Essayli & Brown.

Dated: December 22, 2021   s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge