UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Shukai Chen, et al. | ) | Court File No. 21-cv-1247 (DWF/DTS) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANT'S ANSWER AND** |
| v. | ) | **AFFIRMATIVE DEFENSES TO** |
| | ) | **PLAINTIFFS' FIRST AMENDED** |
| Target Corporation, | ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

Defendant Target Corporation (hereinafter "Target" or "Defendant"), for its Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint ("First Amended Complaint"), states as follows:

Except as otherwise admitted or qualified in this Answer and Affirmative Defenses, Defendant denies each and every allegation of Plaintiffs' First Amended Class Action Complaint (Doc. No. 47).

## SUMMARY OF ACTION

1.     For a number of years, Target has been aware that thousands of Apple iTunes Gift Cards ("Gift Cards") it sold to consumers across the United States had been tampered with prior to Target's sale of the Gift Cards. Target knew that the Gift Cards it was selling to consumers were unsecure and susceptible to tampering by third parties to deplete consumers' funds after they had purchased the Gift Cards from Target retail stores. Upon information and belief, Target knew or should have known that third parties were obtaining the Gift Card's concealed 16-digit activation code ("Activation Code") and using the codes to steal consumers' funds that they had loaded onto the Gift Cards at Target retail stores. One potential method of this tampering was scammers entering Target stores, removing the security tape from Gift Cards, logging each card's Activation Code, and using the Activation Code to remove customer funds after the customer loaded money onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 1 of Plaintiffs'

First Amended Complaint.

2.     Consumers have lost millions of dollars that they loaded onto the Gift Cards because Target failed to take adequate and reasonable measures to: (1) ensure that the Gift Cards they were selling were safe, secure, and free from tampering, and (2) warn and disclose to its customers the material fact that it was possible that the Gift Cards had been tampered with. These failures, among others, caused substantial consumer harm and injuries to consumers across the United States.

**ANSWER:**   Target denies the allegations contained in Paragraph 2 of Plaintiffs'

First Amended Complaint.

3.     The exact number of Target customers affected by Target's failure to secure the Gift Cards is unknown; however, Target is the United States' eighth-largest retailer with gross revenues in excess of $78 billion. It is likely that tens of thousands of customers, if not more, have been harmed and suffered losses totaling millions of dollars.

**ANSWER:**   Target denies the allegations contained in Paragraph 3 of Plaintiffs'

First Amended Complaint.

4.     Plaintiffs seek to remedy these harms, and prevent their future occurrence, on behalf of the Class whose Gift Card funds were stolen as a result of Target's failures. Plaintiffs assert claims against Target for violations of state consumer protection laws, negligence, breach of implied contract, bailment, and unjust enrichment. Plaintiffs and the Class seek to recover damages, including actual and statutory damages, exemplary and/or

1040927\311303290.v1

punitive damages as allowed, and equitable relief, including injunctive relief to abate the practice and prevent a reoccurrence of the Gift Card tampering, restitution, disgorgement and costs and reasonable attorney fees.

**ANSWER:** Target denies the allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint. Further answering, Target admits that Plaintiffs seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because: (i) there are 100 or more Class members, (ii) there is an aggregate amount in controversy exceeding $5 million exclusive of interest and costs, and (iii) there is minimal diversity between Plaintiffs and Defendant. This Court has supplemental jurisdiction over the alleged state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** Target denies the allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint.

6.     This Court has personal jurisdiction over Target because the company maintains its principal place of business in Minnesota, regularly conducts business in Minnesota, and has sufficient minimum contacts in Minnesota. Target intentionally avails itself of this jurisdiction by marketing and selling products from Minnesota to millions of consumers nationally, including in Minnesota.

**ANSWER:** The allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint are legal conclusions that require no response from Target. Target does not dispute personal jurisdiction and admits that it has a principal executive office address in Minnesota. Target denies the remaining allegations, if any, contained in Paragraph 6 of Plaintiffs' First Amended Complaint.

7.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(a) because Target's principal place of business is in this District and a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District.

1040927\311303290.v1

**ANSWER:** The allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint are legal conclusions that require no response from Target. Target admits that it has a principal executive office address in Minnesota, but denies that "a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District." Target denies that venue is proper.

## PARTIES

### California Plaintiffs

8.     Plaintiff Shukai Chen ("Plaintiff Chen") is a citizen and resident of California. She purchased multiple Apple iTunes Gift Cards on approximately November 24, 2019 from a Target retail location located in California. She loaded approximately $1,000 onto the cards. Plaintiff Chen later discovered when she attempted to use the Gift Cards on November 29, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff Chen filed a complaint with Target. Target has refused to refund Plaintiff Chen her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:** In response to the allegations set forth in Paragraph 8 Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Chen "faces a likelihood of future harm." Target denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Chen and has no record of refusing to refund money to Plaintiff Chen.

9.     Plaintiff Christina Lira-Porcho ("Plaintiff Lira-Porcho") is a citizen and resident of California. She purchased an Apple iTunes Gift Card on approximately September 22, 2020 from a Target retail location located in California. She loaded approximately $50 onto the card. Plaintiff Lira-Porcho later discovered when she attempted

1040927\311303290.v1

to use the Gift Card on September 22, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Lira-Porcho filed a complaint with Target. Target has refused to refund Plaintiff Lira-Porcho her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 9 of Plaintiffs'

First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its

iTunes Gift Cards" and that Plaintiff Lira-Porcho "faces a likelihood of future harm."

Target lacks knowledge and information sufficient to form a belief as to the truth of the

remaining allegations and therefore denies same. Furthering answering, upon information

and belief, Target has no record of any "complaint" from Plaintiff Lira-Porcho and has no

record of refusing to refund money to Plaintiff Lira-Porcho.

10.     Plaintiff Rita Manning ("Plaintiff Manning") is a citizen and resident of California. She purchased an Apple iTunes Gift Card on approximately July 10, 2018 from a Target retail location located in California. She loaded approximately $50 onto the card. Plaintiff Manning later discovered when she attempted to use the Gift Card on July 10, 2018, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Manning filed a complaint with Target. Target has refused to refund Plaintiff Manning her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 10 of Plaintiffs'

First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its

iTunes Gift Cards" and that Plaintiff Manning "faces a likelihood of future harm." Target

lacks knowledge and information sufficient to form a belief as to the truth of the remaining

allegations and therefore denies same. Furthering answering, upon information and belief,

Target has no record of any "complaint" from Plaintiff Manning and has no record of refusing to refund money to Plaintiff Manning.

11.     Plaintiff Keppie Moore ("Plaintiff Moore") is a citizen and resident of California. She purchased an Apple iTunes Gift Card on approximately December 1, 2019 from a Target retail location located in California. She loaded approximately $100 onto the card. Plaintiff Moore later discovered when she attempted to use the Gift Card on December 25, 2019, that Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Moore filed a complaint with Target. Target has refused to refund Plaintiff Moore her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 11 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Moore "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Moore and has no record of refusing to refund money to Plaintiff Moore.

12.     Plaintiff Yike Xue ("Plaintiff Xue") is a citizen and resident of California. She purchased an Apple iTunes Gift Card on approximately November 23, 2020 from a Target retail location located in California. She loaded approximately $300 onto the card. Plaintiff Xue later discovered when she attempted to use the Gift Card on November 23, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Xue filed a complaint with Target. Target has refused to refund Plaintiff Xue her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 12 of Plaintiffs' First Amended Complaint, Target admits that Plaintiff Xue filed a complaint with Target.

1040927\311303290.v1

Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Xue "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

**Connecticut Plaintiff**

13.    Plaintiff John Turek ("Plaintiff Turek") is a citizen and resident of Connecticut. He purchased Apple iTunes Gift Cards on approximately November 1, 2019 from a Target retail location located in Connecticut. He loaded approximately $800 onto the cards. Plaintiff Turek later discovered when he attempted to use the Gift Cards on November 20, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff Turek filed a complaint with Target. Target has refused to refund Plaintiff Garthwaite his money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

ANSWER:   In response to the allegations set forth in Paragraph 13 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Turek "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Turek and has no record of refusing to refund money to Plaintiff Turek.

**Florida Plaintiffs**

14.    Plaintiff Jack Garthwaite ("Plaintiff Garthwaite") is a citizen and resident of Florida. He purchased Apple iTunes Gift Cards on approximately November 25, 2020 from a Target retail location located in Florida. He loaded approximately $600 onto the cards. Plaintiff Garthwaite later discovered when he attempted to use the Gift Cards on November 28, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff Garthwaite filed a complaint with Target. Target has refused to refund

Plaintiff Garthwaite his money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 14 of Plaintiffs' First Amended Complaint, Target admits that Plaintiff Garthwaite filed a complaint with Target, except denies that "Target refused to refund Plaintiff Garthwaite his money" and affirmatively states that Target provided a refund to Plaintiff Garthwaite of $560 ($600 less two $20 promotional gift cards that were provided to and used by Plaintiff Garthwaite) on or about December 1, 2020. Target further denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Garthwaite "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

15.     Plaintiff Robin Prebe ("Plaintiff Prebe") is a citizen and resident of Florida. She purchased Apple iTunes Gift Cards in approximately December 2017 from a Target retail location located in Florida. She loaded approximately $400 onto the cards. Plaintiff Prebe later discovered when she attempted to use the Gift Cards in January 2018, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 15 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Prebe "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief,

Target has no record of any "complaint" from Plaintiff Prebe and has no record of refusing to refund money to Plaintiff Prebe.

**Georgia Plaintiffs**

16.    Plaintiff Jewel Mitchell ("Plaintiff Mitchell") is a citizen and resident of Georgia. She purchased Apple iTunes Gift Cards on approximately November 20, 2019 from a Target retail location located in Georgia. She loaded approximately $250 onto the cards. Plaintiff Mitchell later discovered when she attempted to use the Gift Card on December 25, 2019, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 16 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Mitchell "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Mitchell and has no record of refusing to refund money to Plaintiff Mitchell.

17.    Plaintiff Beverly Sikora ("Plaintiff Sikora") is a citizen and resident of Georgia. She purchased Apple iTunes Gift Cards on approximately October 28, 2020 from a Target retail location located in Georgia. She loaded approximately $200 onto the cards. Plaintiff Sikora later discovered when she attempted to use the Gift Cards on November 10, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff Sikora filed a complaint with Target. Target has refused to refund Plaintiff Sikora her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 17 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its

1040927\311303290.v1

iTunes Gift Cards" and that Plaintiff Sikora "faces a likelihood of future harm." Target

lacks knowledge and information sufficient to form a belief as to the truth of the remaining

allegations and therefore denies same. Furthering answering, upon information and belief,

Target has no record of any "complaint" from Plaintiff Sikora and has no record of refusing

to refund money to Plaintiff Sikora.

**Illinois Plaintiffs**

    18.    Plaintiff Darrell Sandifer ("Plaintiff Sandifer") is a citizen and resident of
Illinois. He purchased an Apple iTunes Gift Card on approximately December 12, 2019
from a Target retail location located in Illinois. He loaded approximately $25 onto the card.
Plaintiff Sandifer later discovered when he attempted to use the Gift Card on January 5,
2020, that after Target had activated the Gift Card, the funds had been drained by third
parties. Plaintiff Sandifer filed a complaint with Target. Target has refused to refund
Plaintiff Sandifer his money. Plaintiff remains in the market for Apple iTunes Gift Cards
and wishes to purchase them in the foreseeable future from Target. However, because of
Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood
of future harm.

    **ANSWER:**  In response to the allegations set forth in Paragraph 18 of Plaintiffs'

First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its

iTunes Gift Cards" and that Plaintiff Sandifer "faces a likelihood of future harm." Target

lacks knowledge and information sufficient to form a belief as to the truth of the remaining

allegations and therefore denies same. Furthering answering, upon information and belief,

Target has no record of any "complaint" from Plaintiff Sandifer and has no record of

refusing to refund money to Plaintiff Sandifer.

    19.    Plaintiff Thelma Brown ("Plaintiff Brown") is a citizen and resident of
Illinois. She purchased Apple iTunes Gift Cards on approximately August 10, 2020 from
a Target retail location located in Illinois. She loaded approximately $300 onto the cards.
Plaintiff Brown later discovered when she attempted to use the Gift Cards on August 12,
2020, that after Target had activated the Gift Card, the funds had been drained by third
parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase

them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 19 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Brown "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Brown and has no record of refusing to refund money to Plaintiff Brown.

**<u>Kentucky Plaintiff</u>**

20.   Plaintiff Patricia Logsdon ("Plaintiff Logsdon") is a citizen and resident of Kentucky. She purchased an Apple iTunes Gift Card on approximately June 20, 2020 from a Target retail location located in Kentucky. She loaded approximately $25 onto the card. Plaintiff Logsdon later discovered when she attempted to use the Gift Card on June 21, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Logsdon filed a complaint with Target. Target has refused to refund Plaintiff Logsdon her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 20 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Logsdon "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Logsdon and has no record of refusing to refund money to Plaintiff Logsdon.

**Massachusetts Plaintiffs**

21.    Plaintiff Lisa Dannolfo ("Plaintiff Dannolfo") is a citizen and resident of Massachusetts. She purchased an Apple iTunes Gift Card on approximately October 2, 2020 from a Target retail location located in Massachusetts. She loaded approximately $75 onto the card. Plaintiff Dannolfo later discovered that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Dannolfo filed a complaint with Target. Target has refused to refund Plaintiff Dannolfo her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 21 of Plaintiffs'

First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its

iTunes Gift Cards" and that Plaintiff Dannolfo "faces a likelihood of future harm." Target

lacks knowledge and information sufficient to form a belief as to the truth of the remaining

allegations and therefore denies same. Furthering answering, upon information and belief,

Target has no record of any "complaint" from Plaintiff Dannolfo and has no record of

refusing to refund money to Plaintiff Dannolfo.

**Maryland Plaintiffs**

22.    Plaintiff Scott Dunham ("Plaintiff Dunham") is a citizen and resident of Maryland. He purchased Apple iTunes Gift Cards on approximately June 16, 2020 from a Target retail location located in Maryland. He loaded approximately $150 onto the cards. Plaintiff Dunham later discovered when he attempted to use the Gift Cards on October 31, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff Dunham filed a complaint with Target. Target has refused to refund Plaintiff Dunham his money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 22 of Plaintiffs'

First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its

iTunes Gift Cards" and that Plaintiff Dunham "faces a likelihood of future harm." Target

lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Dunham and has no record of refusing to refund money to Plaintiff Dunham.

23.    Plaintiff Laurie Williams ("Plaintiff Williams") is a citizen and resident of Maryland. She purchased an Apple iTunes Gift Card on approximately December 25, 2019 from a Target retail location located in Maryland. She loaded approximately $100 onto the card. Plaintiff Williams later discovered when she attempted to use the Gift Card on January 4, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 23 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Williams "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Williams and has no record of refusing to refund money to Plaintiff Williams.

## Michigan Plaintiff

24.    Plaintiff Sabrina Jackson ("Plaintiff Jackson") is a citizen and resident of Michigan. She purchased an Apple iTunes Gift Card on approximately November 23, 2019 from a Target retail location located in Michigan. She loaded approximately $50 onto the card. Plaintiff Jackson later discovered when she attempted to use the Gift Card on December 25, 2019, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

1040927\311303290.v1

**ANSWER:**   In response to the allegations set forth in Paragraph 24 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Jackson "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Jackson and has no record of refusing to refund money to Plaintiff Jackson.

**Missouri Plaintiff**

25.   Plaintiff Tammy Gower ("Plaintiff Gower") is a citizen and resident of Missouri. She purchased an Apple iTunes Gift Card on approximately November 24, 2019 from a Target retail location located in Missouri. She loaded approximately $50 onto the card. Plaintiff Gower later discovered when she attempted to use the Gift Card on December 26, 2019, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 25 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Gower "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Gower and has no record of refusing to refund money to Plaintiff Gower.

**Mississippi Plaintiff**

26.     Plaintiff Shirley Wiley ("Plaintiff Wiley") is a citizen and resident of Mississippi. She purchased an Apple iTunes Gift Card on approximately November 12, 2019 from a Target retail location located in Mississippi. She loaded approximately $75 onto the card. Plaintiff Wiley later discovered when she attempted to use the Gift Card on January 12, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 26 of Plaintiffs'

First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its

iTunes Gift Cards" and that Plaintiff Wiley "faces a likelihood of future harm." Target

lacks knowledge and information sufficient to form a belief as to the truth of the remaining

allegations and therefore denies same. Furthering answering, upon information and belief,

Target has no record of any "complaint" from Plaintiff Wiley and has no record of refusing

to refund money to Plaintiff Wiley.

**Nevada Plaintiff**

27.     Kim McCullough ("Plaintiff McCullough") is a citizen and resident of Nevada. She purchased an Apple iTunes Gift Card on approximately December 24, 2020 from a Target retail location located in Nevada. She loaded approximately $100 onto the card. Plaintiff McCullough later discovered when she attempted to use the Gift Card on December 27, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 27 of Plaintiffs'

First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its

iTunes Gift Cards" and that Plaintiff McCullough "faces a likelihood of future harm."

Target lacks knowledge and information sufficient to form a belief as to the truth of the

remaining allegations and therefore denies same. Furthering answering, upon information

and belief, Target has no record of any "complaint" from Plaintiff McCullough and has no

record of refusing to refund money to Plaintiff McCullough.

**New York Plaintiff**

28.     Plaintiff Robert Diehl ("Plaintiff Diehl") is a citizen and resident of New
York. He purchased an Apple iTunes Gift Card on approximately May 11, 2020 from a
Target retail location located in New York. He loaded approximately $100 on the card.
Plaintiff Diehl later discovered when he attempted to use the Gift Card on May 25, 2020,
that after Target had activated the Gift Card, the funds had been drained by third parties.
Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them
in the foreseeable future from Target. However, because of Defendant's continued failure
to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 28 of Plaintiffs'

First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its

iTunes Gift Cards" and that Plaintiff Diehl "faces a likelihood of future harm." Target lacks

knowledge and information sufficient to form a belief as to the truth of the remaining

allegations and therefore denies same. Furthering answering, upon information and belief,

Target has no record of any "complaint" from Plaintiff Diehl and has no record of refusing

to refund money to Plaintiff Diehl.

29.     Plaintiff Stephanie Baker ("Plaintiff Baker") is a citizen and resident of New
York. She purchased an Apple iTunes Gift Card on approximately September 9, 2019 from
a Target retail location located in New York. She loaded approximately $50 on the card.
Plaintiff Baker later discovered when she attempted to use the Gift Card on September 19,
2019, that after Target had activated the Gift Card, the funds had been drained by third
parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase
them in the foreseeable future from Target. However, because of Defendant's continued
failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 29 of Plaintiffs'

First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its

1040927\311303290.v1

iTunes Gift Cards" and that Plaintiff Baker "faces a likelihood of future harm." Target

lacks knowledge and information sufficient to form a belief as to the truth of the remaining

allegations and therefore denies same. Furthering answering, upon information and belief,

Target has no record of any "complaint" from Plaintiff Baker and has no record of refusing

to refund money to Plaintiff Baker.

<u>**New Jersey Plaintiffs**</u>

30.     Plaintiff Jiyoung Kim ("Plaintiff Kim") is a citizen and resident of New
Jersey. She purchased Apple iTunes Gift Cards on approximately November 28, 2020 from
a Target retail location located in New Jersey. She loaded approximately $1,000 onto the
cards. Plaintiff Kim later discovered when she attempted to use the Gift Cards on
November 28, 2020, that after Target had activated the Gift Cards, the funds had been
drained by third parties. Plaintiff Kim filed a complaint with Target. Target has refused to
refund Plaintiff Kim her money. Plaintiff remains in the market for Apple iTunes Gift
Cards and wishes to purchase them in the foreseeable future from Target. However,
because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a
likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 30 of Plaintiffs'

First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its

iTunes Gift Cards" and that Plaintiff Kim "faces a likelihood of future harm." Target lacks

knowledge and information sufficient to form a belief as to the truth of the remaining

allegations and therefore denies same. Furthering answering, upon information and belief,

Target has no record of any "complaint" from Plaintiff Kim and has no record of refusing

to refund money to Plaintiff Kim.

31.     Plaintiff Curtis McMaster ("Plaintiff McMaster") is a citizen and resident of
New Jersey. He purchased Apple iTunes Gift Cards in approximately September of 2019
from a Target retail location located in New Jersey. He loaded approximately $200 onto
the cards. Plaintiff McMaster later discovered when he attempted to use the Gift Cards in
January of 2020, that after Target had activated the Gift Cards, the funds had been drained
by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to

purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 31 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff McMaster "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff McMaster and has no record of refusing to refund money to Plaintiff McMaster.

## Ohio Plaintiff

32.    Plaintiff Raymond Lewis ("Plaintiff Lewis") is a citizen and resident of Ohio. He purchased Apple iTunes Gift Cards on approximately December 4, 2020 from a Target retail location located in Ohio. He loaded approximately $920 onto the cards. Plaintiff Lewis later discovered when he attempted to use the Gift Cards on December 4, 2020, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 32 Plaintiffs' First Amended Complaint, Target admits that Plaintiff Lewis filed a complaint with Target. Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Lewis "faces a likelihood of future harm." Target denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

## Oklahoma Plaintiff

33.    Caleb Rogers ("Plaintiff Rogers") is a citizen and resident of Oklahoma. He purchased an Apple iTunes Gift Card on approximately February 10, 2020 from a Target

retail location located in Oklahoma. He loaded approximately $100 onto the card. Plaintiff Rogers later discovered when he attempted to use the Gift Card on February 14, 2020, that Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 33 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Rogers "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Rogers and has no record of refusing to refund money to Plaintiff Rogers.

## Oregon Plaintiff

34.    Plaintiff Lindsey Arotin ("Plaintiff Arotin") is a citizen and resident of Oregon. She purchased an Apple iTunes Gift Card on approximately November 27, 2020 from a Target retail location located in Oregon. She loaded approximately $100 onto the card. Plaintiff Arotin later discovered when she attempted to use the Gift Card on November 30, 2020 that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Arotin filed a complaint with Target. Target has refused to refund Plaintiff Arotin her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 34 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Arotin "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief,

1040927\311303290.v1

Target has no record of any "complaint" from Plaintiff Arotin and has no record of refusing to refund money to Plaintiff Arotin.

## Pennsylvania Plaintiff

35.    Plaintiff Angela Wilczynski ("Plaintiff Wilczynski") is a citizen and resident of Pennsylvania. She purchased Apple iTunes Gift Cards on approximately October 12, 2019 from a Target retail location located in Pennsylvania. She loaded approximately $200 onto the cards. Plaintiff Wilczynski later discovered when she attempted to use the Gift Cards on October 15, 2019, that after Target had activated the Gift Cards, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 35 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Wilczynski "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Wilczynski and has no record of refusing to refund money to Plaintiff Wilczynski.

## South Carolina Plaintiff

36.    Plaintiff Shanequa Morris ("Plaintiff Morris") is a citizen and resident of South Carolina. She purchased an Apple iTunes Gift Card on approximately March 16, 2020 from a Target retail location located in South Carolina. She loaded approximately $100 onto the card. Plaintiff Morris later discovered when she attempted to use the Gift Card on March 16, 2020, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Morris filed a complaint with Target. Target has refused to refund Plaintiff Morris her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 36 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Morris "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Morris and has no record of refusing to refund money to Plaintiff Morris.

**Texas Plaintiff**

37.   Plaintiff Katrina Bailey ("Plaintiff Bailey") is a citizen and resident of Texas. She purchased an Apple iTunes Gift Card on approximately November 15, 2019 from a Target retail location located in Texas. She loaded approximately $45 onto the card. Plaintiff Bailey later discovered when she attempted to use the Gift Card on November 30, 2019, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 37 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Bailey "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Bailey and has no record of refusing to refund money to Plaintiff Bailey.

**Utah Plaintiff**

38.   Plaintiff Tori Gouge ("Plaintiff Gouge") is a citizen and resident of Utah. She purchased an Apple iTunes Gift Card on approximately December 20, 2019 from a Target

retail location located in Utah. She loaded approximately $30 onto the card. Plaintiff Gouge later discovered when she attempted to use the Gift Card on December 21, 2019, that after Target had activated the Gift Card, the funds had been drained by third parties. Plaintiff Gouge filed a complaint with Target. Target has refused to refund Plaintiff Gouge her money. Plaintiff remains in the market for Apple iTunes Gift Cards and wishes to purchase them in the foreseeable future from Target. However, because of Defendant's continued failure to secure its iTunes Gift Cards, Plaintiff faces a likelihood of future harm.

**ANSWER:**   In response to the allegations set forth in Paragraph 38 of Plaintiffs' First Amended Complaint, Target denies that it failed and/or continues to fail to "secure its iTunes Gift Cards" and that Plaintiff Gouge "faces a likelihood of future harm." Target lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same. Furthering answering, upon information and belief, Target has no record of any "complaint" from Plaintiff Gouge and has no record of refusing to refund money to Plaintiff Gouge.

**Defendant**

39.    Defendant Target Corporation is a Minnesota Corporation with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target sold the Gift Cards in this District and throughout the United States.

**ANSWER:**   In response to the allegations contained in Paragraph 39 of Plaintiffs' First Amended Complaint, Target admits only that it is a Minnesota corporation and admits that it has a principal executive office address at 1000 Nicollet Mall, Minneapolis, MN 55403. Target lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 39 of Plaintiffs' First Amended Complaint and therefore denies same.

1040927\311303290.v1

## GENERAL ALLEGATIONS

40.     Target is the world's eighth-largest retailer with annual revenue in 2019 of $78.11 billion.[1]

**ANSWER:**   In response to the allegations contained in Paragraph 40 of Plaintiffs'

First Amended Complaint, Target states that Plaintiff purports to reference its 2019 Annual

Report, however, Target states that its 2019 Annual Report speaks for itself.

41.     In the course of its business, Target represented to Plaintiffs and all Class members that it was selling Gift Cards valued in an amount certain, determined and paid for at the time of sale. Consumers were objectively and reasonably justified in their natural conclusion that such amounts certain would be secure, valuable, and free from fraud, tampering or compromise.

**ANSWER:**   Target denies the allegations contained in Paragraph 41 of Plaintiffs'

First Amended Complaint.

42.     Since at least 2017, Target has known that the Gift Cards it is selling to Plaintiffs and Class members are unsecure and susceptible to tampering by third parties. Specifically, third parties tamper with the Gift Cards' Activation Codes prior to a consumer's purchase of them at Target retail stores.

**ANSWER:**   Target denies the allegations contained in sentence one contained in

Paragraph 42 of Plaintiffs' First Amended Complaint.  As to the allegations contained in

sentence two, Target lacks knowledge and information sufficient to form a belief as to the

truth of the remaining allegations and therefore denies same.

43.     Consumers, when purchasing the Gift Cards, load funds onto the Gift Cards at the point of purchase at a Target retail store for those funds to be used at a later time. Target then activates the Gift Card so that the Activation Code is able to be used.

---

[1] https://investors.target.com/static-files/84b61f80-290f-48a2-b98b-99652641f14f

1040927\311303290.v1

**ANSWER:** Target denies that Plaintiffs fully or accurately set forth the process for activating Apple iTunes gift cared and accordingly denies the allegations contained in Paragraph 43 of Plaintiffs' First Amended Complaint.

44.     However, since the Gift Cards have been tampered with, upon activation, third parties are able to utilize the Gift Cards' Activation Codes and deplete or use the funds on the Gift Cards. As a result, the purchased Gift Cards become worthless prior to any authorized use by the consumer.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore denies the allegations contained in Paragraph 44 of Plaintiffs' First Amended Complaint.

45.     Plaintiffs and Class members purchase and load funds onto the Gift Cards at Target retail stores under the mistaken belief that the Gift Cards are secure, merchantable, and fit for their intended use — the future purchase of Apple iTunes products with the funds loaded onto the Gift Cards.

**ANSWER:** Target lacks knowledge or information sufficient to form a belief as to what Plaintiffs and unknown third parties allegedly believe and accordingly denies the allegations contained in Paragraph 45 of Plaintiffs' First Amended Complaint.

46.     Target knew or should have known that one potential method third parties were using to learn the concealed Activation Code involved the third parties removing the security tape covering the Activation Code on the Gift Cards, recording the Activation Code and replacing the tamper evident tape with a commercially available equivalent substantially similar, but not identical, to the original tamper evident tape or other such means.

**ANSWER:** Target denies the allegations contained in Paragraph 46 of Plaintiffs' First Amended Complaint.

47.     Target has received hundreds, if not thousands, of complaints by Plaintiffs and Class members who experienced the depletion of their Gift Card funds. *See* Exhibits 1 and 2. These complaints put Target on notice that the secret Activation Code on the cards

were not guaranteed to be secure prior to or at the moment of first commercial sale at the registers in its stores.

**ANSWER:**   In response to the allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint, Target admits only that it receives complaints about all manner of topics which may include complaints about gift cards and in further answering denies the remaining allegations contained in Paragraph 47.

48.   Target also has access to records indicating when the Gift Cards are loaded, when they are redeemed, and how and where they are redeemed.

**ANSWER:**   Target denies the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint.

49.   In addition to complaints received at its headquarters in Minneapolis, Minnesota, Target employees and agents received in-store complaints from customers regarding Gift Card tampering prior to sale and these complaints were sufficient to put Target on notice that the concealed Activation Code on the cards were not guaranteed to be secure prior to or at the moment of first commercial sale at the registers in its stores.

**ANSWER:**   Target denies the allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint.

50.   In many cases, Target, through its Guest Services department or other departments, would communicate with the individual to discuss the circumstances of the fund depletion from the Gift Cards. Despite Target's interactions with Plaintiffs and Class members since as early as 2017, Target continued selling Gift Cards with the knowledge that they were susceptible to tampering by third parties and that there was a risk to the consumer that their Gift Cards would be worthless to them after purchase. Target's failure to warn Plaintiffs and Class members has continued to this day.

**ANSWER:**   In response to the allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint, Target admits only that its Guest Services department addresses complaints that are made by Target guests about a variety of topics and in further answering denies each and every remaining allegation contained Paragraph 50.

51.     Despite Target's knowledge of the tampering with the Gift Cards, through consumer complaints and otherwise, Target failed to take adequate and reasonable measure to ensure that third parties did not tamper with the Gift Cards and to protect its customers from having their Gift Card funds depleted or used by third parties.

**ANSWER:**   Target denies the allegations contained in Paragraph 51 of Plaintiffs'

First Amended Complaint.

52.     For example, Target could have trained its employees to physically check the Gift Cards for tampering of the security tape, or warned customers to check the Gift Cards for tampering before purchasing and loading the Gift Cards with funds. Target could also have used security devices or procedures to prevent the Gift Cards' security tape from being accessed by store visitors prior to checkout, such as by having the sellable Gift Cards accessible only to store personnel.

**ANSWER:**   Target denies the allegations contained in Paragraph 52 of Plaintiffs'

First Amended Complaint.

53.     Target failed to warn or disclose to Gift Card purchasers, including Plaintiffs and Class members, of the probability and/or possibility that their Gift Cards had been tampered with in a manner that allows third parties to withdraw the cash loaded onto them, that other third parties have knowledge of the secret Activation Code, and that Target is not the only entity in possession of the Gift Card's Activation Code. Target failed to disclose to Plaintiffs and Class members that it does not properly safeguard the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 53 of Plaintiffs'

First Amended Complaint.

54.     Target had special knowledge of these material facts, to which Plaintiffs and Class Members did not have access and thus Target had a duty to disclose. Without being told that their Gift Cards were not secure and could have easily been compromised prior to the first sale in the stream of commerce in a manner that allowed third parties to withdraw the cash loaded onto them, Plaintiffs and Class Members naturally concluded that the amounts credited on the Cards would be available to them.

**ANSWER:**   Target denies the allegations contained in Paragraph 54 of Plaintiffs'

First Amended Complaint.

55.     Target failed to inform or disclose to the public, including Plaintiffs and Class members, that their Gift Cards are not secure and could be tampered with prior to the

first sale in the stream of commerce in a manner that allows third parties to withdraw the cash loaded onto them. These are material facts, in that they would have naturally affected the purchasing decisions of Plaintiffs and Class members.

**ANSWER:**   Target denies the allegations contained in Paragraph 55 of Plaintiffs' First Amended Complaint.

56.   Plaintiffs and Class members believed that Target would keep their Gift Card account information reasonably secure.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint and therefore denies same.

57.   Had Target disclosed to Plaintiffs and members of the Class that Target did not have adequate systems, policies, and security practices to secure customers' Gift Card account information and Gift Card funds, Plaintiffs and members of the Class would not have purchased the Gift Cards.

**ANSWER:**   Target denies Plaintiffs' characterization of its systems, policies and security practices and denies the allegations contained Paragraph 57 of Plaintiffs' First Amended Complaint.

58.   No reasonable consumer, including Plaintiffs and Class members, would knowingly purchase a Gift Card where there was a probability or possibility that, prior to sale, the secret Activation Code was known to third parties other than Target or an entity with a "need to know."

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiffs' First Amended Complaint and therefore denies same.

59.   Based on Target's special knowledge, it should have informed Plaintiffs and Class members at the time of purchase that Target's security practices were inadequate to protect the funds placed on the Gift Cards, and that the Gift Cards were susceptible to third party tampering.

1040927\311303290.v1

**ANSWER:**   Target denies that is has "special knowledge," denies that its "security practices were inadequate" and accordingly denies the allegations contained in  Paragraph 59 of Plaintiffs' First Amended Complaint.

60.     Target has failed and refused to replenish the balance on Plaintiffs' and Class members' Gift Cards or refund the money.

**ANSWER:**   Target denies the allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint.

61.     As a direct and proximate result of Target's conduct, Plaintiffs and Class members suffered injury.

**ANSWER:**   Target denies the allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint.

62.     Plaintiffs and Class members were damaged in the amount of the money loaded on the cards but lost due to a third party using the funds. Additionally, Plaintiffs and Class members suffered embarrassment, humiliation and distress associated with giving valueless Gift Cards to family members, friends, and others.

**ANSWER:**   Target denies the allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint.

63.     The tampering of Gift Cards purchased from Target is rampant and widespread and Target is well-aware of the problem, yet Target continues to sell unsecure Gift Cards susceptible to tampering without warning consumers of this fact.

**ANSWER:**   Target denies the allegations contained in Paragraph 63 of Plaintiffs' First Amended Complaint.

## <u>CLASS DEFINITIONS</u>

64.     Plaintiffs repeat and re-allege every allegation above as if set forth in full herein.

**ANSWER:** For its answer to Paragraph 64, Target restates and realleges its answers to Paragraphs 1-63 as if fully set forth herein.

65.     Pursuant to Fed. R. Civ. P. 23(b)(3) and (2), Plaintiffs bring this suit on their own behalf and on behalf of a proposed national class of all other similarly situated persons ("Nationwide Class") consisting of:

> All purchasers of an Apple iTunes Gift Card, acquired from Target retail stores, which was subject to unauthorized use by a third party after purchase of the Gift Card but prior to the first authorized use.

**ANSWER:** Target admits only that Plaintiffs purports to style this action as a class action, however, Target denies that Plaintiffs can satisfy Rule 23 and accordingly denies the allegations contained Paragraph 65 of Plaintiffs' First Amended Complaint.

66.     Pursuant to Federal Rule 23(b)(3) and (2) Plaintiffs bring this suit on their own behalf and on behalf of a proposed class of all other similarly situated persons asserting claims of violations of state consumer statues, fraud, unjust enrichment, breach of contract, negligence, breach of warranty, and breach of implied warranty on behalf of separate statewide classes in and under the respective laws of each state of the United States. These classes are defined as follows:

> Alabama Subclass
> All members of the Nationwide Class who are residents of Alabama or purchased their Gift Cards in Alabama.
>
> Alaska Subclass
> All members of the Nationwide Class who are residents of Alaska or purchased their Gift Cards in Alaska.
>
> Arizona Subclass
> All members of the Nationwide Class who are residents of Arizona or purchased their Gift Cards in Arizona.
>
> Arkansas Subclass
> All members of the Nationwide Class who are residents of Arkansas or purchased their Gift Cards in Arkansas.

1040927\311303290.v1

California Subclass
All members of the Nationwide Class who are residents of California or purchased their Gift Cards in California

Colorado Subclass
All members of the Nationwide Class who are residents of Colorado or purchased their Gift Cards in Colorado.

Connecticut Subclass
All members of the Nationwide Class who are residents of Connecticut or purchased their Gift Cards in Connecticut.

Delaware Subclass
All members of the Nationwide Class who are residents of Delaware or purchased their Gift Cards in Delaware.

District of Columbia Subclass
All members of the Nationwide Class who are residents of the District of Columbia or purchased their Gift Cards in the District of Columbia.

Florida Subclass
All members of the Nationwide Class who are residents of Florida or purchased their Gift Cards in Florida.

Georgia Subclass
All members of the Nationwide Class who are residents of Georgia or purchased their Gift Cards in Georgia.

Hawaii Subclass
All members of the Nationwide Class who are residents of Hawaii or purchased their Gift Cards in Hawaii.

Idaho Subclass
All members of the Nationwide Class who are residents of Idaho or purchased their Gift Cards in Idaho.

Illinois Subclass
All members of  the Nationwide Class who  are residents of Illinois  or purchased their Gift Cards in Illinois.

Indiana Subclass
All members of the  Nationwide Class who are residents of Indiana or purchased their Gift Cards in Indiana.

1040927\311303290.v1

Iowa Subclass
All members of the Nationwide Class who are residents of Iowa or purchased their Gift Cards in Iowa.

Kansas Subclass
All members of the Nationwide Class who are residents of Kansas or purchased their Gift Cards in Kansas.

Kentucky Subclass
All members of the Nationwide Class who are residents of Kentucky or purchased their Gift Cards in Kentucky.

Louisiana Subclass
All members of the Nationwide Class who are residents of Louisiana or purchased their Gift Cards in Louisiana.

Maine Subclass
All members of the Nationwide Class who are residents of Maine or purchased their Gift Cards in Maine.

Maryland Subclass
All members of the Nationwide Class who are residents of Maryland or purchased their Gift Cards in Maryland.

Massachusetts Subclass
All members of the Nationwide Class who are residents of Massachusetts or purchased their Gift Cards in Massachusetts.

Michigan Subclass
All members of the Nationwide Class who are residents of Michigan or purchased their Gift Cards in Michigan.

Minnesota Subclass
All members of the Nationwide Class who are residents of Minnesota or purchased their Gift Cards in Minnesota.

Mississippi Subclass
All members of the Nationwide Class who are residents of Mississippi or purchased their Gift Cards in Mississippi.

Missouri Subclass
All members of the Nationwide Class who are residents of Missouri or purchased their Gift Cards in Missouri.

Montana Subclass
All members of the Nationwide Class who are residents of Montana or purchased their Gift Cards in Montana.

Nebraska Subclass
All members of the Nationwide Class who are residents of Nebraska or purchased their Gift Cards in Nebraska.

Nevada Subclass
All members of the Nationwide Class who are residents of Nevada or purchased their Gift Cards in Nevada.

New Hampshire Subclass
All members of the Nationwide Class who are residents of New Hampshire or purchased their Gift Cards in New Hampshire.

New Jersey Subclass
All members of the Nationwide Class who are residents of New Jersey or purchased their Gift Cards in New Jersey.

New Mexico Subclass
All members of the Nationwide Class who are residents of New Mexico or purchased their Gift Cards in New Mexico.

New York Subclass
All members of the Nationwide Class who are residents of New York or purchased their Gift Cards in New York.

North Carolina Subclass
All members of the Nationwide Class who are residents of North Carolina or purchased their Gift Cards in North Carolina.

North Dakota Subclass
All members of the Nationwide Class who are residents of North Dakota or purchased their Gift Cards in North Dakota.

Ohio Subclass
All members of the Nationwide Class who are residents of Ohio or purchased their Gift Cards in Ohio.

Oklahoma Subclass
All members of the Nationwide Class who are residents of Oklahoma or purchased their Gift Cards in Oklahoma.

1040927\311303290.v1

Oregon Subclass
All members of the Nationwide  Class who are residents of Oregon or purchased their Gift Cards in Oregon.

Pennsylvania Subclass
All members of the Nationwide Class who are residents of Pennsylvania or purchased their Gift Cards in Pennsylvania.

Rhode Island Subclass
All members of the Nationwide Class who are residents of Rhode Island or purchased their Gift Cards in Rhode Island.

South Carolina Subclass
All members of the Nationwide Class who are residents of South Carolina or purchased their Gift Cards in South Carolina.

South Dakota Subclass
All members of the Nationwide Class who are residents of South Dakota or purchased their Gift Cards in South Dakota.

Tennessee Subclass
All members of the Nationwide Class who are residents of Tennessee or purchased their Gift Cards in Tennessee.

Texas Subclass
All members of the Nationwide Class who are residents of Texas or purchased their Gift Cards in Texas.

Utah Subclass
All members of the Nationwide Class who are residents of Utah or purchased their Gift Cards in Utah.

Vermont Subclass
All members of the Nationwide Class who are residents of Vermont or purchased their Gift Cards in Vermont.

Virginia Subclass
All members of the Nationwide Class who are residents of Virginia or purchased their Gift Cards in Virginia.

Washington Subclass
All members of the Nationwide Class who are residents of Washington or purchased their Gift Cards in Washington.

1040927\311303290.v1

West Virginia Subclass
All members of the Nationwide Class who are residents of West Virginia or purchased their Gift Cards in West Virginia.

Wisconsin Subclass
All members of the Nationwide Class who are residents of Wisconsin or purchased their Gift Cards in Wisconsin.

Wyoming Subclass
All members of the Nationwide Class who are residents of Wyoming or purchased their Gift Cards in Wyoming.

**ANSWER:**   Target admits only that Plaintiffs purport to style this action as a class action, however, Target denies that Plaintiffs can satisfy Rule 23 for any of their proposed causes of action or alleged subclasses.  Accordingly Target denies the allegations contained in Paragraph 66 of Plaintiffs' First Amended Complaint..

67.     Excluded from each of the classes above are Target, including any entity in which Target has a controlling interest, is a parent or subsidiary, or which is controlled by Target, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Target. Also excluded are the judges and court personnel in this case and any members of their immediate families.

**ANSWER:**   Target admits only that Plaintiffs purports to style this action as a class action, however, Target denies that Plaintiffs can satisfy Rule 23 for any of their proposed causes of action or alleged classes or subclasses. Accordingly Target denies the allegations contained Paragraph 67 of Plaintiffs' First Amended Complaint.

68.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same exclusive and common evidence as would be used to prove those elements in individual actions alleging the same claims.

**ANSWER:**   Target denies the allegations contained in Paragraph 68 of Plaintiffs' First Amended Complaint.

69.     All members of the proposed classes are readily ascertainable using objective information. Target has access to the personal information of thousands of Class members, which can be used for providing notice to the class.

**ANSWER:**   Target denies the allegations contained in Paragraph 69 of Plaintiffs'

First Amended Complaint.

70.     The class is so numerous that joinder of all members would be impracticable. While the exact number of Class members has not yet been determined, Target has sold thousands of compromised Gift Cards during the proposed class period.

**ANSWER:**   Target denies the allegations contained in Paragraph 70 of Plaintiffs'

First Amended Complaint.

71.     The claims of the named Plaintiffs are typical of the claims of the class they seek to represent, in that each named Plaintiff and all members of the class purchased or received a Gift Card from Target and the funds associated with the card were stolen or misappropriated without refund or replacement.

**ANSWER:**   Target denies the allegations contained in Paragraph 71 of Plaintiffs'

First Amended Complaint.

72.     All Plaintiffs and similarly situated Class members seek a refund of, and restitution for, monies lost from their Gift Card accounts, which occurred as a result of Target's wrongful and improper conduct.

**ANSWER:**   Target denies the allegations contained in Paragraph 72 of Plaintiffs'

First Amended Complaint. Further answering, Target admits that Plaintiffs and the

purported Class members seek the relief stated therein, but denies that they are entitled to

such relief and denies any other allegations contained therein.

73.     Plaintiffs and members of the Class seek to disgorge Target of the monies they inappropriately acquired as a result of the loss of the Gift Card funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 73 of Plaintiffs'

First Amended Complaint. Further answering, Target admits that Plaintiffs and the

purported Class members seek the relief stated therein, but denies that they are entitled to

such relief and denies any other allegations contained therein.

74.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class they represent.

**ANSWER:**   Target denies the allegations contained in Paragraph 74 of Plaintiffs'

First Amended Complaint.

75.    The representative Plaintiffs have retained counsel competent and experienced to represent them and the members of the class. Accordingly, the interests of the Class will adequately be protected and advanced. In addition, there is no conflict of interest among the representatives of the class.

**ANSWER:**   Target denies the allegations contained in Paragraph 75 of Plaintiffs'

First Amended Complaint.

76.    The interests of all Class members are aligned because they have a strong interest in obtaining the refunds, reimbursements, and disgorgement of funds. In addition, the members of the Class have an interest in securing their right to compensatory damages.

**ANSWER:**   Target denies the allegations contained in Paragraph 76 of Plaintiffs'

First Amended Complaint.

77.    Notice can be provided to Class members by a combination of published notice and first-class mail and email using techniques and forms of notice similar to those customarily used in class action cases. Further, Target maintains a database of the contact information of its customers.

**ANSWER:**   Target denies the allegations contained in Paragraph 77 of Plaintiffs'

First Amended Complaint.

78.    Certification of the Class is appropriate because the questions of law and fact common to the members of this Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

      a.    Whether Target was aware of the third parties' tampering of the Gift Cards;

b.      Whether Target should have known that third parties tampered with its Gift Cards;

c.      Whether Target had a duty to disclose to Gift Card purchasers the probability and/or possibility that a Gift Card had been tampered with by a third party at the time of sale;

d.      Whether Target had a duty to disclose to Gift Card purchasers the probability and/or possibility that the secret Activation Code(s) on the card(s) were known to third parties who did not have a need to know the Activation Code.

e.      What steps Target took steps to protect Gift Card purchasers from losing the funds loaded onto the Gift Cards to third parties;

f.      Whether or not Target made intentional, negligent and/or fraudulent representations or omissions of material fact concerning the security of Gift Cards;

g.      Whether Target violated the consumer protection statues of the several states;

h.      Whether Target breached the warranty of merchantability implicit in all contracts for the sale of goods under the Uniform Commercial Codes of the various states;

i.      Whether Target was unjustly enriched as a result of their conduct in relation to the sale of the tampered with Gift Cards;

j.      Whether Target negligently mispresented the condition of the Gift Cards at the time of their sale;

k.      Whether Target acted fraudulently in connection with the sale of compromised Gift Cards; and

l.      The extent to which Plaintiff and Class members are entitled to damages, including compensatory damages, statutory damages, and punitive damages or equitable relief, including disgorgement.

**ANSWER:**   Target denies each and every allegation contained in this Paragraph

78(a)-(l) inclusive of Plaintiffs' First Amended Complaint.

79.    This class action is superior to other available remedies for the fair and efficient adjudication of this controversy because the amount in controversy for each

individual class member is relatively small such that it would be impracticable for putative Class members to file individual actions.

**ANSWER:**   Target denies the allegations contained in Paragraph 79 of Plaintiffs' First Amended Complaint.

80.   Target marketed and sold the Gift Cards in the course of its business.

**ANSWER:**   Target denies the allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint.

81.   The sale of all Gift Cards constituted a "consumer sale" within the meaning of the consumer protection laws of the 50 states.

**ANSWER:**   The allegations set forth in Paragraph 81 Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the "consumer protection laws of the 50 states" are statutes that speak for themselves. Target further lacks knowledge or information sufficient to form a belief as to the circumstances surrounding the sale of every gift cared and accordingly denies the allegations contained Paragraph 81 of Plaintiffs' First Amended Complaint.

## **CLASS ALLEGATIONS**

**A.**    **Claims Brought on Behalf of the Alabama Subclass**

### **COUNT 1**
### **[ALLEGED] VIOLATION OF ALABAMA CONSUMER PROTECTION ACT (ALA. CODE § 8-19-1, ET SEQ.)**

82.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

83.     Plaintiffs bring this claim on behalf of the Alabama Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 83 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on

behalf of a purported Alabama Subclass. Target denies the remaining allegations contained

in Paragraph 83 of Plaintiffs' First Amended Complaint.

84.     The Alabama Unfair Trade Practices Act (AUTPA) prohibits the following
conduct in trade or commerce: (2) "Causing confusion or misunderstanding as to the
source, sponsorship, approval, or certification of goods or services;" (5) "Representing that
goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits,
or qualities that they do not have;" (7) "Representing that goods or services are of a
particular standard, quality, or grade, or that goods are of a particular style or model, if they
are of another;" (9) "Advertising goods or services with intent not to sell them as
advertised;" (27) "Engaging in any other unconscionable, false, misleading, or deceptive
act or practice in the conduct of trade or commerce." Ala. Code § 8-19-5.

**ANSWER:**   The allegations contained in Paragraph 84 of Plaintiffs' First

Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the Alabama Unfair Trade

Practices Act is a statute that speaks for itself. Target denies the allegations contained

Paragraph 84 to the extent they are inconsistent with the AUTPA and denies any other

allegations contained therein.

85.     Prior to the filing of this Complaint, counsel for Plaintiffs provided Target
with written pre-suit demands pursuant to Ala. Code § 8-19-10(e).

**ANSWER:**   Target denies the allegations contained in Paragraph 85 of Plaintiffs'

First Amended Complaint. Target admits that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint, but denies that this correspondence complied with the pre-suit demands required by the referenced statute.

86.    Target's acts and omissions affect trade and commerce and affect sponsorship of goods and services in Alabama.

**ANSWER:**   Target denies the allegations contained in Paragraph 86 of Plaintiffs' First Amended Complaint.

87.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiff and class members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

**ANSWER:**   Target denies the allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint.

88.    Target misrepresented that the Gift Cards' secret Activation Codes were private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs that the Gift Card's secret Activation Codes were probably and/or possibly not private and were within the knowledge of third parties without a need to know.

**ANSWER:**   Target denies the allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint.

89.    Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

**ANSWER:**   Target denies the allegations contained in Paragraph 89 of Plaintiffs' First Amended Complaint.

90.    At all times, Target intended for purchasers to believe that the secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

**ANSWER:**   Target denies the allegations contained in Paragraph 90 of Plaintiffs'

First Amended Complaint.

91.   Target has committed acts of unlawful trade practices in violation of Ala. Code § 8-19-5. Target falsely represented to the Plaintiffs and the other Alabama Subclass members that the value of the Gift Card provided in the sales transactions would be safe and secure from theft and unauthorized used, when, in truth, Target was aware of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 91 of Plaintiffs'

First Amended Complaint.

92.   Target has violated Ala. Code § 8-19-5 (2) and (5) through its representations that "goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have…."

**ANSWER:**   Target denies the allegations contained in Paragraph 92 of Plaintiffs'

First Amended Complaint.

93.   Target has also violated Ala. Code § 8-19-5 (7) because it represented that its goods and services were of a "particular standard, quality, or grade," when in truth and fact, they were not.

**ANSWER:**   Target denies the allegations contained in Paragraph 93 of Plaintiffs'

First Amended Complaint.

94.   Target has also violated Ala. Code § 8-19-5 (9) because it induced transactions with consumers under the false auspices that it reasonably protected the value of the Gift Card from third-party tampering.

**ANSWER:**   Target denies the allegations contained in Paragraph 94 of Plaintiffs'

First Amended Complaint.

95.   Target conducted the practices alleged herein in the course of its business, pursuant to standardized practices that it engaged in both before and after the Plaintiffs in this case were harmed, these acts have been repeated numerous of times, and many consumers were affected.

**ANSWER:**   Target denies the allegations contained in Paragraph 95 of Plaintiffs'

First Amended Complaint.

96.    Target's misrepresentations and omissions were material to Plaintiffs and other Alabama Subclass member's transactions with Target and were made knowingly and with reason to know that Plaintiffs and the Alabama Subclass would rely on the misrepresentations and omissions. Had Plaintiffs and the Alabama Subclass members known about the high likelihood that the Gift Cards had been tampered with—such that they had no value and/or greatly diminished value—they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.

**ANSWER:**   Target denies the allegations contained in Paragraph 96 of Plaintiffs'

First Amended Complaint.

97.    Plaintiffs and the Alabama Subclass members reasonably relied on Target's misrepresentations and omissions and suffered harm as a result. Plaintiffs and the Alabama Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain. These injuries are the direct and natural consequences of Target's misrepresentations and omissions.

**ANSWER:**   Target denies the allegations contained in Paragraph 97 of Plaintiffs'

First Amended Complaint.

98.    Plaintiffs and the Alabama Subclass seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 98 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the alleged Alabama

Subclass purport to seek the relief stated therein, but Target denies that they are entitled to

such relief and denies any remaining allegations contained in Paragraph 98 of Plaintiffs'

First Amended Complaint.

1040927\311303290.v1

## COUNT 2
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (ALA. CODE § 7-2-314, ET SEQ.)

99.     Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

100.     Plaintiffs bring this claim on behalf of the Alabama Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 100 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Alabama Subclass. Target denies the remaining allegations contained in Paragraph 100 of Plaintiffs' First Amended Complaint

101.     At all times pertinent to this action, Target was merchant as that term is defined in Ala. Code § 7-2-104.

**ANSWER:**   The allegations contained in Paragraph 101 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 101 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

102.     Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 102 of Plaintiffs'

First Amended Complaint.

103.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 103 of Plaintiffs'

First Amended Complaint.

104.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 104 of Plaintiffs'

First Amended Complaint.

105.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 105 of Plaintiffs'

First Amended Complaint.

106.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 106 of Plaintiffs' First Amended Complaint.

107.   Plaintiffs and the Alabama Subclass seek actual and statutory damages, to the full extent permitted under applicable law.

1040927\311303290.v1

**ANSWER:**   In response to the allegations contained in Paragraph 107 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Alabama Subclass purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 107 of Plaintiffs' First Amended Complaint.

### COUNT 3
### [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (ALA. CODE § 7-2-315 ET SEQ.)

108.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

109.   Plaintiffs bring this claim on behalf of the Alabama Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 109 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Alabama Subclass. Target denies the remaining allegations contained in Paragraph 109 of Plaintiffs' First Amended Complaint.

110.   At all times pertinent to this action, Target was merchant as that term is defined in Ala. Code § 7-2-104.

**ANSWER:**   The allegations contained in Paragraph 110 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statutes speaks for itself. Target denies the allegations contained Paragraph 110 to the extent they

1040927\311303290.v1

are inconsistent with the referenced statute and denies any other allegations contained therein.

111.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 111 of Plaintiffs' First Amended Complaint.

112.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 112 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 112 of Plaintiffs' First Amended Complaint.

113.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 113 of Plaintiffs' First Amended Complaint and therefore denies same.

114.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 114 of Plaintiffs' First Amended Complaint.

115.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 115 of Plaintiffs' First Amended Complaint.

116.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 116 of Plaintiffs'

First Amended Complaint.

117.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 117 of Plaintiffs' First Amended Complaint.

118.    Plaintiffs and the Alabama Subclass seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 118 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the alleged Alabama

Subclass purport to seek the relief stated therein, but Target denies that they are entitled to

such relief and denies any remaining allegations contained in Paragraph 118 of Plaintiffs'

First Amended Complaint.

**B.    Claims Brought on Behalf of the Alaska Subclass**

## COUNT 4
## [ALLEGED] VIOLATION OF ALASKA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT
## (ALASKA STAT. § 45.50.471, ET. SEQ.)

119.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

120.   Plaintiffs bring this Count on behalf of the Alaska Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 120 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Alaska Subclass. Target denies the remaining allegations contained in Paragraph 120 of Plaintiffs' First Amended Complaint.

121.   The Alaska Unfair Trade Practices and Consumer Protection Act ("UTPCPA") declares unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce unlawful, including "(4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have"; and "(12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged." Alaska Stat. § 45.50.471(b).

**ANSWER:**   The allegations contained in Paragraph 121 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced Act is a statute that speaks for itself. Target denies the allegations contained Paragraph 121 to the extent they are inconsistent with the Act and denies any other allegations contained therein.

122.   Prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit demands pursuant to Alaska Stat. Ann. § 45.50.535(b).

**ANSWER:**   Target denies the allegations contained in Paragraph 122 of Plaintiffs' First Amended Complaint. Target admits that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint, but denies that this correspondence complied with the pre-suit demands required by the referenced statute.

123.    For the reasons discussed above, Target violated (and, on information and belief, continues to violate) the Alaska UTPCPA by engaging in the above-described and prohibited unlawful, unfair, fraudulent, deceptive, untrue, and misleading acts and practices.

**ANSWER:**   Target denies the allegations contained in Paragraph 123 of Plaintiffs' First Amended Complaint.

124.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiff and Alaska Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

**ANSWER:**   Target denies the allegations contained in Paragraph 124 of Plaintiffs' First Amended Complaint.

125.    Target misrepresented that the Gift Cards' secret Activation Codes were private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs that the Gift Card's secret Activation Codes were probably and/or possibly not private and were within the knowledge of third parties without a need to know.

**ANSWER:**   Target denies the allegations contained in Paragraph 125 of Plaintiffs' First Amended Complaint.

126.    Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

**ANSWER:**   Target denies the allegations contained in Paragraph 126 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

127.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

**ANSWER:**   Target denies the allegations contained in Paragraph 127 of Plaintiffs'

First Amended Complaint.

128.   Target's above-described wrongful acts and practices constitute "unfair" business acts and practices, in that they have the capacity or tendency to deceive. *State v. O'Neill Investigations, Inc*., 609 P.2d 520, 534 (Alaska 1980). The harm caused by Target's above wrongful conduct outweighs any utility of such conduct, and such conduct (i) offends public policy, (ii) is improper, unfair, oppressive, deceitful, and offensive, and/or (iii) has caused (and will continue to cause) substantial injury to consumers, such as Plaintiffs and the Class. There were reasonably available alternatives to further Target's legitimate business interests, including using best practices to protect the Gift Cards from third-party tampering, other than Target's wrongful conduct described herein.

**ANSWER:**   Target denies the allegations contained in Paragraph 128 of Plaintiffs'

First Amended Complaint.

129.   "A person who suffers an ascertainable loss of money or property as a result of another person's act or practice declared unlawful by Alaska Stat. 45.50.471 may bring a civil action to recover for each unlawful act or practice three times the actual damages or $500, whichever is greater. The court may provide other relief it considers necessary and proper." Alaska Stat. § 45.50.531(a). Attorneys' fees may also be awarded to the prevailing party. Alaska Stat. § 45.50.531(g).

**ANSWER:**   The allegations contained in Paragraph 129 of Plaintiffs' First

Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 129 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained

therein.

130.   On information and belief, Target's unlawful, fraudulent, and unfair business acts and practices, except as otherwise indicated herein, continue to this day and are

ongoing. As a direct and/or proximate result of Target's unlawful, unfair, and fraudulent practices, Plaintiffs and the Alaska Subclass have suffered injury in fact and lost money in connection with theft, for which they are entitled to compensation, as well as restitution, disgorgement, and/or other equitable relief.

**ANSWER:**   Target denies the allegations contained in Paragraph 130 of Plaintiffs'

First Amended Complaint.

131.    Plaintiffs and the Alaska Subclass were injured in fact. Had Plaintiffs and the Alaska Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the other Alaska Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain. These injuries are the direct and natural consequences of Target's omissions and misrepresentations, all of which have an ascertainable value to be proven at trial.

**ANSWER:**   Target denies the allegations contained in Paragraph 131 of Plaintiffs'

First Amended Complaint.

## COUNT 5
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (ALASKA STAT. § 45.02.314, ET SEQ.)

132.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers

to the foregoing Paragraphs.

133.    Plaintiffs bring this claim on behalf of the Alaska Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 133 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on

behalf of a purported Alaska Subclass. Target denies the remaining allegations contained

in Paragraph 133 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

134.   At all times pertinent to this action, Target was merchant as that term is defined in Alaska Stat. § 45.02.104.

**ANSWER:** The allegations contained in Paragraph 134 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 134 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

135.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 135 of Plaintiffs' First Amended Complaint.

136.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 136 of Plaintiffs' First Amended Complaint.

137.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 137 of Plaintiffs' First Amended Complaint.

138.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1040927\311303290.v1

**ANSWER:**   Target denies the allegations contained in Paragraph 138 of Plaintiffs' First Amended Complaint.

139.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 139 of Plaintiffs' First Amended Complaint.

140.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 140 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 140 of Plaintiffs' First Amended Complaint.

## COUNT 6
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (ALASKA STAT. § 45.02.315, ET SEQ.)

141.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

142.   Plaintiffs bring this claim on behalf of the Alaska Subclass.

1040927\311303290.v1

**ANSWER:**   In response to the allegations contained in Paragraph 142 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Alaska Subclass. Target denies the remaining allegations contained in Paragraph 142 of Plaintiffs' First Amended Complaint.

143.    At all times pertinent to this action, Target was merchant as that term is defined in Alaska Stat. § 45.02.104.

**ANSWER:**   The allegations contained in Paragraph 143 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 143 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

144.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 144 of Plaintiffs' First Amended Complaint.

145.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 145 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 145 of Plaintiffs' First Amended Complaint.

146.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 146 of Plaintiffs' First Amended Complaint and therefore denies same.

147.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 147 of Plaintiffs' First Amended Complaint.

148.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 148 of Plaintiffs' First Amended Complaint

149.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 149 of Plaintiffs' First Amended Complaint.

150.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 150 of Plaintiffs' First Amended Complaint.

[sic] Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph [sic] of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph [sic] of Plaintiffs' First Amended Complaint.

**C.     Claims Brought on Behalf of the Arizona Subclass**

<u>**COUNT 7**</u>
**[ALLEGED] VIOLATION OF CONSUMER FRAUD ACT**
**(ARIZ. REV. STAT. §44-1521, ET. SEQ.)**

151.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

152.    Plaintiffs bring this Count on behalf of the Arizona Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 152 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Arizona Subclass. Target denies the remaining allegations contained in Paragraph 152 of Plaintiffs' First Amended Complaint.

153.    Plaintiffs and the Arizona Class members are consumers who purchased Target Gift Cards primarily for personal, family or household purposes.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of Plaintiffs' First Amended Complaint and therefore denies same.

154.    Target, Plaintiffs and the Arizona Subclass are "persons" within the meaning of the Arizona Consumer Fraud Act ("Arizona CFA"), ARIZ. REV. STAT. §44-1512(6).

**ANSWER:** The allegations contained in Paragraph 154 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 154 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

155.    The Gift Cards are "merchandise" within the meaning of ARIZ. REV. STAT. §44-1521(5). The Arizona CFA proscribes: "The Arizona CFA proscribes "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby." Ariz. Rev. Stat. § 44-1522(A).

**ANSWER:** The allegations contained in Paragraph 155 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 155 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

156.    In the course of its business, Target failed to disclose and actively concealed that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with the intent that others rely upon such concealment, suppression or omission in connection with the sale of the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 156 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

157.    Target is engaged in, and its acts and omissions affect, trade and commerce.

**ANSWER:**    Target denies the allegations contained in Paragraph 157 of Plaintiffs'

First Amended Complaint.

158.    Target owed Plaintiffs and the Arizona Subclass a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and otherwise engaged in activities with a tendency or capacity to deceive.

**ANSWER:**    Target denies the allegations contained in Paragraph 158 of Plaintiffs'

First Amended Complaint.

159.    Target engaged in the conduct described more fully above and in transactions intended to result, and which did result, in the sale of goods or services to consumers, including Plaintiffs and the Arizona Subclass members.

**ANSWER:**    Target denies the allegations contained in Paragraph 159 of Plaintiffs'

First Amended Complaint.

160.    Target's acts, practices, and omissions were done in the course of Target's business of marketing, offering for sale and selling goods and services throughout the United States, including in Arizona.

**ANSWER:**    Target denies the allegations contained in Paragraph 160 of Plaintiffs'

First Amended Complaint.

161.    Target's conduct as alleged in this complaint constitutes unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and/or unlawful acts or practices.

**ANSWER:**    Target denies the allegations contained in Paragraph 161 of Plaintiffs'

First Amended Complaint.

162.    By engaging in such conduct and omissions of material facts, Target has violated state consumer laws prohibiting representing that "goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have," representing that "goods and services are of a particular standard, quality or grade, if they are of another", and/or "engaging in any other conduct which similarly creates a likelihood of confusion or misunderstanding"; and state consumer laws

prohibiting unfair methods of competition and unfair, deceptive, unconscionable, fraudulent and/or unlawful acts or practices.

**ANSWER:**   Target denies the allegations contained in Paragraph 162 of Plaintiffs'

First Amended Complaint.

163.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Arizona Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiff and the Arizona Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

**ANSWER:**   Target denies the allegations contained in Paragraph 163 of Plaintiffs'

First Amended Complaint.

164.   Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Arizona Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and was within the knowledge of third parties without a need to know.

**ANSWER:**   Target denies the allegations contained in Paragraph 164 of Plaintiffs'

First Amended Complaint.

165.   Target intended for Plaintiffs and the Arizona Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

**ANSWER:**   Target denies the allegations contained in Paragraph 165 of Plaintiffs'

First Amended Complaint.

166.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

**ANSWER:**   Target denies the allegations contained in Paragraph 166 of Plaintiffs' First Amended Complaint.

167.   Target's representations and omissions described herein constitute concealment, suppression, or omission of issues and were material to Plaintiffs' and the Arizona Subclass members decisions to purchase the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 167 of Plaintiffs' First Amended Complaint.

168.   Plaintiffs and the Arizona Subclass members had no knowledge of Target's concealment, fraud, misrepresentations and omissions of material fact.

**ANSWER:**   Target denies the allegations contained in Paragraph 168 of Plaintiffs' First Amended Complaint.

169.   Plaintiffs and the Arizona Subclass members personally or through their designees, demanded replacement or refund of the money loaded on the card and Target refused.

**ANSWER:**   In response to the allegations contained in Paragraph 169 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Arizona Subclass demanded the stated relief, but denies that Plaintiffs and the purported Arizona Subclass are entitled to such relief and denies any remaining allegations contained therein.

170.   As a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target, Plaintiffs and the Arizona Subclass has suffered an ascertainable monetary loss, to wit: the loss of the funds associated with their Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 170 of Plaintiffs' First Amended Complaint.

171.   That the conduct of Target in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiffs and the Arizona Subclass members to actual and punitive damages.

**ANSWER:** Target denies the allegations contained in Paragraph 171 of Plaintiffs'

First Amended Complaint.

172. Target's violations present a continuing risk to Plaintiffs and the Arizona Subclass as well as to the general public. The Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** Target denies the allegations contained in Paragraph 172 of Plaintiffs'

First Amended Complaint.

173. Plaintiffs and the Arizona Subclass seek monetary relief against the Target in an amount to be determined at trial. Plaintiffs and the Arizona Subclass also seek punitive damages because the [sic] Target engaged in aggravated and outrageous conduct with an evil mind.

**ANSWER:** Target denies the allegations contained in Paragraph 173 of Plaintiffs'

First Amended Complaint.

174. Plaintiffs and the Arizona Subclass also seek attorneys' fees and any other just and proper relief available.

**ANSWER:** In response to the allegations contained in Paragraph 174 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the purported Arizona

Subclass seek the stated relief, but denies that Plaintiffs and the purported Arizona Subclass

are entitled to such relief and denies any remaining allegations contained therein

## COUNT 8
### [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (ARIZ. REV. STAT. § 47-2314, ET SEQ.)

175. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers

to the foregoing Paragraphs.

1040927\311303290.v1

176.    Plaintiffs bring this claim on behalf of the Arizona Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 176 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Arizona Subclass. Target denies the remaining allegations contained in Paragraph 176 of Plaintiffs' First Amended Complaint.

177.    At all times pertinent to this action, Target was merchant as that term is defined in Ariz. Rev. Stat. § 47-2104.

**ANSWER:**   The allegations contained in Paragraph 177 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statutes speaks for itself. Target denies the allegations contained Paragraph 177 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

178.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 178 of Plaintiffs' First Amended Complaint.

179.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 179 of Plaintiffs' First Amended Complaint.

180.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 180 of Plaintiffs' First Amended Complaint.

181.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 181 of Plaintiffs' First Amended Complaint.

182.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 182 of Plaintiffs' First Amended Complaint.

183.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 183 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 183 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

## COUNT 9
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (ARIZ. REV. STAT. § 47-2315, ET SEQ.)

184.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

185.    Plaintiffs bring this claim on behalf of the Arizona Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 185 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Arizona Subclass. Target denies the remaining allegations contained in Paragraph 185 of Plaintiffs' First Amended Complaint.

186.    At all times pertinent to this action, Target was merchant as that term is defined in Ariz. Rev. Stat. § 47-2104.

**ANSWER:**   The allegations contained in Paragraph 186 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 186 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

187.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 187 of Plaintiffs' First Amended Complaint.

188.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 188 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 188 of Plaintiffs' First Amended Complaint.

189.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 189 of Plaintiffs' First Amended Complaint and therefore denies same.

190.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 190 of Plaintiffs' First Amended Complaint.

191.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 191 of Plaintiffs' First Amended Complaint.

192.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 192 of Plaintiffs' First Amended Complaint.

193.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 193 of Plaintiffs' First Amended Complaint.

194.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 194 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 194 of Plaintiffs' First Amended Complaint.

**D.     Claims Brought on Behalf of the Arkansas Subclass**

## COUNT 10
## [ALLEGED] VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT
## (ARK. CODE ANN. §§ 4-88-101, *ET SEQ.*)

195.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

196.   Plaintiffs bring this Count on behalf of the Arkansas Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 196 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Arkansas Subclass. Target denies the remaining allegations contained in Paragraph 196 of Plaintiffs' First Amended Complaint.

197.    The Arkansas Deceptive Trade Practices Act ("DTPA") prohibits "deceptive and unconscionable trade practices," which include but are not limited to a list of enumerated items, including "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade[.]" Ark. Code Ann. § 4-88-107(a)(10).

**ANSWER:**  The allegations contained in Paragraph 197 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced Act is a statute that speaks for itself. Target denies the allegations contained Paragraph 197 to the extent they are inconsistent with the Act and denies any other allegations contained therein.

198.    The Plaintiff, members of the Arkansas Subclass, and the Target are "persons" within the meaning of the Arkansas DTPA. Ark. Code Ann. § 4-88-102(5).

**ANSWER:**  The allegations contained in Paragraph 198 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 198 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

199.    The conduct of Target as set forth herein constitutes deceptive and unconscionable trade practices because Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to the Plaintiff and the Arkansas subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the  concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiff and Arkansas Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

**ANSWER:**   Target denies the allegations contained in Paragraph 199 of Plaintiffs' First Amended Complaint.

200.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiff and the Arkansas Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

**ANSWER:**   Target denies the allegations contained in Paragraph 200 of Plaintiffs' First Amended Complaint.

201.    Target intended for Plaintiff and the Arkansas Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

**ANSWER:**   Target denies the allegations contained in Paragraph 201 of Plaintiffs' First Amended Complaint.

202.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

**ANSWER:**   Target denies the allegations contained in Paragraph 202 of Plaintiffs' First Amended Complaint.

203.    Target's conduct was unconscionable because it affronts the sense of justice, decency, or reasonableness, including as established by public policy and the state and federal laws enumerated herein. Target's unconscionable and deceptive trade practices occurred or were committed in the course, vocation, or occupation of its business, commerce, or trade. Target are directly liable for these violations of law.

**ANSWER:**   Target denies the allegations contained in Paragraph 203 of Plaintiffs' First Amended Complaint.

204.    Target engaged in a deceptive trade practice when it failed to disclose material information concerning the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 204 of Plaintiffs' First Amended Complaint.

205.    The information withheld was material in that it was information that was vitally important to consumers. Target's withholding of this information was likely to mislead consumers acting reasonably under the circumstances. Target's conduct proximately caused injuries to the Plaintiff and Arkansas Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 205 of Plaintiffs'

First Amended Complaint.

206.    Plaintiff and the Arkansas Subclass were injured as a result of Target's conduct as alleged herein. These injuries are the direct and natural consequence of Target's unconscionable conduct, misrepresentations, and omissions.

**ANSWER:**   Target denies the allegations contained in Paragraph 206 of Plaintiffs'

First Amended Complaint.

207.    Plaintiff and other members of the Arkansas Subclass are entitled to recover actual damages, as well as reasonable attorneys' fees, for Target's unlawful conduct.

**ANSWER:**   Target denies the allegations contained in Paragraph 207 of Plaintiffs'

First Amended Complaint.

## COUNT 11
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (ARK. CODE ANN. § 4-2-314, ET SEQ.)

208.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers

to the foregoing Paragraphs.

209.    Plaintiffs bring this claim on behalf of the Arkansas Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 209 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on

1040927\311303290.v1

behalf of a purported Arkansas Subclass. Target denies the remaining allegations contained in Paragraph 209 of Plaintiffs' First Amended Complaint.

210.    At all times pertinent to this action, Target was merchant as that term is defined in Ark. Code Ann. § 4-2-104.

**ANSWER:**  The allegations contained in Paragraph 210 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 210 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

211.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 211 of Plaintiffs' First Amended Complaint.

212.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 212 of Plaintiffs' First Amended Complaint.

213.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 213 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

214.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 214 of Plaintiffs' First Amended Complaint.

215.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 215 of Plaintiffs' First Amended Complaint.

216.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 216 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 216 of Plaintiffs' First Amended Complaint.

## COUNT 12
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (ARK. CODE ANN. § 4-2-315, ET SEQ.)

217.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

218.    Plaintiffs bring this claim on behalf of the Arkansas Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 218 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on

behalf of a purported Arkansas Subclass. Target denies the remaining allegations contained

in Paragraph 218 of Plaintiffs' First Amended Complaint.

219.    At all times pertinent to this action, Target was merchant as that term is

defined in Ark. Code Ann. § 4-2-104.

**ANSWER:**   The allegations contained in Paragraph 219 of Plaintiffs' First

Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 219 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained

therein.

220.    At the time of sale and/or contracting, Target had reason to know the

particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 220 of Plaintiffs'

First Amended Complaint.

221.    The particular purposes described above include but are not limited to the

purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 221 of Plaintiffs'

First Amended Complaint, Target admits only that Apple iTunes gift cards may generally

be used to purchase "goods online in the Apple iTunes store." Target denies the remaining

allegations contained in Paragraph 221 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

222.     The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 222 of Plaintiffs' First Amended Complaint and therefore denies same.

223.     Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 223 of Plaintiffs' First Amended Complaint.

224.     As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 224 of Plaintiffs' First Amended Complaint.

225.     Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 225 of Plaintiffs' First Amended Complaint.

226.     Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 226 of Plaintiffs' First Amended Complaint.

227.     Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 227 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 227 of Plaintiffs' First Amended Complaint.

**E.    Claims Brought on Behalf of the California Subclass**

<u>**COUNT 13**</u>
**[ALLEGED] VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(Cal. Bus. & Prof. Code §§ 17200, et seq.)**

228.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

229.   Plaintiffs bring this Count on behalf of the California Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 229 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported California Subclass. Target denies the remaining allegations contained in Paragraph 229 of Plaintiffs' First Amended Complaint.

230.   Plaintiffs and the California Subclass members are "person[s]" as defined in Cal. Bus. & Prof. Code § 17201 who purchased Target Gift Cards primarily for personal, family or household purposes.

**ANSWER:**   The allegations contained in Paragraph 230 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 230 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

231.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

**ANSWER:** The allegations contained in Paragraph 231 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that California's Unfair Competition Law is a statute that speaks for itself. Target denies the allegations contained Paragraph 231 to the extent they are inconsistent with the UCL and denies any other allegations contained therein.

232.    Target's conduct, as described herein, was and is in violation of the UCL. Target's conduct violates the UCL in at least the following ways:

    a.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and California Subclass members which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and California Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

    b.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the California Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

    c.    Target intended for Plaintiffs and California Subclass members to believe that its security features prevented anyone but the purchaser

or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

d.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code; and

**ANSWER:**   Target denies the allegations contained in Paragraph 232 of Plaintiffs'

First Amended Complaint, including all subparts.

233.   Target's misrepresentations and omissions alleged herein caused Plaintiffs and the other California Subclass members to purchase Target Gift Cards. Absent those misrepresentations and omissions, Plaintiffs and California Subclass members would not have purchased the Target Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 233 of Plaintiffs'

First Amended Complaint.

234.   Target owed Plaintiff and the California Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.    Intentionally concealed the foregoing from Plaintiff and the Class; and/or

c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 234 of Plaintiffs'

First Amended Complaint, including all subparts.

235.   Plaintiffs and the California Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material

information. Plaintiffs and California Subclass members who purchased the Gift Cards either would not have purchased the Gift Cards had Target disclosed that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or diminished value.

**ANSWER:** Target denies the allegations contained in Paragraph 235 of Plaintiffs' First Amended Complaint.

236. Accordingly, Plaintiffs and California Subclass members have suffered injury in fact, including lost money or property, as a result of Target's misrepresentations and omissions.

**ANSWER:** Target denies the allegations contained in Paragraph 236 of Plaintiffs' First Amended Complaint.

237. Plaintiffs and California Subclass members seek to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Target under Cal. Bus. & Prof. Code § 17200.

**ANSWER:** Target denies the allegations contained in Paragraph 237 of Plaintiffs' First Amended Complaint.

238. Plaintiffs and California Subclass members request that this Court enter such orders or judgments as may be necessary to enjoin Target from continuing its unfair, unlawful, and/or deceptive practices; to restore to Plaintiffs and members of the Class any money it acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 & 3345; and for such other relief set forth below.

**ANSWER:** Target denies the allegations contained in Paragraph 238 of Plaintiffs' First Amended Complaint.

## COUNT 14
## [ALLEGED] VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT
### (Cal. Civ. Code §§ 1750, et seq.)

239. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1040927\311303290.v1

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

240. Plaintiffs bring this Count on behalf of the California Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 240 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported California Subclass. Target denies the remaining allegations contained in Paragraph 240 of Plaintiffs' First Amended Complaint.

241. California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq., proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

**ANSWER:** The allegations contained in Paragraph 241 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 241 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

242. The Gift Cards are "goods" as defined in Cal. Civ. Code § 1761(a).

**ANSWER:** The allegations contained in Paragraph 242 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 242 to the extent they

1040927\311303290.v1

are inconsistent with the referenced statute and denies any other allegations contained therein.

243.   Plaintiffs and the California Subclass members are "consumers" as defined in Cal. Civ. Code § 1761(d), and Plaintiffs, the California Subclass members, and Target are "persons" as defined in Cal. Civ. Code § 1761(c).

**ANSWER:** The allegations contained in Paragraph 243 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 243 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

244.   As alleged above, Target made numerous representations concerning the benefits, efficiency, performance, and safety features of the Gift Cards that were misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 244 of Plaintiffs' First Amended Complaint.

245.   In purchasing the Target Gift Cards, Plaintiffs and California Subclass members were deceived by Target's failure to disclose and active concealment that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value.

**ANSWER:**   Target denies the allegations contained in Paragraph 245 of Plaintiffs' First Amended Complaint.

246.   Target's conduct, as described herein, was and is in violation of the CLRA. Target's conduct violates at least the following enumerated CLRA provisions:

      a.    Cal. Civ. Code § 1770(a)(2): Misrepresenting the approval or certification of goods;

1040927\311303290.v1

      b.     Cal. Civ. Code § 1770(a)(5): Representing that goods have sponsorship, approval, characteristics, uses, benefits, or quantities which they do not have;

      c.     Cal. Civ. Code § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade, if they are of another;

      d.     Cal. Civ. Code § 1770(a)(9): Advertising goods with intent not to sell them as advertised; and

      e.     Cal. Civ. Code § 1770(a)(16): Representing that goods have been supplied in accordance with a previous representation when they have not.

**ANSWER:**   Target denies the allegations contained in Paragraph 246 of Plaintiffs' First Amended Complaint, including all subparts.

247.   Plaintiffs and the California Subclass members have suffered injury in fact and actual damages resulting from Target's material omissions and misrepresentations and its concealment of and failure to disclose material information. Plaintiffs and California Subclass members who purchased the Gift Cards would not have purchased the Gift Cards had Target disclosed that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 247 of Plaintiffs' First Amended Complaint.

248.   Target knew, should have known, or was reckless in not knowing that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and not suitable for their intended use.

**ANSWER:**   Target denies the allegations contained in Paragraph 248 of Plaintiffs' First Amended Complaint.

249.   Target owed Plaintiff and the California Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

      a.     Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

      b.      Intentionally concealed the foregoing from Plaintiff and the Class; and/or

      c.      Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 249 of Plaintiffs' First Amended Complaint, including all subparts.

250. The facts concealed and omitted by Target to Plaintiffs and California Subclass members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Gift Cards. Had Plaintiffs and California Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.

**ANSWER:** Target denies the allegations contained in Paragraph 250 of Plaintiffs' First Amended Complaint.

251. In accordance with Cal. Civil Code § 1780(a), Plaintiffs and California Subclass members seek injunctive and equitable relief for Target's violations of the CLRA, including an injunction to enjoin Target from continuing its deceptive advertising and sales practices.

**ANSWER:** Target denies the allegations contained in Paragraph 251 of Plaintiffs' First Amended Complaint.

252. Prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit demands pursuant to Cal. Civ. Code § 1782(a).

**ANSWER:** Target denies the allegations contained in Paragraph 252 of Plaintiffs' First Amended Complaint. Target admits that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint, but denies that this correspondence complied with the pre-suit demands required by the referenced statute.

253.   Plaintiffs and California Subclass members' injuries were proximately caused by Target's fraudulent and deceptive business practices.

**ANSWER:**   Target denies the allegations contained in Paragraph 253 of Plaintiffs' First Amended Complaint.

254.   Therefore, Plaintiffs and California Subclass members are entitled to equitable and monetary relief under CLRA.

**ANSWER:**   Target denies the allegations contained in Paragraph 254 of Plaintiffs' First Amended Complaint.

## COUNT 15
### [ALLEGED] VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW
(Cal. Bus. & Prof. Code § 17500, *et seq.*)

255.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

256.   Plaintiffs bring this Count on behalf of the California Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 256 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported California Subclass. Target denies the remaining allegations contained in Paragraph 256 of Plaintiffs' First Amended Complaint.

257.   Cal. Bus. & Prof. Code § 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means

whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

**ANSWER:** The allegations contained in Paragraph 257 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 257 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

258.    Target caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Target, to be untrue and misleading to consumers, including Plaintiffs and the California Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 258 of Plaintiffs' First Amended Complaint.

259.   Target has violated Cal. Bus. & Prof. Code § 17500 because the misrepresentations and omissions regarding the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as set forth in this Complaint, were material and likely to deceive a reasonable consumer.

**ANSWER:**   Target denies the allegations contained in Paragraph 259 of Plaintiffs' First Amended Complaint.

260.   Plaintiffs and the California Subclass members have suffered an injury in fact, including the loss of money or property, as a result of Target's unfair, unlawful, and/or deceptive practices. In purchasing the Gift Cards, Plaintiffs and the California Subclass members relied on the misrepresentations and/or omissions of Target regarding the high likelihood that the Gift Cards had been tampered with such that they had no value/and or greatly diminished value. Had Plaintiffs and the California Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would

1040927\311303290.v1

not have paid the prices they paid in fact. Accordingly, Plaintiffs and the California Class members overpaid for the Gift Cards and did not receive the benefit of their bargain.

ANSWER:   Target denies the allegations contained in Paragraph 260 of Plaintiffs'

First Amended Complaint.

261.   All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Target's business. Target's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the state of California and nationwide.

ANSWER:   Target denies the allegations contained in Paragraph 261 of Plaintiffs'

First Amended Complaint.

262.   Plaintiffs, individually and on behalf of the other California Subclass members, request that this Court enter such orders or judgments as may be necessary to enjoin Target from continuing their unfair, unlawful, and/or deceptive practices, to restore to Plaintiffs and the California Subclass members any money Target acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

ANSWER:   Target denies the allegations contained in Paragraph 262 of Plaintiffs'

First Amended Complaint.

## COUNT 16
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (CAL. COMM. CODE § 2314, ET SEQ.)

263.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

ANSWER:   Target incorporates by reference as if fully stated herein its answers

to the foregoing Paragraphs.

264.   Plaintiffs bring this claim on behalf of the California Subclass.

ANSWER:   In response to the allegations contained in Paragraph 264 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on

1040927\311303290.v1

behalf of a purported California Subclass. Target denies the remaining allegations contained in Paragraph 264 of Plaintiffs' First Amended Complaint.

265.   At all times pertinent to this action, Target was merchant as that term is defined in Cal. Comm. Code § 2104.

**ANSWER:** The allegations contained in Paragraph 265 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 265 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

266.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 266 of Plaintiffs' First Amended Complaint.

267.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 267 of Plaintiffs' First Amended Complaint.

268.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 268 of Plaintiffs' First Amended Complaint.

269.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 269 of Plaintiffs'

First Amended Complaint.

270.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 270 of Plaintiffs' First Amended Complaint.

271.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 271 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport

to seek the relief stated therein, but Target denies that they are entitled to such relief and

denies any remaining allegations contained in Paragraph 2171 of Plaintiffs' First Amended

Complaint.

<u>**COUNT 17**</u>
**[ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(CAL. COMM. CODE § 2315, ET SEQ.)**

272.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers

to the foregoing Paragraphs.

273.    Plaintiffs bring this claim on behalf of the California Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 273 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported California Subclass. Target denies the remaining allegations contained in Paragraph 273 of Plaintiffs' First Amended Complaint.

274.    At all times pertinent to this action, Target was merchant as that term is defined in Cal. Comm. Code § 2104.

**ANSWER:**   The allegations contained in Paragraph 274 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 274 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

275.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 275 of Plaintiffs' First Amended Complaint.

276.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 276 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 276 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

277.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 277 of Plaintiffs' First Amended Complaint and therefore denies same.

278.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 278 of Plaintiffs' First Amended Complaint.

279.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 279 of Plaintiffs' First Amended Complaint.

280.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 280 of Plaintiffs' First Amended Complaint.

281.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 281 of Plaintiffs' First Amended Complaint.

282.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 282 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 282 of Plaintiffs' First Amended Complaint.

**F.    Claims Brought on Behalf of the Colorado Subclass**

**COUNT 18**
**[ALLEGED] VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT**
**(COLO. REV. STAT. §§ 6-1-105, ET SEQ.)**

283.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

284.   Plaintiffs bring this Count on behalf of the Colorado Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 284 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Colorado Subclass. Target denies the remaining allegations contained in Paragraph 284 of Plaintiffs' First Amended Complaint.

285.   Colorado's Consumer Protection Act (the "CCPA") prohibits a person from engaging in a "deceptive trade practice," which includes knowingly making "a false representation as to the source, sponsorship, approval, or certification of goods…" or "a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods…"; "[r]epresents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another,"; or [f]ails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction." Colo. Rev. Stat. § 6-1-105(1)(b), (e), (g) and (u).

**ANSWER:** The allegations contained in Paragraph 285 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 285 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

286.   Target constitutes a "person" within the meaning of Colo. Rev. Stat. § 6-1-102(6).

**ANSWER:** The allegations contained in Paragraph 286 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 286 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

287.   In the course of Target's business, it failed to disclose, and actively concealed, the high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value as described above. Accordingly, Target engaged in conduct likely to deceive.

**ANSWER:**   Target denies the allegations contained in Paragraph 287 of Plaintiffs' First Amended Complaint.

288.   Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:**   Target denies the allegations contained in Paragraph 288 of Plaintiffs' First Amended Complaint.

289.    Target's conduct proximately caused injuries to Plaintiff and the Colorado Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 289 of Plaintiffs' First Amended Complaint.

290.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the Colorado Subclass members which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Colorado Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

**ANSWER:**   Target denies the allegations contained in Paragraph 290 of Plaintiffs' First Amended Complaint.

291.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiff and the Colorado Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

**ANSWER:**   Target denies the allegations contained in Paragraph 291 of Plaintiffs' First Amended Complaint.

292.    Target intended for Plaintiff and the Colorado Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

**ANSWER:**   Target denies the allegations contained in Paragraph 292 of Plaintiffs' First Amended Complaint.

293.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

**ANSWER:**   Target denies the allegations contained in Paragraph 293 of Plaintiffs'

First Amended Complaint.

294.   Plaintiff and the Colorado Subclass members were injured as a result of Target's conduct. Had Plaintiff and the Colorado Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the other Class members overpaid for the Gift Cards and did not receive the benefit of their bargain. These injuries are the direct and natural consequences of Target's omissions.

**ANSWER:**   Target denies the allegations contained in Paragraph 294 of Plaintiffs'

First Amended Complaint.

## COUNT 19
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (COL. REV. STAT. § 4-2-314, ET SEQ.)

295.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers

to the foregoing Paragraphs.

296.   Plaintiffs bring this claim on behalf of the Colorado Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 296 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on

behalf of a purported Colorado Subclass. Target denies the remaining allegations contained

in Paragraph 296 of Plaintiffs' First Amended Complaint.

297.   At all times pertinent to this action, Target was merchant as that term is defined in Col. Rev. Stat. § 4-2-104.

**ANSWER:**   The allegations contained in Paragraph 297 of Plaintiffs' First

Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 297 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

298.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 298 of Plaintiffs' First Amended Complaint.

299.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 299 of Plaintiffs' First Amended Complaint.

300.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 300 of Plaintiffs' First Amended Complaint.

301.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 301 of Plaintiffs' First Amended Complaint.

302.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 302 of Plaintiffs' First Amended Complaint.

303.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 303 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 303 of Plaintiffs' First Amended Complaint.

<u>**COUNT 20**</u>
**[ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(COL. REV. STAT. § 4-2-315, ET SEQ.)**

304.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

305.    Plaintiffs bring this claim on behalf of the Colorado Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 305 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Colorado Subclass. Target denies the remaining allegations contained in Paragraph 305 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

306.   At all times pertinent to this action, Target was merchant as that term is defined in Col. Rev. Stat. § 4-2-104.

**ANSWER:** The allegations contained in Paragraph 306 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 306 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

307.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 307 of Plaintiffs' First Amended Complaint.

308.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 308 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 308 of Plaintiffs' First Amended Complaint.

309.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 309 of Plaintiffs' First Amended Complaint and therefore denies same.

310.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 310 of Plaintiffs'

First Amended Complaint.

311.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 311 of Plaintiffs'

First Amended Complaint.

312.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 312 of Plaintiffs'

First Amended Complaint.

313.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 313 of Plaintiffs' First Amended Complaint.

314.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 314 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport

to seek the relief stated therein, but Target denies that they are entitled to such relief and

denies any remaining allegations contained in Paragraph 314 of Plaintiffs' First Amended

Complaint.

1040927\311303290.v1

G.     **Claims Brought on Behalf of the Connecticut Subclass**

## COUNT 21
## [ALLEGED] VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT
## (C.G.S. §§ 42-110A *ET SEQ.*)

315.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

316.    Plaintiffs bring this Count on behalf of the Connecticut Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 316 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Connecticut Subclass. Target denies the remaining allegations contained in Paragraph 316 of Plaintiffs' First Amended Complaint.

317.    Plaintiffs have provided notice of this action and a copy of this Complaint to the Connecticut Attorney General pursuant to Conn. Gen. Stat. § 42-110g(c).

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 317 of Plaintiffs' First Amended Complaint and therefore denies same.

318.    Target engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Conn. Gen. Stat. §42-110b, in at least the following ways:

      a.     Target misrepresented and fraudulently advertised material facts to Plaintiff and the Connecticut Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the Connecticut Subclass members which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiff and the Connecticut Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.   Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiff and the Connecticut Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.   Target intended for Plaintiff and the Connecticut Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiff and the Connecticut Subclass members in a timely and accurate manner, contrary to the duties imposed by Conn. Gen. Stat. § 36a-701b; and

g.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiff and the Connecticut Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:**   Target denies the allegations contained in Paragraph 318 of Plaintiffs' First Amended Complaint, including all subparts.

319.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards were not known to entities or individuals with no legitimate business purposes to know the Activation Code.

**ANSWER:**   Target denies the allegations contained in Paragraph 319 of Plaintiffs'

First Amended Complaint.

320.   As a direct and proximate result of Target's deceptive trade practices, Plaintiff and the Connecticut Subclass members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of funds associated with their Gift Cards, as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target.

**ANSWER:**   Target denies the allegations contained in Paragraph 320 of Plaintiffs'

First Amended Complaint.

321.   The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition. Target knew or should have known the high likelihood that the Gift Cards had been tampered with such that they had no  value and/or greatly diminished value, Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of Plaintiff and the Connecticut Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 321 of Plaintiffs'

First Amended Complaint.

322.   Plaintiff and the Connecticut Subclass members seek relief under Conn. Gen. Stat. § 42-110a, *et seq*., including, but not limited to, damages, statutory damages, restitution, penalties, injunctive relief, and/or attorneys' fees and costs.

**ANSWER:**   In response to Paragraph 322 of Plaintiffs' First Amended Complaint,

Target admits only that Plaintiffs and the purported Connecticut Subclass seek the relief

stated therein, but denies that they are entitled to such relief and denies any other allegations

contained therein.

## COUNT 22
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (C.G.S § 42a-2-314, ET SEQ.)

323.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

324.   Plaintiffs bring this claim on behalf of the Connecticut Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 324 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Connecticut Subclass. Target denies the remaining allegations contained in Paragraph 324 of Plaintiffs' First Amended Complaint.

325.   At all times pertinent to this action, Target was merchant as that term is defined in C.G.S. § 42a-2-104.

**ANSWER:**   The allegations contained in Paragraph 325 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 325 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

326.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 326 of Plaintiffs'

First Amended Complaint.

327.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 327 of Plaintiffs'

First Amended Complaint.

328.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 328 of Plaintiffs'

First Amended Complaint.

329.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 329 of Plaintiffs'

First Amended Complaint.

330.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 330 of Plaintiffs' First Amended Complaint.

331.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

1040927\311303290.v1

**ANSWER:**   In response to the allegations contained in Paragraph 331 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 331 of Plaintiffs' First Amended Complaint.

## COUNT 23
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (C.G.S § 42a-2-314, ET SEQ.)

332.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

333.   Plaintiffs bring this claim on behalf of the Connecticut Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 333 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Connecticut Subclass. Target denies the remaining allegations contained in Paragraph 333 of Plaintiffs' First Amended Complaint.

334.   At all times pertinent to this action, Target was merchant as that term is defined in C.G.S. § 42a-2-104.

**ANSWER:**   The allegations contained in Paragraph 334 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 334 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

335.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 335 of Plaintiffs' First Amended Complaint.

336.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 336 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 336 of Plaintiffs' First Amended Complaint.

337.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 337 of Plaintiffs' First Amended Complaint and therefore denies same.

338.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 338 of Plaintiffs' First Amended Complaint.

339.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 339 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

340.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 340 of Plaintiffs'

First Amended Complaint.

341.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 341 of Plaintiffs' First Amended Complaint.

342.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 342 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport

to seek the relief stated therein, but Target denies that they are entitled to such relief and

denies any remaining allegations contained in Paragraph 342 of Plaintiffs' First Amended

Complaint.

**H.    Claims Brought on Behalf of the Delaware Subclass**

### COUNT 24
**[ALLEGED] VIOLATIONS OF THE DELAWARE CONSUMER FRAUD ACT
(DEL. CODE ANN. TIT. 6 § 2511, ET SEQ.)**

343.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers

to the foregoing Paragraphs.

344.    Plaintiffs bring this Count on behalf of the Delaware Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 344 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on

behalf of a purported Delaware Subclass. Target denies the remaining allegations contained

in Paragraph 344 of Plaintiffs' First Amended Complaint.

345.    Each [sic] Target is a "person" within the meaning of Del. Code Ann. tit. 6,
§ 2511(7).

**ANSWER:**   The allegations contained in Paragraph 345 of Plaintiffs' First

Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 345 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained

therein.

346.    The Delaware Consumer Fraud Act ("Delaware CFA") prohibits the "act,
use or employment by any person of any deception, fraud, false pretense, false promise,
misrepresentation, or the concealment, suppression, or omission of any material fact with
intent that others rely upon such concealment, suppression or omission, in connection with
the sale, lease or advertisement of any merchandise, whether or not any person has in fact
been misled, deceived or damaged thereby." Del. Code Ann. tit. 6, § 2513(a).

**ANSWER:**   The allegations contained in Paragraph 346 of Plaintiffs' First

Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 346 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained

therein.

1040927\311303290.v1

347.    In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

**ANSWER:**   Target denies the allegations contained in Paragraph 347 of Plaintiffs' First Amended Complaint.

348.    Target knew there was high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, but concealed all of that information.

**ANSWER:**   Target denies the allegations contained in Paragraph 348 of Plaintiffs' First Amended Complaint.

349.    In purchasing the Gift Cards, Plaintiff and the Delaware Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 349 of Plaintiffs' First Amended Complaint.

350.    Plaintiff and the Delaware Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 350 of Plaintiffs' First Amended Complaint.

351.   Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:**   Target denies the allegations contained in Paragraph 351 of Plaintiffs' First Amended Complaint.

352.   Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

**ANSWER:**   Target denies the allegations contained in Paragraph 352 of Plaintiffs' First Amended Complaint.

353.   By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Delaware CFA.

**ANSWER:**   Target denies the allegations contained in Paragraph 353 of Plaintiffs' First Amended Complaint.

354.   In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 354 of Plaintiffs' First Amended Complaint.

355.   Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the other Delaware Subclass members about the true value of the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 355 of Plaintiffs' First Amended Complaint.

356.   Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiff and the Delaware Subclass members.

1040927\311303290.v1

**ANSWER:**   Target denies the allegations contained in Paragraph 356 of Plaintiffs'

First Amended Complaint.

357.   Target knew or should have known that its conduct violated the Delaware CFA.

**ANSWER:**   Target denies the allegations contained in Paragraph 357 of Plaintiffs'

First Amended Complaint.

358.   As alleged above, Target made material statements about the value and utility of the Gift Cards and that Target knew were either false or misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 358 of Plaintiffs'

First Amended Complaint.

359.   Target owed Plaintiff and the Delaware Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

      a.      Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

      b.      Intentionally concealed the foregoing from Plaintiff and the Class; and/or

      c.      Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 359 of Plaintiffs'

First Amended Complaint, including all subparts.

360.   Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiff and the Delaware Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 360 of Plaintiffs' First Amended Complaint.

361.   Target's conduct proximately caused injuries to Plaintiff and the Delaware Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 361 of Plaintiffs' First Amended Complaint.

362.   Plaintiffs and the Delaware Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Plaintiffs and the Class known about the high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the other Delaware Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Delaware CFA. These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

**ANSWER:**   Target denies the allegations contained in Paragraph 362 of Plaintiffs' First Amended Complaint.

363.   Target's violations present a continuing risk to Plaintiff and the Delaware Subclass members as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 363 of Plaintiffs' First Amended Complaint.

364.   Plaintiff and the Class seek damages under the Delaware CFA for injury resulting from the direct and natural consequences of Target's unlawful conduct. *See, e.g., Stephenson v. Capano Dev., Inc*., 462 A.2d 1069, 1076-77 (Del. 1983). Plaintiff and the Delaware subclass members also seek declaratory relief, attorneys' fees, and any other just and proper relief available under the Delaware CFA.

**ANSWER:**   In response to the allegations contained in Paragraph 364 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs, the purported Class and the purported Delaware Subclass seek the stated relief, but denies that Plaintiffs and the

purported Class and purported Delaware Subclass are entitled to such relief and denies any remaining allegations contained therein

365.    Target is engaged in gross, oppressive, or aggravated conduct justifying the imposition of punitive damages.

**ANSWER:**   Target denies the allegations contained in Paragraph 365 of Plaintiffs' First Amended Complaint.

**COUNT 25**
**[ALLEGED] BREACH OF THE IMPLIED WARRANTY OF**
**MERCHANTABILITY**
**(DEL. CODE ANN. § 2-314, ET SEQ.)**

366.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

367.    Plaintiffs bring this claim on behalf of the Delaware Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 367 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Delaware Subclass. Target denies the remaining allegations contained in Paragraph 367 of Plaintiffs' First Amended Complaint.

368.    At all times pertinent to this action, Target was merchant as that term is defined in Del. Code Ann. § 2-104.

**ANSWER:**   The allegations contained in Paragraph 368 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 368 to the extent they

1040927\311303290.v1

are inconsistent with the referenced statute and denies any other allegations contained

therein.

369.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 369 of Plaintiffs'

First Amended Complaint.

370.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 370 of Plaintiffs'

First Amended Complaint.

371.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 371 of Plaintiffs'

First Amended Complaint.

372.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 372 of Plaintiffs'

First Amended Complaint.

373.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in Paragraph 373 of Plaintiffs' First Amended Complaint.

374.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 374 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 374 of Plaintiffs' First Amended Complaint.

## COUNT 26
### [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (DEL. CODE ANN. § 2-315, ET SEQ.)

375.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

376.    Plaintiffs bring this claim on behalf of the Delaware Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 376 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Delaware Subclass. Target denies the remaining allegations contained in Paragraph 376 of Plaintiffs' First Amended Complaint.

377.    At all times pertinent to this action, Target was merchant as that term is defined in Del. Code Ann. § 2-104.

**ANSWER:** The allegations contained in Paragraph 337 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 337 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

378.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 378 of Plaintiffs' First Amended Complaint.

379.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 379 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 379 of Plaintiffs' First Amended Complaint.

380.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 380 of Plaintiffs' First Amended Complaint and therefore denies same.

381.    Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 381 of Plaintiffs'

First Amended Complaint.

382.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 382 of Plaintiffs'

First Amended Complaint.

383.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 383 of Plaintiffs'

First Amended Complaint.

384.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 384 of Plaintiffs' First Amended Complaint.

385.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 385 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport

to seek the relief stated therein, but Target denies that they are entitled to such relief and

denies any remaining allegations contained in Paragraph 385 of Plaintiffs' First Amended

Complaint.

I.      **Claims Brought on Behalf of the District of Columbia Subclass**

<u>**COUNT 27**</u>
**[ALLEGED] VIOLATION OF THE CONSUMER PROTECTION PROCEDURES ACT**
**(D.C. CODE § 28-3901 ET SEQ.)**

386.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

387.    Plaintiffs bring this Count on behalf of the District of Columbia Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 387 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported District of Columbia Subclass. Target denies the remaining allegations contained in Paragraph 387 of Plaintiffs' First Amended Complaint.

388.    Target is a "person" under the Consumer Protection Procedures Act ("District of Columbia CPPA"), D.C. Code § 28-3901(a)(1).

**ANSWER:**   The allegations contained in Paragraph 388 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 388 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

389.    Plaintiff and District of Columbia Class members are "consumers," as defined by D.C. Code § 28-3901(a)(2), who purchased one or more Gift Cards.

**ANSWER:** The allegations contained in Paragraph 389 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 389 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

390.   The [sic] Target's actions as set forth herein constitute "trade practices" under D.C. Code § 28-3901(a)(6).

**ANSWER:** The allegations contained in Paragraph 390 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 390 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

391.   In the course of its business, Target willfully failed to disclose and/or actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually

-116-

is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

**ANSWER:**   Target denies the allegations contained in Paragraph 391 of Plaintiffs'

First Amended Complaint.

392.   Target knew there was high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value but concealed all of that information.

**ANSWER:**   Target denies the allegations contained in Paragraph 392 of Plaintiffs'

First Amended Complaint.

393.   In purchasing the Gift Cards, Plaintiff and the District of Columbia Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 393 of Plaintiffs'

First Amended Complaint.

394.   Plaintiff and the District of Columbia Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 394 of Plaintiffs'

First Amended Complaint.

395.   Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:**   Target denies the allegations contained in Paragraph 395 of Plaintiffs'

First Amended Complaint.

396.   Target unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

**ANSWER:**   Target denies the allegations contained in Paragraph 396 of Plaintiffs'

First Amended Complaint.

397.    By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the District of Columbia CPPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 397 of Plaintiffs' First Amended Complaint.

398.    In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 398 of Plaintiffs' First Amended Complaint.

399.    Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the other District of Columbia Subclass members about the true value of the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 399 of Plaintiffs' First Amended Complaint.

400.    Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the District of Columbia Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 400 of Plaintiffs' First Amended Complaint.

401.    Target knew or should have known that its conduct violated the District of Columbia CPPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 401 of Plaintiffs' First Amended Complaint.

402.    As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 402 of Plaintiffs'

First Amended Complaint.

403.   Target owed Plaintiff and the District of Columbia Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

      a.   Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

      b.   Intentionally concealed the foregoing from Plaintiff and the Class; and/or

      c.   Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 403 of Plaintiffs'

First Amended Complaint, including all subparts.

404.   Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiff and the District of Columbia Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 404 of Plaintiffs'

First Amended Complaint.

405.   Target's conduct proximately caused injuries to Plaintiff and the District of Columbia Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 405 of Plaintiffs'

First Amended Complaint.

406.   Plaintiff and the District of Columbia Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Plaintiff and the District of Columbia Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they

had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiff and the other District of Columbia Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the District of Columbia CPPA. These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

**ANSWER:**   Target denies the allegations contained in Paragraph 406 of Plaintiffs'

First Amended Complaint.

407.   Target's violations present a continuing risk to Plaintiff and the District of Columbia Subclass members as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 407 of Plaintiffs'

First Amended Complaint.

## COUNT 28
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (D.C. CODE § 28:2-314, ET SEQ.)

408.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers

to the foregoing Paragraphs.

409.   Plaintiffs bring this claim on behalf of the District of Columbia Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 409 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on

behalf of a purported District of Columbia Subclass. Target denies the remaining

allegations contained in Paragraph 409 of Plaintiffs' First Amended Complaint.

410.   At all times pertinent to this action, Target was merchant as that term is defined in D.C. Code § 28:2-104.

**ANSWER:** The allegations contained in Paragraph 410 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 410 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

411.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 411 of Plaintiffs' First Amended Complaint.

412.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 412 of Plaintiffs' First Amended Complaint.

413.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 413 of Plaintiffs' First Amended Complaint.

414.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1040927\311303290.v1

**ANSWER:** Target denies the allegations contained in Paragraph 414 of Plaintiffs' First Amended Complaint.

415. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 415 of Plaintiffs' First Amended Complaint.

416. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 416 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 416 of Plaintiffs' First Amended Complaint.

## COUNT 29
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (D.C. CODE § 28:2-315, ET SEQ.)

417. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein answers to the foregoing Paragraphs.

418. Plaintiffs bring this claim on behalf of the District of Columbia Subclass.

1040927\311303290.v1

**ANSWER:**   In response to the allegations contained in Paragraph 418 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported District of Columbia Subclass. Target denies the remaining allegations contained in Paragraph 418 of Plaintiffs' First Amended Complaint.

419.   At all times pertinent to this action, Target was merchant as that term is defined in D.C. Code § 28:2-104.

**ANSWER:**   The allegations contained in Paragraph 419 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 419 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

420.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 420 of Plaintiffs' First Amended Complaint.

421.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 421 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 421 of Plaintiffs' First Amended Complaint.

422.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1040927\311303290.v1

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 422 of Plaintiffs' First Amended Complaint and therefore denies same.

423.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 423 of Plaintiffs' First Amended Complaint.

424.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 424 of Plaintiffs' First Amended Complaint.

425.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 425 of Plaintiffs' First Amended Complaint.

426.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 426 of Plaintiffs' First Amended Complaint.

427.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

1040927\311303290.v1

**ANSWER:**   In response to the allegations contained in Paragraph 427 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 427 of Plaintiffs' First Amended Complaint.

**J.**     **Claims Brought on Behalf of the Florida Subclass**

**COUNT 30**
**[ALLEGED] VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**(FLA. STAT. § 501.201, ET SEQ.)**

428.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

429.   Plaintiffs bring this Count on behalf of the Florida Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 429 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Florida Subclass. Target denies the remaining allegations contained in Paragraph 429 of Plaintiffs' First Amended Complaint.

430.   At all relevant times, Target provided goods and/or services and thereby was engaged in trade or commerce as defined in Fla. Stat. § 501.203(8).

**ANSWER:**   The allegations contained in Paragraph 430 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 430 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

431.   At all relevant times, Plaintiffs and the Florida Subclass members were consumers as defined in Fla. Stat. § 501.203(7).

**ANSWER:** The allegations contained in Paragraph 431 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 431 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

432.   Target was aware of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value in connection with Target's business in Florida.

**ANSWER:**   Target denies the allegations contained in Paragraph 432 of Plaintiffs' First Amended Complaint.

433.   Plaintiffs and the Florida Subclass members expected, and Target assured card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Florid Subclass members that the Gift Card's Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know. The Florida Deceptive and Unfair Trade Practices Act prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. Ann. § 501.204 (1).

**ANSWER:**   Target denies the allegations contained in Paragraph 433 of Plaintiffs' First Amended Complaint.

434.   Target engaged in unfair or deceptive acts and practices by the following acts, including but not limited to:

1040927\311303290.v1

a. Target misrepresented and fraudulently advertised material facts to Plaintiffs and the Florida Subclass members by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b. Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Florida Subclass members which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Florida Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c. Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Florida Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d. Target intended for Plaintiffs and the Florida Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e. At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f. Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Florida Subclass members in a timely and accurate manner; and

g. Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the Florida Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

1040927\311303290.v1

**ANSWER:**   Target denies the allegations contained in Paragraph 434 of Plaintiffs'

First Amended Complaint, including all subparts.

435.   Target's practice and course of conduct, as alleged herein, is likely to mislead, and has mislead, the consumer acting reasonably in the circumstances to the consumer's detriment.

**ANSWER:**   Target denies the allegations contained in Paragraph 435 of Plaintiffs'

First Amended Complaint.

436.   Further, Target has engaged in an unfair practice that offends established public policy, and is one that is improper, oppressive, and unfair, and/or substantially injurious to customers.

**ANSWER:**   Target denies the allegations contained in Paragraph 436 of Plaintiffs'

First Amended Complaint.

437.   As a direct and proximate result of Target's conduct, Plaintiffs and the Florida Subclass members suffered actual damages and request a corresponding award of damages against Target, as authorized by such statute.

**ANSWER:**   Target denies the allegations contained in Paragraph 437 of Plaintiffs'

First Amended Complaint.

438.   In the alternative, Plaintiffs and the Florida Subclass members have suffered irreparable harm for which there is no adequate remedy at law as a result of Target's conduct, and Plaintiffs and the Florida Subclass members are entitled to appropriate temporary and permanent injunctive relief, as authorized and provided by such statutes. Plaintiffs and the Florida Subclass members are further entitled to preliminary or other relief as provided by such statutes, including statutory damages, punitive damages, costs, and reasonable attorneys' fees.

**ANSWER:**   Target denies the allegations contained in Paragraph 438 of Plaintiffs'

First Amended Complaint.

## COUNT 31
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (FLA. STAT. § 672.314, ET SEQ.)

439.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

440.   Plaintiffs bring this claim on behalf of the Florida Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 440 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Florida Subclass. Target denies the remaining allegations contained in Paragraph 440 of Plaintiffs' First Amended Complaint.

441.   At all times pertinent to this action, Target was merchant as that term is defined in Fla. Stat. § 672.104.

**ANSWER:**   The allegations contained in Paragraph 441 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 441 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

442.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 442 of Plaintiffs'

First Amended Complaint.

443.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 443 of Plaintiffs'

First Amended Complaint.

444.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 444 of Plaintiffs'

First Amended Complaint.

445.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 445 of Plaintiffs'

First Amended Complaint.

446.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 446 of Plaintiffs' First Amended Complaint.

447.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 447 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 447 of Plaintiffs' First Amended Complaint.

## COUNT 32
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (FLA. STAT. § 672.315, ET SEQ.)

448.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

449.   Plaintiffs bring this claim on behalf of the Florida Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 449 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Florida Subclass. Target denies the remaining allegations contained in Paragraph 449 of Plaintiffs' First Amended Complaint.

450.   At all times pertinent to this action, Target was merchant as that term is defined in Fla. Stat. § 672.104.

**ANSWER:**   The allegations contained in Paragraph 450 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 450 to the extent they

1040927\311303290.v1

are inconsistent with the referenced statute and denies any other allegations contained

therein.

451. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 451 of Plaintiffs'

First Amended Complaint.

452. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 452 of Plaintiffs'

First Amended Complaint, Target admits only that Apple iTunes gift cards may generally

be used to purchase "goods online in the Apple iTunes store." Target denies the remaining

allegations contained in Paragraph 452 of Plaintiffs' First Amended Complaint.

453. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of

the truth of the allegations contained in Paragraph 453 of Plaintiffs' First Amended

Complaint and therefore denies same.

454. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 454 of Plaintiffs'

First Amended Complaint.

455. As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 455 of Plaintiffs'

First Amended Complaint.

1040927\311303290.v1

456.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 456 of Plaintiffs'

First Amended Complaint.

457.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 457 of Plaintiffs' First Amended Complaint.

458.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 458 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport

to seek the relief stated therein, but Target denies that they are entitled to such relief and

denies any remaining allegations contained in Paragraph 458 of Plaintiffs' First Amended

Complaint.

**K.     Claims Brought on Behalf of the Georgia Subclass**

<u>**COUNT 33**</u>
**[ALLEGED] VIOLATION OF GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(GA. CODE ANN. § 10-1-370, *ET SEQ*.)**

459.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

460.   Plaintiffs bring this Count on behalf of the Georgia Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 460 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Georgia Subclass. Target denies the remaining allegations contained in Paragraph 460 of Plaintiffs' First Amended Complaint.

461.   Target and members of the Georgia Subclass are "persons" within the meaning of the Georgia Uniform Deceptive Trade Practices Act ("Georgia UDTPA"), Ga. Code Ann. § 10-1-371(5).

**ANSWER:**  The allegations contained in Paragraph 461 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 461 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

462.   The Georgia UDTPA prohibits "deceptive trade practices," which include the (7) misrepresentation "that goods . . . are of a particular standard, quality, or grade . . . [when] they are of another" and (12) "engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." Ga. Code Ann. § 10-1-372(a).

**ANSWER:**  The allegations contained in Paragraph 462 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 462 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

463.    Prior to the filing of this Complaint, counsel provided Target with a written pre-suit demand pursuant to Ga. Code Ann. § 10-1-399(b).

**ANSWER:**   Target denies the allegations contained in Paragraph 463 of Plaintiffs' First Amended Complaint. Target admits that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint, but denies that this correspondence complied with the pre-suit demands required by the referenced statute.

464.    In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices, fraud, misrepresentations, or other concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omissions, in connection with the purchase of the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 464 of Plaintiffs' First Amended Complaint.

465.    Target knew or should have known of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value but concealed this information.

**ANSWER:**   Target denies the allegations contained in Paragraph 465 of Plaintiffs' First Amended Complaint.

466.    By way of the foregoing, Target engaged in deceptive business practices in violation of the Georgia UDTPA. Target also engaged in deceptive acts and practices in at least the following was:

a.    Target misrepresented material facts (intending for others to reply upon the misrepresentations) to Plaintiffs and the Georgia Subclass by representing and advertising that it would maintain the adequate data

-135-

privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.      Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Georgia Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Georgia Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.      Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Georgia Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.      Target intended for Plaintiffs and the Georgia Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.      At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.      Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to the Georgia Subclass members in a timely and accurate manner in violation of Ga. Code Ann. § 10-1-912; and

g.      Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect the Georgia Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:**   Target denies the allegations contained in Paragraph 466 of Plaintiffs'

First Amended Complaint, including all subparts.

467.   Target's unfair or deceptive acts or practices were likely to, and did in fact, deceive reasonable consumers, including the Plaintiffs and Georgia Subclass members, regarding the value, security and safety of its Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 467 of Plaintiffs'

First Amended Complaint.

468.   Target intentionally and knowingly misrepresented such material facts with an intent to mislead Plaintiffs and the Georgia Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 468 of Plaintiffs'

First Amended Complaint.

469.   Target knew or should have known that its conduct violated the Georgia UDTPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 469 of Plaintiffs'

First Amended Complaint.

470.   As alleged above, Target made material statements that were either false or misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 470 of Plaintiffs'

First Amended Complaint.

471.   Target owed Plaintiffs and the Georgia Subclass a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

     a.     Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

     b.     Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

> c.  Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 471 of Plaintiffs'

First Amended Complaint, including all subparts.

472.   Target's representations and omissions described herein were material to Plaintiffs' and the Georgia Subclass members' decisions to purchase the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 472 of Plaintiffs'

First Amended Complaint.

473.   Plaintiffs and the Georgia subclass suffered an ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information as alleged herein.

**ANSWER:**   Target denies the allegations contained in Paragraph 473 of Plaintiffs'

First Amended Complaint.

474.   Target had an ongoing duty to all Target customers, including Plaintiffs and the Georgia Subclass members, to refrain from unfair and deceptive practices under the Georgia UDTPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 474 of Plaintiffs'

First Amended Complaint.

475.   Because Plaintiffs and Georgia Subclass members will likely make future purchases of the Gift Cards, and Target has not changed its course of conduct, Target's violations present a continuing risk to the Plaintiffs and the Georgia Subclass members, as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 475 of Plaintiffs'

First Amended Complaint.

476.   As a direct and proximate result of Target's violations of the Georgia UDTPA, Plaintiffs and the Georgia Subclass members have suffered injury-in-fact and/or actual damage. Plaintiffs seek an order enjoining Target's unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Georgia UDTPA per Ga. Code Ann. § 10-1-373.

**ANSWER:**   Target denies the allegations contained in Paragraph 476 of Plaintiffs'

First Amended Complaint.

## COUNT 34
## [ALLEGED] VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### (GA. CODE ANN. § 10-1-390, *ET SEQ.*)

477.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers

to the foregoing Paragraphs.

478.   Plaintiffs bring this Count on behalf of the Georgia Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 478 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on

behalf of a purported Georgia Subclass. Target denies the remaining allegations contained

in Paragraph 478 of Plaintiffs' First Amended Complaint.

479.   The Georgia Fair Business Practices Act ("Georgia FBPA") declares "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce" to be unlawful, Ga. Code Ann. § 101-393(b), including but not limited to "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have"; "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another"; and "[a]dvertising goods or services with intent not to sell them as advertised and certified." Ga. Code Ann. § 10-1-393(b).

**ANSWER:**   The allegations contained in Paragraph 479 of Plaintiffs' First

Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 479 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

480.   Plaintiffs and Georgia Subclass members are "consumers" within the meaning of Ga. Code Ann. § 10-1-393.

**ANSWER:** The allegations contained in Paragraph 480 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 480 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

481.   Target engaged in "trade or commerce" within the meaning of Ga. Code Ann. § 10-1-393(b).

**ANSWER:** The allegations contained in Paragraph 481 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 481 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

482.   In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices, fraud, misrepresentations, or other concealment, suppression, or omission of

material facts with the intent that others rely upon such concealment, suppression, or omissions, in connection with the purchase of the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 482 of Plaintiffs'

First Amended Complaint.

483.   Target knew or should have known of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value but concealed this information.

**ANSWER:**   Target denies the allegations contained in Paragraph 483 of Plaintiffs'

First Amended Complaint.

484.   Target knew or should have known that its conduct violated the Georgia FBPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 484 of Plaintiffs'

First Amended Complaint.

485.   By way of the foregoing, Target engaged in deceptive business practices in at least the following was:

    a.    Target misrepresented material facts (intending for others to reply upon the misrepresentations) to Plaintiffs and the Georgia Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

    b.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Georgia Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Georgia Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Georgia Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.    Target intended for Plaintiffs and the Georgia Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to the Georgia Subclass members in a timely and accurate manner in violation of Ga. Code Ann. § 10-1-912; and

g.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect the Georgia Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:**   Target denies the allegations contained in Paragraph 485 of Plaintiffs'

First Amended Complaint, including all subparts.

486.   Target's unfair or deceptive acts or practices were likely to, and did in fact, deceive reasonable consumers, including the Plaintiffs and Georgia Subclass members, regarding the value, security and safety of its Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 486 of Plaintiffs'

First Amended Complaint.

487.   Target intentionally and knowingly misrepresented such material facts with an intent to mislead Plaintiffs and the Georgia Subclass members.

**ANSWER:** Target denies the allegations contained in Paragraph 487 of Plaintiffs' First Amended Complaint.

488. As alleged above, Target made material statements that were either false or misleading.

**ANSWER:** Target denies the allegations contained in Paragraph 488 of Plaintiffs' First Amended Complaint.

489. Target owed Plaintiffs and the Georgia Subclass a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

    a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

    b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

    c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 489 of Plaintiffs' First Amended Complaint, including all subparts.

490. Target's representations and omissions described herein were material to Plaintiffs' and the Georgia Subclass members' decisions to purchase the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 490 of Plaintiffs' First Amended Complaint.

491. Plaintiffs and the Georgia subclass suffered an ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information as alleged herein.

**ANSWER:**   Target denies the allegations contained in Paragraph 491 of Plaintiffs'

First Amended Complaint.

492.   Target had an ongoing duty to all Target customers, including Plaintiffs and the Georgia Subclass members, to refrain from unfair and deceptive practices under the Georgia FBPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 492 of Plaintiffs'

First Amended Complaint.

493.   Because Plaintiffs and Georgia Subclass members will likely make future purchases of the Gift Cards, and Target has not changed its course of conduct, Target's violations present a continuing risk to the Plaintiffs and the Georgia Subclass members, as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 493 of Plaintiffs'

First Amended Complaint.

494.   As a direct and proximate result of Target's violations of the Georgia FBPA, Plaintiffs and the Georgia Subclass members have suffered injury-in-fact and/or actual damage. Plaintiffs and Georgia Subclass members seek damages and exemplary damages (for intentional violations) per Ga. Code Ann. § 10-1-399(a).

**ANSWER:**   Target denies the allegations contained in Paragraph 494 of Plaintiffs'

First Amended Complaint.

495.   Plaintiffs and Georgia Subclass members will also seek an order enjoining Ford's [sic] unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Georgia FBPA per Ga. Code Ann. § 10-1-399.

**ANSWER:**   In response to the allegations contained in Paragraph 495 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the purported Georgia

Subclass seek the stated relief, but denies that Plaintiffs and the purported Georgia Subclass

are entitled to such relief and denies any remaining allegations contained therein

1040927\311303290.v1

496.    Plaintiffs also seek punitive damages because Target engaged in aggravated and outrageous conduct.

**ANSWER:**   Target denies the allegations contained in Paragraph 496 of Plaintiffs' First Amended Complaint.

497.    Target received notice of Plaintiffs' claims by the filing of the complaint in this action (ECF No. 1) and similar litigation filed against Target.

**ANSWER:**   Target denies the allegations contained in Paragraph 497 of Plaintiffs' First Amended Complaint.

## COUNT 35
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (GA. CODE ANN. § 11-2-314, ET SEQ.)

498.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

499.    Plaintiffs bring this claim on behalf of the Georgia Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 499 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Georgia Subclass. Target denies the remaining allegations contained in Paragraph 499 of Plaintiffs' First Amended Complaint.

500.    At all times pertinent to this action, Target was merchant as that term is defined in Ga. Code Ann. § 11-2-104.

**ANSWER:**   The allegations contained in Paragraph 500 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 500 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

501.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**    Target denies the allegations contained in Paragraph 501 of Plaintiffs' First Amended Complaint.

502.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**    Target denies the allegations contained in Paragraph 502 of Plaintiffs' First Amended Complaint.

503.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**    Target denies the allegations contained in Paragraph 503 of Plaintiffs' First Amended Complaint.

504.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**    Target denies the allegations contained in Paragraph 504 of Plaintiffs' First Amended Complaint.

505.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 505 of Plaintiffs' First Amended Complaint.

506.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 506 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 506 of Plaintiffs' First Amended Complaint.

## COUNT 36
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (GA. CODE ANN. § 11-2-315, ET SEQ.)

507.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

508.    Plaintiffs bring this claim on behalf of the Georgia Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 508 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Georgia Subclass. Target denies the remaining allegations contained in Paragraph 508 of Plaintiffs' First Amended Complaint.

509.   At all times pertinent to this action, Target was merchant as that term is defined in Ga. Code Ann. § 11-2-104.

**ANSWER:**   The allegations contained in Paragraph 509 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 509 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

510.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 510 of Plaintiffs' First Amended Complaint.

511.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 511 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 511 of Plaintiffs' First Amended Complaint.

512.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 512 of Plaintiffs' First Amended Complaint and therefore denies same.

513.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 513 of Plaintiffs' First Amended Complaint.

514.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 514 of Plaintiffs' First Amended Complaint.

515.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 515 of Plaintiffs' First Amended Complaint.

516.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 516 of Plaintiffs' First Amended Complaint.

517.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 517 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 517 of Plaintiffs' First Amended Complaint.

L.     **Claims Brought on Behalf of the Hawaii Subclass**

**COUNT 37**
**[ALLEGED] VIOLATION OF HAWAII UNFAIR PRACTICES AND UNFAIR**
**COMPETITION STATUTE**
**(HAW. REV. STAT. § 480-1, *ET SEQ*.)**

518.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

519.    Plaintiffs bring this Count on behalf of the Hawaii Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 519 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Hawaii Subclass. Target denies the remaining allegations contained in Paragraph 519 of Plaintiffs' First Amended Complaint.

520.    Hawaii Subclass members are "consumers" as defined in Haw. Rev. Stat. § 480-1.

**ANSWER:**   The allegations contained in Paragraph 520 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 520 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

521.    Hawaii Subclass members purchased "goods and services" from Target as defined in Haw. Rev. Stat. § 480-1.

1040927\311303290.v1

**ANSWER:** The allegations contained in Paragraph 521 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 521 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

522.   Hawaii Subclass members' gift card information was accessed and stored by Target for personal, family, and/or household purposes, as meant by Haw. Rev. Stat. § 480-1.

**ANSWER:**   Target denies the allegations contained in Paragraph 522 of Plaintiffs' First Amended Complaint.

523.   Target engaged in unfair methods of competition, unfair or deceptive acts or practices, misrepresentations, and the concealment, suppression, and/or omission of material facts with respect to the sale and advertisement of the services purchased by the Hawaii Subclass in violation of Haw. Rev. Stat. § 480-2(a), in at least the following ways:

a.   Target misrepresented and fraudulently advertised material facts to Plaintiffs and the Hawaii Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and Hawaii Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.   Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need

to know; alternatively, Target omitted notification to Plaintiffs and Hawaii Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.    Target intended for Plaintiffs and Hawaii Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.    At all times, Target intended for purchasers to believe that the secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.    Target's deactivation of Plaintiffs and the Hawaii Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practices or the concealment, suppression, or omission of a material fact;

g.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to the Hawaii Subclass members in a timely and accurate manner in violation of Haw. Rev. Stat. § 487N-2(a); and

h.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs' and the Hawaii Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:**   Target denies the allegations contained in Paragraph 523 of Plaintiffs'

First Amended Complaint, including all subparts.

524.   The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:**   Target denies the allegations contained in Paragraph 524 of Plaintiffs'

First Amended Complaint.

525.    Target knew or should have known that their data security practices were inadequate to safeguard Hawaii Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Hawaii Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 525 of Plaintiffs' First Amended Complaint.

526.    As a direct and proximate result of Target's unlawful practices, Hawaii Subclass members suffered injury and/or damages.

**ANSWER:**   Target denies the allegations contained in Paragraph 526 of Plaintiffs' First Amended Complaint.

527.    Plaintiffs and the Hawaii Subclass members seek relief under Haw. Rev. Stat. § 480-13, including, but not limited to, damages, injunctive relief, statutory damages as permitted by applicable law, attorneys' fees and costs, and treble damages.

**ANSWER:**   In response to Paragraph 527 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Hawaii Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 38
### [ALLEGED] HAWAII UNIFORM DECEPTIVE TRADE PRACTICE ACT
(HAW. REV. STAT. § 481A-1 *ET SEQ.*)

528.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

529.    Plaintiffs bring this Count on behalf of the Hawaii Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 529 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Hawaii Subclass. Target denies the remaining allegations contained in Paragraph 529 of Plaintiffs' First Amended Complaint.

530. The Hawaii Uniform Deceptive Trade Practice Act ("Hawaii DTPA"), Haw. Rev. Stat. § 481A-1, et seq., prohibits deceptive trade practices. Haw. Rev. Stat. § 481A-3 provides that (a) A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person: . . . (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ; . . . (7) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (9) Advertises goods or services with intent not to sell them as advertised; . . . (12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding. Haw. Rev. Stat. § 481A-3.

**ANSWER:** The allegations contained in Paragraph 530 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 530 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

531. Target engaged in deceptive trade practices that violated the Hawaii DTPA by failing to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, including: knowingly representing that Gift Cards have uses and benefits which they do not have; advertising the Gift Cards with the intent not to sell them as advertised; representing that the subject of a transaction involving Gift Cards had been supplied in accordance with a previous representation when it has not; and knowingly making other false representations in a transaction.

**ANSWER:** Target denies the allegations contained in Paragraph 531 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

532.    Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:**   Target denies the allegations contained in Paragraph 532 of Plaintiffs'

First Amended Complaint.

533.    In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 533 of Plaintiffs'

First Amended Complaint.

534.    Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value but concealed all of that information.

**ANSWER:**   Target denies the allegations contained in Paragraph 534 of Plaintiffs'

First Amended Complaint.

535.    By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Hawaii DTPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 535 of Plaintiffs'

First Amended Complaint.

536.    Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Hawaii Subclass members about the true value of the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 536 of Plaintiffs'

First Amended Complaint.

537.   Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Hawaii Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 537 of Plaintiffs' First Amended Complaint.

538.   Target knew or should have known that its conduct violated the Hawaii DTPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 538 of Plaintiffs' First Amended Complaint.

539.   As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 539 of Plaintiffs' First Amended Complaint.

540.   Target owed Plaintiffs and the Hawaii Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.   Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.   Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

c.   Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 540 of Plaintiffs' First Amended Complaint, including all subparts.

541.   Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Hawaii Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 541 of Plaintiffs'

First Amended Complaint.

542.   Plaintiffs and the Hawaii Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information. Had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the Nevada Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Hawaii DTPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 542 of Plaintiffs'

First Amended Complaint.

543.   Target had an ongoing duty to all Target customers to refrain from unfair and deceptive practices under the Hawaii DTPA. All owners of the Gift Cards suffered ascertainable loss; to wit: the loss of the funds associated with their Gift Cards, as a result of Target's deceptive and unfair acts and practices made in the course of Target's business.

**ANSWER:**   Target denies the allegations contained in Paragraph 543 of Plaintiffs'

First Amended Complaint.

544.   Target's violations present a continuing risk to Plaintiffs and the Hawaii Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 544 of Plaintiffs'

First Amended Complaint.

545.   As a direct and proximate result of Target's violations of the Hawaii DTPA, Plaintiffs and the Hawaii Subclass have suffered injury-in-fact and/or actual damage.

**ANSWER:**   Target denies the allegations contained in Paragraph 545 of Plaintiffs'

First Amended Complaint.

546.    Accordingly, Plaintiffs and the Hawaii Subclass seek their actual damages, punitive damages, an order enjoining Target's deceptive acts or practices, costs of Court, attorney's fees, and all other appropriate and available remedies under the Hawaii Uniform Deceptive Trade Practice Act. Haw. Rev. Stat. § 481A-4.

**ANSWER:**   In response to Paragraph 546 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Hawaii Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 39
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (HAW. REV. STAT. § 490:2-314, ET SEQ.)

547.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

548.    Plaintiffs bring this claim on behalf of the Hawaii Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 548 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Hawaii Subclass. Target denies the remaining allegations contained in Paragraph 548 of Plaintiffs' First Amended Complaint.

549.    At all times pertinent to this action, Target was merchant as that term is defined in Haw. Rev. Stat. § 490:2-104.

**ANSWER:**   The allegations contained in Paragraph 549 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 549 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

550.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 550 of Plaintiffs' First Amended Complaint.

551.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 551 of Plaintiffs' First Amended Complaint.

552.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 552 of Plaintiffs' First Amended Complaint.

553.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 553 of Plaintiffs' First Amended Complaint.

554.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 554 of Plaintiffs' First Amended Complaint.

555.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 555 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 555 of Plaintiffs' First Amended Complaint.

## COUNT 40
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (HAW. REV. STAT. § 490:2-315, ET SEQ.)

556.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

557.   Plaintiffs bring this claim on behalf of the Hawaii Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 557 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Hawaii Subclass. Target denies the remaining allegations contained in Paragraph 557 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

558.    At all times pertinent to this action, Target was merchant as that term is defined in Haw. Rev. Stat. § 490:2-104.

**ANSWER:**  The allegations contained in Paragraph 558 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 558 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

559.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 559 of Plaintiffs' First Amended Complaint.

560.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 560 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 560 of Plaintiffs' First Amended Complaint.

561.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 561 of Plaintiffs' First Amended Complaint and therefore denies same.

562.    Target breached its warranty in one or more material respects described more fully above.

-161-

**ANSWER:** Target denies the allegations contained in Paragraph 562 of Plaintiffs' First Amended Complaint.

563. As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 563 of Plaintiffs' First Amended Complaint.

564. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 564 of Plaintiffs' First Amended Complaint.

565. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 565 of Plaintiffs' First Amended Complaint.

566. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 566 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 566 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

## M.      Claims Brought on Behalf of the Idaho Subclass

### COUNT 41
### [ALLEGED] VIOLATION OF PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUDS ACT
### (IDAHO CODE § 48-601, ET SEQ.)

567.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

568.    Plaintiffs bring this Count on behalf of the Idaho Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 568 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Idaho Subclass. Target denies the remaining allegations contained in Paragraph 568 of Plaintiffs' First Amended Complaint.

569.    Target are "persons" as defined by the Idaho Consumer Protection Act (Idaho CPA), Idaho Code Ann. § 48-601.

**ANSWER:**  The allegations contained in Paragraph 569 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 569 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

570.    Plaintiffs and the Idaho Subclass' members are "[c]onsumers" as defined by the Idaho CPA § 48-602(1).

**ANSWER:** The allegations contained in Paragraph 570 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 570 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

571.   The Idaho Consumer Protection Act ("Idaho CPA") prohibits the following conduct in trade or commerce: (2) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it do not have or that a person has a sponsorship, approval, status, affiliation, connection, qualifications or license that he does not have; (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (9) Advertising goods or services with intent not to sell them as advertised; (17) Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer; (18) Engaging in any unconscionable method, act or practice in the conduct of trade or commerce as provided in section 48-603C, Idaho Code.  Idaho Code § 48-603.

**ANSWER:** The allegations contained in Paragraph 571 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 571 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

572.   Target's conduct constitutes unfair and deceptive acts or practices in connection with a consumer transaction within the meaning of the Idaho CPA § 48-603.

**ANSWER:**  Target denies the allegations contained in Paragraph 572 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

573.   Target's acts and omissions affect trade and commerce and affect sponsorship of goods and services in Idaho.

**ANSWER:**   Target denies the allegations contained in Paragraph 573 of Plaintiffs'

First Amended Complaint.

574.   Target committed acts of unfair competition by falsely representing to the Plaintiffs and the Idaho Subclass members that the value of the Gift Card provided in the sales transactions would be safe and secure from theft and unauthorized used, when, in truth, Target was aware of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 574 of Plaintiffs'

First Amended Complaint.

575.   Target has violated Idaho Code § 48-603 (2) and (5) through its representations that "goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that it do not have…"

**ANSWER:**   Target denies the allegations contained in Paragraph 575 of Plaintiffs'

First Amended Complaint.

576.   Target has also violated Idaho Code § 48-603 (7) because it represented that its goods and services were of a particular standard, quality or grade, when in truth and fact, they were not.

**ANSWER:**   Target denies the allegations contained in Paragraph 576 of Plaintiffs'

First Amended Complaint.

577.   Target has also violated Idaho Code § 48-603 (9) and (17) because it induced transactions with consumers under the false auspices that it reasonably protected the value of the Gift Card from third-party tampering.

**ANSWER:**   Target denies the allegations contained in Paragraph 577 of Plaintiffs'

First Amended Complaint.

578.   Target has also violated Idaho Code § 48-603(18) by unconscionably failing to protect the value of its consumers' Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 578 of Plaintiffs' First Amended Complaint.

579.   Target conducted the practices alleged herein in the course of its business, pursuant to standardized practices that it engaged in both before and after the Plaintiffs and the members of the Idaho Subclass in this case were harmed, these acts have been repeated numerous of times, and many consumers were affected.

**ANSWER:**   Target denies the allegations contained in Paragraph 579 of Plaintiffs' First Amended Complaint.

580.   Target's misrepresentations and omissions were material to Plaintiffs and the Idaho Subclass member's transactions with Target and were made knowingly and with reason to know that Plaintiffs and the Idaho Subclass would rely on the misrepresentations and omissions. Had Plaintiffs and the Idaho Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact.

**ANSWER:**   Target denies the allegations contained in Paragraph 580 of Plaintiffs' First Amended Complaint.

581.   Plaintiffs and the Idaho Subclass reasonably relied on Target's misrepresentations and omissions and suffered harm as a result. Plaintiff and the Idaho Subclass were injured in fact as all owners of the Gift Cards suffered ascertainable monetary loss, to wit: the loss of funds associated with their Gift Cards, as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target.

**ANSWER:**   Target denies the allegations contained in Paragraph 581 of Plaintiffs' First Amended Complaint.

582.   Had Plaintiffs and the Idaho Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the Idaho Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain. These injuries are the direct and natural consequences of Target's omissions and misrepresentations, all of which have an ascertainable value to be proven at trial.

**ANSWER:**   Target denies the allegations contained in Paragraph 582 of Plaintiffs' First Amended Complaint.

583.   Plaintiffs and the Idaho Subclass seek all remedies available under applicable law including damages, statutory damages, restitution, attorneys' fees and costs of suit.

**ANSWER:**   In response to Paragraph 583 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Idaho Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

### COUNT 42
### [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (IDAHO CODE § 28-2-314, ET SEQ.)

584.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

585.   Plaintiffs bring this claim on behalf of the Idaho Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 585 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Idaho Subclass. Target denies the remaining allegations contained in Paragraph 585 of Plaintiffs' First Amended Complaint.

586.   At all times pertinent to this action, Target was merchant as that term is defined in Idaho Code § 28-2-104.

**ANSWER:**   The allegations contained in Paragraph 586 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 586 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

587.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 587 of Plaintiffs' First Amended Complaint.

588.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 588 of Plaintiffs' First Amended Complaint.

589.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 589 of Plaintiffs' First Amended Complaint.

590.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 590 of Plaintiffs' First Amended Complaint.

591.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 591 of Plaintiffs' First Amended Complaint.

592.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 592 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 592 of Plaintiffs' First Amended Complaint.

### COUNT 43
### [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (IDAHO CODE § 28-2-315, ET SEQ.)

593.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

594.    Plaintiffs bring this claim on behalf of the Idaho Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 594 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Idaho Subclass. Target denies the remaining allegations contained in Paragraph 594 of Plaintiffs' First Amended Complaint.

595.   At all times pertinent to this action, Target was merchant as that term is defined in Idaho Code § 28-2-104.

**ANSWER:**  The allegations contained in Paragraph 595 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 595 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

596.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 596 of Plaintiffs' First Amended Complaint.

597.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 597 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 597 of Plaintiffs' First Amended Complaint.

598.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 598 of Plaintiffs' First Amended Complaint and therefore denies same.

599.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 599 of Plaintiffs'

First Amended Complaint.

600.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 600 of Plaintiffs'

First Amended Complaint.

601.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 601 of Plaintiffs'

First Amended Complaint.

602.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 602 of Plaintiffs' First Amended Complaint.

603.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 603 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport

to seek the relief stated therein, but Target denies that they are entitled to such relief and

denies any remaining allegations contained in Paragraph 603 of Plaintiffs' First Amended

Complaint.

**N.     Claims Brought on Behalf of the Illinois Subclass**

<u>COUNT 44</u>
**[ALLEGED] VIOLATIONS OF ILLINOIS CONSUMER FRAUD AND
DECEPTIVE BUSINESS PRACTICES ACT
(815 ILCS 505/1, *ET SEQ.*)**

604.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

605.    Plaintiffs bring this Count on behalf of the Illinois Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 605 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Illinois Subclass. Target denies the remaining allegations contained in Paragraph 605 of Plaintiffs' First Amended Complaint.

606.    Target is a "person" as that term is defined in 815 ILCS 505/1(c).

**ANSWER:**   The allegations contained in Paragraph 606 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 606 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

607.    Plaintiffs and the Illinois Subclass are "consumers" as that term is defined in 815 ILCS 505/1(e).

**ANSWER:**   The allegations contained in Paragraph 607 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required.

1040927\311303290.v1

To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 607 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

608.    Plaintiffs have provided notice of this action and a copy of this Complaint to the Illinois Attorney General to 815 Ill. Stat. § 505/6.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 608 of Plaintiffs' First Amended Complaint and therefore denies same.

609.    The Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois CFA") prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

**ANSWER:**   The allegations contained in Paragraph 609 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 609 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

610.    Target participated in misleading, false, or deceptive practices that violated the Illinois CFA. By failing to disclose and actively concealing the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices prohibited by the Illinois CFA.

**ANSWER:**   Target denies the allegations contained in Paragraph 610 of Plaintiffs'

First Amended Complaint.

611.   In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 611 of Plaintiffs'

First Amended Complaint.

612.   Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Illinois Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

**ANSWER:**   Target denies the allegations contained in Paragraph 612 of Plaintiffs'

First Amended Complaint.

613.   Target intended for Plaintiffs and the Illinois Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

**ANSWER:**   Target denies the allegations contained in Paragraph 613 of Plaintiffs'

First Amended Complaint.

614.   At all times, Target intended for purchasers to believe that the secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

**ANSWER:**   Target denies the allegations contained in Paragraph 614 of Plaintiffs'

First Amended Complaint.

615.   Had Plaintiffs and the Illinois Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or

greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the Illinois Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain. These injuries are the direct and natural consequences of Target's omissions.

**ANSWER:**   Target denies the allegations contained in Paragraph 615 of Plaintiffs'

First Amended Complaint.

616.   Target has known about the high likelihood that the Gift Cards had been tampered, with such that they had no value and/or greatly diminished value, but concealed all of that information.

**ANSWER:**   Target denies the allegations contained in Paragraph 616 of Plaintiffs'

First Amended Complaint.

617.   By failing to disclose the high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, Target engaged in unfair and deceptive business practices in violation of the Illinois CFA.

**ANSWER:**   Target denies the allegations contained in Paragraph 617 of Plaintiffs'

First Amended Complaint.

618.   Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the other Class members, to purchase the Gift Cards without revealing the high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value.

**ANSWER:**   Target denies the allegations contained in Paragraph 618 of Plaintiffs'

First Amended Complaint.

619.   Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the Illinois Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 619 of Plaintiffs'

First Amended Complaint.

620.   Target knew or should have known that its conduct violated the Illinois CFA.

1040927\311303290.v1

**ANSWER:**   Target denies the allegations contained in Paragraph 620 of Plaintiffs'

First Amended Complaint.

621.   As alleged above, Target made material statements about the high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value that were either false or misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 621 of Plaintiffs'

First Amended Complaint.

622.   Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

      a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

      b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

      c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 622 of Plaintiffs'

First Amended Complaint, including all subparts.

623.   Target's representations and omissions described herein were material to Plaintiffs and the Illinois Subclass members' decisions to purchase the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 623 of Plaintiffs'

First Amended Complaint.

624.   Plaintiffs and the Illinois Subclass suffered ascertainable loss caused by Target's material omissions and misrepresentations and its concealment of and failure to disclose material information. Plaintiffs and Illinois Subclass members who purchased the

Gift Cards would not have purchased the Gift Cards but for Target's violations of the Illinois CFA.

**ANSWER:**   Target denies the allegations contained in Paragraph 624 of Plaintiffs'

First Amended Complaint.

625.   Target had an ongoing duty to all Target customers, Plaintiffs, and the Illinois Subclass to refrain from unfair and deceptive practices under the Illinois CFA. All owners of the Gift Cards suffered ascertainable monetary loss, to wit: the loss of funds associated with their Gift Cards, as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target.

**ANSWER:**   Target denies the allegations contained in Paragraph 625 of Plaintiffs'

First Amended Complaint.

626.   Target's violations present a continuing risk to Plaintiffs and the Illinois Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 626 of Plaintiffs'

First Amended Complaint.

627.   As a direct and proximate result of Target's violations of the Illinois CFA, Plaintiffs and the Illinois Subclass have suffered injury-in-fact and/or actual damage.

**ANSWER:**   Target denies the allegations contained in Paragraph 627 of Plaintiffs'

First Amended Complaint.

628.   Pursuant to 815 ILCS 505/10a(a), Plaintiffs and the Illinois Subclass seek monetary relief against Target in the amount of actual damages, as well as punitive damages because Target acted with fraud and/or malice and/or was grossly negligent.

**ANSWER:**   In response to Paragraph 628 of Plaintiffs' First Amended Complaint,

Target admits only that Plaintiffs and the purported Illinois Subclass seek the relief stated

therein, but denies that they are entitled to such relief and denies any other allegations

contained therein.

629.    Plaintiffs also seek an order enjoining Target's unfair and/or deceptive acts or practices, punitive damages, and attorneys' fees, and any other just and proper relief available under the 815 ILCS 505/1 *et seq*.

**ANSWER:**   In response to Paragraph 629 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 45
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (810 ILCS 5/2-314, *ET SEQ.*)

630.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

631.    Plaintiffs bring this claim on behalf of the Illinois Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 631 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Illinois Subclass. Target denies the remaining allegations contained in Paragraph 631 of Plaintiffs' First Amended Complaint.

632.    At all times pertinent to this action, Target was a merchant as that term is defined in 810 ILCS 5/2-104.

**ANSWER:**   The allegations contained in Paragraph 632 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 632 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

633.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 633 of Plaintiffs' First Amended Complaint.

634.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**  Target denies the allegations contained in Paragraph 634 of Plaintiffs' First Amended Complaint.

635.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 635 of Plaintiffs' First Amended Complaint.

636.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 636 of Plaintiffs' First Amended Complaint.

637.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in Paragraph 637 of Plaintiffs' First Amended Complaint.

638.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 638 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 638 of Plaintiffs' First Amended Complaint.

## COUNT 46
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (810 ILCS 5/2-315, *ET SEQ.*)

639.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

640.    Plaintiffs bring this claim on behalf of the Illinois Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 640 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Illinois Subclass. Target denies the remaining allegations contained in Paragraph 640 of Plaintiffs' First Amended Complaint.

641.    At all times pertinent to this action, Target was a merchant as that term is defined in 810 ILCS 5/2-104.

**ANSWER:** The allegations contained in Paragraph 641 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 641 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

642.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 642 of Plaintiffs' First Amended Complaint.

643.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 643 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 643 of Plaintiffs' First Amended Complaint.

644.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 644 of Plaintiffs' First Amended Complaint and therefore denies same.

645.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 645 of Plaintiffs' First Amended Complaint.

646.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 646 of Plaintiffs' First Amended Complaint.

647.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 647 of Plaintiffs' First Amended Complaint.

648.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 648 of Plaintiffs' First Amended Complaint.

649.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 649 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 649 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

**O.     Claims Brought on Behalf of the Indiana Subclass**

## COUNT 47
**[ALLEGED] VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
(IND. CODE § 24-5-0.5-3)**

650.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

651.     Plaintiffs bring this Count on behalf of the Indiana Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 651 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Indiana Subclass. Target denies the remaining allegations contained in Paragraph 651 of Plaintiffs' First Amended Complaint.

652.     The Indiana Deceptive Consumer Sales Act ("Indiana DCSA") prohibits a person from engaging in a "deceptive trade practice," which includes representing: "(1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits that they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection it does not have; (2) That such subject of a consumer transaction is of a particular standard, quality, grade, style or model, if it is not and if the supplier knows or should reasonably know that it is not; … (7) That the supplier has a sponsorship, approval or affiliation in such consumer transaction that the supplier does not have, and which the supplier knows or should reasonably know that the supplier does not have; … (b) Any representations on or within a product or its packaging or in advertising or promotional materials which would constitute a deceptive act shall be the deceptive act both of the supplier who places such a representation thereon or therein, or who authored such materials, and such suppliers who shall state orally or in writing that such representation is true if such other supplier shall know or have reason to know that such representation was false."

**ANSWER:**  The allegations contained in Paragraph 652 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 652 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

653.   Prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit demands under Ind. Code § 24-5-0.5-5(a). As such, Target are on notice regarding the allegations under the Indiana DCSA. Because Target failed to remedy its unlawful conduct within the requisite time period, Plaintiffs seek all damages and relief to which Plaintiffs and the Indiana class are entitled.

**ANSWER:**   Target denies the allegations contained in Paragraph 653 of Plaintiffs' First Amended Complaint. Target admits that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint, but denies that this correspondence complied with the pre-suit demands required by the referenced statute.

654.   In the course of Target's business, they engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in violation of the Indiana DCSA in at least the following ways:

a.   Target misrepresented material facts to Plaintiffs and the Indiana Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the Indiana Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Indiana Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards

were likely to be stolen or misappropriated by strangers or third parties;

c.      Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Indiana Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.      Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.      At all times, Target intended for purchasers to believe that the secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.      Target's deactivation of Plaintiffs and the Indiana Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.      Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Indiana Subclass members in a timely and accurate manner; and

h.      Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the Indiana Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:**   Target denies the allegations contained in Paragraph 654 of Plaintiffs'

First Amended Complaint, including all subparts.

655.   In purchasing the Gift Cards, Plaintiffs and the Indiana Subclass members were deceived by Target's actions.

**ANSWER:**   Target denies the allegations contained in Paragraph 655 of Plaintiffs'

First Amended Complaint.

1040927\311303290.v1

656.    Plaintiffs and the Indiana Subclass members reasonably relied upon the Target's false misrepresentations.

**ANSWER:**   Target denies the allegations contained in Paragraph 656 of Plaintiffs'

First Amended Complaint.

657.    Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:**   Target denies the allegations contained in Paragraph 657 of Plaintiffs'

First Amended Complaint.

658.    The Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

**ANSWER:**   Target denies the allegations contained in Paragraph 658 of Plaintiffs'

First Amended Complaint.

659.    The Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 659 of Plaintiffs'

First Amended Complaint.

660.    The Target knew or should have known that their conduct violated the Indiana DCSA.

**ANSWER:**   Target denies the allegations contained in Paragraph 660 of Plaintiffs'

First Amended Complaint.

661.    Target owed Plaintiffs and the Indiana Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

　　　　　a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

      b.     Intentionally concealed the foregoing from Plaintiff and the Class; and/or

      c.     Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 661 of Plaintiffs' First Amended Complaint, including all subparts.

662.   Because Target's deception takes place in the context of consumer transactions, its deception affects the public interest. Further, Target's unlawful conduct constitutes unfair acts or practices that have the capacity to deceive consumers, and that have a broad impact on consumers at large.

**ANSWER:**   Target denies the allegations contained in Paragraph 662 of Plaintiffs' First Amended Complaint.

663.   Target's conduct proximately caused injuries to Plaintiffs and the Indiana DCSA Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 663 of Plaintiffs' First Amended Complaint.

664.   Plaintiffs and the other Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of the Target's conduct; to wit: the loss of the funds associated with their Gift Cards. These injuries are the direct and natural consequence of the Target's misrepresentations and omissions.

**ANSWER:**   Target denies the allegations contained in Paragraph 664 of Plaintiffs' First Amended Complaint.

665.   The Target's violations present a continuing risk to Plaintiffs and the Indiana Subclass members, as well as to the general public. The Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** Target denies the allegations contained in Paragraph 665 of Plaintiffs' First Amended Complaint.

666. Pursuant to Ind. Code § 24-5-0.5-4, Plaintiffs and the Indiana Subclass members seek monetary relief against Target measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $500 for each Plaintiff and each Indiana Class member, including treble damages up to $1,000 for Target's willfully deceptive acts. Plaintiff also seeks punitive damages based on the outrageousness and recklessness of the Target's conduct and Target's high net worth.

**ANSWER:** In response to Paragraph 666 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Indiana Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 48
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (IND. CODE § 26-1-2-314, *ET SEQ.*)

667. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

668. Plaintiffs bring this claim on behalf of the Indiana Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 668 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Indiana Subclass. Target denies the remaining allegations contained in Paragraph 668 of Plaintiffs' First Amended Complaint.

669. At all times pertinent to this action, Target was a merchant as that term is defined in Ind. Code § 26-1-2-104.

1040927\311303290.v1

**ANSWER:** The allegations contained in Paragraph 669 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 669 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

670.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 670 of Plaintiffs' First Amended Complaint.

671.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 671 of Plaintiffs' First Amended Complaint.

672.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 672 of Plaintiffs' First Amended Complaint.

673.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1040927\311303290.v1

**ANSWER:**   Target denies the allegations contained in Paragraph 673 of Plaintiffs' First Amended Complaint.

674.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 674 of Plaintiffs' First Amended Complaint.

675.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 675 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 675 of Plaintiffs' First Amended Complaint.

## COUNT 49
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (IND. CODE § 26-1-2-315, *ET SEQ.*)

676.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

677.   Plaintiffs bring this claim on behalf of the Indiana Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 677 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Indiana Subclass. Target denies the remaining allegations contained in Paragraph 677 of Plaintiffs' First Amended Complaint.

678.   At all times pertinent to this action, Target was a merchant as that term is defined in Ind. Code § 26-1-2-104.

**ANSWER:**   The allegations contained in Paragraph 678 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 678 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

679.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 679 of Plaintiffs' First Amended Complaint.

680.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 680 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 680 of Plaintiffs' First Amended Complaint.

681.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 681 of Plaintiffs' First Amended Complaint and therefore denies same.

682.    Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 682 of Plaintiffs' First Amended Complaint.

683.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 683 of Plaintiffs' First Amended Complaint.

684.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 684 of Plaintiffs' First Amended Complaint.

685.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 685 of Plaintiffs' First Amended Complaint.

686.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 686 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 686 of Plaintiffs' First Amended Complaint.

**P.     Claims Brought on Behalf of the Iowa Subclass**

<u>**COUNT 50**</u>
**[ALLEGED] VIOLATIONS OF THE PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUD ACT**
**(IOWA CODE § 714H.1, *ET SEQ.*)**

687.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

688.   Plaintiffs bring this Count on behalf of the Iowa Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 688 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Iowa Subclass. Target denies the remaining allegations contained in Paragraph 688 of Plaintiffs' First Amended Complaint.

689.   Target constitutes a "person" under Iowa Code § 714H.2(7).

**ANSWER:**   The allegations contained in Paragraph 689 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 689 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

690.    Plaintiffs and the Iowa Subclass are "consumers," as defined by Iowa Code § 714H.2(3), who purchased Gift Cards.

**ANSWER:**  The allegations contained in Paragraph 690 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 690 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

691.    The [sic] Target participated in unfair or deceptive acts or practices that violated Iowa's Private Right of Action for Consumer Fraud Act ("Iowa CFA"), Iowa Code § 714H.1, et seq., as described herein.

**ANSWER:**   Target denies the allegations contained in Paragraph 691 of Plaintiffs' First Amended Complaint.

692.    In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually

1040927\311303290.v1

is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

**ANSWER:**   Target denies the allegations contained in Paragraph 692 of Plaintiffs'

First Amended Complaint.

693.   Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

**ANSWER:**   Target denies the allegations contained in Paragraph 693 of Plaintiffs'

First Amended Complaint.

694.   In purchasing the Gift Cards, Plaintiffs and the Iowa Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 694 of Plaintiffs'

First Amended Complaint.

695.   Plaintiffs and the Iowa Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 695 of Plaintiffs'

First Amended Complaint.

696.   Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:**   Target denies the allegations contained in Paragraph 696 of Plaintiffs'

First Amended Complaint.

697.   Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

**ANSWER:**   Target denies the allegations contained in Paragraph 697 of Plaintiffs'

First Amended Complaint.

698.    By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Iowa CFA.

**ANSWER:**    Target denies the allegations contained in Paragraph 698 of Plaintiffs' First Amended Complaint.

699.    In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**    Target denies the allegations contained in Paragraph 699 of Plaintiffs' First Amended Complaint.

700.    Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the other Iowa Subclass members about the true value of the Gift Cards.

**ANSWER:**    Target denies the allegations contained in Paragraph 700 of Plaintiffs' First Amended Complaint.

701.    Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiff and the Iowa Subclass.

**ANSWER:**    Target denies the allegations contained in Paragraph 701 of Plaintiffs' First Amended Complaint.

702.    Target knew or should have known that its conduct violated the Iowa CFA.

**ANSWER:**    Target denies the allegations contained in Paragraph 702 of Plaintiffs' First Amended Complaint.

703.    As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

**ANSWER:**    Target denies the allegations contained in Paragraph 703 of Plaintiffs' First Amended Complaint.

704.    Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

       a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

       b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

       c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 704 of Plaintiffs' First Amended Complaint, including all subparts.

705.    Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Iowa Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 705 of Plaintiffs' First Amended Complaint.

706.    Target's conduct proximately caused injuries to Plaintiffs and the Iowa Subclass Members.

**ANSWER:**   Target denies the allegations contained in Paragraph 706 of Plaintiffs' First Amended Complaint.

707.    Plaintiffs and the Iowa Subclass were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the Iowa Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Iowa CFA. These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

**ANSWER:**   Target denies the allegations contained in Paragraph 707 of Plaintiffs' First Amended Complaint.

708.   Target's violations present a continuing risk to Plaintiffs and the Iowa Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 708 of Plaintiffs' First Amended Complaint.

709.   Plaintiffs and the Iowa Subclass were injured by Target's unlawful acts and are, therefore, entitled to damages and other relief as provided under Chapter 714H.5 of the Iowa Code. Because the Target's conduct was committed willfully, Plaintiffs and the Iowa Subclass seek treble damages as provided in Iowa code § 714H.5(4).

**ANSWER:**   Target denies the allegations contained in Paragraph 709 of Plaintiffs' First Amended Complaint.

710.   Plaintiffs and the Iowa Subclass also seek court costs and attorneys' fees as a result of the Target's violation of Chapter 714H.3 as provided in Iowa Code § 714H.5(2).

**ANSWER:**   In response to Paragraph 710 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Iowa Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 51
### [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (IOWA CODE § 554.2314, *ET SEQ.*)

711.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

712.    Plaintiffs bring this claim on behalf of the Iowa Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 712 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on

behalf of a purported Iowa Subclass. Target denies the remaining allegations contained in

Paragraph 712 of Plaintiffs' First Amended Complaint.

713.    At all times pertinent to this action, Target was a merchant as that term is
defined in Iowa Code § 554.2104.

**ANSWER:**   The allegations contained in Paragraph 713 of Plaintiffs' First

Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 713 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained

therein.

714.    Target sold Plaintiffs the Gift Cards described more particularly above;
however, at the time of the sale, one or more of the Gift Cards were not merchantable at
the time of the sale because third parties had tampered with the Gift Cards and had stolen
the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 714 of Plaintiffs'

First Amended Complaint.

715.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the
ordinary purpose for which they were typically used because the secret Activation Code
was known to third parties at the time of sale rendering the Gift Cards insecure and the
balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 715 of Plaintiffs'

First Amended Complaint.

716.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 716 of Plaintiffs' First Amended Complaint.

717.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 717 of Plaintiffs' First Amended Complaint.

718.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 718 of Plaintiffs' First Amended Complaint.

719.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 719 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 719 of Plaintiffs' First Amended Complaint.

## COUNT 52
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (IOWA CODE § 554.2315, *ET SEQ.*)

720.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

721.   Plaintiffs bring this claim on behalf of the Iowa Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 721 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Iowa Subclass. Target denies the remaining allegations contained in Paragraph 721 of Plaintiffs' First Amended Complaint.

722.   At all times pertinent to this action, Target was a merchant as that term is defined in Iowa Code § 554.2104.

**ANSWER:**   The allegations contained in Paragraph 722 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 722 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

723.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 723 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

724.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 724 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 724 of Plaintiffs' First Amended Complaint.

725.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 725 of Plaintiffs' First Amended Complaint and therefore denies same.

726.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 726 of Plaintiffs' First Amended Complaint.

727.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 727 of Plaintiffs' First Amended Complaint.

728.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 728 of Plaintiffs' First Amended Complaint.

729.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

1040927\311303290.v1

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 729 of Plaintiffs' First Amended Complaint.

730.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 730 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 730 of Plaintiffs' First Amended Complaint.

**Q.**   **Claims Brought on Behalf of the Kansas Subclass**

**COUNT 53**
**[ALLEGED] VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT**
**(KAN. STAT. ANN. §§ 50-623, *ET SEQ.*)**

731.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

732.   Plaintiffs bring this Count on behalf of the Kansas Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 732 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Kansas Subclass. Target denies the remaining allegations contained in Paragraph 732 of Plaintiffs' First Amended Complaint.

733.   Target is a "supplier" under the Kansas Consumer Protection Act ("Kansas CPA"), Kan. Stat. Ann. § 50-624(l).

**ANSWER:** The allegations contained in Paragraph 733 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 733 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

734.   Kansas Subclass members are "consumers," within the meaning of Kan. Stat. Ann. § 50-624(b), who purchased one or more of the Gift Cards.

**ANSWER:** The allegations contained in Paragraph 734 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 734 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

735.   The sale of the Gift Cards to the Kansas Class Members was a "consumer transaction" within the meaning of Kan. Stat. Ann. § 50-624(c).

**ANSWER:** The allegations contained in Paragraph 735 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 735 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

736.    The Kansas CPA states "[n]o supplier shall engage in any deceptive act or practice in connection with a consumer transaction," Kan. Stat. Ann. § 50-626(a), and that deceptive acts or practices include: (1) knowingly making representations or with reason to know that "(A) [p]roperty or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have;" and "(D) property or services are of particular standard, quality, grade, style or model, if they are of another which differs materially from the representation;" "(2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact;" and "(3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact." The Kansas CPA also provides that "[n]o supplier shall engage in any unconscionable act or practice in connection with a consumer transaction." Kan. Stat. Ann. § 50-627(a).

**ANSWER:**  The allegations contained in Paragraph 736 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 736 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

737.    In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person

1040927\311303290.v1

reasonably believes the represented or suggested state of affairs to be other than it actually is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

**ANSWER:**   Target denies the allegations contained in Paragraph 737 of Plaintiffs' First Amended Complaint.

738.   Plaintiffs have provided notice of this action and a copy of this Complaint to Kansas Attorneys General pursuant to Kan. Stat. § 50-634(g).

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 738 of Plaintiffs' First Amended Complaint and therefore denies same.

739.   Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

**ANSWER:**   Target denies the allegations contained in Paragraph 739 of Plaintiffs' First Amended Complaint.

740.   In purchasing the Gift Cards, Plaintiffs and the Kansas Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 740 of Plaintiffs' First Amended Complaint.

741.   Plaintiffs and the Kansas Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 741 of Plaintiffs' First Amended Complaint.

742.   Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:** Target denies the allegations contained in Paragraph 742 of Plaintiffs' First Amended Complaint.

743.   Target unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

**ANSWER:** Target denies the allegations contained in Paragraph 743 of Plaintiffs' First Amended Complaint.

744.   By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Kansas CPA.

**ANSWER:** Target denies the allegations contained in Paragraph 744 of Plaintiffs' First Amended Complaint.

745.   In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:** Target denies the allegations contained in Paragraph 745 of Plaintiffs' First Amended Complaint.

746.   Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the other Class members about the true value of the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 746 of Plaintiffs' First Amended Complaint.

747.   Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiff and the Kansas Subclass members.

**ANSWER:** Target denies the allegations contained in Paragraph 747 of Plaintiffs' First Amended Complaint.

748.   Target knew or should have known that its conduct violated the Kansas CPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 748 of Plaintiffs'

First Amended Complaint.

749.    As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 749 of Plaintiffs'

First Amended Complaint.

750.    Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

> a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;
>
> b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or
>
> c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 750 of Plaintiffs'

First Amended Complaint, including all subparts.

751.    Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiff and the Kansas Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 751 of Plaintiffs'

First Amended Complaint.

752.    Target's conduct proximately caused injuries to Plaintiffs and the Kansas Subclass Members.

**ANSWER:**   Target denies the allegations contained in Paragraph 752 of Plaintiffs'

First Amended Complaint.

753.   Plaintiff and the Kansas Subclass were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the other Kansas Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Kansas CPA. These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

**ANSWER:**   Target denies the allegations contained in Paragraph 753 of Plaintiffs'

First Amended Complaint.

754.   Target's violations present a continuing risk to Plaintiffs as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 754 of Plaintiffs'

First Amended Complaint.

755.   Pursuant to Kan. Stat. Ann. § 50-634, Plaintiffs and the Kansas Class seek monetary relief against the Target measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $10,000 for each Plaintiff and Kansas Class member.

**ANSWER:**   In response to Paragraph 755 of Plaintiffs' First Amended Complaint,

Target admits only that Plaintiffs and the purported Kansas Class seek the relief stated

therein, but denies that they are entitled to such relief and denies any other allegations

contained therein.

756.   Plaintiffs also seek an order enjoining the Target's unfair, unlawful, and/or deceptive practices, declaratory relief, attorneys' fees, and any other just and proper relief available under Kan. Stat. Ann. § 50-623, *et seq.*

1040927\311303290.v1

**ANSWER:**   In response to Paragraph 756 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs seek the relief stated therein, but denies that they are entitled to such relief and denies the remaining allegations contained therein.

**COUNT 54**
**[ALLEGED] BREACH OF THE IMPLIED WARRANTY OF**
**MERCHANTABILITY**
**(KAN. STAT. ANN. § 84-2-314, *ET SEQ*.)**

757.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

758.   Plaintiffs bring this claim on behalf of the Kansas Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 758 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Kansas Subclass. Target denies the remaining allegations contained in Paragraph 758 of Plaintiffs' First Amended Complaint.

759.   At all times pertinent to this action, Target was a merchant as that term is defined in Kan. Stat. Ann. § 84-2-104.

**ANSWER:**   The allegations contained in Paragraph 759 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 759 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1040927\311303290.v1

760.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 760 of Plaintiffs'

First Amended Complaint.

761.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 761 of Plaintiffs'

First Amended Complaint.

762.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 762 of Plaintiffs'

First Amended Complaint.

763.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 763 of Plaintiffs'

First Amended Complaint.

764.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 764 of Plaintiffs' First Amended Complaint.

765.     Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 765 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 765 of Plaintiffs' First Amended Complaint.

## COUNT 55
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (KAN. STAT. ANN. § 84-2-315, *ET SEQ.*)

766.     Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

767.     Plaintiffs bring this claim on behalf of the Kansas Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 767 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Kansas Subclass. Target denies the remaining allegations contained in Paragraph 767 of Plaintiffs' First Amended Complaint.

768.     At all times pertinent to this action, Target was a merchant as that term is defined in Kan. Stat. Ann. § 84-2-104.

**ANSWER:**  The allegations contained in Paragraph 768 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 768 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

769.   At the time of sale and/or contracting, Target had reason to  know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 769 of Plaintiffs' First Amended Complaint.

770.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 770 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 770 of Plaintiffs' First Amended Complaint.

771.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 771 of Plaintiffs' First Amended Complaint and therefore denies same.

772.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 772 of Plaintiffs' First Amended Complaint.

773.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 773 of Plaintiffs' First Amended Complaint.

774.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 774 of Plaintiffs' First Amended Complaint.

775.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 775 of Plaintiffs' First Amended Complaint.

776.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 776 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 776 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

**R.     Claims Brought on Behalf of the Kentucky Subclass**

<u>**COUNT 56**</u>
**[ALLEGED] VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT
(KY. REV. STAT. §§ 367.110, *ET SEQ.*)**

777.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

778.    Plaintiffs bring this Count on behalf of the Kentucky Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 778 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Kentucky Subclass. Target denies the remaining allegations contained in Paragraph 778 of Plaintiffs' First Amended Complaint.

779.    Target, Plaintiffs, and members of the Kentucky Subclass are "persons" within the meaning of the Ky. Rev. Stat. § 367.110(1).

**ANSWER:**   The allegations contained in Paragraph 779 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 779 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

780.    Target engaged in "trade" or "commerce" within the meaning of KY. REV. STAT. § 367.110(2).

1040927\311303290.v1

**ANSWER:** The allegations contained in Paragraph 780 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 780 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

781.   The Kentucky Consumer Protection Act ("Kentucky CPA") makes unlawful "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce …." Ky. Rev. Stat. § 367.170(1).

**ANSWER:** The allegations contained in Paragraph 781 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 781 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

782.   Target participated in misleading, false, or deceptive acts that violated the Kentucky CPA. By claiming to adequately secure consumers' personal and financial information, when in truth and fact its security practices were inadequate, Target engaged in deceptive business practices prohibited by the Kentucky CPA.

**ANSWER:** Target denies the allegations contained in Paragraph 782 of Plaintiffs' First Amended Complaint.

783.   In the course of its business, Target engaged in consumer transactions with numerous Kentucky consumers in connection with the sale of the Gift Cards, yet it did not take adequate steps to protect the value of the Gift Cards from theft, and failed to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing

deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with its provision of credit bureau services to Kentucky citizens and businesses.

**ANSWER:**   Target denies the allegations contained in Paragraph 783 of Plaintiffs'

First Amended Complaint.

784.   Target has known about the high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information until recently.

**ANSWER:**   Target denies the allegations contained in Paragraph 784 of Plaintiffs'

First Amended Complaint.

785.   By failing to disclose and by actively concealing the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Kentucky CPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 785 of Plaintiffs'

First Amended Complaint.

786.   In the course of Target's business, it willfully failed to disclose or actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 786 of Plaintiffs'

First Amended Complaint.

787.   Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Kentucky Subclass, about the true security of its Gift Card systems, the ability to provide data security, and the integrity of the Target company.

**ANSWER:**   Target denies the allegations contained in Paragraph 787 of Plaintiffs'

First Amended Complaint.

788.    Target intentionally and knowingly misrepresented materials facts regarding its services and its ability to protect consumers' gift card information with an intent to mislead Plaintiffs and the Kentucky Subclass.

**ANSWER:**    Target denies the allegations contained in Paragraph 788 of Plaintiffs'

First Amended Complaint.

789.    Target knew or should have known that its conduct violated the Kentucky CPA.

**ANSWER:**    Target denies the allegations contained in Paragraph 789 of Plaintiffs'

First Amended Complaint.

790.    Target made material statements about the security and reliability of its Gift Cards that were either false or misleading.

**ANSWER:**    Target denies the allegations contained in Paragraph 790 of Plaintiffs'

First Amended Complaint.

791.    Target owed Plaintiffs and the Kentucky Subclass a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

      a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

      b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

      c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:**    Target denies the allegations contained in Paragraph 791 of Plaintiffs'

First Amended Complaint, including all subparts.

792.    Because Target fraudulently concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Plaintiffs and the Kentucky Subclass have been harmed.

**ANSWER:**   Target denies the allegations contained in Paragraph 792 of Plaintiffs' First Amended Complaint.

793.    Target's misrepresentations and omissions were material to Plaintiffs and other Class member's transactions with Target and were made knowingly and with reason to know that Plaintiffs and the Kentucky Subclass would rely on the misrepresentations and omissions.

**ANSWER:**   Target denies the allegations contained in Paragraph 793 of Plaintiffs' First Amended Complaint.

794.    Plaintiffs and the Kentucky Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information; to wit, the loss of the funds associated with their Gift Cards Had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the Kentucky Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Kentucky CPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 794 of Plaintiffs' First Amended Complaint.

795.    Target had an ongoing duty to all Target customers to refrain from unfair and deceptive practices under the Kentucky CPA. Plaintiffs, the Kentucky Subclass members, and all owners of the Gift Cards suffered ascertainable monetary loss, to wit: the loss of funds associated with their Gift Cards, as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target.

**ANSWER:**   Target denies the allegations contained in Paragraph 795 of Plaintiffs' First Amended Complaint.

796.    Target's violations present a continuing risk to Plaintiffs and the Kentucky Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 796 of Plaintiffs' First Amended Complaint.

797.   As a direct and proximate result of Target's violations of the Kentucky CFA, Plaintiffs and the Kentucky Subclass have suffered injury-in-fact and/or actual damage.

**ANSWER:**   Target denies the allegations contained in Paragraph 797 of Plaintiffs' First Amended Complaint.

798.   Plaintiffs and the Kentucky Subclass members seek monetary relief against Target in the amount of actual damages, as well as punitive damages because Target acted with fraud and/or malice and/or was grossly negligent.

**ANSWER:**   Target denies the allegations contained in Paragraph 798 of Plaintiffs' First Amended Complaint. Further answering, Target admits that Plaintiffs and the purported Kentucky Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

799.   Pursuant to Ky. Rev. Stat. Ann. § 367.220, Plaintiffs and the Kentucky Subclass seek to recover actual damages in an amount to be determined at trial; an order enjoining Target's unfair, unlawful, and/or deceptive practices; declaratory relief; attorneys' fees; and any other just and proper relief available under Ky. Rev. Stat. Ann. § 367.220.

**ANSWER:**   In response to Paragraph 799 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Kentucky Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies the remaining allegations contained therein.

## <u>COUNT 57</u>
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (KY. REV. STAT. § 355.2-314, *ET SEQ.*)

800.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

801.   Plaintiffs bring this claim on behalf of the Kentucky Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 801 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Kentucky Subclass. Target denies the remaining allegations contained in Paragraph 801 of Plaintiffs' First Amended Complaint.

802.   At all times pertinent to this action, Target was a merchant as that term is defined in Ky. Rev. Stat. § 33.2-104.

**ANSWER:**   The allegations contained in Paragraph 802 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 802 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

803.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 803 of Plaintiffs' First Amended Complaint.

804.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 804 of Plaintiffs'

First Amended Complaint.

805.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 805 of Plaintiffs'

First Amended Complaint.

806.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 806 of Plaintiffs'

First Amended Complaint.

807.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 807 of Plaintiffs' First Amended Complaint.

808.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 808 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport

to seek the relief stated therein, but Target denies that they are entitled to such relief and

denies any remaining allegations contained in Paragraph 808 of Plaintiffs' First Amended

Complaint.

1040927\311303290.v1

## COUNT 58
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (KY. REV. STAT. § 355.2-314, *ET SEQ.*)

809.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

810.   Plaintiffs bring this claim on behalf of the Kentucky Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 810 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Kentucky Subclass. Target denies the remaining allegations contained in Paragraph 810 of Plaintiffs' First Amended Complaint.

811.   At all times pertinent to this action, Target was a merchant as that term is defined in Ky. Rev. Stat. § 33.2-104.

**ANSWER:**   The allegations contained in Paragraph 811 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 811 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

812.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 812 of Plaintiffs' First Amended Complaint.

813.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 813 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 813 of Plaintiffs' First Amended Complaint.

814.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 814 of Plaintiffs' First Amended Complaint and therefore denies same.

815.    Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 815 of Plaintiffs' First Amended Complaint.

816.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 816 of Plaintiffs' First Amended Complaint.

817.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 817 of Plaintiffs' First Amended Complaint.

818.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 818 of Plaintiffs' First Amended Complaint.

819.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 819 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 819 of Plaintiffs' First Amended Complaint.

**S.**   **Claims Brought on Behalf of the Louisiana Subclass**

<u>COUNT 59</u>
**[ALLEGED] LOUISIANA UNFAIR TRADE PRACTICES
AND CONSUMER PROTECTION LAW
(LA. REV. STAT. ANN. §§ 51:1401, *ET SEQ.*)**

820.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

821.   Plaintiffs bring this Count on behalf of the Louisiana Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 821 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Louisiana Subclass. Target denies the remaining allegations contained in Paragraph 821 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

822.    Target, Plaintiffs, and the Louisiana Subclass members are "persons" within the meaning of the La. Rev. Stat. Ann. §51:1402(8).

**ANSWER:** The allegations contained in Paragraph 822 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 822 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

823.    Plaintiff and the Louisiana Subclass are "consumers" within the meaning of La. Rev. Stat. Ann. § 51:1402(1).

**ANSWER:** The allegations contained in Paragraph 823 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 823 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

824.    Target engaged in "trade" or "commerce" within the meaning of La. Rev. Stat. Ann. § 51:1402(10).

**ANSWER:** The allegations contained in Paragraph 824 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 824 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

825.   The Louisiana Unfair Trade Practices and Consumer Protection Law ("Louisiana CPL") makes unlawful "deceptive acts or practices in the conduct of any trade or commerce." La. Rev. Stat. Ann. § 51:1405(A). Target participated in misleading, false, or deceptive acts that violated the Louisiana CPL.

**ANSWER:** The allegations contained in Paragraph 825 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 825 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein, including that int participated in misleading, false or deceptive acts..

826.   Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:**  Target denies the allegations contained in Paragraph 826 of Plaintiffs' First Amended Complaint.

827.   In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 827 of Plaintiffs' First Amended Complaint.

828.    Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

**ANSWER:**   Target denies the allegations contained in Paragraph 828 of Plaintiffs' First Amended Complaint.

829.    By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Louisiana CPL.

**ANSWER:**   Target denies the allegations contained in Paragraph 829 of Plaintiffs' First Amended Complaint.

830.    Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the other Louisiana Subclass members about the true value of the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 830 of Plaintiffs' First Amended Complaint.

831.    Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Louisiana Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 831 of Plaintiffs' First Amended Complaint.

832.    Target knew or should have known that its conduct violated the Louisiana CPL.

**ANSWER:**   Target denies the allegations contained in Paragraph 832 of Plaintiffs' First Amended Complaint.

833.    As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

**ANSWER:**   Target denies the allegations contained in Paragraph 883 of Plaintiffs' First Amended Complaint.

834.   Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

      a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

      b.    Intentionally concealed the foregoing from Plaintiffs and the Louisiana Subclass; and/or

      c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Louisiana Subclass that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 834 of Plaintiffs'

First Amended Complaint, including all subparts.

835.   Target's fraudulent misrepresentations, omissions, and concealments as described herein were material to Plaintiffs and the Louisiana Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 835 of Plaintiffs'

First Amended Complaint.

836.   Plaintiffs and the Louisiana Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information. Had Plaintiffs and the Louisiana Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the Louisiana Class members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Louisiana CPL.

**ANSWER:**   Target denies the allegations contained in Paragraph 836 of Plaintiffs'

First Amended Complaint.

837.   Target had an ongoing duty to Plaintiffs and the Louisiana Subclass members to refrain from unfair and deceptive practices under the Louisiana CPL. All owners of Gift Cards suffered ascertainable loss; to wit, the loss of the funds associated with their Gift

Cards, as a result of Target's deceptive and unfair acts and practices made in the course of Target's business.

**ANSWER:**   Target denies the allegations contained in Paragraph 837 of Plaintiffs'

First Amended Complaint.

838.   Target's violations present a continuing risk to Plaintiffs and the Louisiana Subclass members as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 838 of Plaintiffs'

First Amended Complaint.

839.   As a direct and proximate result of Target's violations of the Louisiana CPL, Plaintiffs and the Louisiana Subclass members have suffered injury-in-fact and/or actual damage.

**ANSWER:**   Target denies the allegations contained in Paragraph 839 of Plaintiffs'

First Amended Complaint.

840.   Pursuant to La. Rev. Stat. Ann. § 51:1409, Plaintiffs and the Louisiana Subclass seek to recover actual damages in an amount to be determined at trial; treble damages for Target's knowing violations of the Louisiana CPL; an order enjoining Target's unfair, unlawful, and/or deceptive practices; declaratory relief; attorneys' fees; and any other just and proper relief available under La. Rev. Stat. Ann. § 51:1409.

**ANSWER:**   In response to Paragraph 840 of Plaintiffs' First Amended Complaint,

Target admits only that Plaintiffs and the purported Louisiana Subclass seek the relief

stated therein, but denies that they are entitled to such relief and denies the remaining

allegations contained therein.

## COUNT 60
## [ALLEGED] BREACH OF THE WARRANTY AGAINST REDHIBITORY DEFECTS
## (LSA-C.C. ART. 2520 , *ET SEQ.*)

841.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

842.   Plaintiffs bring this claim on behalf of the Louisiana Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 842 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Louisiana Subclass. Target denies the remaining allegations contained in Paragraph 842 of Plaintiffs' First Amended Complaint.

843.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were useless because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards. Therefore, Plaintiffs could not use the Gift Cards for their intended purpose, purchases from the Apple iTunes store.

**ANSWER:**   Target denies the allegations contained in Paragraph 843 of Plaintiffs' First Amended Complaint.

844.   Plaintiffs and Class members would not have bought the Gift Cards had they known that they contained this defect.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 844 of Plaintiffs' First Amended Complaint and therefore denies same.

845.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 845 of Plaintiffs' First Amended Complaint.

846.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 846 of Plaintiffs' First Amended Complaint.

847.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 847 of Plaintiffs' First Amended Complaint.

848.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law, including rescission of the sale.

**ANSWER:**   In response to the allegations contained in Paragraph 848 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 848 of Plaintiffs' First Amended Complaint.

**T.**   **Claims Brought on Behalf of the Maine Subclass**

## COUNT 61
### [ALLEGED] MAINE UNFAIR TRADE PRACTICES ACT
### (ME. REV. STAT. ANN. TIT. 5, § 205-A, *ET SEQ.*)

849.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

850.   Plaintiffs bring this Count on behalf of the Maine Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 850 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Maine Subclass. Target denies the remaining allegations contained in Paragraph 850 of Plaintiffs' First Amended Complaint.

851.   Maine Subclass members' gift card information was accessed and stored by the [sic] Target for personal, family, and/or household purposes.

**ANSWER:**   Target denies the allegations contained in Paragraph 851 of Plaintiffs' First Amended Complaint.

852.   Prior to the filing of this Complaint, counsel for Plaintiffs provided Target with a written pre-suit demand pursuant to Me. Rev. Stat. Ann. Tit. 5, § 213(1-A).

**ANSWER:**   Target denies the allegations contained in Paragraph 852 of Plaintiffs' First Amended Complaint. Target admits that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint, but denies that this correspondence complied with the pre-suit demands required by the referenced statute.

853.   Target engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Me. Rev. Stat. tit. 5, § 207, in at least the following ways:

a.   Target misrepresented and fraudulently advertised material facts to Plaintiffs and the Maine Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Maine Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited

1040927\311303290.v1

to the fact that Target sold Gift Cards to Plaintiffs and the Maine Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.   Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Maine Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

d.   Target intended for Plaintiffs and the Maine Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.   Target's deactivation of Plaintiffs and the Maine Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Maine Subclass members in a timely and accurate manner contrary to the duties imposed by Me. Rev. Stat. tit. 10 § 1348(1); and

h.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs' and the Maine Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:**   Target denies the allegations contained in Paragraph 853 of Plaintiffs' First Amended Complaint, including all subparts.

854.    The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:**   Target denies the allegations contained in Paragraph 854 of Plaintiffs' First Amended Complaint.

855.    Target knew or should have known that its data security practices were inadequate to safeguard Maine Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and members of the Maine Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 855 of Plaintiffs' First Amended Complaint.

856.    As a direct and proximate result of Target's unlawful practices, Plaintiffs and the Maine Subclass members suffered injury and/or damages.

**ANSWER:**   Target denies the allegations contained in Paragraph 856 of Plaintiffs' First Amended Complaint.

857.    Pursuant to Me. Rev. Stat. tit. 5, § 213, Plaintiffs and members of the Maine Subclass seek to recover proper relief including, not limited to, damages, restitution, injunctive relief, and/or attorneys' fees and costs.

**ANSWER:**   In response to Paragraph 857 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Maine Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

1040927\311303290.v1

## COUNT 62
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (ME. REV. STAT. ANN. T. 11 § 2-314, *ET SEQ.*)

858.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**    Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

859.    Plaintiffs bring this claim on behalf of the Maine Subclass.

**ANSWER:**    In response to the allegations contained in Paragraph 859 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Maine Subclass. Target denies the remaining allegations contained in Paragraph 859 of Plaintiffs' First Amended Complaint.

860.    At all times pertinent to this action, Target was a merchant as that term is defined in Me. Rev. Stat. Ann. T. 11 § 2-104.

**ANSWER:**    The allegations contained in Paragraph 860 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 860 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

861.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

1040927\311303290.v1

**ANSWER:**   Target denies the allegations contained in Paragraph 861 of Plaintiffs'

First Amended Complaint.

862.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 862 of Plaintiffs'

First Amended Complaint.

863.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 863 of Plaintiffs'

First Amended Complaint.

864.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 864 of Plaintiffs'

First Amended Complaint.

865.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 865 of Plaintiffs' First Amended Complaint.

866.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

1040927\311303290.v1

**ANSWER:**   In response to the allegations contained in Paragraph 866 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 866 of Plaintiffs' First Amended Complaint.

<u>**COUNT 63**</u>
**[ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(ME. REV. STAT. ANN. T. 11 § 2-315, *ET SEQ.*)**

867.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

868.   Plaintiffs bring this claim on behalf of the Maine Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 868 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Maine Subclass. Target denies the remaining allegations contained in Paragraph 868 of Plaintiffs' First Amended Complaint.

869.   At all times pertinent to this action, Target was a merchant as that term is defined in Me. Rev. Stat. Ann. T. 11 § 2-104.

**ANSWER:**   The allegations contained in Paragraph 869 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 869 to the extent they

1040927\311303290.v1

are inconsistent with the referenced statute and denies any other allegations contained therein.

870.    At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**    Target denies the allegations contained in Paragraph 870 of Plaintiffs' First Amended Complaint.

871.    The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**    In response to the allegations contained in Paragraph 871 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 871 of Plaintiffs' First Amended Complaint.

872.    The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**    Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 827 of Plaintiffs' First Amended Complaint and therefore denies same.

873.    Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**    Target denies the allegations contained in Paragraph 873 of Plaintiffs' First Amended Complaint.

874.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**    Target denies the allegations contained in Paragraph 874 of Plaintiffs' First Amended Complaint.

875.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 875 of Plaintiffs'

First Amended Complaint.

876.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 876 of Plaintiffs' First Amended Complaint.

877.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 877 of Plaintiffs'

First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport

to seek the relief stated therein, but Target denies that they are entitled to such relief and

denies any remaining allegations contained in Paragraph 877 of Plaintiffs' First Amended

Complaint.

**U.**   **Claims Brought on Behalf of the Maryland Subclass**

**COUNT 64**
**[ALLEGED] MARYLAND CONSUMER PROTECTION ACT**
**(MD. CODE COMM. LAW § 13-301, *ET. SEQ.*)**

878.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers

to the foregoing Paragraphs.

879.    Plaintiffs bring this Count on behalf of the Maryland Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 879 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Maryland Subclass. Target denies the remaining allegations contained in Paragraph 879 of Plaintiffs' First Amended Complaint.

880.    Maryland Subclass members are "consumers" as meant by Md. Code Ann., Com. Law § 13-101.

**ANSWER:**   The allegations contained in Paragraph 880 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 880 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

881.    The unlawful trade practices, misrepresentations, and omissions described herein did not constitute "professional services" on the part of Target. the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the services in violation of Md. Code Ann., Com. Law §13-301, in at least the following ways:

a.      Target misrepresented material facts to Plaintiffs and the Maryland Subclass by representing that it would maintain adequate data privacy and security practices to protect the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.      Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Maryland Subclass members which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and

the Maryland Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.　Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Maryland Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.　Target intended for Plaintiffs and the Maryland Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.　At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.　Target's deactivation of Plaintiffs and the Maryland Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.　Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Maryland Subclass members in a timely and accurate manner in violation of Md. Code Ann., Com. Law § 14-3504(b)(3); and

h.　Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs' and the Maryland Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:**　Target denies the allegations contained in Paragraph 881 of Plaintiffs'

First Amended Complaint, including all subparts.

882.　The above unfair and deceptive practices and acts by Target improper, oppressive, and unfair. These acts caused substantial injury to consumers that the

-242-

consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:**   Target denies the allegations contained in Paragraph 882 of Plaintiffs'

First Amended Complaint.

883.   Target knew or should have known that its data security practices were inadequate to safeguard Maryland Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Maryland Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 883 of Plaintiffs'

First Amended Complaint.

884.   Target owed Plaintiff and the Maryland Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

      a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

      b.    Intentionally concealed the foregoing from Plaintiff and the Class; and/or

      c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 884 of Plaintiffs'

First Amended Complaint, including all subparts.

885.   Plaintiffs and Maryland Subclass members relied on Target's misrepresentations and omissions in purchasing the Gift Cards. Had Target been honest and disclosed (1) the inadequacy of Target's security practices related to the Gift Cards, that previously-sold Gift Cards had repeatedly been tampered with, and (3) there was a high likelihood that unsold Gift Cards had also been tampered with, Plaintiffs and Class members would not have purchased the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 885 of Plaintiffs' First Amended Complaint.

886.   As a direct and proximate result of Target's unlawful practices, Maryland Subclass members suffered injury and/or damages.

**ANSWER:**   Target denies the allegations contained in Paragraph 886 of Plaintiffs' First Amended Complaint.

887.   Maryland Subclass members seek relief under Md. Code Ann., Com. Law § 13-408, including, but not limited to, damages, injunctive relief, and attorneys' fees and costs.

**ANSWER:**   In response to Paragraph 887 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Maryland Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 65
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (MD. CODE COMM. LAW § 2-314, *ET. SEQ.*)

888.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

889.   Plaintiffs bring this claim on behalf of the Maryland Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 889 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Maryland Subclass. Target denies the remaining allegations contained in Paragraph 889 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

890.    At all times pertinent to this action, Target was a merchant as that term is defined in Md. Code Comm. Law § 2-104.

**ANSWER:** The allegations contained in Paragraph 890 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 890 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

891.    Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 891 of Plaintiffs' First Amended Complaint.

892.    One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 892 of Plaintiffs' First Amended Complaint.

893.    As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 893 of Plaintiffs' First Amended Complaint.

894.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

1040927\311303290.v1

**ANSWER:**   Target denies the allegations contained in Paragraph 894 of Plaintiffs' First Amended Complaint.

895.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 895 of Plaintiffs' First Amended Complaint.

896.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 896 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 896 of Plaintiffs' First Amended Complaint.

## COUNT 66
### [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (MD. CODE COMM. LAW § 2-315, *ET. SEQ.*)

897.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

898.   Plaintiffs bring this claim on behalf of the Maryland Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 898 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Maryland Subclass. Target denies the remaining allegations contained in Paragraph 898 of Plaintiffs' First Amended Complaint.

899.   At all times pertinent to this action, Target was a merchant as that term is defined in Md. Code Comm. Law § 2-104.

**ANSWER:**   The allegations contained in Paragraph 899 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 899 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

900.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 900 of Plaintiffs' First Amended Complaint.

901.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 901 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 901 of Plaintiffs' First Amended Complaint.

902.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1040927\311303290.v1

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 902 of Plaintiffs' First Amended Complaint and therefore denies same.

903.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 903 of Plaintiffs' First Amended Complaint.

904.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 904 of Plaintiffs' First Amended Complaint.

905.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 905 of Plaintiffs' First Amended Complaint.

906.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 906 of Plaintiffs' First Amended Complaint.

907.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

1040927\311303290.v1

**ANSWER:**   In response to the allegations contained in Paragraph 907 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 907 of Plaintiffs' First Amended Complaint.

**V.    Claims Brought on Behalf of Massachusetts Subclass**

### COUNT 67
### [ALLEGED] MASSACHUSETTS CONSUMER PROTECTION ACT
### (MASS. GEN. LAWS ANN. CH. 93A, § 1, *ET. SEQ.*)

908.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

909.   Plaintiffs bring this Count on behalf of the Massachusetts Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 909 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Massachusetts Subclass. Target denies the remaining allegations contained in Paragraph 909 of Plaintiffs' First Amended Complaint.

910.   Prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit demands pursuant to Mass. Gen. Laws Ann. Ch. 93A § 9(3).

**ANSWER:**   Target denies the allegations contained in Paragraph 910 of Plaintiffs' First Amended Complaint. Target admits that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint, but denies that this correspondence complied with the pre-suit demands required by the referenced statute.

911.   Target operates in "trade or commerce" as meant by Mass. Gen. Laws Ann. ch. 93A, § 1. Target engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of services in violation of Mass. Gen. Laws Ann. ch. 93A, § 2(a), in at least the following ways:

a.   Target misrepresented material facts to Plaintiffs and the Massachusetts Subclass members by representing that it would maintain adequate data privacy and security practices to protect the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Massachusetts Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Massachusetts Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.   Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Massachusetts Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.   Target intended for Plaintiffs and the Massachusetts Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

1040927\311303290.v1

f.    Target's deactivation of Plaintiffs and the Massachusetts Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Massachusetts Subclass members in a timely and accurate manner in violation of Mass. Gen. Laws Ann. ch. 93H, § 3(a); and

h.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Massachusetts Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:**    Target denies the allegations contained in Paragraph 911 of Plaintiffs'

First Amended Complaint, including all subparts.

912.    The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition. These acts were within the penumbra of common law, statutory, or other established concepts of unfairness.

**ANSWER:**    Target denies the allegations contained in Paragraph 912 of Plaintiffs'

First Amended Complaint.

913.    Target knew or should have known that its data security practices were inadequate to safeguard Plaintiffs' and the Massachusetts Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and the members of the Massachusetts Subclass.

**ANSWER:**    Target denies the allegations contained in Paragraph 913 of Plaintiffs'

First Amended Complaint.

914.    As a direct and proximate result of Target's unlawful practices, Plaintiffs and the Massachusetts Subclass members suffered injury and/or damages.

**ANSWER:**   Target denies the allegations contained in Paragraph 914 of Plaintiffs' First Amended Complaint.

915.   Plaintiffs and the Massachusetts Subclass members seek relief under Mass. Gen. Laws Ann. ch. 93A, § 9, including, but not limited to, actual damages, statutory damages, double or treble damages, injunctive and/or other equitable relief, and/or attorneys' fees and costs.

**ANSWER:**   In response to Paragraph 915 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Massachusetts Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

<u>COUNT 68</u>
**[ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
(MASS. GEN. LAWS ANN. 106 § 2-314, *ET. SEQ.*)**

916.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

917.   Plaintiffs bring this claim on behalf of the Massachusetts Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 917 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Massachusetts Subclass. Target denies the remaining allegations contained in Paragraph 917 of Plaintiffs' First Amended Complaint.

918.   At all times pertinent to this action, Target was a merchant as that term is defined in Mass. Gen. Laws Ann. 106 § 2-104.

**ANSWER:** The allegations contained in Paragraph 918 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 918 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

919.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 919 of Plaintiffs' First Amended Complaint.

920.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 920 of Plaintiffs' First Amended Complaint.

921.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 921 of Plaintiffs' First Amended Complaint.

922.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 922 of Plaintiffs' First Amended Complaint.

923.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 923 of Plaintiffs' First Amended Complaint.

924.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 924 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 924 of Plaintiffs' First Amended Complaint.

## <u>COUNT 69</u>
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (MASS. GEN. LAWS ANN. 106 § 2-315, *ET. SEQ.*)

925.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

926.   Plaintiffs bring this claim on behalf of the Massachusetts Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 926 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Massachusetts Subclass. Target denies the remaining allegations contained in Paragraph 926 of Plaintiffs' First Amended Complaint.

927.   At all times pertinent to this action, Target was a merchant as that term is defined in Mass. Gen. Laws Ann. 106 § 2-104.

**ANSWER:**   The allegations contained in Paragraph 927 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 927 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

928.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 928 of Plaintiffs' First Amended Complaint.

929.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 929 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 929 of Plaintiffs' First Amended Complaint.

930.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

1040927\311303290.v1

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 930 of Plaintiffs' First Amended Complaint and therefore denies same.

931.    Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 931 of Plaintiffs' First Amended Complaint.

932.    As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 932 of Plaintiffs' First Amended Complaint.

933.    Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 933 of Plaintiffs' First Amended Complaint.

934.    Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 934 of Plaintiffs' First Amended Complaint.

935.    Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

1040927\311303290.v1

**ANSWER:**   In response to the allegations contained in Paragraph 935 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 935 of Plaintiffs' First Amended Complaint.

**W.   Claims on Behalf of the Michigan Subclass**

<u>**COUNT 70**</u>
**[ALLEGED] MICHIGAN CONSUMER PROTECTION ACT**
**(MICH. COMP. LAWS ANN. § 445.901, *ET SEQ.*)**

936.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

937.   Plaintiffs bring this Count on behalf of the Michigan Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 937 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Michigan Subclass. Target denies the remaining allegations contained in Paragraph 937 of Plaintiffs' First Amended Complaint.

938.   Plaintiffs and Michigan Subclass members are "persons" within the meaning of Mich. Comp. Laws § 445.902(1)(d).

**ANSWER:**   The allegations contained in Paragraph 938 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 938 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

939.    The Michigan Consumer Protection Act ("Michigan CPA") prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce …." Mich. Comp. Laws § 445.903(1). Target engaged in unfair, unconscionable, or deceptive methods, acts or practices prohibited by the Michigan CPA, including: "(c) Representing that goods or services have … characteristics … that they do not have ….;" "(e) Representing that goods or services are of a particular standard … if they are of another;" "(i) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;" "(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;" "(bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is;" and "(cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner." Mich. Comp. Laws § 445.903(1). By failing to disclose and actively concealing the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices prohibited by the Michigan CPA.

**ANSWER:**  The allegations contained in Paragraph 939 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 939 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

940.    In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with its business.

**ANSWER:**    Target denies the allegations contained in Paragraph 940 of Plaintiffs'

First Amended Complaint.

941.    Target knew of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value but concealed this information.

**ANSWER:**    Target denies the allegations contained in Paragraph 941 of Plaintiffs'

First Amended Complaint.

942.    By way of the foregoing, in the course of its business, Target engaged in deceptive business practices in violation of the Michigan CPA, including but not limited to:

> a.    Target misrepresented material facts (intending for others to reply upon the misrepresentations) to Plaintiffs and the Michigan Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

> b.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Michigan Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Michigan Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

> c.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Michigan Subclass members that the Gift Card's secret Activation Code were probably and/or possibly not private and were within the knowledge of third parties without a need to know;

> d.    Target intended for Plaintiffs and the Michigan Subclass members to believe that its security features prevented anyone but the purchaser

or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.   Target's deactivation of Plaintiffs' and the Michigan Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Michigan Subclass members in a timely and accurate manner; and

h.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs' and the Michigan Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:**   Target denies the allegations contained in Paragraph 942 of Plaintiffs'

First Amended Complaint, including all subparts.

943.   In the course of Target's business, it willfully failed to disclose and actively concealed the risk posed by the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value by failing to promptly disclose the data breaches it had suffered.

**ANSWER:**   Target denies the allegations contained in Paragraph 943 of Plaintiffs'

First Amended Complaint.

944.   Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including the Plaintiffs and Michigan Subclass members, regarding the true nature of the value, security and safety of its Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 944 of Plaintiffs'

First Amended Complaint.

945.    Target intentionally and knowingly misrepresented such material facts with an intent to mislead Plaintiffs and the Michigan Subclass members.

**ANSWER:**   Target denies the allegations contained in Paragraph 945 of Plaintiffs' First Amended Complaint.

946.    Target knew or should have known that its conduct violated the Michigan CPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 946 of Plaintiffs' First Amended Complaint.

947.    As alleged above, Target made material statements that were either false or misleading about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**   Target denies the allegations contained in Paragraph 947 of Plaintiffs' First Amended Complaint.

948.    Target owed Plaintiffs and the Michigan Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

    a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

    b.    Intentionally concealed the foregoing from Plaintiffs and the Michigan Subclass; and/or

    c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:**   Target denies the allegations contained in Paragraph 948 of Plaintiffs' First Amended Complaint, including all subparts.

949.    Target's representations and omissions described herein were material to Plaintiffs and the Michigan Subclass members' decisions to purchase the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 949 of Plaintiffs'

First Amended Complaint.

950.    Plaintiffs and the Michigan Subclass suffered an ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information as alleged herein.

**ANSWER:**   Target denies the allegations contained in Paragraph 950 of Plaintiffs'

First Amended Complaint.

951.    Target had an ongoing duty to all Target customers, including Plaintiffs and the Michigan Subclass members, to refrain from unfair and deceptive practices under the Michigan CPA.

**ANSWER:**   Target denies the allegations contained in Paragraph 951 of Plaintiffs'

First Amended Complaint.

952.    Target's violations present a continuing risk to the Plaintiffs and Michigan Subclass members, as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 952 of Plaintiffs'

First Amended Complaint.

953.    As a direct and proximate result of Target's violations of the Michigan CPA, Plaintiffs and the Michigan Subclass have suffered injury-in-fact and/or actual damage.

**ANSWER:**   Target denies the allegations contained in Paragraph 953 of Plaintiffs'

First Amended Complaint.

954.    Plaintiffs and the Michigan Subclass seek injunctive relief to enjoin Target from continuing its unfair and deceptive acts; monetary relief against Target measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $250 for each Michigan Subclass member; reasonable attorneys' fees; and any other just and proper relief available under Mich. Comp. Laws § 445.911.

**ANSWER:**   Target denies the allegations contained in Paragraph 954 of Plaintiffs' First Amended Complaint. Further answering, Target admits that Plaintiffs and the purported Michigan Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

955.   Plaintiffs and the Michigan Subclass members also seek punitive damages against Target because it carried out despicable conduct with willful and conscious disregard of the rights and safety of others. Target intentionally and willfully misrepresented the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value. Target's unlawful conduct constitutes malice, oppression, and fraud warranting punitive damages.

**ANSWER:**   Target denies the allegations contained in Paragraph 955 of Plaintiffs' First Amended Complaint.

## COUNT 71
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (MICH. COMP. LAWS ANN. § 440.2314, *ET SEQ.*)

956.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

957.   Plaintiffs bring this claim on behalf of the Michigan Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 957 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Michigan Subclass. Target denies the remaining allegations contained in Paragraph 957 of Plaintiffs' First Amended Complaint.

958.   At all times pertinent to this action, Target was a merchant as that term is defined in Mich. Comp. Laws Ann. § 440.2104.

**ANSWER:** The allegations contained in Paragraph 958 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 958 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

959.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 959 of Plaintiffs' First Amended Complaint.

960.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 960 of Plaintiffs' First Amended Complaint.

961.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 961 of Plaintiffs' First Amended Complaint.

962.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 962 of Plaintiffs' First Amended Complaint.

963.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 963 of Plaintiffs' First Amended Complaint.

964.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 964 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 964 of Plaintiffs' First Amended Complaint.

## COUNT 72
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (MICH. COMP. LAWS ANN. § 440.2315, *ET SEQ.*)

965.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

966.   Plaintiffs bring this claim on behalf of the Michigan Subclass.

1040927\311303290.v1

**ANSWER:**   In response to the allegations contained in Paragraph 966 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Michigan Subclass. Target denies the remaining allegations contained in Paragraph 966 of Plaintiffs' First Amended Complaint.

967.   At all times pertinent to this action, Target was a merchant as that term is defined in Mich. Comp. Laws Ann. § 440.2104.

**ANSWER:**   The allegations contained in Paragraph 967 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 967 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

968.   At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 968 of Plaintiffs' First Amended Complaint.

969.   The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**   In response to the allegations contained in Paragraph 969 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 969 of Plaintiffs' First Amended Complaint.

970.   The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 970 of Plaintiffs' First Amended Complaint and therefore denies same.

971.   Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**   Target denies the allegations contained in Paragraph 971 of Plaintiffs' First Amended Complaint.

972.   As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**   Target denies the allegations contained in Paragraph 972 of Plaintiffs' First Amended Complaint.

973.   Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**   Target denies the allegations contained in Paragraph 973 of Plaintiffs' First Amended Complaint.

974.   Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 974 of Plaintiffs' First Amended Complaint.

975.   Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**   In response to the allegations contained in Paragraph 975 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 975 of Plaintiffs' First Amended Complaint.

## X.   Claims Brought on Behalf of the Minnesota Subclass

**COUNT 73**
**[ALLEGED] MINNESOTA CONSUMER FRAUD ACT**
**(MINN. STAT. § 325F.68, *ET. SEQ*. AND MINN. STAT. § 8.31, *ET. SEQ*.)**
**(On behalf of the Nationwide Class or, alternatively, the Minnesota Subclass)**

976.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

977.   Plaintiffs bring this Count on behalf of the Nationwide Class or, alternatively, the Minnesota Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 977 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Nationwide Class, or alternatively, the Minnesota Subclass. Target denies the remaining allegations contained in Paragraph 977 of Plaintiffs' First Amended Complaint.

978.   Target engaged in unlawful practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of services in violation of Minn. Stat. Ann. § 325F.69, in at least the following ways:

a.    Target omitted, suppressed, and concealed the material fact of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value;

b.    Target misrepresented material facts (intending for others to reply upon the misrepresentations) to Plaintiffs and the Minnesota Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

c.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Minnesota Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and Minnesota Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

d.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

e.    Target intended for Plaintiffs and the Minnesota Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

f.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

g.    Target's deactivation of Plaintiffs and the Minnesota class members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

h.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Minnesota Subclass members in a timely and accurate manner, in violation of Minn. Stat. Ann. § 325E.61(1)(a); and

i.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Minnesota Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:**   Target denies the allegations contained in Paragraph 978 of Plaintiffs'

First Amended Complaint, including all subparts.

979.    The above unlawful and deceptive acts and practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:**   Target denies the allegations contained in Paragraph 979 of Plaintiffs'

First Amended Complaint.

980.    Target knew or should have known that its data security practices were inadequate to safeguard Minnesota Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Minnesota Subclass.

**ANSWER:**   Target denies the allegations contained in Paragraph 980 of Plaintiffs'

First Amended Complaint.

981.    As a direct and proximate result of Target's unlawful practices, Minnesota Subclass members suffered injury and/or damages.

**ANSWER:**   Target denies the allegations contained in Paragraph 981 of Plaintiffs'

First Amended Complaint.

982.    Minnesota Subclass members seek relief under Minn. Stat. Ann. §8.31, including, but not limited to, damages, injunctive and/or other equitable relief, and attorneys' fees and costs.

**ANSWER:**   In response to Paragraph 982 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Minnesota Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 74
### [ALLEGED] VIOLATION OF THE MINNESOTA
### DECEPTIVE TRADE PRACTICES ACT
### (MINN. STAT. § 325D.43-48 *ET SEQ.*)
### (On behalf of the Nationwide Class or, alternatively, the Minnesota Subclass)

983.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

984.   Plaintiffs bring this Count on behalf of the Nationwide Class or, alternatively, the Minnesota Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 984 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Nationwide Class or, alternatively, the Minnesota Subclass. Target denies the remaining allegations contained in Paragraph 984 of Plaintiffs' First Amended Complaint.

985.   The Minnesota Deceptive Trade Practices Act (Minnesota DTPA) prohibits deceptive trade practices, which include "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby." Minn. Stat. § 325F.69(1).

**ANSWER:**   The allegations contained in Paragraph 985 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 985 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

986.   Target's actions as set forth herein occurred in the conduct of trade or commerce.

**ANSWER:**   Target denies the allegations contained in Paragraph 986 of Plaintiffs' First Amended Complaint.

987.   In the course of Target's business, Target willfully failed to disclose and actively concealed the material fact of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value. Target misrepresented material facts (intending for others to reply upon the misrepresentations) to Plaintiffs and the Class by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store. through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Class which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and Class members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

**ANSWER:**   Target denies the allegations contained in Paragraph 987 of Plaintiffs' First Amended Complaint.

988.   Particularly in light of Target's misrepresentations, a reasonable American consumer would expect the Gift Cards to be useful and not tampered with. Accordingly, Target engaged in unfair and deceptive trade practices, unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices. Target's acts had the capacity, tendency or effect of deceiving or misleading consumers; failed to state a material fact that deceives or tends to deceive; and constitute deception, fraud, false pretense, false promise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection therewith.

**ANSWER:** Target denies the allegations contained in Paragraph 988 of Plaintiffs' First Amended Complaint.

989. In purchasing the Gift Cards, Plaintiffs and the other Class members were deceived by Target's failure to disclose the material fact of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:** Target denies the allegations contained in Paragraph 989 of Plaintiffs' First Amended Complaint.

990. Plaintiffs and Class members reasonably relied upon Target's misrepresentations and had no way of knowing that said representations were false and gravely misleading. As alleged herein, Target engaged in sophisticated methods of deception. Plaintiffs and class members did not, and could not, unravel Target's deception on their own.

**ANSWER:** Target denies the allegations contained in Paragraph 990 of Plaintiffs' First Amended Complaint.

991. Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:** Target denies the allegations contained in Paragraph 991 of Plaintiffs' First Amended Complaint.

992. Target's methods of competition and unfair, deceptive acts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** Target denies the allegations contained in Paragraph 992 of Plaintiffs' First Amended Complaint.

993. Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with intent to mislead Plaintiffs and the Class.

**ANSWER:** Target denies the allegations contained in Paragraph 993 of Plaintiffs' First Amended Complaint.

994. Target knew or should have known that its conduct violated this statute.

1040927\311303290.v1

**ANSWER:**   Target denies the allegations contained in Paragraph 994 of Plaintiffs'

First Amended Complaint.

995.   Target owed Plaintiffs and the Class a duty to disclose the truth regarding the Gift Cards because Target:

    a.    Possessed superior/exclusive knowledge of the security of the Gift Cards;

    b.    Target represented and advertised that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

    c.    Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Class which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and Class members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

    d.    Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

    e.    Target intended for Plaintiffs and the Class to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

    f.    At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

    g.    Target's deactivation of Plaintiffs' and the Class members' Gift Cards constitutes deception, fraud, false pretenses, false promise,

1040927\311303290.v1

misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

h.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Class members in a timely and accurate manner, in violation of Minn. Stat. Ann. § 325E.61(1)(a); and

i.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Class members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:**   Target denies the allegations contained in Paragraph 995 of Plaintiffs'

First Amended Complaint, including all subparts.

996.   Target's conduct proximately caused injuries to Plaintiffs and the other Class members. Plaintiffs and Class members are reasonable consumers who do not expect the Gift Cards they purchase to be compromised and rendered useless after loading money onto them.

**ANSWER:**   Target denies the allegations contained in Paragraph 996 of Plaintiffs'

First Amended Complaint.

997.   Plaintiffs and the other Class members were injured and suffered ascertainable loss, injury in fact, and/or actual damage as a proximate result of Target's conduct in that Plaintiffs and the other Class members overpaid for Gift Cards and did not receive the benefit of their bargain. These injuries are the direct and natural consequence of Target's misrepresentations and omissions.

**ANSWER:**   Target denies the allegations contained in Paragraph 997 of Plaintiffs'

First Amended Complaint.

998.   Target's violations present a continuing risk to Plaintiffs and other Class members. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 998 of Plaintiffs'

First Amended Complaint.

1040927\311303290.v1

999.    Pursuant to Minn. Stat. § 8.31(3a), Plaintiffs and the Class seek actual damages, attorneys' fees, and any other just and proper relief available under the Minnesota DTPA.

**ANSWER:**    In response to Paragraph 999 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Class seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

1000.    Plaintiffs and the Class also seek punitive damages under Minn. Stat. § 549.20(1)(a) given the clear and convincing evidence that Target's acts show deliberate disregard for the rights of others.

**ANSWER:**    In response to Paragraph 1000 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Class seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

<u>**COUNT 75**</u>
**[ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(MINN. STAT. ANN. § 336.2-314, *ET SEQ*.)**
**(<u>On behalf of the Nationwide Class or, alternatively, the Minnesota Subclass</u>)**

1001.    Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**    Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1002.    Plaintiffs bring this claim on behalf of the Nationwide Class, or, alternatively, the Minnesota Subclass.

**ANSWER:**    In response to the allegations contained in Paragraph 1002 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring

this claim on behalf of a purported Nationwide Class, or, alternatively, the Minnesota Subclass. Target denies the remaining allegations contained in Paragraph 1002 of Plaintiffs' First Amended Complaint.

1003.  At all times pertinent to this action, Target was a merchant as that term is defined in Minn. Stat. Ann. § 336.2-104.

**ANSWER:**  The allegations contained in Paragraph 1003 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1003 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1004. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1004 of Plaintiffs' First Amended Complaint.

1005.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**  Target denies the allegations contained in Paragraph 1005 of Plaintiffs' First Amended Complaint.

1006.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1006 of Plaintiffs' First Amended Complaint.

1007.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1007 of Plaintiffs' First Amended Complaint.

1008. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1008 of Plaintiffs' First Amended Complaint.

1009.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1009 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1009 of Plaintiffs' First Amended Complaint.

## COUNT 76
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (MINN. STAT. ANN. § 336.2-315, *ET SEQ.*)
### (On behalf of the Nationwide Class or, alternatively, the Minnesota Subclass)

1010.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1011. Plaintiffs bring this claim on behalf of the Nationwide Class, or, alternatively, the Minnesota Subclass.

**ANSWER:**   In response to the allegations contained in Paragraph 1011 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Nationwide Class, or, alternatively, Minnesota Subclass. Target denies the remaining allegations contained in Paragraph 1011 of Plaintiffs' First Amended Complaint.

1012.  At all times pertinent to this action, Target was a merchant as that term is defined in Minn. Stat. Ann. § 336.2-104.

**ANSWER:**   The allegations contained in Paragraph 1012 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1012 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1013. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**   Target denies the allegations contained in Paragraph 1013 of Plaintiffs' First Amended Complaint.

1014.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1014 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1014 of Plaintiffs' First Amended Complaint.

1015.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1015 of Plaintiffs' First Amended Complaint and therefore denies same.

1016.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1016 of Plaintiffs' First Amended Complaint.

1017.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1017 of Plaintiffs' First Amended Complaint.

1018.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1018 of Plaintiffs' First Amended Complaint.

1019.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1019 of Plaintiffs' First Amended Complaint.

1020.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1020 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1020 of Plaintiffs' First Amended Complaint.

**Y.     Claims Brought on Behalf of the Mississippi Subclass**

### COUNT 77
### [ALLEGED] VIOLATION OF MISSISSIPPI CONSUMER PROTECTION ACT
### (MISS. CODE. ANN. §§ 75-24-1, *ET SEQ.*)

1021.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1022.  Plaintiffs bring this Count on behalf of the Mississippi Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1022 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Mississippi Subclass. Target denies the remaining allegations contained in Paragraph 1022 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1023. The Mississippi Consumer Protection Act ("Mississippi CPA") prohibits "unfair or deceptive trade practices in or affecting commerce." Miss. Code. Ann. § 75-24-5(1). Unfair or deceptive practices include, but are not limited to, "(e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;" "(g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;" and "(i) Advertising goods or services with intent not to sell them as advertised." Miss. Code. Ann. § 75-24-5(2).

**ANSWER:** The allegations contained in Paragraph 1023 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1023 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1024. In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

**ANSWER:** Target denies the allegations contained in Paragraph 1024 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1025.  Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

**ANSWER:**  Target denies the allegations contained in Paragraph 1025 of Plaintiffs' First Amended Complaint.

1026. In purchasing the Gift Cards, Plaintiffs and the Mississippi Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**  Target denies the allegations contained in Paragraph 1026 of Plaintiffs' First Amended Complaint.

1027.  Plaintiffs and the Mississippi Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

**ANSWER:**  Target denies the allegations contained in Paragraph 1027 of Plaintiffs' First Amended Complaint.

1028. Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:**  Target denies the allegations contained in Paragraph 1028 of Plaintiffs' First Amended Complaint.

1029.  Target unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

**ANSWER:**  Target denies the allegations contained in Paragraph 1029 of Plaintiffs' First Amended Complaint.

1030.  By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Mississippi CPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1030 of Plaintiffs' First Amended Complaint.

1031.  In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:** Target denies the allegations contained in Paragraph 1031 of Plaintiffs' First Amended Complaint.

1032.  Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Mississippi Subclass members about the true value of the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1032 of Plaintiffs' First Amended Complaint.

1033.  Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Mississippi Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1033 of Plaintiffs' First Amended Complaint.

1034.  Target knew or should have known that its conduct violated the Mississippi CPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1034 of Plaintiffs' First Amended Complaint.

1035.  As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

**ANSWER:** Target denies the allegations contained in Paragraph 1035 of Plaintiffs' First Amended Complaint.

1036.  Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

    a.      Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

    b.      Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

    c.      Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 1036 of Plaintiffs' First Amended Complaint, including all subparts.

1037. Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Mississippi Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1037 of Plaintiffs' First Amended Complaint.

1038. Target's conduct proximately caused injuries to Plaintiffs and the Mississippi Subclass Members.

**ANSWER:** Target denies the allegations contained in Paragraph 1038 of Plaintiffs' First Amended Complaint.

1039. Plaintiff and the Mississippi Subclass were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the other Iowa Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Mississippi CPA. These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

**ANSWER:** Target denies the allegations contained in Paragraph 1039 of Plaintiffs' First Amended Complaint.

1040. Target's violations present a continuing risk to Plaintiffs as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** Target denies the allegations contained in Paragraph 1040 of Plaintiffs' First Amended Complaint.

1041. Target received notice of Plaintiffs' claims by the filing of the complaint in this action (ECF No. 1) and similar litigation filed against Target.

**ANSWER:** Target denies the allegations contained in Paragraph 1041 of Plaintiffs' First Amended Complaint.

1042. As a direct and proximate result of the Target's violations of the Mississippi CPA, Plaintiffs and the Mississippi Subclass have suffered injury-in-fact and/or actual damage.

**ANSWER:** Target denies the allegations contained in Paragraph 1042 of Plaintiffs' First Amended Complaint.

1043. Plaintiffs' actual damages in an amount to be determined at trial any other just and proper relief available under the Mississippi CPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1043 of Plaintiffs' First Amended Complaint.

## COUNT 78
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (MISS. CODE ANN. § 75-2-314, *ET SEQ.*)

1044. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

1040927\311303290.v1

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1045.  Plaintiffs bring this claim on behalf of the Mississippi Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1045 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Mississippi Subclass. Target denies the remaining allegations contained in Paragraph 1045 of Plaintiffs' First Amended Complaint.

1046.  At all times pertinent to this action, Target was a merchant as that term is defined in Miss Code Ann. § 75-2-104.

**ANSWER:** The allegations contained in Paragraph 1046 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1046 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1047.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1047 of Plaintiffs' First Amended Complaint.

1048.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1048 of Plaintiffs' First Amended Complaint.

1049. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1049 of Plaintiffs' First Amended Complaint.

1050. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1050 of Plaintiffs' First Amended Complaint.

1051. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1051 of Plaintiffs' First Amended Complaint.

1052. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1052 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1052 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

## COUNT 79
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (MISS. CODE ANN. § 75-2-315, *ET SEQ.*)

1053.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1054.  Plaintiffs bring this claim on behalf of the Mississippi Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1054 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Mississippi Subclass. Target denies the remaining allegations contained in Paragraph 1054 of Plaintiffs' First Amended Complaint.

1055.  At all times pertinent to this action, Target was a merchant as that term is defined in Miss Code Ann. § 75-2-104.

**ANSWER:**  The allegations contained in Paragraph 1055 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1055 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1056.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**  Target denies the allegations contained in Paragraph 1056 of Plaintiffs' First Amended Complaint.

1057.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**  In response to the allegations contained in Paragraph 1057 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1057 of Plaintiffs' First Amended Complaint.

1058.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1058 of Plaintiffs' First Amended Complaint and therefore denies same.

1059.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1059 of Plaintiffs' First Amended Complaint.

1060.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1060 of Plaintiffs' First Amended Complaint.

1061.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1061 of Plaintiffs' First Amended Complaint.

1062. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1062 of Plaintiffs' First Amended Complaint.

1063. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1063 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1063 of Plaintiffs' First Amended Complaint.

**Z.     Claims Brought on Behalf of the Missouri Subclass**

**COUNT 80**
**[ALLEGED] MISSOURI MERCHANDISING PRACTICES ACT**
**(MO. REV. STAT. §§ 407.010, *ET SEQ.*)**

1064. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1065. Plaintiffs bring this Count on behalf of the Missouri Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1065 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring

this Count on behalf of a purported Missouri Subclass. Target denies the remaining allegations contained in Paragraph 1065 of Plaintiffs' First Amended Complaint.

1066. Plaintiffs and Missouri Subclass members' gift card information was accessed and stored by the Target in connection with the purchase and sale of "merchandise" or services in "trade" or "commerce" as meant by Mo. Rev. Stat. § 407.010(7).

**ANSWER:** Target denies the allegations contained in Paragraph 1066 of Plaintiffs' First Amended Complaint.

1067. Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the services in violation of Mo. Rev. Stat. § 407.020(1), in at least the following ways:

a.   Target misrepresented material facts (intending for others to reply upon the misrepresentations) to Plaintiffs and the Missouri Subclass by representing that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiffs and the Missouri Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the Missouri Subclass and class members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.   Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the Missouri Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.   Target intended for Plaintiffs and the Missouri Subclass members to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the Missouri Subclass members in a timely and accurate manner, in violation of Mo. Rev. Stat. § 407.1500(2)(1)(a); and

g.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect and Plaintiffs' and the Missouri Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:** Target denies the allegations contained in Paragraph 1067 of Plaintiffs' First Amended Complaint, including all subparts.

1068.  The above unlawful and deceptive acts and practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:** Target denies the allegations contained in Paragraph 1068 of Plaintiffs' First Amended Complaint.

1069.  Target knew or should have known that its data security practices were inadequate to safeguard and the Missouri Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Missouri Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1069 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1070.  As a direct and proximate result of Target's unlawful practices, Missouri Subclass members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of the funds associated with their Gift Cards. Missouri Subclass members seek relief under Mo. Rev. Stat. § 407.025, including, but not limited to, injunctive relief, actual damages, punitive damages, and attorneys' fees and costs.

**ANSWER:**  Target denies the allegations contained in Paragraph 1070 of Plaintiffs' First Amended Complaint.

## COUNT 81
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (MO. REV. STAT. § 400.2-314, *ET SEQ.*)

1071.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1072.  Plaintiffs bring this claim on behalf of the Missouri Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1072 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Missouri Subclass. Target denies the remaining allegations contained in Paragraph 1072 of Plaintiffs' First Amended Complaint.

1073.  At all times pertinent to this action, Target was a merchant as that term is defined in Mo. Rev. Stat. § 400.2-104.

**ANSWER:**  The allegations contained in Paragraph 1073 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1073 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained

therein.

1074. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1074 of

Plaintiffs' First Amended Complaint.

1075. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1075 of

Plaintiffs' First Amended Complaint.

1076. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1076 of

Plaintiffs' First Amended Complaint.

1077. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1077 of

Plaintiffs' First Amended Complaint.

1078. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in Paragraph 1078 of Plaintiffs' First Amended Complaint.

1079.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1079 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1079 of Plaintiffs' First Amended Complaint.

## COUNT 82
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (MO. REV. STAT. § 400.2-314, *ET SEQ.*)

1080.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1081.  Plaintiffs bring this claim on behalf of the Missouri Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1081 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Missouri Subclass. Target denies the remaining allegations contained in Paragraph 1081 of Plaintiffs' First Amended Complaint.

1082.  At all times pertinent to this action, Target was a merchant as that term is defined in Mo. Rev. Stat. § 400.2-104.

**ANSWER:** The allegations contained in Paragraph 1082 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1082 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1083. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1083 of Plaintiffs' First Amended Complaint.

1084. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1084 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1084 of Plaintiffs' First Amended Complaint.

1085. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1085 of Plaintiffs' First Amended Complaint and therefore denies same.

1086. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1086 of Plaintiffs' First Amended Complaint.

1087.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1087 of Plaintiffs' First Amended Complaint.

1088.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1088 of Plaintiffs' First Amended Complaint.

1089.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1089 of Plaintiffs' First Amended Complaint.

1090.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1090 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1090 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

**AA.    Claims Brought on Behalf of the Montana Subclass**

### COUNT 83
### [ALLEGED] VIOLATION OF MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT OF 1973
### (MONT. CODE ANN. § 30-14-101, *ET SEQ.*)

1091.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1092.  Plaintiffs bring this Count on behalf of the Montana Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1092 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Montana Subclass. Target denies the remaining allegations contained in Paragraph 1092 of Plaintiffs' First Amended Complaint.

1093. Target, Plaintiffs, and the Montana Subclass are "persons" within the meaning of Mont. Code Ann. § 30-14-102(6).

**ANSWER:**  The allegations contained in Paragraph 1093 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1093 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1094.  Montana Subclass members are "consumer[s]" under Mont. Code Ann. § 30-14-102(1).

**ANSWER:** The allegations contained in Paragraph 1094 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1094 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1095. The sale of the Gift Cards to Montana Subclass members occurred within "trade and commerce" within the meaning of Mont. Code Ann. § 30-14-102(8), and Target committed deceptive and unfair acts in the conduct of "trade and commerce" as defined in that statutory section. 548. The Montana Unfair Trade Practices and Consumer Protection Act ("Montana CPA") makes unlawful any "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mont. Code Ann. § 30-14-103. In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as described above. Accordingly, Target engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce in violation of the Montana CPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1095 of Plaintiffs' First Amended Complaint.

1096. In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1096 of Plaintiffs' First Amended Complaint.

1097.  Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

**ANSWER:** Target denies the allegations contained in Paragraph 1097 of Plaintiffs' First Amended Complaint.

1098.  In purchasing the Gift Cards, Plaintiffs and the Montana Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had Plaintiffs and the Montana Subclass members reasonably relied upon the Target's false misrepresentations.

**ANSWER:** Target denies the allegations contained in Paragraph 1098 of Plaintiffs' First Amended Complaint.

1099.  They had no way of knowing that the Target's representations were false and misleading. Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:** Target denies the allegations contained in Paragraph 1099 of Plaintiffs' First Amended Complaint.

1100.  Target unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

**ANSWER:** Target denies the allegations contained in Paragraph 1100 of Plaintiffs' First Amended Complaint.

1101.  By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Montana CPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1101 of Plaintiffs' First Amended Complaint.

1102.  In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:** Target denies the allegations contained in Paragraph 1102 of Plaintiffs' First Amended Complaint.

1103. Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Montana Subclass members about the true value of the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1103 of Plaintiffs' First Amended Complaint.

1104. Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Montana Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1104 of Plaintiffs' First Amended Complaint.

1105. Target knew or should have known that its conduct violated the Montana CPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1105 of Plaintiffs' First Amended Complaint.

1106. As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

**ANSWER:** Target denies the allegations contained in Paragraph 1106 of Plaintiffs' First Amended Complaint.

1107. Target owed Plaintiffs and Montana Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

       a.     Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

       b.     Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

    c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 1107 in Plaintiffs' First Amended Complaint.

1108. Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Montana Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1108 of Plaintiffs' First Amended Complaint.

1109. Target's conduct proximately caused injuries to Plaintiffs and the Montana Subclass Members.

**ANSWER:** Target denies the allegations contained in Paragraph 1109 of Plaintiffs' First Amended Complaint.

1110. Plaintiffs and the Montana Subclass were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the other Class members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Montana CPA. These injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

**ANSWER:** Target denies the allegations contained in Paragraph 1110 of Plaintiffs' First Amended Complaint.

1111. Target's violations present a continuing risk to Plaintiffs as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** Target denies the allegations contained in Paragraph 1111 of Plaintiffs' First Amended Complaint.

1112. Because of Target's unlawful methods, acts, and practices have caused Plaintiffs and Montana Subclass members to suffer an ascertainable loss of money and property, Plaintiffs and the Subclass seek from the Target actual  damages or $500, whichever is greater, discretionary treble damages, reasonable attorneys' fees, and any other relief the Court considers necessary or proper, under Mont. Code Ann. § 30-14-133.

**ANSWER:** Target denies the allegations contained in Paragraph 1112 of Plaintiffs' First Amended Complaint.

### COUNT 84
### [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (MONT. CODE ANN. § 30-2-314, *ET SEQ.*)

1113. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1114. Plaintiffs bring this claim on behalf of the Montana Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1114 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Montana Subclass. Target denies the remaining allegations contained in Paragraph 1114 of Plaintiffs' First Amended Complaint.

1115. At all times pertinent to this action, Target was a merchant as that term is defined in Mont. Code Ann. § 30-2-104.

**ANSWER:** The allegations contained in Paragraph 1115 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 1115 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1116. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1116 of Plaintiffs' First Amended Complaint.

1117. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1117 of Plaintiffs' First Amended Complaint.

1118. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1118 of Plaintiffs' First Amended Complaint.

1119. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1119 of Plaintiffs' First Amended Complaint.

1120. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1120 of Plaintiffs' First Amended Complaint.

1121.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1121 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1121 of Plaintiffs' First Amended Complaint.

## COUNT 85
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (MONT. CODE ANN. § 30-2-315, *ET SEQ.*)

1122.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1123.  Plaintiffs bring this claim on behalf of the Montana Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1123 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Montana Subclass. Target denies the remaining allegations contained in Paragraph 1123 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1124.  At all times pertinent to this action, Target was a merchant as that term is defined in Mont. Code Ann. § 30-2-104.

**ANSWER:**  The allegations contained in Paragraph 1124 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1124 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1125.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**  Target denies the allegations contained in Paragraph 1125 of Plaintiffs' First Amended Complaint.

1126.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**  In response to the allegations contained in Paragraph 1126 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1126 of Plaintiffs' First Amended Complaint.

1127.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1127 of Plaintiffs' First Amended Complaint and therefore denies same.

1128.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1128 of Plaintiffs' First Amended Complaint.

1129.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1129 of Plaintiffs' First Amended Complaint.

1130.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1130 of Plaintiffs' First Amended Complaint.

1131.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1131 of Plaintiffs' First Amended Complaint.

1132.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1132 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to

such relief and denies any remaining allegations contained in Paragraph 1132 of Plaintiffs'

First Amended Complaint.

**BB.    Claims Brought on Behalf of the Nebraska Subclass**

### COUNT 86
### [ALLEGED] VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT
### (NEB. REV. STAT. § 59-1601, *ET SEQ.*)

1133.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1134.  Plaintiffs bring this Count on behalf of the Nebraska Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1134 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Nebraska Subclass. Target denies the remaining allegations contained in Paragraph 1134 of Plaintiffs' First Amended Complaint.

1135.  The Target, Plaintiffs, and Nebraska Class Members are "person[s]" under the Nebraska Consumer Protection Act ("Nebraska CPA"), Neb. Rev. Stat. § 59-1601(1).

**ANSWER:**  The allegations contained in Paragraph 1135 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1135 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1136.  The Target's actions as set forth herein occurred in the conduct of trade or commerce as defined under Neb. Rev. Stat. § 59-1601(2).

**ANSWER:**  The allegations contained in Paragraph 1136 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1136 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1137.  The Nebraska CPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Neb. Rev. Stat. § 59-1602. The [sic] Target's conduct as set forth herein constitutes unfair or deceptive acts or practices.

**ANSWER:**  The allegations contained in Paragraph 1137 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1137 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1138.  In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards. Accordingly, the Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, including representing that Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that Gift Cards are of a particular standard and quality when they are not; failing to reveal a material fact, the omission of which tends to mislead or deceive the

1040927\311303290.v1

consumer, and which fact could not reasonably be known by the consumer; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

**ANSWER:** Target denies the allegations contained in Paragraph 1138 of Plaintiffs' First Amended Complaint.

1139. Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

**ANSWER:** Target denies the allegations contained in Paragraph 1139 of Plaintiffs' First Amended Complaint.

1140. In purchasing the Gift Cards, Plaintiffs and the Nebraska Subclass members were deceived by Target's failure to disclose the high likelihood that the Gift Cards had Plaintiffs and the Nebraska Subclass members reasonably relied upon the Target's false misrepresentations. They had no way of knowing that the Target's representations were false and misleading.

**ANSWER:** Target denies the allegations contained in Paragraph 1140 of Plaintiffs' First Amended Complaint.

1141. Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:** Target denies the allegations contained in Paragraph 1141 of Plaintiffs' First Amended Complaint.

1142. Target unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

**ANSWER:** Target denies the allegations contained in Paragraph 1142 of Plaintiffs' First Amended Complaint.

1143.  By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Nebraska CPA.

**ANSWER:**  Target denies the allegations contained in Paragraph 1143 of Plaintiffs' First Amended Complaint.

1144.  In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:**  Target denies the allegations contained in Paragraph 1144 of Plaintiffs' First Amended Complaint.

1145.  Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the other Nebraska Subclass members about the true value of the Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1145 of Plaintiffs' First Amended Complaint.

1146.  Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Nebraska Subclass.

**ANSWER:**  Target denies the allegations contained in Paragraph 1146 of Plaintiffs' First Amended Complaint.

1147.  Target knew or should have known that its conduct violated the Nebraska CPA.

**ANSWER:**  Target denies the allegations contained in Paragraph 1147 of Plaintiffs' First Amended Complaint.

1148.  As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

**ANSWER:**  Target denies the allegations contained in Paragraph 1148 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1149.   Target owed Plaintiffs and the Nebraska Subclass a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.   Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.   Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

c.   Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:**  Target denies the allegations contained in Paragraph 1149 of Plaintiffs' First Amended Complaint, including all subparts.

1150.   Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Nebraska Subclass.

**ANSWER:**  Target denies the allegations contained in Paragraph 1150 of Plaintiffs' First Amended Complaint.

1151.   Target's conduct proximately caused injuries to Plaintiffs and the Nebraska Subclass Members.

**ANSWER:**  Target denies the allegations contained in Paragraph 1151 of Plaintiffs' First Amended Complaint.

1152.   Plaintiffs and the Nebraska Subclass were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Target's conduct in that had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the Nebraska Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Nebraska CPA. These

injuries are the direct and natural consequence of Target's misrepresentations and/or omissions.

**ANSWER:**  Target denies the allegations contained in Paragraph 1152 of

Plaintiffs' First Amended Complaint.

1153.  Target's violations present a continuing risk to Plaintiffs as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**  Target denies the allegations contained in Paragraph 1153 of

Plaintiffs' First Amended Complaint.

1154.  Because the Target's conduct caused injury to Plaintiffs and the Nebraska Subclass members' property through violations of the Nebraska CPA, Plaintiffs and the Nebraska Subclass seek recovery of actual damages, as well as enhanced damages up to $1,000, an order enjoining the Target's unfair or deceptive acts and practices, court costs, reasonable attorneys' fees, and any other just and proper relief available under Neb. Rev. Stat. § 59-1609.

**ANSWER:**  Target denies the allegations contained in Paragraph 1154 of

Plaintiffs' First Amended Complaint.

## COUNT 87
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (NEB. REV. STAT. U.C.C. § 2-314, *ET SEQ.*)

1155.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers

to the foregoing Paragraphs.

1156.  Plaintiffs bring this claim on behalf of the Nebraska Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1156 of

Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring

this claim on behalf of a purported Nebraska Subclass. Target denies the remaining allegations contained in Paragraph 1156 of Plaintiffs' First Amended Complaint.

1157. At all times pertinent to this action, Target was a merchant as that term is defined in Neb. Rev. Stat. U.C.C. § 2-104.

**ANSWER:** The allegations contained in Paragraph 1157 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1157 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1158. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1158 of Plaintiffs' First Amended Complaint.

1159. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1159 of Plaintiffs' First Amended Complaint.

1160. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1160 of Plaintiffs' First Amended Complaint.

1161.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1161 of Plaintiffs' First Amended Complaint.

1162.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1162 of Plaintiffs' First Amended Complaint.

1163.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1163 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1163 of Plaintiffs' First Amended Complaint.

<u>**COUNT 88**</u>
**[ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(NEB. REV. STAT. U.C.C. § 2-315, *ET SEQ.*)**

1164.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

-316-

1165.  Plaintiffs bring this claim on behalf of the Nebraska Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1165 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Nebraska Subclass. Target denies the remaining allegations contained in Paragraph 1165 of Plaintiffs' First Amended Complaint.

1166.  At all times pertinent to this action, Target was a merchant as that term is defined in Neb. Rev. Stat. U.C.C. § 2-104.

**ANSWER:** The allegations contained in Paragraph 1166 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1166 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1167.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1167 of Plaintiffs' First Amended Complaint.

1168.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1168 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1168 of Plaintiffs' First Amended Complaint.

1169.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1169 of Plaintiffs' First Amended Complaint and therefore denies same.

1170.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1170 of Plaintiffs' First Amended Complaint.

1171.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1171 of Plaintiffs' First Amended Complaint.

1172.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1172 of Plaintiffs' First Amended Complaint.

1173. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1173 of Plaintiffs' First Amended Complaint.

1174.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

1040927\311303290.v1

**ANSWER:** In response to the allegations contained in Paragraph 1174 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1174 of Plaintiffs' First Amended Complaint.

**CC.   Claims Brought on Behalf of the Nevada Subclass**

**COUNT 89**
**[ALLEGED] VIOLATIONS OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT**
**(NEV. REV. STAT. § 598.0903, *ET SEQ*. AND NEV. REV. STAT. § 41.600)**

1175.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1176.  Plaintiffs bring this Count on behalf of the Nevada Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1176 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Nevada Subclass. Target denies the remaining allegations contained in Paragraph 1176 of Plaintiffs' First Amended Complaint.

1177.  The Nevada Deceptive Trade Practices Act ("Nevada DTPA"), Nev. Rev. Stat. § 598.0903, et seq., prohibits deceptive trade practices. Nev. Rev. Stat. § 598.0915 provides that a person engages in a "deceptive trade practice" if, in the course of business or occupation, the person: "5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith"; "7. Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade,

style or model"; "9. Advertises goods or services with intent not to sell or lease them as advertised"; or "15. Knowingly makes any other false representation in a transaction."

**ANSWER:** The allegations contained in Paragraph 1177 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1177 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1178.  Target engaged in deceptive trade practices that violated the Nevada DTPA by failing to disclose the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, including: knowingly representing that Gift Cards have uses and benefits which they do not have; advertising the Gift Cards with the intent not to sell them as advertised; representing that the subject of a transaction involving Gift Cards had been supplied in accordance with a previous representation when it has not; and knowingly making other false representations in a transaction.

**ANSWER:** Target denies the allegations contained in Paragraph 1178 of Plaintiffs' First Amended Complaint.

1179.  Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:** Target denies the allegations contained in Paragraph 1179 of Plaintiffs' First Amended Complaint.

1180.  In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, as discussed herein, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1180 of Plaintiffs' First Amended Complaint.

1181. Target knew there was high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, but concealed all of that information.

**ANSWER:** Target denies the allegations contained in Paragraph 1181 of Plaintiffs' First Amended Complaint.

1182. By failing to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices in violation of the Nevada DTPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1182 of Plaintiffs' First Amended Complaint.

1183. In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value.

**ANSWER:** Target denies the allegations contained in Paragraph 1183 of Plaintiffs' First Amended Complaint.

1184. Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Nevada Subclass members about the true value of the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1184 of Plaintiffs' First Amended Complaint.

1185. Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with the intent to mislead Plaintiffs and the Nevada Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1185 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1186. Target knew or should have known that its conduct violated the Nevada DTPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1186 of Plaintiffs' First Amended Complaint.

1187. As alleged above, Target made material statements about the value and utility of the Gift Cards and the Target knew were either false or misleading.

**ANSWER:** Target denies the allegations contained in Paragraph 1187 of Plaintiffs' First Amended Complaint.

1188. Target owed Plaintiffs and the Nevada Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

    a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

    b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

    c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 1188 of Plaintiffs' First Amended Complaint, including all subparts.

1189. Target's concealment of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value was material to Plaintiffs and the Nevada Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1189 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1190. Plaintiffs and the Nevada Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information. Had Class members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the Nevada Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain but for Target's violations of the Nevada DTPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1190 of Plaintiffs' First Amended Complaint.

1191. Target had an ongoing duty to all Target customers to refrain from unfair and deceptive practices under the Nevada DTPA. All owners of the Gift Cards suffered ascertainable loss; to wit: the loss of the funds associated with their Gift Cards, as a result of Target's deceptive and unfair acts and practices made in the course of Target's business.

**ANSWER:** Target denies the allegations contained in Paragraph 1191 of Plaintiffs' First Amended Complaint.

1192. Target's violations present a continuing risk to Plaintiffs and the Nevada Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** Target denies the allegations contained in Paragraph 1192 of Plaintiffs' First Amended Complaint.

1193. As a direct and proximate result of Target's violations of the Nevada DTPA, Plaintiffs and the Nevada Subclass have suffered injury-in-fact and/or actual damage.

**ANSWER:** Target denies the allegations contained in Paragraph 1193 of Plaintiffs' First Amended Complaint.

1194. Accordingly, Plaintiffs and the Nevada Subclass seek their actual damages, punitive damages, an order enjoining Target's deceptive acts or practices, costs of Court, attorney's fees, and all other appropriate and available remedies under the Nevada Deceptive Trade Practices Act. Nev. Rev. Stat. § 41.600.

**ANSWER:** In response to Paragraph 1194 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Nevada Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies the remaining allegations contained therein.

## COUNT 90
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (NEV. REV. STAT. § 104.2314, *ET SEQ*.)

1195. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1196. Plaintiffs bring this claim on behalf of the Nevada Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1196 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Nevada Subclass. Target denies the remaining allegations contained in Paragraph 1196 of Plaintiffs' First Amended Complaint.

1197. At all times pertinent to this action, Target was a merchant as that term is defined in Nev. Rev. Stat. § 104.2104.

**ANSWER:** The allegations contained in Paragraph 1197 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1197 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1198.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1198 of Plaintiffs' First Amended Complaint.

1199.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**  Target denies the allegations contained in Paragraph 1199 of Plaintiffs' First Amended Complaint.

1200.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1200 of Plaintiffs' First Amended Complaint.

1201.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1201 of Plaintiffs' First Amended Complaint.

1202.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1202 of Plaintiffs' First Amended Complaint.

1203.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1203 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1203 of Plaintiffs' First Amended Complaint.

## COUNT 91
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (NEV. REV. STAT. § 104.2315, *ET SEQ.*)

1204.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1205.  Plaintiffs bring this claim on behalf of the Nevada Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1205 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Nevada Subclass. Target denies the remaining allegations contained in Paragraph 1205 of Plaintiffs' First Amended Complaint.

1206.  At all times pertinent to this action, Target was a merchant as that term is defined in Nev. Rev. Stat. § 104.2104.

**ANSWER:**  The allegations contained in Paragraph 1206 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 1206 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1207. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1207 of Plaintiffs' First Amended Complaint.

1208. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1208 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1208 of Plaintiffs' First Amended Complaint.

1209. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1209 of Plaintiffs' First Amended Complaint and therefore denies same.

1210. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1210 of Plaintiffs' First Amended Complaint.

1211. As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1211 of Plaintiffs' First Amended Complaint.

1212.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1212 of Plaintiffs' First Amended Complaint.

1213.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1213 of Plaintiffs' First Amended Complaint.

1214.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1214 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1214 of Plaintiffs' First Amended Complaint.

**DD.   Claims Brought on Behalf of the New Hampshire Subclass**

**<u>COUNT 92</u>**
**[ALLEGED] VIOLATION OF THE N.H. CONSUMER PROTECTION ACT**
**(N.H. REV. STAT. ANN. §§ 358-A:1, *ET SEQ.*)**

1215.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1216.  Plaintiffs bring this Count on behalf of the New Hampshire Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1216 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported New Hampshire Subclass. Target denies the remaining allegations contained in Paragraph 1216 of Plaintiffs' First Amended Complaint.

1217.  The New Hampshire Consumer Protection Act ("CPA") prohibits a person, in the conduct of any trade or commerce, from engaging in "any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." N.H. Rev. Stat. Ann. § 358-A:2.

**ANSWER:** The allegations contained in Paragraph 1217 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1217 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1218.  Target are [sic] persons within the meaning of the CPA. See N.H. Rev.Stat. §358-A:1(I).

**ANSWER:** The allegations contained in Paragraph 1218 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1218 to the extent they

1040927\311303290.v1

are inconsistent with the referenced statute and denies any other allegations contained therein.

1219.  In the course of Target's business, it willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value. Accordingly, Target engaged in unfair and unlawful acts.

**ANSWER:**  Target denies the allegations contained in Paragraph 1219 of Plaintiffs' First Amended Complaint.

1220.  Target's conduct was unfair because it offends established public policy, violates or offends state and federal statutory and common law, or falls within the penumbra of those laws, is improper, oppressive, and unfair, and caused substantial injury to consumers, including by violation of the state and federal privacy laws enumerated herein.

**ANSWER:**  Target denies the allegations contained in Paragraph 1220 of Plaintiffs' First Amended Complaint.

1221.  Target knew or should have known that its data security practices were inadequate to safeguard Plaintiffs and the New Hampshire Subclass members' gift card information and that risk of a data breach or theft was highly likely. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and the members of the New Hampshire Subclass.

**ANSWER:**  Target denies the allegations contained in Paragraph 1221 of Plaintiffs' First Amended Complaint.

1222.  Target's unfair and deceptive acts or practices, including its failure to disclose material information, has injured Plaintiffs and the New Hampshire Subclass; to wit: the loss of the funds associated with their Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1222 of Plaintiffs' First Amended Complaint.

1223.  Plaintiffs and the New Hampshire Subclass are entitled to recover the greater of actual damages or $1,000 pursuant to N.H. Rev. Stat. § 358-A:10. Plaintiffs and the New

Hampshire Subclass members are also entitled to treble damages because Target acted willfully in its unfair and deceptive practices.

**ANSWER:** Target denies the allegations contained in Paragraph 1223 of Plaintiffs' First Amended Complaint.

## COUNT 93
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (N.H. REV. STAT. ANN. § 382-A:2-314, *ET SEQ.*)

1224.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1225.  Plaintiffs bring this claim on behalf of the New Hampshire Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1225 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported New Hampshire Subclass. Target denies the remaining allegations contained in Paragraph 1225 of Plaintiffs' First Amended Complaint.

1226.  At all times pertinent to this action, Target was a merchant as that term is defined in N.H. Rev. Stat. Ann. § 382-A:2-104.

**ANSWER:** The allegations contained in Paragraph 1226 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1226 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1227.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1227 of Plaintiffs' First Amended Complaint.

1228.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**  Target denies the allegations contained in Paragraph 1228 of Plaintiffs' First Amended Complaint.

1229.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1229 of Plaintiffs' First Amended Complaint.

1230.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1230 of Plaintiffs' First Amended Complaint.

1231.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1231 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1232. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1232 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1232 of Plaintiffs' First Amended Complaint.

## COUNT 94
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (N.H. REV. STAT. ANN. § 382-A:2-315, *ET SEQ.*)

1233. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1234. Plaintiffs bring this claim on behalf of the New Hampshire Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1234 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported New Hampshire Subclass. Target denies the remaining allegations contained in Paragraph 1234 of Plaintiffs' First Amended Complaint.

1235. At all times pertinent to this action, Target was a merchant as that term is defined in N.H. Rev. Stat. Ann. § 382-A:2-104.

**ANSWER:** The allegations contained in Paragraph 1235 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 1235 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1236. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1236 of Plaintiffs' First Amended Complaint.

1237. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1237 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1237 of Plaintiffs' First Amended Complaint.

1238. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1238 of Plaintiffs' First Amended Complaint and therefore denies same.

1239. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1239 of Plaintiffs' First Amended Complaint.

1240. As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1240 of Plaintiffs' First Amended Complaint.

1241. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1241 of Plaintiffs' First Amended Complaint.

1242. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1242 of Plaintiffs' First Amended Complaint.

1243. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1243 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1243 of Plaintiffs' First Amended Complaint.

**EE.    Claims Brought on Behalf of the New Jersey Subclass**

<u>**COUNT 95**</u>
**[ALLEGED] NEW JERSEY CONSUMER FRAUD ACT**
**(N.J. STAT. ANN. § 56:8-1, *ET. SEQ*)**

1244. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

1040927\311303290.v1

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1245. Plaintiffs bring this Count on behalf of the New Jersey Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1245 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported New Jersey Subclass. Target denies the remaining allegations contained in Paragraph 1245 of Plaintiffs' First Amended Complaint.

1246. Target sells "merchandise," as meant by N.J. Stat. Ann. § 56:8-1, by products and services to the public, and by accessing and storing Plaintiffs' and New Jersey Subclass members' gift card information in connection with their purchase of merchandise from creditors or prospective creditors.

**ANSWER:** Target denies the allegations contained in Paragraph 1246 of Plaintiffs' First Amended Complaint.

1247. Plaintiffs have provided notice of this action and a copy of this Complaint to the New Jersey Attorney General pursuant to N.J. Stat. Ann. § 56:8-20.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1247 of Plaintiffs' First Amended Complaint and therefore denies same.

1248. Target engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in violation of N.J. Stat. Ann. § 56:8-2, in at least the following ways:

    a.    Target misrepresented material facts to Plaintiffs and the New Jersey Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.      Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the New Jersey Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the New Jersey Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.      Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the New Jersey Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.      Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.      At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.      Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the New Jersey Subclass members in a timely and accurate manner, in violation of N.J. Stat. Ann. § 56:8-163(a); and

g.      Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the New Jersey Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:** Target denies the allegations contained in Paragraph 1248 of Plaintiffs' First Amended Complaint, including all subparts.

1249.  The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that these

consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:** Target denies the allegations contained in Paragraph 1249 of

Plaintiffs' First Amended Complaint.

1250. Target knew or should have known the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value. Target's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the New Jersey Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1250 of

Plaintiffs' First Amended Complaint.

1251. As a direct and proximate result of Target's unconscionable or deceptive acts and practices, Plaintiffs and New Jersey Subclass members suffered an ascertainable loss in money or property, real or personal, as described above, including the loss of the loss of the funds associated with their Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1251 of

Plaintiffs' First Amended Complaint.

1252. Plaintiffs and New Jersey Subclass members seek relief under N.J. Stat. Ann. § 56:8-19, including, but not limited to, injunctive relief, other equitable relief, actual damages, treble damages, and attorneys' fees and costs.

**ANSWER:** In response to Paragraph 1252 of Plaintiffs' First Amended

Complaint, Target admits only that Plaintiffs and the purported New Jersey Subclass seek

the relief stated therein, but denies that they are entitled to such relief and denies any other

allegations contained therein.

## COUNT 96
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (N.J. STAT. ANN. § 12A:2-314, *ET SEQ.*)

1253.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1254.  Plaintiffs bring this claim on behalf of the New Jersey Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1254 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported New Jersey Subclass. Target denies the remaining allegations contained in Paragraph 1254 of Plaintiffs' First Amended Complaint.

1255.  At all times pertinent to this action, Target was a merchant as that term is defined in N.J. Stat. Ann. § 12A:2-104.

**ANSWER:**  The allegations contained in Paragraph 1255 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1255 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1256.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1256 of Plaintiffs' First Amended Complaint.

1257. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1257 of Plaintiffs' First Amended Complaint.

1258. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1258 of Plaintiffs' First Amended Complaint.

1259. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1259 of Plaintiffs' First Amended Complaint.

1260. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1260 of Plaintiffs' First Amended Complaint.

1261. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1261 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1261 of Plaintiffs' First Amended Complaint.

<u>**COUNT 97**</u>
**[ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(N.J. STAT. ANN. § 12A:2-315, *ET SEQ.*)**

1262. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1263. Plaintiffs bring this claim on behalf of the New Jersey Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1263 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported New Jersey Subclass. Target denies the remaining allegations contained in Paragraph 1263 of Plaintiffs' First Amended Complaint.

1264. At all times pertinent to this action, Target was a merchant as that term is defined in N.J. Stat. Ann. § 12A:2-104.

**ANSWER:** The allegations contained in Paragraph 1264 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1264 to the extent they

1040927\311303290.v1

are inconsistent with the referenced statute and denies any other allegations contained therein.

1265. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1265 of Plaintiffs' First Amended Complaint.

1266. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1266 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1266 of Plaintiffs' First Amended Complaint.

1267. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1267 of Plaintiffs' First Amended Complaint and therefore denies same.

1268. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1268 of Plaintiffs' First Amended Complaint.

1269. As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1269 of Plaintiffs' First Amended Complaint.

1270.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1270 of Plaintiffs' First Amended Complaint.

1271.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1271 of Plaintiffs' First Amended Complaint.

1272.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1272 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1272 of Plaintiffs' First Amended Complaint.

**FF.  Claims Brought on Behalf of the New Mexico Subclass**

## <u>COUNT 98</u>
## [ALLEGED] NEW MEXICO UNFAIR PRACTICES ACT
### (N.M.S.A. § 57-12-1 *ET SEQ.*)

1273.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

1040927\311303290.v1

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1274. Plaintiffs bring this Count on behalf of the New Mexico Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1274 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported New Mexico Subclass. Target denies the remaining allegations contained in Paragraph 1274 of Plaintiffs' First Amended Complaint.

1275. Plaintiffs and class members are consumers who purchased Target gift cards primarily for personal, family or household purposes.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1275 of Plaintiffs' First Amended Complaint.

1276. Plaintiffs and Target are "persons" under the New Mexico Unfair Practices Act ("UPA"). N.M. State Ann. § 57-12-2 (A).

**ANSWER:** The allegations contained in Paragraph 1276 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1276 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1277. The New Mexico UPA prohibits "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce…." N.M. State Ann. § 57-12-3, including making "a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services…that may, tends to or does device or mislead any

person and includes: (1) representing goods or services as those of another when the goods or services are not the goods or services of another; (2) causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services…(7) representing that the goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another…(17) failing to deliver the quality or quantity of goods or services contracted for….” N.M. State Ann. § 57-12-2(D).

**ANSWER:** The allegations contained in Paragraph 1277 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1277 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1278.  Target participated in unfair, deceptive, unconscionable, false or misleading practices that violated the New Mexico UPA. By failing to disclose and actively concealing the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, Target engaged in deceptive business practices prohibited by the New Mexico UPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1278 of Plaintiffs' First Amended Complaint.

1279.  In the course of its business, Target willfully failed to disclose and actively concealed the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, and otherwise engaged in activities with a tendency or capacity to deceive. Target also engaged in unlawful trade practices by employing deception, deceptive  acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1279 of Plaintiffs' First Amended Complaint.

1280.  Target misrepresented that the Gift Card's secret  Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the New Mexico Subclass that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

**ANSWER:**  Target denies the allegations contained in Paragraph 1280 of Plaintiffs' First Amended Complaint.

1281.  Target intended for Plaintiffs and the New Mexico Subclass to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store.

**ANSWER:**  Target denies the allegations contained in Paragraph 1281 of Plaintiffs' First Amended Complaint.

1282.  At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code.

**ANSWER:**  Target denies the allegations contained in Paragraph 1282 of Plaintiffs' First Amended Complaint.

1283.  Had Plaintiffs and the New Mexico Subclass members known about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, they would not have purchased the Gift Cards or would not have paid the prices they paid in fact. Accordingly, Plaintiffs and the New Mexico Subclass members overpaid for the Gift Cards and did not receive the benefit of their bargain. These injuries are the direct and natural consequences of Target's omissions.

**ANSWER:**  Target denies the allegations contained in Paragraph 1283 of Plaintiffs' First Amended Complaint.

1284.  Target has known about the high likelihood that the Gift Cards had been tampered, with such that they had no value and/or greatly diminished value, but concealed all of that information.

**ANSWER:**  Target denies the allegations contained in Paragraph 1284 of Plaintiffs' First Amended Complaint.

1285.  By failing to disclose the high likelihood that the Gift Cards had been tampered with, such that they had no value and/or greatly diminished value, Target engaged in unfair and deceptive business practices in violation of the New Mexico UPA.

**ANSWER:**  Target denies the allegations contained in Paragraph 1285 of Plaintiffs' First Amended Complaint.

1286.  Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the other Class members, to purchase the Gift Cards without revealing the high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value.

**ANSWER:**  Target denies the allegations contained in Paragraph 1286 of Plaintiffs' First Amended Complaint.

1287.  Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the New Mexico Subclass.

**ANSWER:**  Target denies the allegations contained in Paragraph 1287 of Plaintiffs' First Amended Complaint.

1288.  Target knew or should have known that its conduct violated the New Mexico UPA.

**ANSWER:**  Target denies the allegations contained in Paragraph 1288 of Plaintiffs' First Amended Complaint.

1289.  As alleged above, Target made material statements about the high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value that were either false or misleading.

**ANSWER:**  Target denies the allegations contained in Paragraph 1289 of Plaintiffs' First Amended Complaint.

1290.  Target owed Plaintiffs a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

    a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

    b.    Intentionally concealed the foregoing from Plaintiffs and the Class; and/or

    c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiffs and the Class that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 1290 of Plaintiffs' First Amended Complaint, including all subparts.

1291. Target's representations and omissions described herein were material to Plaintiffs and the New Mexico Subclass members' decisions to purchase the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1291 of Plaintiffs' First Amended Complaint.

1292. Plaintiffs and the New Mexico Subclass suffered ascertainable loss caused by Target's material omissions and misrepresentations and its concealment of and failure to disclose material information. Plaintiffs and New Mexico Subclass members who purchased the Gift Cards would not have purchased the Gift Cards but for Target's violations of the New Mexico UPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1292 of Plaintiffs' First Amended Complaint.

1293. Target had an ongoing duty to all Target customers, Plaintiffs, and the New Mexico Subclass to refrain from unfair and deceptive practices under the New Mexico UPA. All owners of the Gift Cards suffered ascertainable monetary loss, to wit: the loss of funds associated with their Gift Cards, as a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Target.

**ANSWER:** Target denies the allegations contained in Paragraph 1293 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1294. Target's violations present a continuing risk to Plaintiffs and the New Mexico Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** Target denies the allegations contained in Paragraph 1294 of Plaintiffs' First Amended Complaint.

1295. As a direct and proximate result of Target's violations of the New Mexico UPA, Plaintiffs and the New Mexico Subclass have suffered injury-in-fact and/or actual damage.

**ANSWER:** Target denies the allegations contained in Paragraph 1295 of Plaintiffs' First Amended Complaint.

1296. Plaintiffs and the New Mexico Subclass seek monetary relief against Target in the amount of actual damages, treble damages, as well as punitive damages because Target acted with fraud and/or malice and/or was grossly negligent.

**ANSWER:** Target denies the allegations contained in Paragraph 1296 of Plaintiffs' First Amended Complaint. Further answering, Target admits that Plaintiffs and the purported New Mexico Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

1297. Plaintiffs also seek an order enjoining Target's' unfair and/or deceptive acts or practices, punitive damages, and attorneys' fees, and any other just and proper relief available under N.M. State Ann. § 57-12-2 *et seq.*

**ANSWER:** In response to Paragraph 1297 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 99
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (N.M.S.A. § 55-2-314, *ET SEQ.*)

1298. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1299. Plaintiffs bring this claim on behalf of the New Mexico Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1299 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported New Mexico Subclass. Target denies the remaining allegations contained in Paragraph 1299 of Plaintiffs' First Amended Complaint.

1300. At all times pertinent to this action, Target was a merchant as that term is defined in N.M.S.A. § 55-2-104.

**ANSWER:** The allegations contained in Paragraph 1300 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1300 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1301. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1301 of Plaintiffs' First Amended Complaint.

1302. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1302 of Plaintiffs' First Amended Complaint.

1303. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1303 of Plaintiffs' First Amended Complaint.

1304. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1304 of Plaintiffs' First Amended Complaint.

1305. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1305 of Plaintiffs' First Amended Complaint.

1306. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

1040927\311303290.v1

**ANSWER:** In response to the allegations contained in Paragraph 1306 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1306 of Plaintiffs' First Amended Complaint.

## COUNT 100
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (N.M.S.A. § 55-2-315, *ET SEQ.*)

1307.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1308.  Plaintiffs bring this claim on behalf of the New Mexico Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1308 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported New Mexico Subclass. Target denies the remaining allegations contained in Paragraph 1308 of Plaintiffs' First Amended Complaint.

1309.  At all times pertinent to this action, Target was a merchant as that term is defined in N.M.S.A. § 55-2-104.

**ANSWER:** The allegations contained in Paragraph 1309 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1309 to the extent they

1040927\311303290.v1

are inconsistent with the referenced statute and denies any other allegations contained therein.

1310. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1310 of Plaintiffs' First Amended Complaint.

1311. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1311 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1311 of Plaintiffs' First Amended Complaint.

1312. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target denies the allegations contained in Paragraph 1312 of Plaintiffs' First Amended Complaint.

1313. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1313 of Plaintiffs' First Amended Complaint.

1314. As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1314 of Plaintiffs' First Amended Complaint.

1315.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1315 of Plaintiffs' First Amended Complaint.

1316.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1316 of Plaintiffs' First Amended Complaint.

1317.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1317 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1317 of Plaintiffs' First Amended Complaint.

**GG.   Claims Brought on Behalf of the New York Subclass**

### <u>COUNT 101</u>
**[ALLEGED] VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349**
**(N.Y. GEN. BUS. LAW § 349)**

1318.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1319.  Plaintiffs bring this Count on behalf of the New York Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1319 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported New York Subclass. Target denies the remaining allegations contained in Paragraph 1319 of Plaintiffs' First Amended Complaint.

1320.  New York's General Business Law § 349 makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce."

**ANSWER:**  The allegations contained in Paragraph 1320 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1320 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1321.  In the course of Target's business, it willfully failed to disclose and actively concealed that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value and otherwise engaged in activities with a tendency or capacity to deceive. Accordingly, Target engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices as defined in N.Y. Gen. Bus. Law § 349, including engaging in conduct likely to deceive. The challenged act or practice was "consumer-oriented;" (2) that the act or practice was misleading in a material way; and (3) Plaintiffs suffered injury as a result of the deceptive act or practice. Accordingly, Target have violated N.Y. GEN. BUS. LAW § 349.

**ANSWER:**  Target denies the allegations contained in Paragraph 1321 of Plaintiffs' First Amended Complaint.

1322. In the course of Target's' business, they engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in violation of N.Y. Gen. Bus. Law § 349, in at least the following ways:

a.   Target misrepresented material facts to Plaintiffs and the New York Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the New York Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the New York Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.   Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the New York Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

d.   Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.   At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.   Target's deactivation of Plaintiffs and the New York Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the New York Subclass members in a timely and accurate manner; and

1040927\311303290.v1

h.   Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the New York Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:** Target denies the allegations contained in Paragraph 1322 of Plaintiffs' First Amended Complaint, including all subparts.

1323.  In purchasing the Gift Cards, Plaintiffs and the New York Subclass members were deceived by Target's actions.

**ANSWER:** Target denies the allegations contained in Paragraph 1323 of Plaintiffs' First Amended Complaint.

1324.  Plaintiffs and the New York Subclass members reasonably relied upon the Target's false misrepresentations.

**ANSWER:** Target denies the allegations contained in Paragraph 1324 of Plaintiffs' First Amended Complaint.

1325.  Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:** Target denies the allegations contained in Paragraph 1325 of Plaintiffs' First Amended Complaint.

1326.  The Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

**ANSWER:** Target denies the allegations contained in Paragraph 1326 of Plaintiffs' First Amended Complaint.

1327.  The Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the New York Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1327 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1328. The Target knew or should have known that their conduct violated N.Y. GEN. BUS. LAW § 349.

**ANSWER:** Target denies the allegations contained in Paragraph 1328 of Plaintiffs' First Amended Complaint.

1329. Target owed Plaintiffs and the New York Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

      a.      Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

      b.      Intentionally concealed the foregoing from Plaintiff and the Class; and/or

      c.      Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 1329 of Plaintiffs' First Amended Complaint, including all subparts.

1330. Because Target's deception takes place in the context of consumer transactions, its deception affects the public interest. Further, Target's unlawful conduct constitutes unfair acts or practices that have the capacity to deceive consumers, and that have a broad impact on consumers at large.

**ANSWER:** Target denies the allegations contained in Paragraph 1330 of Plaintiffs' First Amended Complaint.

1331. Target's conduct proximately caused injuries to Plaintiffs and the New York Subclass members.

**ANSWER:** Target denies the allegations contained in Paragraph 1331 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1332.  Plaintiffs and the New York Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of the Target's conduct; to wit: the loss of the funds associated with their Gift Cards. These injuries are the direct and natural consequence of the Target's misrepresentations and omissions. The Target's violations present a continuing risk to Plaintiffs as well as to the general public. The Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**  Target denies the allegations contained in Paragraph 1332 of Plaintiffs' First Amended Complaint.

1333.  Pursuant to N.Y. GEN. BUS. LAW § 349(h), Plaintiffs and each New York Subclass member may recover actual damages, in addition to three times actual damages up to $1,000 for the Target's willful and knowing violation of N.Y. GEN. BUS. LAW § 349.

**ANSWER:**  Target denies the allegations contained in Paragraph 1333 of Plaintiffs' First Amended Complaint.

### COUNT 102
### [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (N.Y. U.C.C. § 2-314, *ET SEQ.*)

1334.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1335.  Plaintiffs bring this claim on behalf of the New York Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1335 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported New York Subclass. Target denies the remaining allegations contained in Paragraph 1335 of Plaintiffs' First Amended Complaint.

1336.  At all times pertinent to this action, Target was a merchant as that term is defined in N.Y. U.C.C. § 2-104.

**ANSWER:** The allegations contained in Paragraph 1336 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1336 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1337. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1337 of Plaintiffs' First Amended Complaint.

1338. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1338 of Plaintiffs' First Amended Complaint.

1339. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1339 of Plaintiffs' First Amended Complaint.

1340. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1340 of Plaintiffs' First Amended Complaint.

1341. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1341 of Plaintiffs' First Amended Complaint.

1342. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1342 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1342 of Plaintiffs' First Amended Complaint.

## COUNT 103
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (N.Y. U.C.C. § 2-315, *ET SEQ.*)

1343. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1344. Plaintiffs bring this claim on behalf of the New York Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1344 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported New York Subclass. Target denies the remaining allegations contained in Paragraph 1344 of Plaintiffs' First Amended Complaint.

1345. At all times pertinent to this action, Target was a merchant as that term is defined in N.Y. U.C.C. § 2-104.

**ANSWER:** The allegations contained in Paragraph 1345 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1345 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1346. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1346 of Plaintiffs' First Amended Complaint.

1347. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1347 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1347 of Plaintiffs' First Amended Complaint.

1348.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1348 of Plaintiffs' First Amended Complaint and therefore denies same.

1349.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1349 of Plaintiffs' First Amended Complaint.

1350.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1350 of Plaintiffs' First Amended Complaint.

1351.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1351 of Plaintiffs' First Amended Complaint.

1352. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1352 of Plaintiffs' First Amended Complaint.

1353.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1353 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1353 of Plaintiffs' First Amended Complaint.

**HH.   Claims on Behalf of the North Carolina Subclass**

**COUNT 104**
**[ALLEGED] VIOLATIONS OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE ACTS AND PRACTICES ACT (N.C. GEN. STAT. § 75-1.1 *ET SEQ.*)**

1354.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1355.  Plaintiffs bring this Count on behalf of the North Carolina Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1355 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported North Carolina Subclass. Target denies the remaining allegations contained in Paragraph 1355 of Plaintiffs' First Amended Complaint.

1356.  Target engaged in "commerce" within the meaning of N.C. GEN. STAT. § 75-1.1(b).

**ANSWER:**  The allegations contained in Paragraph 1356 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1356 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

1357. The North Carolina UDTPA broadly prohibits "unfair or deceptive acts or practices in or affecting commerce." N.C. GEN. STAT. § 75-1.1(a). In the course of Target's business, it willfully failed to disclose and actively concealed that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value and otherwise engaged in activities with a tendency or capacity to deceive. Accordingly, Target engaged in unfair and deceptive trade practices because they (1) had the capacity or tendency to deceive, (2) offend public policy, (3) are improper, oppressive, and unfair, or (4) cause substantial injury to consumers.

**ANSWER:** Target denies he allegations contained in Paragraph 1357 of Plaintiffs' First Amended Complaint and states that Plaintiffs' reference to the North Carolina UDTPA is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1357 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1358. In the course of Target's' business, they engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in violation of N.C. GEN. STAT. § 75-1.1(a), in at least the following ways:

a.   Target misrepresented material facts to Plaintiffs and the North Carolina Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b.   Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the North Carolina Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and

the North Carolina Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c.      Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the North Carolina Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know;

d.      Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e.      At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f.      Target's deactivation of Plaintiffs and the North Carolina Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

g.      Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the North Carolina Subclass members in a timely and accurate manner; and

h.      Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the North Carolina Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:** Target denies the allegations contained in Paragraph 1358 of Plaintiffs' First Amended Complaint, including all subparts.

1359. In purchasing the Gift Cards, Plaintiffs and the North Carolina Subclass members were deceived by Target's actions.

**ANSWER:** Target denies the allegations contained in Paragraph 1359 of Plaintiffs' First Amended Complaint.

1360. Plaintiffs and the North Carolina Subclass members reasonably relied upon the Target's false misrepresentations.

**ANSWER:** Target denies the allegations contained in Paragraph 1360 of Plaintiffs' First Amended Complaint.

1361. Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:** Target denies the allegations contained in Paragraph 1361 of Plaintiffs' First Amended Complaint.

1362. The Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

**ANSWER:** Target denies the allegations contained in Paragraph 1362 of Plaintiffs' First Amended Complaint.

1363. The Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1363 of Plaintiffs' First Amended Complaint.

1364. The Target knew or should have known that their conduct violated the North Carolina UDTPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1364 of Plaintiffs' First Amended Complaint.

1365. Target owed Plaintiffs and the North Carolina Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a.  Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b.  Intentionally concealed the foregoing from Plaintiff and the Class; and/or

c.  Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 1365 of Plaintiffs' First Amended Complaint, including all subparts.

1366. Because Target's deception takes place in the context of consumer transactions, its deception affects the public interest. Further, Target's unlawful conduct constitutes unfair acts or practices that have the capacity to deceive consumers, and that have a broad impact on consumers at large.

**ANSWER:** Target denies the allegations contained in Paragraph 1366 of Plaintiffs' First Amended Complaint.

1367. Target's conduct proximately caused injuries to Plaintiffs and the North Carolina Subclass members.

**ANSWER:** Target denies the allegations contained in Paragraph 1367 of Plaintiffs' First Amended Complaint.

1368. Plaintiffs and the other Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of the Target's conduct; to wit: the loss of the funds associated with their Gift Cards. These injuries are the direct and natural consequence of the Target's misrepresentations and omissions. The Target's violations present a continuing risk to Plaintiffs, North Carolina Subclass members, as well as to the general public. The Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** Target denies the allegations contained in Paragraph 1368 of Plaintiffs' First Amended Complaint.

1369.  Plaintiffs and the North Carolina Subclass seek an order for treble their actual damages, court costs, attorney's fees, and any other just and proper relief available under the North Carolina Act, N.C. GEN. STAT. § 75-16.

**ANSWER:**  In response to Paragraph 1369 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported North Carolina Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

1370.  Plaintiffs and the North Carolina Subclass also seek punitive damages against the Target because the Target's conduct was malicious, willful, reckless, wanton, fraudulent and in bad faith.

**ANSWER:**  In response to Paragraph 1370 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported North Carolina Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies the remaining allegations contained therein.

<u>**COUNT 105**</u>
**[ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(N.C. GEN. STAT. § 25-2-314, *ET SEQ.*)**

1371.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1372.  Plaintiffs bring this claim on behalf of the North Carolina Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1372 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring

this claim on behalf of a purported North Carolina Subclass. Target denies the remaining allegations contained in Paragraph 1372 of Plaintiffs' First Amended Complaint.

1373. At all times pertinent to this action, Target was a merchant as that term is defined in N.C. Gen. Stat. § 25-2-104..

**ANSWER:** The allegations contained in Paragraph 1373 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1373 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1374. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1374 of Plaintiffs' First Amended Complaint.

1375. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1375 of Plaintiffs' First Amended Complaint.

1376. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1376 of Plaintiffs' First Amended Complaint.

1377.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1377 of Plaintiffs' First Amended Complaint.

1378.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1378 of Plaintiffs' First Amended Complaint.

1379.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1379 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1379 of Plaintiffs' First Amended Complaint.

<u>**COUNT 106**</u>
**[ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(N.C. GEN. STAT. § 25-2-315, *ET SEQ.*)**

1380.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1040927\311303290.v1

1381.  Plaintiffs bring this claim on behalf of the North Carolina Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1381 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported North Carolina Subclass. Target denies the remaining allegations contained in Paragraph 1381 of Plaintiffs' First Amended Complaint.

1382.  At all times pertinent to this action, Target was a merchant as that term is defined in N.C. Gen Stat. § 25-2-104.

**ANSWER:**  The allegations contained in Paragraph 1382 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1382 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1383.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**  Target denies the allegations contained in Paragraph 1383 of Plaintiffs' First Amended Complaint.

1384.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**  In response to the allegations contained in Paragraph 1384 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1384 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1385.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1385 of Plaintiffs' First Amended Complaint and therefore denies same.

1386.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1386 of Plaintiffs' First Amended Complaint.

1387.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1387 of Plaintiffs' First Amended Complaint.

1388.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1388 of Plaintiffs' First Amended Complaint.

1389.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1389 of Plaintiffs' First Amended Complaint.

1390.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1390 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1390 of Plaintiffs' First Amended Complaint.

**II.    Claims Brought on Behalf of the North Dakota Subclass**

<u>COUNT 107</u>
**[ALLEGED] VIOLATION OF THE NORTH DAKOTA CONSUMER FRAUD ACT
(N.D. CENT. CODE § 51-15-01 ET SEQ.)**

1391.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1392.  Plaintiffs bring this claim on behalf of the North Dakota Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1392 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported North Dakota Subclass. Target denies the remaining allegations contained in Paragraph 1392 of Plaintiffs' First Amended Complaint.

1393.  Plaintiffs and Target are "persons" within the meaning of N.D. CENT. CODE § 51-15-02(4).

**ANSWER:** The allegations contained in Paragraph 1393 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1393 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

1394.  The [sic] Target engaged in the "sale" of "merchandise" within the meaning of N.D. CENT. CODE § 51-15-02(3), (5).

**ANSWER:** The allegations contained in Paragraph 1394 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1394 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1395. The North Dakota Consumer Fraud Act ("North Dakota CFA") makes unlawful "[t]he act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise." N.D. CENT. CODE § 51-15-02. As set forth above and below, the Target committed deceptive acts or practices, with the intent that North Dakota Subclass members rely thereon in connection with their purchase the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1395 of Plaintiffs' First Amended Complaint and states that Plaintiffs' reference to the North Dakota CFA is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1395 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein, including that it committed any deceptive acts.

1396. In the course of Target's business, they engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and

omission of material facts in violation of N.D. CENT. CODE § 51-15-02, et. seq, in at least the following ways:

a. Target misrepresented material facts to Plaintiffs and the North Dakota Subclass by representing and advertising that it would maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

b. Target, through its representatives and/or agents, sold Gift Cards that had been tampered with, made representations to Plaintiff and the North Dakota Subclass which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Target sold Gift Cards to Plaintiffs and the North Dakota Subclass members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

c. Target misrepresented that the Gift Card's secret Activation Code was private and not within the knowledge of third parties without a need to know; alternatively, Target omitted notification to Plaintiffs and the North Dakota Subclass members that the Gift Card's secret Activation Code was probably and/or possibly not private and were within the knowledge of third parties without a need to know.

d. Target intended for Plaintiffs to believe that its security features prevented anyone but the purchaser or recipient of the Gift Card to use it to purchase goods or services from Apple's iTunes store;

e. At all times, Target intended for purchasers to believe that the Secret Activation Code on the Gift Cards was not known to entities or individuals with no legitimate business purposes to know the Activation Code;

f. Target's deactivation of Plaintiffs and the North Dakota Subclass members' Gift Cards constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact;

1040927\311303290.v1

g.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the data breach to Plaintiffs and the North Dakota Subclass members in a timely and accurate manner; and

h.    Target engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the data breach to enact adequate privacy and security measures and protect Plaintiffs and the North Dakota Subclass members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft.

**ANSWER:** Target denies the allegations contained in Paragraph 1396 of Plaintiffs' First Amended Complaint, including all subparts.

1397. In purchasing the Gift Cards, Plaintiffs and the North Dakota Subclass members were deceived by Target's actions.

**ANSWER:** Target denies the allegations contained in Paragraph 1397 of Plaintiffs' First Amended Complaint.

1398. Plaintiffs and the North Dakota Subclass members reasonably relied upon the Target's false misrepresentations.

**ANSWER:** Target denies the allegations contained in Paragraph 1398 of Plaintiffs' First Amended Complaint.

1399. Target's actions as set forth above occurred in the conduct of trade or commerce.

**ANSWER:** Target denies the allegations contained in Paragraph 1399 of Plaintiffs' First Amended Complaint.

1400. The Target's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers.

**ANSWER:** Target denies the allegations contained in Paragraph 1400 of Plaintiffs' First Amended Complaint.

1401. The Target intentionally and knowingly misrepresented material facts regarding the Gift Cards with an intent to mislead Plaintiffs and the Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1401 of Plaintiffs' First Amended Complaint.

1402. The [sic]Target knew or should have known that their conduct violated the North Dakota CFA.

**ANSWER:** Target denies the allegations contained in Paragraph 1402 of Plaintiffs' First Amended Complaint.

1403. Target owed Plaintiffs and the North Dakota Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

     a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

     b.    Intentionally concealed the foregoing from Plaintiff and the Class; and/or

     c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 1403 of Plaintiffs' First Amended Complaint, including all subparts.

1404. Because Target's deception takes place in the context of consumer transactions, its deception affects the public interest. Further, Target's unlawful conduct constitutes unfair acts or practices that have the capacity to deceive consumers, and that have a broad impact on consumers at large.

**ANSWER:** Target denies the allegations contained in Paragraph 1404 of Plaintiffs' First Amended Complaint.

1405. Target's conduct proximately caused injuries to Plaintiffs and the North Dakota Subclass members.

1040927\311303290.v1

**ANSWER:** Target denies the allegations contained in Paragraph 1405 of Plaintiffs' First Amended Complaint.

1406. Plaintiffs and the other Subclass members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of the Target's conduct; to wit: the loss of the funds associated with their Gift Cards. These injuries are the direct and natural consequence of the Target's misrepresentations and omissions. The Target's violations present a continuing risk to Plaintiffs and the North Dakota Subclass members, as well as to the general public. The Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** Target denies the allegations contained in Paragraph 1406 of Plaintiffs' First Amended Complaint.

1407. North Dakota Subclass members seek punitive damages against the [sic] Target because the Target's conduct was egregious. The [sic] Target's egregious conduct warrants punitive damages.

**ANSWER:** Target denies the allegations contained in Paragraph 1407 of Plaintiffs' First Amended Complaint.

1408. Further, the Target knowingly committed the conduct described above, and thus, under N.D. CENT. CODE § 51-15-09, the Target are liable to Plaintiffs and the North Dakota Subclass for treble damages in amounts to be proven at trial, as well as attorneys' fees, costs, and disbursements. Plaintiffs further seek an order enjoining the Target's unfair and/or deceptive acts or practices, and other just and proper available relief under the North Dakota CFA.

**ANSWER:** Target denies the allegations contained in Paragraph 1408 of Plaintiffs' First Amended Complaint.

## COUNT 108
### [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (N.D. CENT. CODE § 41-02-31 (2-314), *ET SEQ.*)

1409. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

1040927\311303290.v1

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1410.  Plaintiffs bring this claim on behalf of the North Dakota Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1410 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported North Dakota Subclass. Target denies the remaining allegations contained in Paragraph 1410 of Plaintiffs' First Amended Complaint.

1411.  At all times pertinent to this action, Target was a merchant as that term is defined in N.D. Cent. Code § 41-02-04 (2-104).

**ANSWER:** The allegations contained in Paragraph 1411 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1411 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1412.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1412 of Plaintiffs' First Amended Complaint.

1413.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1413 of Plaintiffs' First Amended Complaint.

1414. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1414 of Plaintiffs' First Amended Complaint.

1415. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1415 of Plaintiffs' First Amended Complaint.

1416. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1416 of Plaintiffs' First Amended Complaint.

1417. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1417 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1417 of Plaintiffs' First Amended Complaint.

## COUNT 109
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (N.D. CENT. CODE § 41-02-32 (2-315), *ET SEQ.*)

1418.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1419.  Plaintiffs bring this claim on behalf of the North Dakota Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1419 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported North Dakota Subclass. Target denies the remaining allegations contained in Paragraph 1419 of Plaintiffs' First Amended Complaint.

1420.  At all times pertinent to this action, Target was a merchant as that term is defined in N.D. Cent. Code § 41-02-04 (2-104).

**ANSWER:**  The allegations contained in Paragraph 1420 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1420 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1421.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**  Target denies the allegations contained in Paragraph 1421 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1422.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**  In response to the allegations contained in Paragraph 1422 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1422 of Plaintiffs' First Amended Complaint.

1423.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1423 of Plaintiffs' First Amended Complaint and therefore denies same.

1424.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1424 of Plaintiffs' First Amended Complaint.

1425.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1425 of Plaintiffs' First Amended Complaint.

1426.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1426 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1427. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1427 of Plaintiffs' First Amended Complaint.

1428. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1428 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1428 of Plaintiffs' First Amended Complaint.

**JJ.     Claims Brought on Behalf of the Ohio Subclass**

## COUNT 110
## [ALLEGED] VIOLATION OF OHIO CONSUMER SALES PRACTICES ACT
### (OHIO REV. CODE ANN. § 1345.01, *ET SEQ.*)

1429. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1430. Plaintiffs bring this Count on behalf of the Ohio Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1430 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring

this Count on behalf of a purported Ohio Subclass. Target denies the remaining allegations contained in Paragraph 1430 of Plaintiffs' First Amended Complaint.

1431.  Target is a "person" as defined by the Ohio Consumers Sales Practices Act, Ohio Rev. Code Ann. ("Ohio CSPA") § 1345.01(B).

**ANSWER:**  The allegations contained in Paragraph 1431 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1431 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1432.  Plaintiff and the Ohio Subclass' members are "[c]onsumers" as defined by the Ohio CSPA § 1345.01(D).

**ANSWER:**  The allegations contained in Paragraph 1432 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1432 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1433.  Target's conduct constitutes unfair and deceptive acts or practices in connection with a consumer transaction within the meaning of the Ohio CSPA § 1345, et. seq.

**ANSWER:**  Target denies the allegations contained in Paragraph 1433 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1434. Target's misrepresentations and omissions were material to Plaintiff and Ohio Subclass members' transactions with Target, and were made knowingly and with reason to know that Plaintiff and Ohio Subclass members would rely on such misrepresentations and omissions.

**ANSWER:** Target denies the allegations contained in Paragraph 1434 of Plaintiffs' First Amended Complaint.

1435. Plaintiff and Ohio Subclass members reasonably relied on Target's misrepresentations and omissions and suffered harm as a result. Plaintiff and Ohio Subclass members were injured in fact from a loss of their funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards, as well as time and expense related to the general nuisance and annoyance of dealing with the issues resulting from the Target's misconduct, and costs associated with the loss of productivity from taking time to ameliorate the actual and future consequences of Target's misconduct, all of which have an ascertainable monetary value to be proven at trial.

**ANSWER:** Target denies the allegations contained in Paragraph 1435 of Plaintiffs' First Amended Complaint.

1436. As a result of Target's unfair and deceptive acts or practices, Plaintiff and Ohio Subclass members suffered injury in fact and lost property and/or money.

**ANSWER:** Target denies the allegations contained in Paragraph 1436 of Plaintiffs' First Amended Complaint.

1437. Plaintiff [sic] and Ohio Subclass members seek restitution, injunctive relief and statutory damages, to the extent permitted by applicable law, on behalf of the Class.

**ANSWER:** In response to the allegations contained in Paragraph 1437 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Ohio Subclass seek the relief stated therein, but denies that Plaintiff and the purported Ohio Subclass are entitled to such relief and denies any remaining allegations contained therein.

1438. Target conducted the practices alleged herein in the course of business, pursuant to standardized practices that it engaged in both before and after the Plaintiff and Ohio Subclass members in this case were harmed. These acts have, upon information and belief, been repeated t numerous times, and many consumers were affected.

**ANSWER:** Target denies the allegations contained in Paragraph 1438 of Plaintiffs' First Amended Complaint.

## COUNT 111
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (OHIO REV. CODE ANN. § 1302.27, *ET SEQ.*)

1439. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1440. Plaintiffs bring this claim on behalf of the Ohio Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1440 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Ohio Subclass. Target denies the remaining allegations contained in Paragraph 1440 of Plaintiffs' First Amended Complaint.

1441. At all times pertinent to this action, Target was a merchant as that term is defined in Ohio Rev. Code Ann. § 1302.01.

**ANSWER:** The allegations contained in Paragraph 1441 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1441 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1442. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at

the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1442 of Plaintiffs' First Amended Complaint.

1443. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1443 of Plaintiffs' First Amended Complaint.

1444. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1444 of Plaintiffs' First Amended Complaint.

1445. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1445 of Plaintiffs' First Amended Complaint.

1446. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1446 of Plaintiffs' First Amended Complaint.

1447.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1447 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1447 of Plaintiffs' First Amended Complaint.

## COUNT 112
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (OHIO REV. CODE ANN. § 1302.28, *ET SEQ*.)

1448.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1449.  Plaintiffs bring this claim on behalf of the Ohio Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1449 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Ohio Subclass. Target denies the remaining allegations contained in Paragraph 1449 of Plaintiffs' First Amended Complaint.

1450.  At all times pertinent to this action, Target was a merchant as that term is defined in Ohio Rev. Code Ann. § 1302.01.

**ANSWER:**  The allegations contained in Paragraph 1450 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 1450 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1451. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1451 of Plaintiffs' First Amended Complaint.

1452. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1452 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1452 of Plaintiffs' First Amended Complaint.

1453. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1453 of Plaintiffs' First Amended Complaint and therefore denies same.

1454. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1454 of Plaintiffs' First Amended Complaint.

1455. As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1455 of Plaintiffs' First Amended Complaint.

1456.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1456 of Plaintiffs' First Amended Complaint.

1457. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1457 of Plaintiffs' First Amended Complaint.

1458.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1458 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1458 of Plaintiffs' First Amended Complaint.

**KK.   Claims Brought on Behalf of the Oklahoma Subclass**

### COUNT 113
### [ALLEGED] OKLAHOMA CONSUMER PROTECTION ACT
### (OKLA. STAT. ANN. TIT. 15, § 751, *ET. SEQ.*)

1459.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1460.  Plaintiffs bring this Count on behalf of the Oklahoma Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1460 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Oklahoma Subclass. Target denies the remaining allegations contained in Paragraph 1460 of Plaintiffs' First Amended Complaint.

1461.  Plaintiff and the Oklahoma Subclass' members purchased "merchandise," as meant by Okla. Stat. tit. 15, § 752, from Target.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1461 and therefore denies same.

1462.  Plaintiff and the Oklahoma Subclass members' interactions with the Target constituted "consumer transactions" as meant by Okla. Stat. tit. 15, § 752.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1462 and therefore denies same.

1463.  Target, acting in the course of business, intentionally and willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

**ANSWER:**  Target denies the allegations contained in Paragraph 1463 of Plaintiffs' First Amended Complaint.

1464. Target engaged in unlawful, unfair, and deceptive trade practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of Okla. Stat. tit. 15, § 753, in at least the following ways:

> a.  Target misrepresented and/or concealed material facts to the Plaintiff and the Oklahoma Subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate data

privacy and security practices and procedures to safeguard Plaintiff and the Oklahoma Subclass members' personal funds from unauthorized use, misappropriation, and/or theft in violation of Okla. Stat. tit. 15, § 753(5) and (8);

b.  Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their protections for Plaintiff and the Oklahoma Subclass' members' funds, in violation of Okla. Stat. tit. 15, § 753(5) and (8);

c.  Target engaged in unlawful, unfair, and deceptive trade practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds, in violation of Okla. Stat. Ann. tit. 24, § 163(A);

d.  Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures to protect Plaintiff and the Oklahoma Subclass' members' funds from unauthorized use, misappropriation, and/or theft.

**ANSWER:**  Target denies the allegations contained in Paragraph 1464 of Plaintiffs' First Amended Complaint, including all subparts.

1465.  The above unlawful, unfair, and deceptive trade practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:**  Target denies the allegations contained in Paragraph 1465 of Plaintiffs' First Amended Complaint.

1466.  Target knew, or reasonably should have known, that its protections were inadequate to safeguard Plaintiff and Oklahoma Subclass' members' funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff and the members of the Oklahoma Subclass.

1040927\311303290.v1

**ANSWER:** Target denies the allegations contained in Paragraph 1466 of Plaintiffs' First Amended Complaint.

1467.  As a direct and proximate result of Target's deceptive acts and practices, the Plaintiff and the Oklahoma Subclass' members suffered injury and/or damages.

**ANSWER:** Target denies the allegations contained in Paragraph 1467 of Plaintiffs' First Amended Complaint.

1468.  Plaintiff and Oklahoma Subclass' members seek relief under Okla. Stat. Ann. tit. 15, § 761.1 including, but not limited to, injunctive relief, actual damages, statutory damages, and attorneys' fees and costs.

**ANSWER:** In response to Paragraph 1468 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Oklahoma Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

**COUNT 114**
**[ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(OKLA. STAT. ANN. TIT. 12A, § 2-314, *ET. SEQ.*)**

1469.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1470.  Plaintiffs bring this claim on behalf of the Oklahoma Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1470 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Oklahoma Subclass. Target denies the remaining allegations contained in Paragraph 1470 of Plaintiffs' First Amended Complaint.

1471.  At all times pertinent to this action, Target was a merchant as that term is defined in Okla. Stat. Ann. TTT. 12A, § 2-104.

**ANSWER:**  The allegations contained in Paragraph 1471 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1471 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1472.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1472 of Plaintiffs' First Amended Complaint.

1473.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**  Target denies the allegations contained in Paragraph 1473 of Plaintiffs' First Amended Complaint.

1474.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1474 of Plaintiffs' First Amended Complaint.

1475.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1475 of Plaintiffs' First Amended Complaint.

1476. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1476 of Plaintiffs' First Amended Complaint.

1477. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1477 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1477 of Plaintiffs' First Amended Complaint.

## COUNT 115
**[ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(OKLA. STAT. ANN. TIT. 12A, § 2-315, *ET. SEQ.*)**

1478. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1479. Plaintiffs bring this claim on behalf of the Oklahoma Subclass.

1040927\311303290.v1

**ANSWER:** In response to the allegations contained in Paragraph 1479 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Oklahoma Subclass. Target denies the remaining allegations contained in Paragraph 1479 of Plaintiffs' First Amended Complaint.

1480.  At all times pertinent to this action, Target was a merchant as that term is defined in Okla. Stat. Ann. TTT. 12A, § 2-104.

**ANSWER:** The allegations contained in Paragraph 1480 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1480 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1481.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1481 of Plaintiffs' First Amended Complaint.

1482.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1482 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1482 of Plaintiffs' First Amended Complaint.

1483.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1483 of Plaintiffs' First Amended Complaint and therefore denies same.

1484.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1484 of Plaintiffs' First Amended Complaint.

1485.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1485 of Plaintiffs' First Amended Complaint.

1486.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1486 of Plaintiffs' First Amended Complaint.

1487. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1487 of Plaintiffs' First Amended Complaint.

1488.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

1040927\311303290.v1

**ANSWER:** In response to the allegations contained in Paragraph 1488 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1488 of Plaintiffs' First Amended Complaint.

**LL.     Claims Brought on Behalf of the Oregon Subclass**

<u>**COUNT 116**</u>
**[ALLEGED] OREGON UNLAWFUL TRADE PRACTICES ACT**
**(OR. REV. STAT. § 646.605, *ET SEQ.*)**

1489.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1490.  Plaintiffs bring this Count on behalf of the Oregon Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1490 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Oregon Subclass. Target denies the remaining allegations contained in Paragraph 1490 of Plaintiffs' First Amended Complaint.

1491. Plaintiffs and Target are "persons" within the meaning of Or. Rev. Stat. § 646.605(4).

**ANSWER:** The allegations contained in Paragraph 1491 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1491 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

1492.  The relevant Gift Cards are "goods" obtained primarily for personal family or household purposes within the meaning of Or. Rev. Stat. § 646.605(6).

**ANSWER:**  The allegations contained in Paragraph 1492 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1492 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1493.  The Oregon Unfair Trade Practices Act ("Oregon UTPA") prohibits a person from, in the course of the person's business, doing any of the following: "(e) Represent[ing] that … goods … have … characteristics … uses, benefits, … or qualities that they do not have; (g) Represent[ing] that … goods … are of a particular standard [or] quality … if [they] are of another; (i) Advertis[ing] … goods or services with intent not to provide [them] as advertised;" and "(u) engag[ing] in any other unfair or deceptive conduct in trade or commerce." Or. Rev. Stat. § 646.608(1).

**ANSWER:**  The allegations contained in Paragraph 1493 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1493 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1494.  Target's actions as alleged herein occurred in the ordinary course of business and in the conduct of trade or commerce.

**ANSWER:** Target denies the allegations contained in Paragraph 1494 of Plaintiffs' First Amended Complaint.

1495.  Target knowingly, intentionally, and willfully failed to disclose and actively concealed their deficient security measures discussed herein in a manner that was false and misleading, and otherwise engaged in activities with a tendency or capacity to deceive. Target further engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the provision of the relevant Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1495 of Plaintiffs' First Amended Complaint.

1496.  Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with its provision of Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1496 of Plaintiffs' First Amended Complaint.

1497.  Target knew, or reasonably should have known, that the protections for the relevant Gift Cards were inadequate and that consumers' funds were at risk of unauthorized use, misappropriation, and/or theft. Target, upon information and belief, knew and concealed this information prior to the Class members' purchases.

**ANSWER:** Target denies the allegations contained in Paragraph 1497 of Plaintiffs' First Amended Complaint.

1498.  Target were also aware, and actively concealed, that they valued profits over the security of consumers' funds, and that Target were inadequately protecting consumers' funds from unauthorized use, misappropriation, and/or theft.

**ANSWER:** Target denies the allegations contained in Paragraph 1498 of Plaintiffs' First Amended Complaint.

1499.  Target's unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including the Oregon Subclass' members, into believing the relevant Gift Cards were secure and/or otherwise safe to use.

**ANSWER:**  Target denies the allegations contained in Paragraph 1499 of Plaintiffs' First Amended Complaint.

1500.  Target owed the Oregon Subclass a duty to disclose the truth pertaining to the inadequacy of their measures to ensure consumers' funds were adequately protected because Target:

> a.   Possessed exclusive knowledge that it valued profits and cost-cutting over the security and/or integrity of the relevant Gift Cards;
>
> b.   Intentionally concealed the foregoing from the Oregon Subclass; and/or
>
> c.   Made incomplete representations about the security and integrity of its Gift Cards generally, while purposefully withholding material facts from the Oregon Subclass that contradicted these representations.

**ANSWER:**  Target denies the allegations contained in Paragraph 1500 of Plaintiffs' First Amended Complaint, including all subparts.

1501.  Target's misrepresentations and/or omissions as alleged herein were material to the Oregon Subclass.

**ANSWER:**  Target denies the allegations contained in Paragraph 1501 of Plaintiffs' First Amended Complaint.

1502.  The Oregon Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information. The Oregon Subclass' members would have taken steps to prevent the unauthorized use, misappropriation, and/or theft of their funds if they were aware of the foregoing by, for example, refraining from purchasing the relevant Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1502 of Plaintiffs' First Amended Complaint.

1503.   Target's violations present a continuing risk to the Oregon Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:**   Target denies the allegations contained in Paragraph 1503 of Plaintiffs' First Amended Complaint.

1504.   As a direct and proximate result of Target's violations of the Oregon UTPA, the Oregon Subclass' members have suffered injury-in-fact and/or actual damages.

**ANSWER:**   Target denies the allegations contained in Paragraph 1504 of Plaintiffs' First Amended Complaint.

1505.   Target had an ongoing duty to all Target's customers to refrain from unfair and deceptive practices under the Oregon UTPA. The Oregon Subclass' members suffered ascertainable loss, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards as well as out-of-pocket expenses and time associated with attempting to remedy the consequences of Target's deceptive and unfair acts and practices.

**ANSWER:**   Target denies the allegations contained in Paragraph 1505 of Plaintiffs' First Amended Complaint.

1506.   The Oregon Subclass' members are entitled to recover the greater of actual damages or $200 pursuant to Or. Rev. Stat. § 646.638(1). The Oregon Subclass is also entitled to punitive damages because Target engaged in conduct amounting to a particularly aggravated, deliberate disregard of the rights of others.

**ANSWER:**   Target denies the allegations contained in Paragraph 1506 of Plaintiffs' First Amended Complaint.

## COUNT 117
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (OR. REV. STAT. § 72.3140, *ET. SEQ.*)

1507.   Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1508.  Plaintiffs bring this claim on behalf of the Oregon Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1508 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Oregon Subclass. Target denies the remaining allegations contained in Paragraph 1508 of Plaintiffs' First Amended Complaint.

1509.  At all times pertinent to this action, Target was a merchant as that term is defined in Or. Rev. Stat. § 72.1040.

**ANSWER:**  The allegations contained in Paragraph 1509 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1509 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1510.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1510 of Plaintiffs' First Amended Complaint.

1511.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1511 of Plaintiffs' First Amended Complaint.

1512.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1512 of Plaintiffs' First Amended Complaint.

1513.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1513 of Plaintiffs' First Amended Complaint.

1514.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1514 of Plaintiffs' First Amended Complaint.

1515.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1515 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1515 of Plaintiffs' First Amended Complaint.

## COUNT 118
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (OR. REV. STAT. § 72.3150, *ET. SEQ.*)

1516.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1517.  Plaintiffs bring this claim on behalf of the Oregon Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1517 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Oregon Subclass. Target denies the remaining allegations contained in Paragraph 1517 of Plaintiffs' First Amended Complaint.

1518.  At all times pertinent to this action, Target was a merchant as that term is defined in Or. Rev. Stat. § 72.1040.

**ANSWER:**  The allegations contained in Paragraph 1518 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1518 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1519.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**  Target denies the allegations contained in Paragraph 1519 of Plaintiffs' First Amended Complaint.

1520.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**  In response to the allegations contained in Paragraph 1520 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1520 of Plaintiffs' First Amended Complaint.

1521.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1521 of Plaintiffs' First Amended Complaint and therefore denies same.

1522.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1522 of Plaintiffs' First Amended Complaint.

1523.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1523 of Plaintiffs' First Amended Complaint.

1524.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1524 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1525. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1525 of Plaintiffs' First Amended Complaint.

1526. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1526 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1526 of Plaintiffs' First Amended Complaint.

**MM.  Claims Brought on Behalf of the Pennsylvania Subclass**

### COUNT 119
### [ALLEGED] PENNSYLVANIA UNFAIR TRADE PRACTICES ACT
### (73 PA CONS. STAT. ANN. § 201-1, ET. SEQ.)

1527. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1528. Plaintiffs bring this Count on behalf of the Pennsylvania Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1528 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring

this Count on behalf of a purported Pennsylvania Subclass. Target denies the remaining

allegations contained in Paragraph 1528 of Plaintiffs' First Amended Complaint.

1529.  Plaintiffs and the Pennsylvania Subclass members' funds were implicated in "trade" and "commerce," as meant by 73 Pa. Cons. Stat. § 201-2(3), for personal, family, and/or household purposes, *i.e.*, in connection with those members' consumer transactions for those personal, family, and/or household purposes.

**ANSWER:**  The allegations contained in Paragraph 1529 of Plaintiffs' First

Amended Complaint are conclusions of law to which no responsive pleading is required.

To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 1529 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained

therein.

1530. Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

**ANSWER:**  Target denies the allegations contained in Paragraph 1530 of

Plaintiffs' First Amended Complaint.

1531. Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of 73 Pa. Cons. Stat. § 201-3, in at least the following ways:

   a.   Target misrepresented and/or concealed material facts to Plaintiffs and the Pennsylvania Subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard Plaintiffs' and the Pennsylvania Subclass' members' funds from unauthorized use, misappropriation, and/or theft in violation of 73 Pa. Cons. Stat. § 201-3(4)(v), (ix), and (xxi);

   b.   Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their protections for Plaintiffs' and Pennsylvania

Subclass' members' funds in violation of 73 Pa. Cons. Stat. § 201-3(4)(v), (ix), and (xxi);

c.   Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds, in violation of 73 Pa. Cons. Stat. § 2303(a);

d.   Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures to protect Plaintiffs' and Pennsylvania Subclass members' funds from unauthorized use, misappropriation, and/or theft.

**ANSWER:** Target denies the allegations contained in Paragraph 1531 of Plaintiffs' First Amended Complaint, including all subparts.

1532.   The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:** Target denies the allegations contained in Paragraph 1532 of Plaintiffs' First Amended Complaint.

1533.   Target knew, or reasonably should have known, that their protections were inadequate to safeguard Plaintiffs' and Pennsylvania Subclass' members' funds and that risk of an unauthorized use, misappropriation, and/or theft was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the Plaintiffs and members of the Pennsylvania Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1533 of Plaintiffs' First Amended Complaint.

1534.  Target owed Plaintiff and the Pennsylvania Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

a. Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

b. Intentionally concealed the foregoing from Plaintiff and the Class; and/or

c. Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 1534 of Plaintiffs' First Amended Complaint, including all subparts.

1535. Plaintiffs and Pennsylvania Subclass members relied on Target's misrepresentations and omissions in purchasing the Gift Cards. Had Target been honest and disclosed (1) the inadequacy of Target's security practices related to the Gift Cards, that previously-sold Gift Cards had repeatedly been tampered with, and (3) there was a high likelihood that unsold Gift Cards had also been tampered with, Plaintiffs and Class members would not have purchased the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1535 of Plaintiffs' First Amended Complaint.

1536. As a direct and proximate result of Target's deceptive acts and practices, Plaintiffs and the Pennsylvania Subclass members suffered an ascertainable loss of money or property, real or personal, as described above, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1536 of Plaintiffs' First Amended Complaint.

1537. Plaintiffs and the Pennsylvania Subclass' members seek relief under 73 Pa. Cons. Stat. § 201-9.2, including, but not limited to, injunctive relief, actual damages or $100 per Class member, whichever is greater, treble damages, and attorneys' fees and costs.

**ANSWER:** In response to Paragraph 1537 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Pennsylvania Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

### COUNT 120
### [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (13 PA CONS. STAT. ANN. § 2314, *ET. SEQ.*)

1538. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1539. Plaintiffs bring this claim on behalf of the Pennsylvania Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1539 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Pennsylvania Subclass. Target denies the remaining allegations contained in Paragraph 1539 of Plaintiffs' First Amended Complaint.

1540. At all times pertinent to this action, Target was a merchant as that term is defined in 13 Pa. Cons. Stat. Ann. § 2104.

**ANSWER:** The allegations contained in Paragraph 1540 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1540 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1541.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1541 of Plaintiffs' First Amended Complaint.

1542.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**  Target denies the allegations contained in Paragraph 1542 of Plaintiffs' First Amended Complaint.

1543.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1543 of Plaintiffs' First Amended Complaint.

1544.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1544 of Plaintiffs' First Amended Complaint.

1545.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1545 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1546.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1546 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1546 of Plaintiffs' First Amended Complaint.

<u>**COUNT 121**</u>
**[ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(73 PA CONS. STAT. ANN. § 2315, *ET. SEQ.*)**

1547.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1548.  Plaintiffs bring this claim on behalf of the Pennsylvania Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1548 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Pennsylvania Subclass. Target denies the remaining allegations contained in Paragraph 1548 of Plaintiffs' First Amended Complaint.

1549.  At all times pertinent to this action, Target was a merchant as that term is defined in 13 Pa. Const. Stat. Ann. § 2104.

**ANSWER:**  The allegations contained in Paragraph 1549 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 1549 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1550. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1550 of Plaintiffs' First Amended Complaint.

1551. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1551 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1551 of Plaintiffs' First Amended Complaint.

1552. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1552 of Plaintiffs' First Amended Complaint and therefore denies same.

1553. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1553 of Plaintiffs' First Amended Complaint.

1554. As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1554 of Plaintiffs' First Amended Complaint.

1555. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1555 of Plaintiffs' First Amended Complaint.

1556. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1556 of Plaintiffs' First Amended Complaint.

1557. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1557 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1557 of Plaintiffs' First Amended Complaint.

**NN.**   **Claims Brought on Behalf of the Rhode Island Subclass**

### COUNT 122
### [ALLEGED] RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT
### (R.I. GEN. LAWS § 6-13.1, *ET. SEQ*.)

1558. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

1040927\311303290.v1

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1559.  Plaintiffs bring this Count on behalf of the Rhode Island Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1559 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Rhode Island Subclass. Target denies the remaining allegations contained in Paragraph 1559 of Plaintiffs' First Amended Complaint.

1560. The Rhode Island Subclass' members purchased goods and services in "trade" and "commerce," as meant by R.I. Gen. Laws § 6-13.1-1(5).

**ANSWER:** The allegations contained in Paragraph 1560 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1560 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1561. Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

**ANSWER:** Target denies the allegations contained in Paragraph 1561 of Plaintiffs' First Amended Complaint.

1562. Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of R.I. Gen. Laws Ann. § 613.1-2, in at least the following ways:

      a.    Target misrepresented and/or concealed material facts to the Rhode Island Subclass by representing that the Gift Cards were safe to use,

and that Target would maintain adequate security practices and procedures to safeguard the Rhode Island Subclass' members' funds from unauthorized use, misappropriation, and/or theft in violation of R.I. Gen. Laws Ann. § 6-13.1- 1(6)(v), (vii), (ix), (xii), (xiii), and (xiv);

b. Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections for the Rhode Island Subclass' members' funds in violation of in violation of R.I. Gen. Laws Ann. § 6-13.1- 1(6)(v), (vii), (ix), (xii), (xiii), and (xiv);

c. Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds, in violation of R.I. Gen. Laws Ann. § 11-49.2-3(a);

d. Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures to protect the Rhode Island Subclass' members' funds from unauthorized use, misappropriation, and/or theft.

**ANSWER:** Target denies the allegations contained in Paragraph 1562 of Plaintiffs' First Amended Complaint, including all subparts.

1563. The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:** Target denies the allegations contained in Paragraph 1563 of Plaintiffs' First Amended Complaint.

1564. Target knew, or reasonably should have known, that their protections were inadequate to safeguard the Rhode Island Subclass' members' funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Rhode Island Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1564 of Plaintiffs' First Amended Complaint.

1565. As a direct and proximate result of Target's deceptive acts and practices, the Rhode Island Subclass' members suffered an ascertainable loss of money or property, real or personal, as described above, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1565 of Plaintiffs' First Amended Complaint.

1566. The Rhode Island Subclass' members seek relief under R.I. Gen. Laws § 6-13.1-5.2, including, but not limited to, injunctive relief, other equitable relief, actual damages or $200 per Class member, whichever is greater, punitive damages, and attorneys' fees and costs.

**ANSWER:** In response to Paragraph 1566 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Rhode Island Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 123
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (R.I. GEN. LAWS § 6A-2-314, *ET. SEQ.*)

1567. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1568. Plaintiffs bring this claim on behalf of the Rhode Island Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1568 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring

1040927\311303290.v1

this claim on behalf of a purported Rhode Island Subclass. Target denies the remaining allegations contained in Paragraph 1568 of Plaintiffs' First Amended Complaint.

1569.   At all times pertinent to this action, Target was a merchant as that term is defined in R.I. Gen. Laws § 6A-2-104.

**ANSWER:**   The allegations contained in Paragraph 1569 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1569 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1570.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 1570 of Plaintiffs' First Amended Complaint.

1571.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 1571 of Plaintiffs' First Amended Complaint.

1572.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 1572 of Plaintiffs' First Amended Complaint.

1573.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1573 of Plaintiffs' First Amended Complaint.

1574.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1574 of Plaintiffs' First Amended Complaint.

1575.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1575 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1575 of Plaintiffs' First Amended Complaint.

## COUNT 124
### [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (R.I. GEN. LAWS § 6A-2-315, *ET. SEQ.*)

1576.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1040927\311303290.v1

1577.  Plaintiffs bring this claim on behalf of the Rhode Island Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1577 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Rhode Island Subclass. Target denies the remaining allegations contained in Paragraph 1577 of Plaintiffs' First Amended Complaint.

1578.  At all times pertinent to this action, Target was a merchant as that term is defined in R.I. Gen. Laws § 6A-2-104.

**ANSWER:**  The allegations contained in Paragraph 1578 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1578 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1579.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**  Target denies the allegations contained in Paragraph 1579 of Plaintiffs' First Amended Complaint.

1580.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**  In response to the allegations contained in Paragraph 1580 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1580 of Plaintiffs' First Amended Complaint.

1581.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1581 of Plaintiffs' First Amended Complaint and therefore denies same.

1582.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1582 of Plaintiffs' First Amended Complaint.

1583.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1583 of Plaintiffs' First Amended Complaint.

1584.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1584 of Plaintiffs' First Amended Complaint.

1585. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1585 of Plaintiffs' First Amended Complaint.

1586.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

1040927\311303290.v1

**ANSWER:** In response to the allegations contained in Paragraph 1586 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1586 of Plaintiffs' First Amended Complaint.

**OO.   Claims Brought on Behalf of the South Carolina Subclass**

<u>COUNT 125</u>
**[ALLEGED] VIOLATIONS OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**
**(S.C. CODE ANN. §§ 39-5-10, *ET SEQ*.)**

1587.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1588.  Plaintiffs bring this Count on behalf of the South Carolina Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1588 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported South Carolina Subclass. Target denies the remaining allegations contained in Paragraph 1588 of Plaintiffs' First Amended Complaint.

1589.  Plaintiffs and Target are "person[s]" within the meaning of S.C. Code Ann. § 39-5-10(a).

**ANSWER:** The allegations contained in Paragraph 1589 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1589 to the extent they

-424-

are inconsistent with the referenced statute and denies any other allegations contained therein.

1590.  The South Carolina Unfair Trade Practices Act ("South Carolina UTPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." S.C. Code Ann. § 39-5-20(a).

**ANSWER:**  The allegations contained in Paragraph 1590 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1590 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1591.  Target's actions as alleged herein occurred in the ordinary course of business and in the conduct of trade or commerce.

**ANSWER:**  Target denies the allegations contained in Paragraph 1591 of Plaintiffs' First Amended Complaint.

1592.  Target knowingly, intentionally, and willfully failed to disclose and actively concealed their deficient security measures discussed herein in a manner that was false and misleading, and otherwise engaged in activities with a tendency or capacity to deceive. Target further engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the provision of the relevant Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1592 of Plaintiffs' First Amended Complaint.

1593.  By failing to disclose that the Gift Card protections were inadequate or otherwise easily circumvented, and by presenting themselves as a reputable and otherwise concerned with protecting and/or safeguarding consumers' funds, Target engaged in deceptive business practices in violation of the South Carolina UTPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1593 of Plaintiffs' First Amended Complaint.

1594.  Target unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including the South Carolina Subclass, about the adequacy of Target's protections for the relevant Gift Cards, and the likelihood that funds loaded onto, accessible from, or otherwise contained on such cards would be used without authorization, misappropriated, and/or stolen.

**ANSWER:** Target denies the allegations contained in Paragraph 1594 of Plaintiffs' First Amended Complaint.

1595.  Target owed the South Carolina Subclass a duty to disclose the true nature of the inadequate means utilized to safeguard consumers' funds because Target:

    a.    Possessed exclusive knowledge that it valued profits and cost-cutting over the security of consumers' funds;

    b.    Intentionally concealed the foregoing from the South Carolina Subclass; and/or

    c.    Made incomplete representations about the security and integrity of the relevant Gift Cards generally, while purposefully withholding material facts from Plaintiff and the South Carolina Subclass that contradicted these implicit and /or explicit representations.

**ANSWER:** Target denies the allegations contained in Paragraph 1595 in Plaintiffs' First Amended Complaint, including all subparts.

1596.  Target's claims and/or representations concerning the integrity and security of the relevant Gift Cards were material to the South Carolina Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1596 of Plaintiffs' First Amended Complaint.

1597.  Target's violations present a continuing risk to the South Carolina Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

1040927\311303290.v1

**ANSWER:** Target denies the allegations contained in Paragraph 1597 of Plaintiffs' First Amended Complaint.

1598. The South Carolina Subclass suffered ascertainable loss caused by Target omissions and/or misrepresentations and its concealment of and failure to disclose material information. The South Carolina Subclass' members would not have purchased the relevant Gift Cards but for Target's violations of the South Carolina UTPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1598 of Plaintiffs' First Amended Complaint.

1599. As a direct and proximate result of Target's violations of the South Carolina UTPA, the South Carolina Subclass' members have suffered injury-in fact and/or actual damage, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards, as well as out of pocket expenses and time associated with attempting to remedy the consequences of Target's deceptive and unfair acts and practices.

**ANSWER:** Target denies the allegations contained in Paragraph 1599 of Plaintiffs' First Amended Complaint.

1600. Pursuant to S.C. Code Ann. § 39-5-140(a), the South Carolina Subclass' members seek monetary relief against Target to recover for their economic losses. Because Target's actions were willful and knowing, the South Carolina Subclass members' damages should be trebled. *Id*.

**ANSWER:** Target denies the allegations contained in Paragraph 1600 of Plaintiffs' First Amended Complaint. Further answering, Target admits that Plaintiffs and the purported South Carolina Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

1601. The South Carolina Subclass' members further allege that Target's malicious and deliberate conduct warrants an assessment of punitive damages because Target carried out despicable conduct with willful and conscious disregard of the rights and safety of others, subjecting the South Carolina Subclass to cruel and unjust hardship as a result. Target intentionally and willfully misrepresented the adequacy of their protections for consumers' funds, deceived the South Carolina Subclass' members, and concealed material

facts that only Target knew. Target's unlawful conduct constitutes malice, oppression, and fraud warranting punitive damages.

**ANSWER:** Target denies the allegations contained in Paragraph 1601 of Plaintiffs' First Amended Complaint.

1602. The South Carolina Subclass' members further seek an order enjoining Target's unfair and deceptive acts or practices.

**ANSWER:** In response to Paragraph 1602 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported South Carolina Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 126
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (S.C. CODE ANN. § 36-2-314, *ET. SEQ.*)

1603. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1604. Plaintiffs bring this claim on behalf of the South Carolina Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1604 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported South Carolina Subclass. Target denies the remaining allegations contained in Paragraph 1604 of Plaintiffs' First Amended Complaint.

1605. At all times pertinent to this action, Target was a merchant as that term is defined in S.C. Code Ann. § 36-2-104.

**ANSWER:** The allegations contained in Paragraph 1605 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1605 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1606. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1606 of Plaintiffs' First Amended Complaint.

1607. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1607 of Plaintiffs' First Amended Complaint.

1608. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1608 of Plaintiffs' First Amended Complaint.

1609. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1609 of Plaintiffs' First Amended Complaint.

1610. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1610 of Plaintiffs' First Amended Complaint.

1611. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1611 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1611 of Plaintiffs' First Amended Complaint.

## COUNT 127
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (S.C. CODE ANN. § 36-2-315, *ET. SEQ.*)

1612. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1613. Plaintiffs bring this claim on behalf of the South Carolina Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1613 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported South Carolina Subclass. Target denies the remaining allegations contained in Paragraph 1613 of Plaintiffs' First Amended Complaint.

1614. At all times pertinent to this action, Target was a merchant as that term is defined in S.C. Code Ann. § 36-2-104.

**ANSWER:** The allegations contained in Paragraph 1614 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1614 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1615. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1615 of Plaintiffs' First Amended Complaint.

1616. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1616 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1616 of Plaintiffs' First Amended Complaint.

1617.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1617 of Plaintiffs' First Amended Complaint and therefore denies same.

1618.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1618 of Plaintiffs' First Amended Complaint.

1619.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1619 of Plaintiffs' First Amended Complaint.

1620.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1620 of Plaintiffs' First Amended Complaint.

1621.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1621 of Plaintiffs' First Amended Complaint.

1622.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1622 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1622 of Plaintiffs' First Amended Complaint.

**PP.    Claims Brought on Behalf of the South Dakota Subclass**

<u>**COUNT 128**</u>
**[ALLEGED] SOUTH DAKOTA DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT**
**(S.D. CODIFIED LAWS § 37-24-1, *ET. SEQ.*)**

1623.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1624.  Plaintiffs bring this Count on behalf of the South Dakota Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1624 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported South Dakota Subclass. Target denies the remaining allegations contained in Paragraph 1624 of Plaintiffs' First Amended Complaint.

1625.  Target advertise and sell "goods or services" and/or "merchandise" in "trade" and "commerce," as meant by S.D. Codified Laws § 37 24-1.

**ANSWER:** The allegations contained in Paragraph 1625 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1625 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

1626. Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

**ANSWER:** Target denies the allegations contained in Paragraph 1626 of Plaintiffs' First Amended Complaint.

1627. Target engaged in deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of S.D. Codified Laws § 37-24-6, in at least the following ways:

a.    Target knowingly and intentionally misrepresented material facts to the South Dakota Subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard the South Dakota Subclass' members' funds from unauthorized use, misappropriation, and/or theft in violation of S.D. Codified Laws § 37-24-6(1):

b.    Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections for the South Dakota Subclass' members' funds in violation of S.D. Codified Laws § 37-24-6(1);

c.    Target knowingly and intentionally engaged in deceptive acts and practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds in violation of S.D. Codified Laws § 37-24-6(1);

d.    Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in deceptive acts and practices by failing to enact adequate measures to protect the South Dakota Subclass members' funds from unauthorized use, misappropriation, and/or theft, in violation of S.D. Codified Laws § 37-24- 6(1).

**ANSWER:** Target denies the allegations contained in Paragraph 1627 of Plaintiffs' First Amended Complaint, including all subparts.

1040927\311303290.v1

1628.  The above deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:** Target denies the allegations contained in Paragraph 1628 of Plaintiffs' First Amended Complaint.

1629.  Target knew, or reasonably should have known, that their protections were inadequate to safeguard the South Dakota Subclass members' funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the South Dakota Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1629 of Plaintiffs' First Amended Complaint.

1630.  As a direct and proximate result of Target's deceptive acts and practices, the South Dakota Subclass' members were adversely affected, injured, and/or damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1630 of Plaintiffs' First Amended Complaint.

1631.  The South Dakota Subclass members seek relief under S.D. Codified Laws § 37-24-31, including, but not limited to, actual damages.

**ANSWER:** In response to Paragraph 1631 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported South Dakota Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

**COUNT 129**
**[ALLEGED] BREACH OF THE IMPLIED WARRANTY OF**
**MERCHANTABILITY**
**(S.D. CODIFIED LAWS § 57A-2-314, *ET. SEQ.*)**

1632. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1633. Plaintiffs bring this claim on behalf of the South Dakota Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1633 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported South Dakota Subclass. Target denies the remaining allegations contained in Paragraph 1633 of Plaintiffs' First Amended Complaint.

1634. At all times pertinent to this action, Target was a merchant as that term is defined in S.D. Codified Laws § 57A-2-104.

**ANSWER:** The allegations contained in Paragraph 1634 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1634 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1635. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1635 of Plaintiffs' First Amended Complaint.

1636. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1636 of Plaintiffs' First Amended Complaint.

1637. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1637 of Plaintiffs' First Amended Complaint.

1638. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1638 of Plaintiffs' First Amended Complaint.

1639. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1639 of Plaintiffs' First Amended Complaint.

1640. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1640 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1640 of Plaintiffs' First Amended Complaint.

<u>**COUNT 130**</u>
**[ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**
**(S.D. CODIFIED LAWS § 57A-2-315 *ET. SEQ.*)**

1641. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1642. Plaintiffs bring this claim on behalf of the South Dakota Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1642 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported South Dakota Subclass. Target denies the remaining allegations contained in Paragraph 1642 of Plaintiffs' First Amended Complaint.

1643. At all times pertinent to this action, Target was a merchant as that term is defined in S.D. Codified Laws § 57A-2-104.

**ANSWER:** The allegations contained in Paragraph 1643 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1643 to the extent they

1040927\311303290.v1

are inconsistent with the referenced statute and denies any other allegations contained therein.

1644. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1644 of Plaintiffs' First Amended Complaint.

1645. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1645 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1645 of Plaintiffs' First Amended Complaint.

1646. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1646 of Plaintiffs' First Amended Complaint and therefore denies same.

1647. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1647 of Plaintiffs' First Amended Complaint.

1648. As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1648 of Plaintiffs' First Amended Complaint.

1649.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1649 of Plaintiffs' First Amended Complaint.

1650.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1650 of Plaintiffs' First Amended Complaint.

1651.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1651 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1651 of Plaintiffs' First Amended Complaint.

**QQ.  Claims Brought on Behalf of the Tennessee Subclass**

<u>**COUNT 131**</u>
**[ALLEGED] TENNESSEE CONSUMER PROTECTION ACT**
**(TENN. CODE ANN. § 47-18-101, *ET. SEQ*.)**

1652.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1653.  Plaintiffs bring this Count on behalf of the Tennessee Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1653 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Tennessee Subclass. Target denies the remaining allegations contained in Paragraph 1653 of Plaintiffs' First Amended Complaint.

1654.  Target advertised and sold "goods" or "services" in "trade" and "commerce," as meant by Tenn. Code Ann. § 47-18-103.

**ANSWER:**  The allegations contained in Paragraph 1654 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1654 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1655.  Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

**ANSWER:**  Target denies the allegations contained in Paragraph 1655 of Plaintiffs' First Amended Complaint.

1656.  Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in violation Tenn. Code Ann. § 47-18-104, in at least the following ways:

   a.    Target misrepresented and/or concealed material facts to Plaintiff and the Tennessee Subclass by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and

1040927\311303290.v1

procedures to safeguard Plaintiff and the Tennessee Subclass members' funds from unauthorized, use, misappropriation, and/or theft in violation of Tenn. Code Ann. § 47-18-104(b)(5), (b)(9), (b)(21) and/or (27);

b.     Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections for Plaintiff and the Tennessee Subclass members' funds in violation of Tenn. Code Ann. § 47-18-104(b)(5), (b)(9), (b)(21) and/or (27);

c.     Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose the inadequacy of their measures to safeguard consumers' funds in a timely and accurate manner, in violation of Tenn. Code Ann. § 47- 18-104(b)(5) and/or (9);

d.     Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures to protect Plaintiff and Tennessee Subclass' members' funds from unauthorized use, misappropriation, and/or theft in violation of Tenn. Code Ann. § 47-18-104(b)(5) and/or (9).

**ANSWER:** Target denies the allegations contained in Paragraph 1656 of Plaintiffs' First Amended Complaint, including all subparts.

1657. The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:** Target denies the allegations contained in Paragraph 1657 of Plaintiffs' First Amended Complaint.

1658. Target knew, or reasonably should have known, that their protections were inadequate to safeguard Plaintiff and Tennessee Subclass' members' funds and that a risk of unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff and members of the Tennessee Subclass.

1040927\311303290.v1

**ANSWER:** Target denies the allegations contained in Paragraph 1658 of Plaintiffs' First Amended Complaint.

1659. As a direct and proximate result of Target's deceptive acts and practices, Plaintiff and the Tennessee Subclass members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1659 of Plaintiffs' First Amended Complaint.

1660. Plaintiff and Tennessee Subclass members seek relief under Tenn. Code Ann. § 47-18-109, including, but not limited to, injunctive relief, actual damages, treble damages for each willful or knowing violation, and attorneys' fees and costs.

**ANSWER:** In response to Paragraph 1660 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Tennessee Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 132
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (TENN. COE ANN. § 47-2-314, *ET. SEQ.*)

1661. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1662. Plaintiffs bring this claim on behalf of the Tennessee Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1662 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring

this claim on behalf of a purported Tennessee Subclass. Target denies the remaining allegations contained in Paragraph 1662 of Plaintiffs' First Amended Complaint.

1663.   At all times pertinent to this action, Target was a merchant as that term is defined in Tenn. Code Ann. § 47-2-104.

**ANSWER:**   The allegations contained in Paragraph 1663 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1663 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1664.   Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 1664 of Plaintiffs' First Amended Complaint.

1665.   One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:**   Target denies the allegations contained in Paragraph 1665 of Plaintiffs' First Amended Complaint.

1666.   As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:**   Target denies the allegations contained in Paragraph 1666 of Plaintiffs' First Amended Complaint.

1667.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1667 of Plaintiffs' First Amended Complaint.

1668.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1668 of Plaintiffs' First Amended Complaint.

1669.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1669 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1669 of Plaintiffs' First Amended Complaint.

## COUNT 133
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (TENN. CODE ANN. § 47-2-315, *ET. SEQ.*)

1670.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1040927\311303290.v1

1671.  Plaintiffs bring this claim on behalf of the Tennessee Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1671 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Tennessee Subclass. Target denies the remaining allegations contained in Paragraph 1671 of Plaintiffs' First Amended Complaint.

1672.  At all times pertinent to this action, Target was a merchant as that term is defined in Tenn. Code Ann. § 47-2-104.

**ANSWER:**  The allegations contained in Paragraph 1672 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1672 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1673.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**  Target denies the allegations contained in Paragraph 1673 of Plaintiffs' First Amended Complaint.

1674.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**  In response to the allegations contained in Paragraph 1674 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1674 of Plaintiffs' First Amended Complaint.

1675.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1675 of Plaintiffs' First Amended Complaint and therefore denies same.

1676.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1676 of Plaintiffs' First Amended Complaint.

1677.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1677 of Plaintiffs' First Amended Complaint.

1678.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1678 of Plaintiffs' First Amended Complaint.

1679.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1679 of Plaintiffs' First Amended Complaint.

1680.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1680 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1680 of Plaintiffs' First Amended Complaint.

**RR.    Claims Brought on Behalf of the Texas Subclass**

<u>COUNT 134</u>
**[ALLEGED] TEXAS DECEPTIVE TRADE PRACTICES
AND CONSUMER PROTECTION ACT
(TEX. BUS. & COM. CODE § 17.41,** *ET. SEQ.***)**

1681.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1682.  Plaintiffs bring this Count on behalf of the Texas Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1682 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Texas Subclass. Target denies the remaining allegations contained in Paragraph 1682 of Plaintiffs' First Amended Complaint.

1683.  Plaintiff sent a demand for relief to Target on behalf of the Texas Subclass prior to the filing of this complaint.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, the content of which speaks for itself. Target denies the remaining allegations contained in Paragraph 1683 of Plaintiffs' First Amended Complaint.

1684.  Plaintiffs and Texas Subclass members are "consumers," as defined in Tex. Bus. & Com. Code § 17.45(4).

**ANSWER:**  The allegations contained in Paragraph 1684 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1684 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1685.  Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

**ANSWER:**  Target denies the allegations contained in Paragraph 1685 of Plaintiffs' First Amended Complaint.

1686.  Target engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Tex. Bus. & Com. Code § 17.46, in at least the following ways:

    a.    Target misrepresented and/or concealed material facts to Plaintiff and the Texas Subclass by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard Plaintiff and Texas Subclass members' funds from unauthorized use, misappropriation, and/or theft, in violation of Tex. Bus. & Com. Code § 17.46(b)(5), (7), (9), and (24);

    b.    Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their protections for Plaintiff and Texas Subclass' members' funds, in violation of Tex. Bus. & Com. Code § 17.46(b)(5), (7), (9), and (24) and §17.50(d);

    c.    Target engaged in unconscionable trade acts or practices in violation of Tex. Bus. & Com. Code § 17.50(a)(3) and §17.50(d) by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds;

    d.    Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unconscionable trade acts or practices in violation of Tex. Bus. & Com. Code § 17.50(a)(3) and §17.50(d) by failing to enact adequate measures to protect Plaintiff and the Texas Subclass members' funds from unauthorized use, misappropriation, and/or theft.

**ANSWER:** Target denies the allegations contained in Paragraph 1686 of Plaintiffs' First Amended Complaint, including all subparts.

1687.  The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:** Target denies the allegations contained in Paragraph 1687 of Plaintiffs' First Amended Complaint.

1688.  Target knew, or reasonably should have known, that their protections were inadequate to safeguard Plaintiff and the Texas Subclass' members' funds and that a risk of unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff and members of the Texas Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1688 of Plaintiffs' First Amended Complaint.

1689.  Target owed Plaintiff and the Texas Subclass members a duty to disclose that there was a high likelihood that the Gift Cards had been tampered with such that they had diminished and/or no value because Target:

    a.    Possessed exclusive knowledge of the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value and did not perform as advertised;

    b.    Intentionally concealed the foregoing from Plaintiff and the Class; and/or

    c.    Made incomplete representations about the high likelihood that the Gift Cards had been tampered with such that they had no value and/or greatly diminished value, while purposefully withholding material facts from Plaintiff and the Class that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 1689 of Plaintiffs' First Amended Complaint, including all subparts.

1690.  Plaintiffs and Texas Subclass members relied on Target's misrepresentations and omissions in purchasing the Gift Cards. Had Target been honest and disclosed (1) the inadequacy of Target's security practices related to the Gift Cards, (2) that previously-sold Gift Cards had repeatedly been tampered with, and (3) there was a high likelihood that unsold Gift Cards had also been tampered with, Plaintiffs and Class members would not have purchased the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1690 of Plaintiffs' First Amended Complaint.

1691.  Target received notice of Plaintiffs' claims by the filing of the complaint in this action (ECF No. 1) and similar litigation filed against Target.

**ANSWER:** Target denies the allegations contained in Paragraph 1691 of Plaintiffs' First Amended Complaint.

1692.  As a direct and proximate result of Target's deceptive trade practices, Plaintiff and Texas Subclass members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1692 of Plaintiffs' First Amended Complaint.

1693.  Plaintiff and Texas Subclass members seek relief under Tex. Bus. & Com. Code § 17.50, including, but not limited to, economic damages, damages for mental anguish, treble damages, injunctive relief, restitution, and attorneys' fees and costs.

**ANSWER:** In response to Paragraph 1693 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Texas Subclass seek the

1040927\311303290.v1

relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 135
### [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (TEX. BUS. & COM. CODE § 2.314, *ET. SEQ.*)

1694.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1695.  Plaintiffs bring this claim on behalf of the Texas Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1695 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Texas Subclass. Target denies the remaining allegations contained in Paragraph 1695 of Plaintiffs' First Amended Complaint.

1696.  At all times pertinent to this action, Target was a merchant as that term is defined in Tex. Bus. & Com. Code § 2.104.

**ANSWER:**  The allegations contained in Paragraph 1696 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1696 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1697.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at

the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1697 of Plaintiffs' First Amended Complaint.

1698. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1698 of Plaintiffs' First Amended Complaint.

1699. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1699 of Plaintiffs' First Amended Complaint.

1700. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1700 of Plaintiffs' First Amended Complaint.

1701. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1701 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1702.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1702 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1702 of Plaintiffs' First Amended Complaint.

## COUNT 136
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (TEX. BUS. & COM. CODE § 2.315, *ET. SEQ.*)

1703.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1704.  Plaintiffs bring this claim on behalf of the Texas Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1704 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Texas Subclass. Target denies the remaining allegations contained in Paragraph 1704 of Plaintiffs' First Amended Complaint.

1705.  At all times pertinent to this action, Target was a merchant as that term is defined in Tex. Bus. & Com. Code § 2.104.

**ANSWER:**  The allegations contained in Paragraph 1705 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 1705 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1706. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1706 of Plaintiffs' First Amended Complaint.

1707. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1707 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1707 of Plaintiffs' First Amended Complaint.

1708. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1708 of Plaintiffs' First Amended Complaint and therefore denies same.

1709. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1709 of Plaintiffs' First Amended Complaint.

1710. As a direct and proximate result, Plaintiffs and Class members have been damaged.

1040927\311303290.v1

**ANSWER:** Target denies the allegations contained in Paragraph 1710 of Plaintiffs' First Amended Complaint.

1711.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1711 of Plaintiffs' First Amended Complaint.

1712.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1712 of Plaintiffs' First Amended Complaint.

1713.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1713 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1713 of Plaintiffs' First Amended Complaint.

## SS.    Claims Brought on Behalf of the Utah Subclass

### <u>COUNT 137</u>
### [ALLEGED] UTAH CONSUMER SALES PRACTICES ACT
### (UTAH CODE ANN. §§ 13-11-1, *ET SEQ.*)

1714.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

1040927\311303290.v1

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1715.  Plaintiffs bring this Count on behalf of the Utah Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1715 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Utah Subclass. Target denies the remaining allegations contained in Paragraph 1715 of Plaintiffs' First Amended Complaint.

1716.  Plaintiff Heidi Horne is a resident of the above state and was also a resident of such state when his funds were used without authorization, misappropriated, and/or stolen. Plaintiff brings this Count on Plaintiffs' own behalf and on behalf of members of the above state Subclass.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1716 of Plaintiffs' First Amended Complaint regarding Heidi Horne's residence and therefore denies same. Target denies the remaining allegations contained in Paragraph 1716.

1717.  The Utah Consumer Sales Practices Act ("Utah CSPA") makes unlawful any "deceptive act or practice by a supplier in connection with a consumer transaction" under Utah Code Ann. § 13-11-4. Specifically, "a supplier commits a deceptive act or practice if the supplier knowingly or intentionally: (a) indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not" or "(b) indicates that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not." Utah Code Ann. § 13-11-4. "An unconscionable act or practice by a supplier in connection with a consumer transaction" also violates the Utah CSPA. Utah Code Ann. § 13-11-5.

**ANSWER:** The allegations contained in Paragraph 1717 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 1717 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1718.  Target's actions as alleged herein occurred in the ordinary course of business and in the conduct of trade or commerce.

**ANSWER:**  Target denies the allegations contained in Paragraph 1718 of Plaintiffs' First Amended Complaint.

1719.  Target knowingly, intentionally, and willfully failed to disclose and actively concealed their deficient security measures discussed herein in a manner that was false and misleading, and otherwise engaged in activities with a tendency or capacity to deceive. Target further engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the provision of the relevant Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1719 of Plaintiffs' First Amended Complaint.

1720.  By failing to disclose that the Gift Card protections were inadequate or otherwise easily circumvented, and by presenting themselves as reputable and/or otherwise concerned with protecting and/or safeguarding consumers' funds, Target engaged in deceptive business practices in violation of the Utah CSPA.

**ANSWER:**  Target denies the allegations contained in Paragraph 1720 of Plaintiffs' First Amended Complaint.

1721.  Target were also aware, and actively concealed, that they valued profits over the security of consumers' funds, and that Target were inadequately protecting consumers' funds from unauthorized use, misappropriation, and/or theft.

**ANSWER:**  Target denies the allegations contained in Paragraph 1721 of Plaintiffs' First Amended Complaint.

1722.  Target's unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including the Plaintiff and the Utah Subclass, about the

adequacy of Target's protections for the relevant Gift Cards, and the likelihood that funds loaded onto, accessible from, or otherwise contained on such cards would be used without authorization, misappropriated, and/or stolen.

**ANSWER:** Target denies the allegations contained in Paragraph 1722 of Plaintiffs' First Amended Complaint.

1723.  Target owed Plaintiff and the Utah Subclass a duty to disclose the true nature of the deficient security measures alleged herein because Target:

   a.   Possessed exclusive knowledge that it valued profits and cost-cutting over computer and data security, and that it had suffered numerous data breaches;

   b.   Intentionally concealed the foregoing from Plaintiff and the Utah Subclass; and/or

   c.   Made incomplete representations about the security and integrity of its computer and data systems generally, and its numerous data breaches in particular, while purposefully withholding material facts from Plaintiff and the Utah Subclass that contradicted these representations.

**ANSWER:** Target denies the allegations contained in Paragraph 1723 of Plaintiffs' First Amended Complaint and all subparts.

1724.  Target's misrepresentations and/or omissions as alleged herein were material to Plaintiff and the Utah Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1724 of Plaintiffs' First Amended Complaint.

1725.  Plaintiff and the Utah Subclass suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information. Class members would have taken steps to prevent the loss of their personal and financial information, and would not have had their information stolen from Target but for Target's violations of the Utah CSPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1725 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1726. Target's violations present a continuing risk to Plaintiff and the Utah Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** Target denies the allegations contained in Paragraph 1726 of Plaintiffs' First Amended Complaint.

1727. As a direct and proximate result of Target's violations of the Utah CSPA, the Plaintiff and the Utah Subclass' members have suffered injury-in fact and/or actual damage.

**ANSWER:** Target denies the allegations contained in Paragraph 1727 of Plaintiffs' First Amended Complaint.

1728. Target had an ongoing duty to all Target's customers to refrain from unfair and deceptive practices under the Utah CSPA. Plaintiff and the Utah Subclass' members suffered ascertainable loss, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards, as well as out of pocket expenses and time associated with attempting to remedy the consequences of Target's deceptive and unfair acts and practices.

**ANSWER:** Target denies the allegations contained in Paragraph 1728 of Plaintiffs' First Amended Complaint.

1729. Pursuant to Utah Code Ann. § 13-11-4, Plaintiff and the Utah Subclass seek monetary relief against Target measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $2,000 for each Plaintiff and each Utah Subclass member, reasonable attorneys' fees, and any other just and proper relief available under the Utah CSPA.

**ANSWER:** In response to Paragraph 1729 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Utah Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

1040927\311303290.v1

## COUNT 138
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (UTAH CODE ANN. § 70A-2-314, *ET. SEQ.*)

1730.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1731.  Plaintiffs bring this claim on behalf of the Utah Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1731 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Utah Subclass. Target denies the remaining allegations contained in Paragraph 1731 of Plaintiffs' First Amended Complaint.

1732.  At all times pertinent to this action, Target was a merchant as that term is defined in Utah Code Ann. § 70A-2-104.

**ANSWER:**  The allegations contained in Paragraph 1732 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1732 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1733.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1733 of Plaintiffs' First Amended Complaint.

1734. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1734 of Plaintiffs' First Amended Complaint.

1735. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1735 of Plaintiffs' First Amended Complaint.

1736. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1736 of Plaintiffs' First Amended Complaint.

1737. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1737 of Plaintiffs' First Amended Complaint.

1738. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1738 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1738 of Plaintiffs' First Amended Complaint.

## COUNT 139
### [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (UTAH CODE ANN. § 70A-2-104, *ET. SEQ.*)

1739. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1740. Plaintiffs bring this claim on behalf of the Utah Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1740 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Utah Subclass. Target denies the remaining allegations contained in Paragraph 1740 of Plaintiffs' First Amended Complaint.

1741. At all times pertinent to this action, Target was a merchant as that term is defined in Utah Code Ann. § 70A-2-104.

**ANSWER:** The allegations contained in Paragraph 1741 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1741 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

1742. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1742 of Plaintiffs' First Amended Complaint.

1743. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1743 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1743 of Plaintiffs' First Amended Complaint.

1744. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1744 of Plaintiffs' First Amended Complaint and therefore denies same.

1745. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1745 of Plaintiffs' First Amended Complaint.

1746. As a direct and proximate result, Plaintiffs and Class members have been damaged.

1040927\311303290.v1

**ANSWER:** Target denies the allegations contained in Paragraph 1746 of Plaintiffs' First Amended Complaint.

1747.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1747 of Plaintiffs' First Amended Complaint.

1748.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1748 of Plaintiffs' First Amended Complaint.

1749.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1749 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1749 of Plaintiffs' First Amended Complaint.

**TT.  Claims Brought on Behalf of the Vermont Subclass**

<u>**COUNT 140**</u>
**[ALLEGED] VERMONT CONSUMER FRAUD ACT**
**(VT. STAT. ANN. TIT. 9, § 2451, *ET. SEQ.*)**

1750.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

1040927\311303290.v1

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1751.  Plaintiffs bring this Count on behalf of the Vermont Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1751 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Vermont Subclass. Target denies the remaining allegations contained in Paragraph 1751 of Plaintiffs' First Amended Complaint.

1752.  The Vermont Subclass' members are "consumers" as meant by Vt. Stat. Ann. tit. 9, § 2451a.

**ANSWER:**  The allegations contained in Paragraph 1752 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1752 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1753.  The Vermont Subclass' members purchased "goods" or "services," as meant by Vt. Stat. Ann. tit. 9, § 2451a., from Target.

**ANSWER:**  The allegations contained in Paragraph 1753 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1753 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1754. Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

**ANSWER:** Target denies the allegations contained in Paragraph 1754 of Plaintiffs' First Amended Complaint.

1755. Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of Vt. Stat. Ann. tit. 9, § 2453, in at least the following ways:

a.     Target misrepresented and/or concealed material facts to the Vermont Class by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard the Vermont Subclass' members' personal funds from unauthorized use, misappropriation, and/or theft, in violation of Vt. Stat. Ann. tit. 9, § 2435(b)(1);

b.     Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their protections for the Vermont Subclass members' funds, in violation of Vt. Stat. Ann. tit. 9, § 2435(b)(1);

c.     Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose the inadequacy of their measures to safeguard consumers' funds in a timely and accurate manner, in violation of Vt. Stat. Ann. tit. 9, § 2435(b)(1);

d.     Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures and protect the Vermont Subclass' members' funds from unauthorized use, misappropriation, and/or theft.

**ANSWER:** Target denies the allegations contained in Paragraph 1755 in Plaintiffs' First Amended Complaint.

1756. The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

1040927\311303290.v1

**ANSWER:** Target denies the allegations contained in Paragraph 1756 of Plaintiffs' First Amended Complaint.

1757.  Target knew, or reasonably should have known, that their protections were inadequate to safeguard the Vermont Subclass' members' personal funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Vermont Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1757 of Plaintiffs' First Amended Complaint.

1758.  As a direct and proximate result of Target's deceptive acts and practices, the Vermont Subclass members suffered injury and/or damages.

**ANSWER:** Target denies the allegations contained in Paragraph 1758 of Plaintiffs' First Amended Complaint.

1759.  Plaintiff and Vermont Subclass members seek relief under Vt. Stat. Ann. tit. 9, § 2461, including, but not limited to, injunctive relief, restitution, actual damages, disgorgement of profits, exemplary damages, and attorneys' fees and costs.

**ANSWER:** In response to Paragraph 1759 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Vermont Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 141
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (VT. STAT. ANN. T. 9A § 2-314, *ET. SEQ.*)

1760.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1761.  Plaintiffs bring this claim on behalf of the Vermont Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1761 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Vermont Subclass. Target denies the remaining allegations contained in Paragraph 1761 of Plaintiffs' First Amended Complaint.

1762.  At all times pertinent to this action, Target was a merchant as that term is defined in Vt. Stat. Ann. T. 9A § 2-104.

**ANSWER:**  The allegations contained in Paragraph 1762 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1762 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1763.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1763 of Plaintiffs' First Amended Complaint.

1764.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1764 of Plaintiffs' First Amended Complaint.

1765.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1765 of Plaintiffs' First Amended Complaint.

1766.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1766 of Plaintiffs' First Amended Complaint.

1767. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1767 of Plaintiffs' First Amended Complaint.

1768.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1768 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1768 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

## COUNT 142
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (VT. STAT. ANN. T. 9A § 2-315, *ET. SEQ.*)

1769.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1770.  Plaintiffs bring this claim on behalf of the Vermont Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1770 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Vermont Subclass. Target denies the remaining allegations contained in Paragraph 1770 of Plaintiffs' First Amended Complaint.

1771.  At all times pertinent to this action, Target was a merchant as that term is defined in Vt. Stat. Ann. T. 9A § 2-104.

**ANSWER:**  The allegations contained in Paragraph 1771 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1771 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1772.  At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:**  Target denies the allegations contained in Paragraph 1772 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1773.  The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:**  In response to the allegations contained in Paragraph 1773 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1773 of Plaintiffs' First Amended Complaint.

1774.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1774 of Plaintiffs' First Amended Complaint and therefore denies same.

1775.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1775 of Plaintiffs' First Amended Complaint.

1776.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1776 of Plaintiffs' First Amended Complaint.

1777.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1777 of Plaintiffs' First Amended Complaint.

1778.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1778 of Plaintiffs' First Amended Complaint.

1779.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1779 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1779 of Plaintiffs' First Amended Complaint.

**UU.**   **Claims Brought on Behalf of the Virginia Subclass**

### COUNT 143
### [ALLEGED] VIRGINIA CONSUMER PROTECTION ACT
### (VA. CODE ANN. §§ 59.1-196, *ET SEQ.*)

1780.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1781.  Plaintiffs bring this Count on behalf of the Virginia Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1781 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring

this Count on behalf of a purported Virginia Subclass. Target denies the remaining allegations contained in Paragraph 1781 of Plaintiffs' First Amended Complaint.

1782.  The Virginia Consumer Protection Act ("Virginia CPA") prohibits "…(5) misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits; (6) misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; … (8) advertising goods or services with intent not to sell them as advertised …; [and] (14) using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction[.]" Va. Code Ann. § 51-200(A).

**ANSWER:**  The allegations contained in Paragraph 1782 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1782 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1783.  Target are "person[s]" as defined by Va. Code Ann. § 59.1-198. The transactions between Plaintiff and the Virginia Subclass members on the one hand and Target on the other, leading to the purchase of the relevant Gift Cards, are "consumer transactions" as defined by Va. Code Ann. § 59.1-198.

**ANSWER:**  The allegations contained in Paragraph 1783 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1783 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1784.  Target's actions as alleged herein occurred in the ordinary course of business and in the conduct of trade or commerce.

**ANSWER:** Target denies the allegations contained in Paragraph 1784 of Plaintiffs' First Amended Complaint.

1785.  Target knowingly, intentionally, and willfully failed to disclose and actively concealed their deficient security measures discussed herein in a manner that was false and misleading, and otherwise engaged in activities with a tendency or capacity to deceive. Target further engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the provision of the relevant Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1785 of Plaintiffs' First Amended Complaint.

1786.  Accordingly, Target engaged in acts and practices violating Va. Code Ann. § 59.1-200(A), including representing that the relevant Gift Cards have characteristics, uses, benefits, and qualities which they do not have; representing that the protections for the relevant Gift Cards were of a particular standard and quality when they are not, and otherwise engaging in conduct likely to deceive.

**ANSWER:** Target denies the allegations contained in Paragraph 1786 of Plaintiffs' First Amended Complaint.

1787. By failing to disclose that the Gift Card protections were inadequate or otherwise easily circumvented, and by presenting themselves as reputable and/or otherwise concerned with protecting and/or safeguarding consumers' funds, Target engaged in deceptive business practices in violation of the Virginia CPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1787 of Plaintiffs' First Amended Complaint.

1788.  Target were also aware, and actively concealed, that they valued profits over the security of consumers' funds, and that Target were inadequately protecting consumers' funds from unauthorized use, misappropriation, and/or theft.

**ANSWER:** Target denies the allegations contained in Paragraph 1788 of Plaintiffs' First Amended Complaint.

1789.  Target's unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the Virginia Subclass' members, about the adequacy of Target's protections for the relevant Gift Cards and the likelihood that funds loaded onto, accessible from, or otherwise contained on such cards would be used without authorization, misappropriated, and/or stolen.

**ANSWER:**  Target denies the allegations contained in Paragraph 1789 of Plaintiffs' First Amended Complaint.

1790.  Target's unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the Virginia Subclass' members, about the adequacy of Target's protections for the relevant Gift Cards and the likelihood that funds loaded onto, accessible from, or otherwise contained on such cards would be used without authorization, misappropriated, and/or stolen.

**ANSWER:**  Target denies the allegations contained in Paragraph 1790 of Plaintiffs' First Amended Complaint.

1791.  Target the Virginia Subclass a duty to disclose the true nature of the deficient security measures alleged herein because Target:

 a. Possessed exclusive knowledge that it valued profits and cost-cutting over the security of consumers' funds;

 b. Intentionally concealed the foregoing from the Virginia Subclass; and/or

 c. Made incomplete representations about the security and integrity of its Gift Cards generally, while purposefully withholding material facts from the Virginia Subclass that contradicted these representations.

**ANSWER:**  Target denies the allegations contained in Paragraph 1791 of Plaintiffs' First Amended Complaint, including all subparts.

1792.  Target's misrepresentations and/or omissions as alleged herein were material to the Virginia Subclass.

**ANSWER:**  Target denies the allegations contained in Paragraph 1792 of Plaintiffs' First Amended Complaint.

1793. The Virginia Subclass' members suffered ascertainable loss caused by Target's misrepresentations and its concealment of and failure to disclose material information. Plaintiff and the Virginia Subclass would have taken steps to prevent the theft of their funds but for Target's violations of the Virginia CPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1793 of Plaintiffs' First Amended Complaint.

1794. Target's violations present a continuing risk to Plaintiff and the Virginia Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** Target denies the allegations contained in Paragraph 1794 of Plaintiffs' First Amended Complaint.

1795. As a direct and proximate result of Target's violations of the Virginia CPA, the Virginia Subclass' members have suffered injury-in-fact and/or actual damage. These injuries are the direct and natural consequence of Target's misrepresentations and omissions.

**ANSWER:** Target denies the allegations contained in Paragraph 1795 of Plaintiffs' First Amended Complaint.

1796. Target had an ongoing duty to all Target customers to refrain from unfair and deceptive practices under the Virginia CPA. The Virginia Subclass' members suffered ascertainable loss in the form of, for example, a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards, as well as out of pocket expenses and time associated with attempting to remedy the consequences of Target's deceptive and unfair acts and practices.

**ANSWER:** Target denies the allegations contained in Paragraph 1796 of Plaintiffs' First Amended Complaint.

1797. Target actively and willfully concealed and/or suppressed the material facts regarding the Gift Cards with the intent to deceive and mislead Plaintiff and the Virginia Subclass. Plaintiff and the Virginia Subclass members therefore seek treble damages.

**ANSWER:** Target denies the allegations contained in Paragraph 1797 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

## COUNT 144
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (VA. CODE ANN. § 8.2-314, *ET. SEQ.*)

1798.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1799.  Plaintiffs bring this claim on behalf of the Virginia Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1799 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Virginia Subclass. Target denies the remaining allegations contained in Paragraph 1799 of Plaintiffs' First Amended Complaint.

1800.  At all times pertinent to this action, Target was a merchant as that term is defined in Va. Code Ann. § 8.2-104.

**ANSWER:**  The allegations contained in Paragraph 1800 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1800 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1801.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1801 of Plaintiffs' First Amended Complaint.

1802. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1802 of Plaintiffs' First Amended Complaint.

1803. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1803 of Plaintiffs' First Amended Complaint.

1804. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1804 of Plaintiffs' First Amended Complaint.

1805. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1805 of Plaintiffs' First Amended Complaint.

1806. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1806 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1806 of Plaintiffs' First Amended Complaint.

## COUNT 145
### [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (VA. CODE ANN. § 8.2-315, *ET. SEQ.*)

1807. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1808. Plaintiffs bring this claim on behalf of the Virginia Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1808 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Virginia Subclass. Target denies the remaining allegations contained in Paragraph 1808 of Plaintiffs' First Amended Complaint.

1809. At all times pertinent to this action, Target was a merchant as that term is defined in Va. Code Ann. § 8.2-104.

**ANSWER:** The allegations contained in Paragraph 1809 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1809 to the extent they

are inconsistent with the referenced statute and denies any other allegations contained therein.

1810. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1810 of Plaintiffs' First Amended Complaint.

1811. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1811 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1811 of Plaintiffs' First Amended Complaint.

1812. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1812 of Plaintiffs' First Amended Complaint and therefore denies same.

1813. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1813 of Plaintiffs' First Amended Complaint.

1814. As a direct and proximate result, Plaintiffs and Class members have been damaged.

1040927\311303290.v1

**ANSWER:** Target denies the allegations contained in Paragraph 1814 of Plaintiffs' First Amended Complaint.

1815.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1815 of Plaintiffs' First Amended Complaint.

1816. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1816 of Plaintiffs' First Amended Complaint.

1817.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1817 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1817 of Plaintiffs' First Amended Complaint.

## VV.   Claims Brought on Behalf of the Washington Subclass

### <u>COUNT 146</u>
### [ALLEGED] WASHINGTON CONSUMER PROTECTION ACT
### (WASH. REV. CODE § 19.86.020, *ET. SEQ.*)

1818.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

1040927\311303290.v1

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1819. Plaintiffs bring this Count on behalf of the Washington Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1819 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Washington Subclass. Target denies the remaining allegations contained in Paragraph 1819 of Plaintiffs' First Amended Complaint.

1820. Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

**ANSWER:** Target denies the allegations contained in Paragraph 1820 of Plaintiffs' First Amended Complaint.

1821. Target engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Wash. Rev. Code § 19.86.020, in at least the following ways:

    a.    Target omitted, suppressed, and/or concealed material facts to the Washington Subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard the Washington Subclass members' funds from unauthorized use, misappropriation, and/or theft, in violation of Wash. Rev. Code § 19.255.010(1);

    b.    Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections the Washington Subclass' members' funds, in violation of Wash. Rev. Code § 19.255.010(1);

    c.    Target engaged in deceptive, unfair, and unlawful trade acts and practices by failing to disclose the inadequacy of their measures to safeguard consumers' funds in a timely and accurate manner, contrary to the duties imposed by Wash. Rev. Code § 19.255.010(1);

    d.    Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards,

1040927\311303290.v1

engaged in deceptive, unfair, and unlawful trade acts or practices by failing to enact adequate measures to protect the Washington Subclass members' funds from unauthorized use, misappropriation, and/or theft in violation of Wash. Rev. Code § 19.255.010(1).

**ANSWER:** Target denies the allegations contained in Paragraph 1821 of Plaintiffs' First Amended Complaint, including all subparts.

1822.  The above unfair and deceptive practices and acts by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:** Target denies the allegations contained in Paragraph 1822 of Plaintiffs' First Amended Complaint.

1823.  Target knew, or reasonably should have known that their protections were inadequate to safeguard the Washington Subclass's members' funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Washington Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1823 of Plaintiffs' First Amended Complaint.

1824.  As a direct and proximate result of Target's deceptive trade practices, the Washington Subclass' members suffered injury and/or damages, including the loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1824 of Plaintiffs' First Amended Complaint.

1825.  The Washington Subclass' members seek relief under Wash. Rev. Code § 19.86.090, including, but not limited to, actual damages, treble damages, injunctive relief, and attorneys' fees and costs.

**ANSWER:** In response to Paragraph 1825 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Washington Subclass seek

the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 147
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (WASH. REV. CODE § 62A.2-314, *ET. SEQ.*)

1826.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1827.  Plaintiffs bring this claim on behalf of the Washington Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1827 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Washington Subclass. Target denies the remaining allegations contained in Paragraph 1827 of Plaintiffs' First Amended Complaint.

1828.  At all times pertinent to this action, Target was a merchant as that term is defined in Wash. Rev. Code § 62A.2-104.

**ANSWER:**  The allegations contained in Paragraph 1828 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1828 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1829.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at

the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1829 of

Plaintiffs' First Amended Complaint.

1830. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1830 of

Plaintiffs' First Amended Complaint.

1831. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1831 of

Plaintiffs' First Amended Complaint.

1832. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1832 of

Plaintiffs' First Amended Complaint.

1833. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received

correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to

file a class action complaint. Target denies the remaining allegations contained in

Paragraph 1833 of Plaintiffs' First Amended Complaint.

1834.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1834 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1834 of Plaintiffs' First Amended Complaint.

## COUNT 148
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (WASH. REV. CODE § 62A.2-315, *ET. SEQ.*)

1835.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1836.  Plaintiffs bring this claim on behalf of the Washington Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1836 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Washington Subclass. Target denies the remaining allegations contained in Paragraph 1836 of Plaintiffs' First Amended Complaint.

1837.  At all times pertinent to this action, Target was a merchant as that term is defined in Wash. Rev. Code § 62A.2-104.

**ANSWER:**  The allegations contained in Paragraph 1837 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 1837 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1838. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1838 of Plaintiffs' First Amended Complaint.

1839. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1839 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1839 of Plaintiffs' First Amended Complaint.

1840. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1840 of Plaintiffs' First Amended Complaint and therefore denies same.

1841. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1841 of Plaintiffs' First Amended Complaint.

1842. As a direct and proximate result, Plaintiffs and Class members have been damaged.

1040927\311303290.v1

**ANSWER:** Target denies the allegations contained in Paragraph 1842 of Plaintiffs' First Amended Complaint.

1843. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1843 of Plaintiffs' First Amended Complaint.

1844. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1844 of Plaintiffs' First Amended Complaint.

1845. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1845 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1845 of Plaintiffs' First Amended Complaint.

**WW.  Claims Brought on Behalf of the West Virginia Subclass**

## COUNT 149
### [ALLEGED] WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT
### (W. VA. CODE § 46A-6-101, *ET. SEQ.*)

1846. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

**ANSWER:**   Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1847.  Plaintiffs bring this Count on behalf of the West Virginia Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1847 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported West Virginia Subclass. Target denies the remaining allegations contained in Paragraph 1847 of Plaintiffs' First Amended Complaint.

1848.  Plaintiffs bring this Count on behalf of members of the above state Subclass, who are residents of the above state and were also residents of such state when their funds were used without authorization, misappropriated, and/or stolen.

**ANSWER:**   Target denies the allegations contained in Paragraph 1848 of Plaintiffs' First Amended Complaint.

1849.  Plaintiffs sent a demand for relief to Target on behalf of the West Virginia Subclass prior to the filing of this complaint.

**ANSWER:**   Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, the content of which speaks for itself. Target denies the remaining allegations contained in Paragraph 1849 of Plaintiffs' First Amended Complaint.

1850.  Members of the West Virginia Subclass relied on Target's services in "trade" or "commerce," as meant by W. Va. Code Ann. § 46A-6-102, for personal, family, and/or household purposes.

**ANSWER:**   Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1850 of Plaintiffs' First Amended Complaint and therefore denies same. The remaining allegations contained in Paragraph 1850 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive

pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1850 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1851. Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

**ANSWER:** Target denies the allegations contained in Paragraph 1851 of Plaintiffs' First Amended Complaint.

1852. Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of W. Va. Code Ann. § 46A- 6-104, in at least the following ways:

   a.   Target misrepresented and/or concealed material facts to the West Virginia subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard the Vermont Subclass' members' funds from unauthorized use, misappropriation, and/or theft in violation of W. Va. Code Ann. § 46A-6- 102(7)(E), (I), (L), (M), and (N);

   b.   Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections for the West Virginia Subclass' members' funds in violation of W. Va. Code Ann. § 46A-6-102(7)(E), (I), (L), (M), and (N);

   c.   Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds, in violation of W.Va. Code § 46A-2A-102(a);

   d.   Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by failing to enact adequate measures to protect the West Virginia Subclass members' funds from unauthorized use, misappropriation, and/or theft, in violation of W.Va. Code § 46A-2A-102(a).

**ANSWER:** Target denies the allegations contained in Paragraph 1852 of Plaintiffs' First Amended Complaint, including all subparts.

1853.  The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:** Target denies the allegations contained in Paragraph 1853 of Plaintiffs' First Amended Complaint.

1854.  Target knew, or reasonably should have known, that their protections were inadequate to safeguard the West Virginia Subclass' members' funds and that a risk of unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the members of the West Virginia Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1854 of Plaintiffs' First Amended Complaint.

1855.  As a direct and proximate result of Target's deceptive acts and practices, the West Virginia Subclass' members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1855 of Plaintiffs' First Amended Complaint.

1856.  The West Virginia Subclass' members seek relief under W. Va. Code § 46A-6-106 and 46A-5-104, including, but not limited to, injunctive relief, actual damages or $200, whichever is greater, and attorneys' fees and costs.

**ANSWER:** In response to Paragraph 1856 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported West Virginia Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

1040927\311303290.v1

## COUNT 150
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (W. VA. CODE § 46-2-314, *ET. SEQ.*)

1857.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1858.  Plaintiffs bring this claim on behalf of the West Virginia Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1858 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported West Virginia Subclass. Target denies the remaining allegations contained in Paragraph 1858 of Plaintiffs' First Amended Complaint.

1859.  At all times pertinent to this action, Target was a merchant as that term is defined in W. Va. Code § 46-2-104.

**ANSWER:**  The allegations contained in Paragraph 1859 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1859 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1860.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1860 of Plaintiffs' First Amended Complaint.

1861. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1861 of Plaintiffs' First Amended Complaint.

1862. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1862 of Plaintiffs' First Amended Complaint.

1863. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1863 of Plaintiffs' First Amended Complaint.

1864. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1864 of Plaintiffs' First Amended Complaint.

1865. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1865 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1865 of Plaintiffs' First Amended Complaint.

<u>COUNT 151</u>
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (W. VA. CODE § 46-2-315, *ET. SEQ.*)

1866. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1867. Plaintiffs bring this claim on behalf of the West Virginia Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1867 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported West Virginia Subclass. Target denies the remaining allegations contained in Paragraph 1867 of Plaintiffs' First Amended Complaint.

1868. At all times pertinent to this action, Target was a merchant as that term is defined in W. Va. Code § 46-2-104.

**ANSWER:** The allegations contained in Paragraph 1868 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1868 to the extent they

1040927\311303290.v1

are inconsistent with the referenced statute and denies any other allegations contained therein.

1869. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1869 of Plaintiffs' First Amended Complaint.

1870. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1870 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1870 of Plaintiffs' First Amended Complaint.

1871. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1871 of Plaintiffs' First Amended Complaint and therefore denies same.

1872. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1872 of Plaintiffs' First Amended Complaint.

1873. As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1873 of Plaintiffs' First Amended Complaint.

1874.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1874 of Plaintiffs' First Amended Complaint.

1875. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1875 of Plaintiffs' First Amended Complaint.

1876.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1876 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1876 of Plaintiffs' First Amended Complaint.

**XX. Claims Brought on Behalf on the Wisconsin Subclass**

### COUNT 152
### [ALLEGED] WISCONSIN DECEPTIVE TRADE PRACTICES ACT
### (WIS. STAT. § 110.18 ET SEQ.)

1877.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

1040927\311303290.v1

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1878. Plaintiffs bring this Count on behalf of the Wisconsin Subclass.

**ANSWER:** In response to the allegations contained in Paragraph 1878 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this Count on behalf of a purported Wisconsin Subclass. Target denies the remaining allegations contained in Paragraph 1878 of Plaintiffs' First Amended Complaint.

1879. Target is a "person[s], firm[s], corporation[s] or association[s]" within the meaning of Wis. Stat. § 100.18(1).

**ANSWER:** The allegations contained in Paragraph 1879 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1879 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1880. Plaintiffs and Wisconsin Subclass Members are members of "the public" within the meaning of Wis. Stat. § 100.18(1).

**ANSWER:** The allegations contained in Paragraph 1880 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1880 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1040927\311303290.v1

1881. The Wisconsin Deceptive Trade Practices Act ("Wisconsin DTPA") prohibits a "representation or statement of fact which is untrue, deceptive or misleading." Wis. Stat. § 100.18(1).

**ANSWER:** The allegations contained in Paragraph 1881 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1881 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1882.  Target's actions as alleged herein occurred in the ordinary course of business and in the conduct of trade or commerce.

**ANSWER:** Target denies the allegations contained in Paragraph 1882 of Plaintiffs' First Amended Complaint.

1883. In the course of business, Target knowingly, intentionally, and willfully failed to disclose and actively concealed their deficient security measures discussed herein in a manner that was false and misleading, and otherwise engaged in activities with a tendency or capacity to deceive. Target further engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the provision of the relevant Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1883 of Plaintiffs' First Amended Complaint.

1884.  Target also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with its provision of Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1884 of Plaintiffs' First Amended Complaint.

1885.  By failing to disclose that the Gift Card protections were inadequate or otherwise easily circumvented, and by presenting themselves as reputable and/or otherwise concerned with protecting and/or safeguarding consumers' funds, Target engaged in deceptive business practices in violation of the Wisconsin DTPA.

**ANSWER:**  Target denies the allegations contained in Paragraph 1885 of Plaintiffs' First Amended Complaint.

1886.  Target were also aware, and actively concealed, that they valued profits over the security of consumers' funds, and that Target were inadequately protecting consumers' funds from unauthorized use, misappropriation, and/or theft.

**ANSWER:**  Target denies the allegations contained in Paragraph 1886 of Plaintiffs' First Amended Complaint.

1887.  Target's unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the Wisconsin Subclass' members, about the adequacy of Target's protections for the relevant Gift Cards and the likelihood that funds loaded onto, accessible from, or otherwise contained on such cards would be used without authorization, misappropriated, and/or stolen.

**ANSWER:**  Target denies the allegations contained in Paragraph 1887 of Plaintiffs' First Amended Complaint.

1888.  Target owed Plaintiff and the Wisconsin Subclass a duty to disclose the true nature of the deficient security measures alleged herein because Target:

   a.    Possessed exclusive knowledge that it valued profits and cost-cutting over the security of consumers' funds;

   b.    Intentionally concealed the foregoing from Plaintiff and the Wisconsin Subclass; and/or

   c.    Made incomplete representations about the security and integrity of its Gift Cards generally, while purposefully withholding material facts from Plaintiff and the Wisconsin Subclass that contradicted these representations.

**ANSWER:**  Target denies the allegations contained in Paragraph 1888 of Plaintiffs' First Amended Complaint, including all subparts.

1040927\311303290.v1

1889.  Target's misrepresentations and/or omissions as alleged herein were material to Plaintiff and the Wisconsin Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1889 of Plaintiffs' First Amended Complaint.

1890.  Plaintiff and the Wisconsin Subclass suffered ascertainable loss caused by Target's misrepresentations, and failure to disclose material information. Plaintiff and the Virginia Subclass would have taken steps to prevent the theft of their funds but for Target's violations of the Wisconsin DTPA.

**ANSWER:** Target denies the allegations contained in Paragraph 1890 of Plaintiffs' First Amended Complaint.

1891.  Target's violations present a continuing risk to Plaintiff and the Wisconsin Subclass as well as to the general public. Target's unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** Target denies the allegations contained in Paragraph 1891 of Plaintiffs' First Amended Complaint.

1892.  As a direct and proximate result of Target's violations of the Wisconsin DTPA, Plaintiff and the Wisconsin Subclass have suffered injury-in fact and/or actual damage.

**ANSWER:** Target denies the allegations contained in Paragraph 1892 of Plaintiffs' First Amended Complaint.

1893.  Target had an ongoing duty to all Target's customers to refrain from unfair and deceptive practices under the Wisconsin DTPA. Plaintiff and the Wisconsin Subclass' members suffered ascertainable loss, including a total or partial loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards, as well as out of pocket expenses and time associated with attempting to remedy the consequences of Target's deceptive and unfair acts and practices.

**ANSWER:** Target denies the allegations contained in Paragraph 1893 of Plaintiffs' First Amended Complaint.

1894.  Plaintiff and the Wisconsin Subclass are entitled to damages and other relief provided for under Wis. Stat. § 100.18(11)(b)(2). Because Target's conduct was committed knowingly and/or intentionally, Plaintiff and the Wisconsin Subclass are entitled to treble damages.

**ANSWER:**  Target denies the allegations contained in Paragraph 1894 of Plaintiffs' First Amended Complaint.

1895.  Plaintiff and the Wisconsin Subclass also seek court costs and attorneys' fees under Wis. Stat. § 110.18(11)(b)(2).

**ANSWER:**  In response to Paragraph 1895 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Wisconsin Subclass seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 153
## [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (WIS. STAT. § 402.314 *ET. SEQ.*)

1896.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1897.  Plaintiffs bring this claim on behalf of the Wisconsin Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1897 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Wisconsin Subclass. Target denies the remaining allegations contained in Paragraph 1897 of Plaintiffs' First Amended Complaint.

1898.  At all times pertinent to this action, Target was a merchant as that term is defined in Wis. Stat. § 402.104.

**ANSWER:** The allegations contained in Paragraph 1898 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1898 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1899. Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1899 of Plaintiffs' First Amended Complaint.

1900. One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1900 of Plaintiffs' First Amended Complaint.

1901. As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1901 of Plaintiffs' First Amended Complaint.

1902. Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1902 of Plaintiffs' First Amended Complaint.

1903. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1903 of Plaintiffs' First Amended Complaint.

1904. Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1904 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1904 of Plaintiffs' First Amended Complaint.

## COUNT 154
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (WIS. STAT. § 402.315, *ET. SEQ.*)

1905. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1906. Plaintiffs bring this claim on behalf of the Wisconsin Subclass.

1040927\311303290.v1

**ANSWER:** In response to the allegations contained in Paragraph 1906 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Wisconsin Subclass. Target denies the remaining allegations contained in Paragraph 1906 of Plaintiffs' First Amended Complaint.

1907. At all times pertinent to this action, Target was a merchant as that term is defined in Wis. Stat. § 402.104.

**ANSWER:** The allegations contained in Paragraph 1907 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1907 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1908. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1908 of Plaintiffs' First Amended Complaint.

1909. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1909 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1909 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1910.  The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1910 of Plaintiffs' First Amended Complaint and therefore denies same.

1911.  Target breached its warranty in one or more material respects described more fully above.

**ANSWER:**  Target denies the allegations contained in Paragraph 1911 of Plaintiffs' First Amended Complaint.

1912.  As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:**  Target denies the allegations contained in Paragraph 1912 of Plaintiffs' First Amended Complaint.

1913.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:**  Target denies the allegations contained in Paragraph 1913 of Plaintiffs' First Amended Complaint.

1914.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:**  Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1914 of Plaintiffs' First Amended Complaint.

1915.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1915 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1915 of Plaintiffs' First Amended Complaint.

**YY.  Claims Brought on Behalf of Wyoming Subclass**

<u>**COUNT 155**</u>
**[ALLEGED] WYOMING CONSUMER PROTECTION ACT**
**(W. S. 1977 § 40-12-101, *ET SEQ.*)**

1916.  Plaintiffs reallege and incorporate by reference the allegations contained in the preceding Paragraphs.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1917.  Plaintiffs sent a demand for relief to Target on behalf of the Wyoming Subclass prior to the filing of this complaint.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, the content of which speaks for itself. Target denies the remaining allegations contained in Paragraph 1917 of Plaintiffs' First Amended Complaint.

1918.  Plaintiffs and the Wyoming Subclass relied on Target's services in "consumer transactions" as meant by W. S. 1977 § 40-12-102, for personal, family, and/or household purposes.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1918 of Plaintiffs' First Amended Complaint and therefore denies same. The remaining allegations contained in Paragraph

1040927\311303290.v1

1918 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1918 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1919. Target, acting in the course of business, willfully failed to disclose and actively concealed their inadequate security measures discussed herein and otherwise engaged in activities with a tendency or capacity to deceive.

**ANSWER:** Target denies the allegations contained in Paragraph 1919 of Plaintiffs' First Amended Complaint.

1920. Target engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the relevant Gift Cards in violation of W. S. 1977 § 40-12-105, in at least the following ways:

    a.      Target misrepresented and/or concealed material facts to the Wyoming Subclass' members by representing that the Gift Cards were safe to use, and that Target would maintain adequate security practices and procedures to safeguard the Wyoming Subclass' members' personal funds from unauthorized use, misappropriation, and/or theft, in violation of W. S. 1977 § 40-12-105(a)(i), (iii), (viii), (xv);

    b.      Target omitted, suppressed, and/or concealed material facts regarding the inadequacy of their security protections for the Wyoming Subclass' members' funds, in violation of W. S. 1977 § 40-12-105(a)(i), (iii), (viii), (xv);

    c.      Target engaged in unlawful, unfair, and deceptive acts and practices by failing to disclose, in a timely and accurate manner, the inadequacy of Target's measures to safeguard consumers' funds, in violation of W. S. 1977 § 40-12-502(a);

    d.      Target, upon learning or otherwise becoming aware of the security vulnerability affecting and inherent to the relevant Gift Cards, engaged in unlawful, unfair, and deceptive acts and practices by

1040927\311303290.v1

failing to enact adequate measures to protect the Wyoming Subclass' members' funds from unauthorized use, release, misappropriation, and/or theft, in violation of W. S. 1977 § 40-12-502(a).

**ANSWER:** Target denies the allegations contained in Paragraph 1920 of Plaintiffs' First Amended Complaint, including all subparts.

1921. The above unlawful, unfair, and deceptive acts and practices by Target were improper, oppressive, and unfair. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

**ANSWER:** Target denies the allegations contained in Paragraph 1921 of Plaintiffs' First Amended Complaint.

1922. Target knew, or reasonably should have known, that their protections were inadequate to safeguard the Wyoming Subclass' members' funds and that risk of an unauthorized use, misappropriation, and/or theft of such funds was likely. Target's actions in engaging in the abovenamed deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Wyoming Subclass.

**ANSWER:** Target denies the allegations contained in Paragraph 1922 of Plaintiffs' First Amended Complaint.

1923. As a direct and proximate result of Target's deceptive acts and practices, the Wyoming Subclass' members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of funds that were loaded onto, accessible from, or otherwise contained on the relevant Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1923 of Plaintiffs' First Amended Complaint.

1924. The Wyoming Subclass' members seek relief under W. S. 1977 § 40-12-108(b), including, but not limited to, injunctive relief, actual damages or $200, whichever is greater, and attorneys' fees and costs.

**ANSWER:** In response to Paragraph 1924 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Wyoming Subclass seek

the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

## COUNT 156
### [ALLEGED] BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (W. S. 1977 § 34.1-2-314, *ET SEQ.*)

1925.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1926.  Plaintiffs bring this claim on behalf of the Wyoming Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1926 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Wyoming Subclass. Target denies the remaining allegations contained in Paragraph 1926 of Plaintiffs' First Amended Complaint.

1927.  At all times pertinent to this action, Target was a merchant as that term is defined in W. S. 1977 § 34.1-2-104.

**ANSWER:**  The allegations contained in Paragraph 1927 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute speaks for itself. Target denies the allegations contained Paragraph 1927 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1928.  Target sold Plaintiffs the Gift Cards described more particularly above; however, at the time of the sale, one or more of the Gift Cards were not merchantable at

the time of the sale because third parties had tampered with the Gift Cards and had stolen the Secret Activation Code from the cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1928 of Plaintiffs' First Amended Complaint.

1929.  One or more of the Gift Cards Target sold Plaintiffs were not fit for the ordinary purpose for which they were typically used because the secret Activation Code was known to third parties at the time of sale rendering the Gift Cards insecure and the balance of the Gift Cards subject to loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1929 of Plaintiffs' First Amended Complaint.

1930.  As a direct and proximate result of the defective nature of the cards at the time Target sold the Gift Cards to Plaintiffs, Plaintiffs and Class members suffered injury and damage in the form of the lost funds that they had loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1930 of Plaintiffs' First Amended Complaint.

1931.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1931 of Plaintiffs' First Amended Complaint.

1932.  Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1932 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

1933.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:**  In response to the allegations contained in Paragraph 1933 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1933 of Plaintiffs' First Amended Complaint.

## COUNT 157
## [ALLEGED] BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
## (W. S. 1977 § 34.1-2-315, *ET SEQ.*)

1934.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1935.  Plaintiffs bring this claim on behalf of the Wyoming Subclass.

**ANSWER:**  In response to the allegations contained in Paragraph 1935 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs purport to bring this claim on behalf of a purported Wyoming Subclass. Target denies the remaining allegations contained in Paragraph 1935 of Plaintiffs' First Amended Complaint.

1936.  At all times pertinent to this action, Target was a merchant as that term is defined in W. S. 1977 § 34.1-2-104.

**ANSWER:**  The allegations contained in Paragraph 1936 of Plaintiffs' First Amended Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Target states that the referenced statute

speaks for itself. Target denies the allegations contained Paragraph 1936 to the extent they are inconsistent with the referenced statute and denies any other allegations contained therein.

1937. At the time of sale and/or contracting, Target had reason to know the particular purposes for which the Gift Cards were required.

**ANSWER:** Target denies the allegations contained in Paragraph 1937 of Plaintiffs' First Amended Complaint.

1938. The particular purposes described above include but are not limited to the purchase of goods online in the Apple iTunes store.

**ANSWER:** In response to the allegations contained in Paragraph 1938 of Plaintiffs' First Amended Complaint, Target admits only that Apple iTunes gift cards may generally be used to purchase "goods online in the Apple iTunes store." Target denies the remaining allegations contained in Paragraph 1938 of Plaintiffs' First Amended Complaint.

1939. The buyers of the Gift Cards, including Plaintiffs, relied upon Target's skill or judgment to select or furnish suitable goods.

**ANSWER:** Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1939 of Plaintiffs' First Amended Complaint and therefore denies same.

1940. Target breached its warranty in one or more material respects described more fully above.

**ANSWER:** Target denies the allegations contained in Paragraph 1940 of Plaintiffs' First Amended Complaint.

1941. As a direct and proximate result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1941 of Plaintiffs' First Amended Complaint.

1942.  Target received actual notice of the defective nature of the Gift Cards within a reasonable time of the sale of the defective Gift Cards through Plaintiffs' and Class members' complaints about the defective nature of the Gift Cards and loss of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1942 of Plaintiffs' First Amended Complaint.

1943. Additionally, prior to the filing of this Complaint, counsel for Plaintiffs provided Target with written pre-suit notice of their claims.

**ANSWER:** Target admits only that on March 19, 2021, it received correspondence from Plaintiffs' counsel, E. Powell Miller, regarding Plaintiffs' intent to file a class action complaint. Target denies the remaining allegations contained in Paragraph 1943 of Plaintiffs' First Amended Complaint.

1944.  Plaintiffs and the Class seek actual and statutory damages, to the full extent permitted under applicable law.

**ANSWER:** In response to the allegations contained in Paragraph 1944 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the alleged Class purport to seek the relief stated therein, but Target denies that they are entitled to such relief and denies any remaining allegations contained in Paragraph 1944 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

**ZZ.    Claims Brought on Behalf of the Nationwide Class**

## COUNT 158
## [ALLEGED] UNJUST ENRICHMENT
## (On behalf of the Nationwide Class (applying Minnesota law) or, alternatively, the State Subclasses)

1945.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1946.  Target has received money under such circumstances that, in equity in good conscience, it ought not to retain specifically as to:

a.    The revenue received from the sale of Gift Cards;

b.    The amount of funds loaded onto Gift Cards which Target knew or should have known were insecure because the secret Activation Code was known to third parties lacking a need to know the Code.

**ANSWER:**  Target denies the allegations contained in Paragraph 1946 of Plaintiffs' First Amended Complaint, including all subparts.

1947.  A benefit was conferred upon Target at the Plaintiffs' and Class members' expense under circumstances that would make Target retention of the money unjust.

**ANSWER:**  Target denies the allegations contained in Paragraph 1947 of Plaintiffs' First Amended Complaint.

1948.  Specifically, Target received money from the sale of the Gift Cards and Plaintiffs and Class members received nothing of value in return.

**ANSWER:**  Target denies the allegations contained in Paragraph 1948 of Plaintiffs' First Amended Complaint.

1949.  Target enjoyed enrichment by retaining the profits associated with the sale of merchandise.

1040927\311303290.v1

**ANSWER:** Target denies the allegations contained in Paragraph 1949 of Plaintiffs' First Amended Complaint.

1950. Additionally, Target receives a commission from a third-party vendor for the sale of each Gift Card — Gift Cards which , as explained herein, are worthless to consumers when third parties drain the funds loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1950 of Plaintiffs' First Amended Complaint.

1951. Plaintiffs and Class members suffered an economic detriment and loss.

**ANSWER:** Target denies the allegations contained in Paragraph 1951 of Plaintiffs' First Amended Complaint.

1952. There is a direct connection between the enrichment of Target and the impoverishment of Plaintiffs and Class members.

**ANSWER:** Target denies the allegations contained in Paragraph 1952 of Plaintiffs' First Amended Complaint.

1953. Target has appreciated the benefit and had knowledge and awareness that it was, in fact, receiving a benefit.

**ANSWER:** Target denies the allegations contained in Paragraph 1953 of Plaintiffs' First Amended Complaint.

1954. As a result, Plaintiffs and Class members have been damaged.

**ANSWER:** Target denies the allegations contained in Paragraph 1954 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

## COUNT 159
## [ALLEGED] NEGLIGENT MISREPRESENTATION
## (On behalf of the Nationwide Class (applying Minnesota law) or, alternatively, the State Subclasses)

1955.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1956.  In the course of its business, Target represented to Plaintiffs and all Class members that it was selling Gift Cards valued in an amount certain, determined and paid for at the time of sale. Consumers were objectively and reasonably justified in their natural conclusion that such amounts certain would be secure, valuable, and free from fraud, tampering or compromise.

**ANSWER:**  Target denies the allegations contained in Paragraph 1956 of Plaintiffs' First Amended Complaint.

1957.  Alternatively, in the course of its business, Target had a duty to disclose that the cards were not secure because (1) Target made representations about the amount-certain value of the cards, and needed to say enough to prevent those words from misleading Plaintiffs, and (2) Target had special knowledge that the cards were susceptible to having their security codes copied by third parties while in Target's custody and control, and that it could determine whether security tape had been tampered with or replaced with imposter tape, to which special knowledge Plaintiffs did not have access. Target failed to disclose to Plaintiffs and all Class members that it was selling Gift Cards that were not original, usable, secure, valuable, and free from fraud, tampering or compromise.

**ANSWER:**  Target denies the allegations contained in Paragraph 1957 of Plaintiffs' First Amended Complaint.

1958.  In the course of its business, Target failed to disclose to Plaintiffs and Class members that it was aware that it was probable and possible that third parties knew the secret Activation Code on the Gift Card inventory offered for sale.

**ANSWER:**  Target denies the allegations contained in Paragraph 1958 of Plaintiffs' First Amended Complaint.

1959.  Target made these representations and omissions to Plaintiffs in connection with Plaintiffs' purchase of Apple iTunes Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1959 of Plaintiffs' First Amended Complaint.

1960.  These representations and omissions were material to Plaintiffs' decisions to purchase the Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1960 of Plaintiffs' First Amended Complaint.

1961.  Because of Target's failure to use reasonable care, Target's representations and omissions were false because the Gift Cards were not original and usable because third parties had tampered with the cards to obtain the unique Activation Code associated with the Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1961 of Plaintiffs' First Amended Complaint.

1962.  Target's representations induced Plaintiffs and Class members to purchase the Gift Cards. Had Plaintiffs known the Gift Card were insecure, worthless, and subject to fraudulent behavior, tampering, or compromise, Plaintiffs and Class members would not have purchased the Gift Cards.

**ANSWER:**  Target denies the allegations contained in Paragraph 1962 of Plaintiffs' First Amended Complaint.

1963.  Plaintiffs justifiably relied on Target's representations and omissions about the condition of the Gift Cards because Target had superior knowledge about the cards' condition.

**ANSWER:**  Target denies the allegations contained in Paragraph 1963 of Plaintiffs' First Amended Complaint.

1964. As a direct and proximate result of Plaintiffs' reliance on Target's representations about the Gift Cards, Plaintiffs and Class members have suffered pecuniary loss in an amount determined to be fair and reasonable, but which is equivalent to the funds loaded onto the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1964 of Plaintiffs' First Amended Complaint.

### COUNT 160
### [ALLEGED] FRAUD BY OMISSION
### (On behalf of the Nationwide Class (applying Minnesota law) or, alternatively, the State Subclasses)

1965. Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1966. Target, at or before the time of sale, fraudulently omitted, concealed, and otherwise failed to disclose their knowledge of material information germane to the significant security vulnerability with the Apple iTunes Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1966 of Plaintiffs' First Amended Complaint.

1967. By means of numerous customer complaints, Target knew about the widespread problem of third parties tampering with Apple iTunes Gift Cards in order to obtain the unique Activation Code and improperly misappropriate customer funds. At the very least, Target had knowledge of the problem when Plaintiffs complained at their local Target stores and filed complaints with Target's customer service department.

**ANSWER:** Target denies the allegations contained in Paragraph 1967 of Plaintiffs' First Amended Complaint.

1968. Target had a duty to disclose that the cards were not secure because (1) Target made representations about the amount-certain value of the cards, and needed to say enough to prevent those words from misleading Plaintiffs, and (2) Target had special knowledge that the cards were susceptible to having their security codes copied by third parties while in Target's custody and control, and that it could determine whether security tape had been tampered with or replaced with imposter tape, to which special knowledge Plaintiffs did not have access.

**ANSWER:** Target denies the allegations contained in Paragraph 1968 of Plaintiffs' First Amended Complaint.

1969.  Target failed to disclose to Plaintiffs and Class members that third parties had tampered with the Gift Cards – or were otherwise capable of doing so – such that the Plaintiffs and Class members funds would be used, stolen, or otherwise misappropriated.

**ANSWER:** Target denies the allegations contained in Paragraph 1969 of Plaintiffs' First Amended Complaint.

1970.  Further, Target failed to disclose to Plaintiffs and Class members that Target did not have adequate systems, policies, and security practices to secure customers' Gift Card account information and Gift Card funds

**ANSWER:** Target denies the allegations contained in Paragraph 1970 of Plaintiffs' First Amended Complaint.

1971.  Plaintiffs and Class members had no reasonable means available to discover the materially omitted information at or before the time of sale.

**ANSWER:** Target denies the allegations contained in Paragraph 1971 of Plaintiffs' First Amended Complaint.

1972.  No reasonable consumer would have purchased a Target Gift Card if the materially-omitted information was sufficiently disclosed at the time of sale.

**ANSWER:** Target denies the allegations contained in Paragraph 1972 of Plaintiffs' First Amended Complaint.

1973.  Target intended for Plaintiffs to rely upon their omissions and concealment by purchasing Apple iTunes Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1973 of Plaintiffs' First Amended Complaint.

1974.  Plaintiffs and Class members materially relied upon the omissions and concealment by purchasing tampered with Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1974 of Plaintiffs' First Amended Complaint.

1975. Plaintiffs' and Class members' reliance was justifiable and reasonable because they were not aware of the ease by which a third party could misappropriate funds loaded onto the card, nor were they aware of the probability that a Gift Card had been or could be tampered with or otherwise compromised.

**ANSWER:** Target denies the allegations contained in Paragraph 1975 of Plaintiffs' First Amended Complaint.

1976. Plaintiffs lacked knowledge that Target's statements and omissions were false.

**ANSWER:** Target denies the allegations contained in Paragraph 1976 of Plaintiffs' First Amended Complaint.

1977. As a direct and proximate result, Plaintiffs were damaged by the loss of the funds they loaded onto the tampered with Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1977 of Plaintiffs' First Amended Complaint.

1978. Target's actions were evil, wanton, reckless and intentional so as to justify the imposition of punitive damages.

**ANSWER:** Target denies the allegations contained in Paragraph 1978 of Plaintiffs' First Amended Complaint.

1979. Plaintiffs are entitled to punitive damages to punish Target and to deter Target and others from engaging in similar conduct in the future.

**ANSWER:** Target denies the allegations contained in Paragraph 1979 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

## COUNT 161
## [ALLEGED] BREACH OF CONTRACT
## (On behalf of the Nationwide Class (applying Minnesota law) or, alternatively, the State Subclasses)

1980.  Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:**  Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1981.  Every sale of a Gift Card constitutes a lawful contract between Target and the purchaser. Plaintiffs and the Class members agreed to provide funds to Target in exchange for a Gift Card that could be redeemed to purchase merchandise online or at Target retail stores.

**ANSWER:**  Target denies the allegations contained in Paragraph 1981 of Plaintiffs' First Amended Complaint.

1982.  Plaintiffs and the other Class members bargained for a Gift Card that would securely store their funds until such a time when Plaintiffs and the other Class members, or their beneficiaries, could use and/or redeem the aforementioned funds to make a purchase. Plaintiffs and Class members purchased Gift Cards and tendered the price of payment at the point of sale.

**ANSWER:**  Target lacks knowledge and information sufficient to form a belief of the truth of the allegations contained in Paragraph 1982 of Plaintiffs' First Amended Complaint and therefore denies same.

1983.  Plaintiffs and the Class members fully complied with their obligations pursuant to the contract with Target.

**ANSWER:**  Target denies the allegations contained in Paragraph 1983 of Plaintiffs' First Amended Complaint.

1984.  Plaintiffs and the other Class members did not receive the benefit of their bargain. Target materially breached these contracts by, among other things, selling to Plaintiffs and the other Class members Gift Cards that were compromised; misrepresenting or failing to disclose its knowledge that the Gift Cards have a significant security

vulnerability that could result in a total loss of all funds loaded onto such cards due to improper misappropriation by a third party; and failing or otherwise refusing to provide use or access to funds up to and including the amount exchanged for, or otherwise loaded onto, the Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1984 of Plaintiffs' First Amended Complaint.

1985. Target's misrepresentations and omissions alleged herein caused Plaintiffs and the other Class members to make their purchases of the Gift Cards. Absent those misrepresentations and omissions, Plaintiffs and the other Class members would not have purchased these Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1985 of Plaintiffs' First Amended Complaint.

1986. As a direct and proximate result of Target's breach of contract, Plaintiffs and the Class have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law.

**ANSWER:** Target denies the allegations contained in Paragraph 1986 of Plaintiffs' First Amended Complaint.

<u>**COUNT 162**</u>
**[ALLEGED] BREACH OF IMPLIED CONTRACT**
**(<u>On behalf of the Nationwide Class (applying Minnesota law) or, alternatively, the State Subclasses</u>)**

1987. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1988. When Plaintiffs and Class members provided funds to the Target in exchange for a Gift Card, Plaintiffs and members of the Class entered into implied contracts with Target pursuant to which Target agreed to take reasonable measures to safeguard and protect such funds or otherwise prevent improper use and appropriation by a third party.

**ANSWER:** Target denies the allegations contained in Paragraph 1988 of Plaintiffs' First Amended Complaint.

1989.  Plaintiffs and Class members would not have provided and entrusted funds to Target in the absence of the implied contract between them and Target.

**ANSWER:** Target denies the allegations contained in Paragraph 1989 of Plaintiffs' First Amended Complaint.

1990.  Plaintiffs and members of the Class fully performed their obligations under the implied contracts with Target.

**ANSWER:** Target denies the allegations contained in Paragraph 1990 of Plaintiffs' First Amended Complaint.

1991.  Target breached the implied contracts it made with Plaintiffs and Class members by failing to adequately safeguard and protect the funds entrusted by Plaintiffs and members of the Class and, in some instances, freezing Plaintiffs and Class members Gift Card accounts or otherwise preventing them from accessing their funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1991 of Plaintiffs' First Amended Complaint.

1992.  The losses and damages sustained by Plaintiffs and Class members as described herein were the direct and proximate result of Target breaches of the implied contracts between Target and Plaintiffs and members of the Class.

**ANSWER:** Target denies the allegations contained in Paragraph 1992 of Plaintiffs' First Amended Complaint.

## <u>COUNT 163</u>
## [ALLEGED] NEGLIGENCE
## (<u>On behalf of the Nationwide Class (applying Minnesota law) or, alternatively, the State Subclass</u>)

1993.  Plaintiffs incorporate the foregoing Paragraphs by reference as if set forth more fully herein.

**ANSWER:** Target incorporates by reference as if fully stated herein its answers to the foregoing Paragraphs.

1994. Target had a duty of care, breached that duty of care, and, as a result, Plaintiffs and Class members were injured due to that breach.

**ANSWER:** Target denies the allegations contained in Paragraph 1994 of Plaintiffs' First Amended Complaint.

1995. Target's conduct created a foreseeable risk of injury to foreseeable purchasers of the Gift Cards, specifically, Plaintiffs and other Class members.

**ANSWER:** Target denies the allegations contained in Paragraph 1995 of Plaintiffs' First Amended Complaint.

1996. Target played a key role in allowing harm to Plaintiffs and Class members to occur – its safety and oversight procedures were woefully inadequate to protect the secret Activation Codes. Without proper security, third parties were able to easily obtain this information and drain funds from the purchased Gift Cards.

**ANSWER:** Target denies the allegations contained in Paragraph 1996 of Plaintiffs' First Amended Complaint.

1997. Target was solely able and solely responsible to safeguard the Activation Codes of the Gift Cards prior to purchase by Plaintiffs and Class members.

**ANSWER:** Target denies the allegations contained in Paragraph 1997 of Plaintiffs' First Amended Complaint.

1998. Target knew or should have known that the Gift Cards had been compromised by third parties so that Plaintiffs' and Class members' purchases of the Gift Cards were under a false pretense and rendered meaningless when the third parties used the Activation Codes to drain the Gift Cards of funds.

**ANSWER:** Target denies the allegations contained in Paragraph 1998 of Plaintiffs' First Amended Complaint.

1999. Defendants owed Plaintiffs and Class members duties to:

a.   disclose the true nature of the Gift Cards and Target's security measures used for the Gift Cards;

b.   Warn Plaintiffs and Class members that the Gift Cards may have been compromised;

c.   maintain the adequate data privacy of the Gift Card's secret Activation Code and maintain security features so only the purchaser or recipient of the Gift Card could use the Gift Card to purchase goods or services from Apple's iTunes store;

d.   Refrain from selling Gift Cards to Plaintiffs and Class members when Target knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties;

e.   take proper action following the data breach to enact adequate privacy and security measures and protect Class members' Gift Cards from further unauthorized disclosure, release, data breaches, and theft;

f.   act reasonably and not place inherently defective Gift Cards into the marketplace;

g.   take all reasonable measures to ensure that Plaintiffs and Class members were not purchasing defective Gift Cards that had been compromised by third parties;

h.   Reimburse Plaintiffs and Class members for purchases of Gift Cards that Target knew or should have known were compromised.

i.   ensure that the security and protection of the Gift Cards was adequate to prevent tampering by any third party;

**ANSWER:**   Target denies the allegations contained in Paragraph 1999 of

Plaintiffs' First Amended Complaint, including all subparts.

2000.   Target breached its duties by negligently failing to properly secure and oversee the Gift Cards so that they could not be tampered with by third parties. Additionally, Target breached its duties by placing these defective Gift Cards into the marketplace and misrepresenting to Plaintiffs and Class members that they were non-defective and could properly be used to store funds to be later used in the Apple iTunes store.

**ANSWER:** Target denies the allegations contained in Paragraph 2000 of Plaintiffs' First Amended Complaint.

2001. Target further breached its duties by failing to warn Plaintiffs and the Class members of the possibility that their Gift Cards had been compromised by third parties and that Plaintiffs and Class members' funds might be withdrawn by these third parties.

**ANSWER:** Target denies the allegations contained in Paragraph 2001 of Plaintiffs' First Amended Complaint.

2002. Target further breached its duties by failing to notify Plaintiffs and the Class members in a timely manner of the tampered Gift Cards despite having knowledge.

**ANSWER:** Target denies the allegations contained in Paragraph 2002 of Plaintiffs' First Amended Complaint.

2003. As a result of Target's breaches of their duties, Plaintiffs' and the Class members' have suffered injury through, among other things, the loss of their funds in loading money onto the Gift Cards which were drained by third parties due to Target's insufficient and negligent security and oversight.

**ANSWER:** Target denies the allegations contained in Paragraph 2003 of Plaintiffs' First Amended Complaint.

2004. If Target had not breached their duties owed to Plaintiffs and the Class members, Plaintiffs' and the Class members' would not have been injured.

**ANSWER:** Target denies the allegations contained in Paragraph 2004 of Plaintiffs' First Amended Complaint.

2005. As a direct and proximate result of Target's breach of its duties and the resulting harm, Plaintiffs and Class members have suffered and continue to suffer reasonably foreseeable injuries and damages, including, but not limited to, loss of the use and enjoyment of money.

**ANSWER:** Target denies the allegations contained in Paragraph 2005 of Plaintiffs' First Amended Complaint.

1040927\311303290.v1

2006.  Accordingly, Plaintiffs and Class members seek damages from Target, in an amount to be determined at trial, directly resulting from the harm Plaintiffs and Class members have suffered in a sufficient amount to compensate them for the losses sustained and to restore Plaintiffs and Class members to their original position.

**ANSWER:** In response to Paragraph 2006 of Plaintiffs' First Amended Complaint, Target admits only that Plaintiffs and the purported Class members seek the relief stated therein, but denies that they are entitled to such relief and denies any other allegations contained therein.

Target denies that Plaintiffs or any purported class member or subclass member, are entitled to any relief requested in the WHEREFORE Paragraphs 1 – 8 of Plaintiffs' First Amended Complaint.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Plaintiffs' First Amended Complaint, Target states as follows:

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

For its First Affirmative Defense, Target states that the First Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

For its Second Affirmative Defense, Target states that Plaintiffs have failed to mitigate their damages, if any.

## THIRD AFFIRMATIVE DEFENSE

### (Intervening or Superseding Causation)

For its Third Affirmative Defense, Target states that Plaintiffs' damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which Target has no control.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

For its Fourth Affirmative Defense, Target states that Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

For its Fifth Affirmative Defense, Target states that Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification)

For its Sixth Affirmative Defense, Target states that Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of ratification, by reason of the fact that Plaintiffs, being fully informed of the acts and events of which they now complain, ratified, affirmed, and approved all conduct with respect to those acts and events.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

For its Seventh Affirmative Defense, Target states that Plaintiffs' claims are barred to the extent that recovery from Target would result in Plaintiffs' unjust enrichment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

For its Eighth Affirmative Defense, Target states that Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

1040927\311303290.v1

## NINTH AFFIRMATIVE DEFENSE

### (Acting in Good Faith)

For its Ninth Affirmative Defense, Target states that it acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

For its Tenth Affirmative Defense, Target states that Plaintiffs' claims may be barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Economic Loss)

For its Eleventh Affirmative Defense, Target states that Plaintiffs' claims are limited by the economic loss doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

For its Twelfth Affirmative Defense, Target reserves the right to assert additional affirmative defenses as they are discovered through the course of discovery.

WHEREFORE Defendant Target Corporation respectfully requests that judgment be entered in its favor and against Plaintiffs, and that all claims asserted by Plaintiffs be dismissed with prejudice and on the merits, for an award of costs and attorneys' fees, and for such other and further relief as this Court deems just and proper in the premises.

1040927\311303290.v1

Dated:  August 15, 2022                    HINSHAW & CULBERTSON LLP


                              By:   *s/M. Annie Santos*
                                    M. Annie Santos, Reg. No. 0389206
                                    333 South Seventh Street, Suite 2000
                                    Minneapolis, MN  55402
                                    Telephone:  612-333-3434
                                    Fax:  612-334-8888
                                    asantos@hinshawlaw.com

                                    Ellen B. Silverman, Reg. No. 387387
                                    800 Third Avenue, 13th Floor
                                    New York, NY 10022
                                    Telephone: (212) 471-6200
                                    Fax: (212)935-1166
                                    esilverman@hinshawlaw.com

                                    Jennifer Weller, Admitted *Pro Hac Vice*
                                    151 North Franklin Street, Suite 2500
                                    Chicago, IL  60606
                                    Telephone:  312-704-3000
                                    Fax:  312-704-3001
                                    jweller@hinshawlaw.com

                                    ATTORNEYS  FOR  DEFENDANT  TARGET
                                    CORPORATION

1040927\311303290.v1